IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

ANN SAUNDERS; SABREEN SHARRIEF;
and DOROTHY TRIPLETT                                                    PLAINTIFFS

VS.                                                         CAUSE NO. 25CH1:23-00421

HONORABLE MICHAEL K. RANDOLPH, In His
Official Capacity as Chief Justice of the Mississippi
Supreme Court; ZACK WALLACE, In His Official
Capacity as Circuit Clerk of the Circuit Court of
Hinds County, Mississippi; and GREG SNOWDEN,
In His Official Capacity as Director of the
Administrative Office of Courts                                         DEFENDANTS

FILED MAY 04 2023
EDDIE JEAN CARR, CHANCERY CLERK
BY _____ D.C.

## PRELIMINARY INJUNCTION TEMPORARILY RESTRAINING EFFECTUATION OF PROVISIONS OF HOUSE BILL 1020

Before the Court is Plaintiffs' *Motion for Preliminary Injunction and Supporting Memorandum* [MEC #10]. After careful consideration, the Court finds that the effectuation of the provisions of House Bill 1020 should be temporarily stayed to allow full hearing and consideration of Plaintiff's *Motion*.

Mississippi Rule of Civil Procedure 65 does not prescribe the circumstances in which a preliminary injunction may be granted; the grant or denial of injunctive relief remains a matter for the trial court's discretion, exercised in conformity with traditional equity practice. *See* V. Griffith, *Mississippi Chancery Practice*, § 442 (2d ed. 1950). However, Mississippi case law has provided guidance in the consideration of injunctive relief. The court should balance the equities and make four findings: (1) there exists a substantial likelihood that the plaintiffs will prevail on the merits; (2) the injunction is necessary to prevent irreparable harm; (3) threatened injury to the plaintiffs outweighs the harm an injunction might do to the defendants; and (4) entry of a preliminary

injunction is consistent with the public interest. *City of Durant v. Humphreys County Memorial Hospital/ Extended Care Facility,* 587 So. 2d 244 (Miss. 1991). Plaintiffs alone bear the burden of demonstrating the need for injunctive relief. *A-1 Pallet Co. v. City of Jackson,* 40 So.3d 563, 568 (Miss. 2010). However, a "court may issue a preliminary injunction even though plaintiff's right to relief still is uncertain." Miss. R. Civ. P. 65(a) cmt. "[A] preliminary injunction ... is an injunction issued to protect the plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision on the merits." *Sec'y of State v. Gunn,* 75 So. 3d 1015, 1021 (Miss. 2011).

First, this Court makes no finding that Plaintiffs are entitled to relief. Instead, this Court specifically finds that it is unable to determine the likelihood of success on the merits without a full hearing. The Court further finds that its power to render a meaningful decision on the merits will be impeded if a temporary stay of effectuation of House Bill 1020 ("HB1020") is not had.

Second, this Court finds that Plaintiffs have demonstrated that an injunction is necessary to prevent irreparable harm. Plaintiffs assert that HB1020 will deprive voters in Hinds County of their constitutional right to elect judges and will create an unconstitutional court under Section 172 of the Mississippi Constitution. Absent court interference, Plaintiffs allege that they will suffer irreparable damage to their constitutional rights. This Court finds that the violation of constitutional rights asserted, if proven, would be irreparable harm.

Next, this Court finds that the threatened injury to the Plaintiffs far outweighs the harm an injunction might do to the Defendants. As set forth above, Plaintiffs herein assert that HB1020 is unconstitutional and its effectuation will violate their constitutional rights; the same is substantial harm. Conversely, the injunctive relief fashioned by this Court will only delay any actions by Defendants for ten (10) days until a full hearing on the matter may be had and a

meaningful ruling made. Furthermore, the majority of the provisions of HB1020 do not become effective until July 2023 and January 2024; the sole emergent issue is the appointment of judges to be made before May 6, 2023. Therefore, the temporary injunctive relief issued by this Court will effectively delay only the singular provision regarding the deadline for judicial appointments. Based upon the foregoing, this Court finds that the granting of this injunction will result in no real irreparable damage to the Defendants as opposed to substantial harm to Plaintiffs if the injunction was denied.

Finally, this Court finds that the entry of a preliminary injunction is consistent with the public interest. The public interest is obviously served by ensuring that the laws of the State of Mississippi are constitutional and proper in their enactment and effectuation. The public interest is also served by upholding citizen's rights to a meaningful challenge of laws asserted to be unconstitutional. Therefore, the public interest is served by maintaining the status quo in this matter to protect the interests of all parties until such time as the claims presented have been addressed.

For the reasons above, this Court finds that the effectuation of the provisions of House Bill 1020 should be temporarily stayed to allow full hearing and consideration of Plaintiff's *Motion*. Therefore, any and all officers, agents, servants, employees, attorneys, and persons in active concert or participation with the State of Mississippi shall be temporarily restrained from effectuating the provisions of HB1020 for the period of ten (10) days to allow a full hearing and meaningful disposition of Plaintiffs' *Motion* seeking emergency relief.

The Court makes no findings as to the merits of Plaintiffs' allegations regarding the constitutionality of judicial appointments under Mississippi Code Annotated §9-1-105(2). However, the Court does find that the entry of **immediate** injunctive relief regarding the same is

improper. The Court will entertain full argument regarding this matter at hearing; however, given that the appointed special judges have been serving since 2022, this Court finds that no injunctive action is warranted before full hearing may be had. Finally, this Court notes that Rule 65 of the Mississippi Rules of Civil Procedure requires a posting of bond for the payment of such costs, damages, and reasonable attorney's fees as may be incurred or suffered by Defendants if actions be wrongfully enjoined. Given the nature of this action and Plaintiffs' pursuit of a determination of the constitutionality of a newly enacted state law, the Court finds that the requisite bond may be waived as a matter of equity.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the effectuation of HB1020 is stayed until a full hearing is had on the matter and a ruling is issued or until May 14, 2023 at 5:00 p.m., whichever shall occur first.

SO ORDERED, this the 4th day of May, 2023.

_____
CHANCELLOR J. DEWAYNE THOMAS