## IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

ANN SAUNDERS; SABREEN SHARRIEF;
and DOROTHY TRIPLETT                                                      PLAINTIFFS

VS.                                                    CIVIL ACTION NO. G2023-421 T/1

HONORABLE MICHAEL K. RANDOLPH, IN HIS
OFFICIAL CAPACITY AS CHIEF JUSTICE OF THE
MISSISSIPPI SUPREME COURT; ZACK WALLACE,
IN HIS OFFICIAL CAPACITY AS CIRCUIT CLERK
OF THE CIRCUIT COURT OF HINDS COUNTY,
MISSISSIPPI; and GREG SNOWDEN, IN HIS
OFFICIAL CAPACITY AS DIRECTOR OF THE
ADMINISTRATIVE OFFICE OF COURTS                                           DEFENDANTS



AND

STATE OF MISSISSIPPI *EX REL.*
ATTORNEY GENERAL LYNN FITCH                                   DEFENDANT-INTERVENOR

---

### MEMORANDUM OPINION AND FINDINGS OF FACT AND CONCLUSIONS OF LAW GRANTING *MOTION TO DISMISS ON BEHALF OF DEFENDANT, HONORABLE MICHAEL K. RANDOLPH, IN HIS OFFICIAL CAPACITY AS CHIEF JUSTICE OF THE MISSISSIPPI SUPREME COURT* [MEC # 16]

---

**BEFORE THIS COURT** is the *Motion To Dismiss On Behalf Of Defendant, Honorable Michael K. Randolph, In His Official Capacity As Chief Justice Of The Mississippi Supreme Court* [MEC # 16], Plaintiffs' *Response to Defendant Randolph's Motion to Dismiss on Judicial Immunity Grounds* [MEC #32], and Defendant Randolph's *Reply in Support of*



*Motion to Dismiss* [MEC #47]. This Court held full hearing on the matter on May 10, 2023, allowing all argument in support of and in opposition thereto. After careful consideration of all pleadings filed and all argument offered at hearing, this Court now renders its *Memorandum Opinion and Findings of Fact and Conclusions of Law* as follows:

## I.

## JURISDICTION

This Court finds that it has personal jurisdiction over the parties and subject matter jurisdiction of this action pursuant to Miss. Code Ann. Sections 9-5-81 and 11-45-1, and Mississippi Constitution Article VI, Section 159. This Court further finds that jurisdiction and venue are proper in this Court as Plaintiffs challenge the constitutionality of Mississippi statutory law, specifically House Bill 1020 and Section 9-1-105(2) of Miss. Code Ann., as amended, March 19, 2018.

## II.
## FINDINGS OF FACT

This lawsuit arises out of the controversial and much-publicized enactment of House Bill 1020 ("HB1020"), which was signed into law by the Governor of the State of Mississippi, the Honorable Tate Reeves, on April 21, 2023. Plaintiffs herein challenge the constitutionality of HB1020; specifically, Plaintiffs object to the appointment of temporary special circuit judges under the act, the creation of a new inferior court ("the CCID court"), and the diversion of certain sales tax revenue from financial transactions conducted within the city limits of Jackson to the CCID Project Fund. In addition, Plaintiffs challenge the constitutionality of Section 9-1-105(2) of the Mississippi Code

2

Annotated which grants the Chief Justice of the Mississippi Supreme Court authority to appoint special judges by temporary appointment.

Plaintiffs instituted action against Defendant, Honorable Michael K. Randolph, in His Official Capacity as Chief Justice of the Mississippi Supreme Court, maintaining that he "has in the past appointed four judges to the Hinds County Circuit Court and in the future will be required to make four new appointments to that Court. He will also be required to appoint the CCID court judge." These assertions are factually accurate. Section 1 of HB1020 provides that the Chief Justice of the Supreme Court shall appoint four (4) temporary special circuit judges for the Seventh Circuit Court District. Section 4 of HB1020 provides that the Chief Justice shall appoint the CCID inferior court judge. Finally, by four (4) separate orders dated September 22, 2022, the Chief Justice did appoint four (4) temporary special judges to the Hinds County Circuit Court. Plaintiffs herein seek to have this Court find HB1020 and Miss. Code Ann. §9-1-105(2) unconstitutional and to enjoin the Chief Justice from making the mandated appointments contained therein.

Immediately upon being properly served with Plaintiffs' *Complaint for Declaratory and Injunctive Relief* [MEC #2], Defendant Randolph filed his *Motion* seeking dismissal under Rule 12(b)(6) on the ground of judicial immunity.

### III.
### CONCLUSIONS OF LAW

Mississippi has long recognized the doctrine of judicial immunity. *Weill v. Bailey*, 227 So. 3d 931, 935 (Miss. 2017); *Wheeler v. Stewart*, 798 So.2d 386, 392 (¶ 14) (Miss. 2001). The Mississippi Supreme Court has declared that "public policy mandates that a

3

judge should have the power to make decisions without having to worry about being held liable for his actions." *Id.* (quoting *Loyacono v. Ellis*, 571 So.2d 237, 238 (Miss. 1990)). Judicial immunity provides that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56, 98 S.Ct. 1099 , 55 L.ed.2d 331 (1978) (quoting *Bradley v. Fisher* , 80 U.S. 335, 351, 13 Wall. 335, 20 L.Ed. 646 (1871)).

In 2004, our Mississippi Court of Appeals specifically addressed the issue of judicial immunity in the context of the appointment of special judges. In *Vinson vs. Prather*, 879 So.2d 1053 (Miss. App. 2004), the Court held that "an appointment [of a special judge] pursuant to Mississippi Code Annotated Section 9-1-105 [is] a judicial act". The Court affirmed dismissal of the case on the grounds of judicial immunity. In the same manner, this Court finds that the prior appointment of special judges under Miss. Code Ann. §9-1-105 was a judicial act under Mississippi law. Similarly, this Court finds that the appointment of temporary circuit court judges and the CCID court judge under HB1020 will constitute judicial acts. Therefore, the doctrine of judicial immunity applies to the actions of the Chief Justice of the Supreme Court of Mississippi which Plaintiffs seek to enjoin.

This Court has carefully considered Plaintiffs' assertion that judicial immunity only applies to a suit for damages and does not extend to suits seeking declaratory and injunctive relief. The cases relied upon by Plaintiffs for this proposition simply do not bear out this distinction. The case of *Glassroth v. Moore*, 335 F. 3d 1282, 1302 (11th Cir.

4

2003) involves an action which was taken by a judge in his private, individual capacity. The behavior enjoined was not taken in the official capacity of an officer of the court. Therefore, the case is not pertinent to the matter at hand. Similarly, the cited federal cases involving §1983 are not applicable to the facts and circumstances herein. Plaintiffs have been unable to demonstrate any applicable exception to the doctrine of judicial immunity in this case.

## IV.
## CONCLUSION

Based upon the foregoing, this Court finds that Defendant, Honorable Michael K. Randolph, in his official capacity as Chief Justice of the Mississippi Supreme Court shall be dismissed from this action with prejudice.

**SO ORDERED**, this the \_\_\_11th\_\_\_ day of May, 2023.

_____
**J. DEWAYNE THOMAS, CHANCELLOR**