# **<u>EXHIBIT A</u>**

**IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

ANN SAUNDERS; SABREEN SHARRIEF;
and DOROTHY TRIPLETT                                                          **PLAINTIFFS**

VS.                                                         **CIVIL ACTION NO. 23-cv-00421**

STATE OF MISSISSIPPI; HONORABLE MICHAEL K. RANDOLPH,
in his official capacity as Chief Justice of the Mississippi Supreme Court;
ZACK WALLACE, in his official capacity as Circuit Clerk of the
Circuit Court of Hinds County, Mississippi; and GREG SNOWDEN,
in his official capacity as Director of the Administrative Office
of Courts                                                                    **DEFENDANTS**

and

STATE OF MISSISSIPPI ex rel.
ATTORNEY GENERAL LYNN FITCH                          **DEFENDANT-INTERVENOR**

---

**STATE OF MISSISSIPPI *EX REL.* ATTORNEY GENERAL LYNN FITCH'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
COMPLAINT AND ADD ADDITIONAL PARTIES [DKT. #26]**

---

**INTRODUCTION**

Plaintiffs' motion for leave to amend their complaint should be denied because the amendment sought would be futile for three reasons:  (1) Plaintiffs lack standing, and this Court accordingly lacks subject matter jurisdiction; (2) Plaintiffs' proposed amended complaint fails to establish that the challenged laws are unconstitutional, and thus it fails to state a claim upon which relief may be granted; and (3) neither the Governor nor the Attorney General, as prospective defendants, has any enforcement connection to the challenged laws, meaning that any injunction issued against either of them would be meaningless and unenforceable.

Plaintiffs seek leave to amend their complaint to add the State of Mississippi, Governor Tate Reeves (in his official capacity) and Attorney General Lynn Fitch (in her official capacity) as

additional defendants.  *See* Dkt. #26, #26-1.  With the exception of requesting that injunctive relief be directed against these prospective additional defendants, the claims sought to be asserted in the proposed amended complaint are identical to the claims asserted in the original complaint. Pending before the Court is Defendant-Intervenor State of Mississippi *ex rel.* Attorney General Lynn Fitch's ("the State") motion to dismiss Plaintiffs' original complaint.  *See* Dkt. #39, #40. That motion applies with equal force to Plaintiffs' proposed amended complaint.  Because this Court lacks subject matter jurisdiction, and because Plaintiffs' proposed amended complaint fails to state a claim, Plaintiffs' motion for leave to amend should be denied as futile.

Furthermore, neither the Governor nor the Attorney General is a proper defendant in this action.  Neither is charged with enforcing or implementing any of the statutory provisions that Plaintiffs seek to enjoin.  Nor does either of them have any authority to compel the other named Defendants to comply with any injunctive relief this Court might grant.  It is well established that an injunction should not issue if it will not right the alleged wrong.  Any injunction directed against the Governor and/or the Attorney General would be meaningless given their complete lack of connection to the enforcement and implementation of the challenged provisions of H.B. 1020 and MISS. CODE ANN. § 9-1-105(2).  Because the proposed amendment would be futile for this additional reason, Plaintiffs' motion for leave to amend should be denied.

## PLAINTIFFS' PROPOSED AMENDED COMPLAINT

Plaintiffs seek leave to amend their complaint to add the State of Mississippi, the Governor, and the Attorney General as defendants.  *See* Dkt. #26 at 1; #26-1 at 1.  The claims asserted and the relief sought by Plaintiffs in their original complaint and their proposed amended complaint are the same, except for the addition of these three additional defendants as parties against whom they seek injunctive relief.  The only claims asserted in Plaintiffs' proposed amended complaint

remain those associated with Plaintiffs' challenge to the constitutionality of Sections 1 and 4 of H.B. 1020 and MISS. CODE ANN. § 9-1-105(2).  *See* Dkt. #26-1 at 17-19, ¶¶ 82-92.

Section 1 of H.B. 1020 requires the Chief Justice of the Mississippi Supreme Court to appoint four temporary special circuit judges for the Hinds County Circuit Court.  2023 H.B. 1020, § 1(1) ("The Chief Justice of the Supreme Court shall appoint four (4) temporary special circuit judges for the Seventh Circuit Court District.").  Section 1 also directs the Administrative Office of Courts ("AOC") to "establish personnel policies to compensate the support staff for each temporary special circuit judge" appointed by the Chief Justice.  *Id.* § 1(3)(b).  Plaintiffs allege that Defendant Zack Wallace, the Hinds County Circuit Clerk, "would be responsible for the ongoing assignment of cases" to the four special circuit judges appointed by the Chief Justice.  Dkt. #26-1 at 5, ¶ 18.

Section 4 of H.B. 1020 establishes an inferior court called the Capitol Complex Improvement District court ("CCID court") within the Capitol Complex Improvement District ("CCID").  2023 H.B. 1020, § 4(1)(a).  It also requires the Chief Justice to appoint a judge to the CCID court.  *Id.* § 4(2) ("The Chief Justice of the Mississippi Supreme Court shall appoint the CCID inferior court judge authorized by [H.B. 1020, § 4].").  The AOC is charged with the responsibility of paying the salary of the CCID court judge and his or her support staff.  *Id.* § 4(3).

MISS. CODE ANN. § 9-1-105(2) authorizes the Chief Justice of the Mississippi Supreme Court to appoint temporary special judges to a circuit or chancery court under limited circumstances.  *See id.*  ("[T]he Chief Justice of the Mississippi Supreme Court, with the advice and consent of a majority of the justices of the Mississippi Supreme Court, shall have the authority to appoint a special judge to serve on a temporary basis in a circuit or chancery court in the event of an emergency or overcrowded docket.").  The Chief Justice has exercised this authority on many

occasions, including appointing four temporary special judges to the Hinds County Circuit Court in 2022 to reduce that Court's backlog of pending cases.  *See* Dkt. #26-1 at 11, ¶¶ 43-46.

In their proposed amended complaint, Plaintiffs seek, in addition to declaratory relief, a preliminary and permanent injunction that prohibits the State of Mississippi, the Governor, and the Attorney General—in addition to the Chief Justice—"from appointing judges, or permitting judges to be appointed, to the Hinds County Circuit Court pursuant to H.B. 1020 or Miss. Code Ann. § 9-1-105(2)," and "from appointing a judge, or permitting the appointment of a judge, to the CCID court[.]"  Dkt. #26-1 at 19, ¶¶ D, E.  They also request that the Court specifically enjoin the State of Mississippi, the Governor, and the Attorney General "from creating and operating the new CCID court[.]" *Id.* at 20, ¶ H.

## STANDARD FOR AMENDMENT

Plaintiffs' motion for leave to amend is governed by Rule 15, *Mississippi Rules of Civil Procedure*.  Where, as here, the plaintiffs seek to add new defendants, they must also comply with Rule 21 and obtain a court order to that effect.  *See Franklin County Mem'l Hosp. v. Fairman*, -- So. 3d --, 2023 WL 3016594, at *3 (Miss. 2023).

Although "amended pleadings have been liberally permitted throughout Mississippi's legal history," the Mississippi Supreme Court has made clear that this "rule is not absolute." *Webb v. Braswell*, 930 So. 2d 387, 393 (Miss. 2006) (citations omitted).  "If it is apparent that the amendment would cause undue prejudice to the opposing party because the amendment would be futile, then leave should not be freely given." *Crater v. Bank of New York Mellon*, 203 So. 3d 16, 19-20 (Miss. Ct. App. 2016) (citation omitted).  Where, like the original complaint, "the proposed amended complaint would still fail to state a claim upon which relief could be granted," the amendment is futile and may be denied. *Spiers v. Oak Grove Credit, LLC*, 328 So. 3d 645, 651

(Miss. 2021).  *See also Griffin v. CitiMortgage Inc.*, 296 So. 3d 767, 772 (Miss. Ct. App. 2020)

(same).

<b><u>ARGUMENT</u></b>

Plaintiffs assert that they seek leave to amend their complaint to add the Governor and the

Attorney General as defendants "in an effort to include all defendants necessary for the imposition

of the full range of relief [they] request in this action."  Dkt. #26 at 1, ¶ 1.  But they also tacitly

admit that they could obtain complete relief without suing the Governor or the Attorney General.

*See id.* at 2, ¶ 1 ("Plaintiffs do not concede . . . that comprehensive relief could not be granted

absent the requested amendment.").

Plaintiffs are correct that the Governor and the Attorney General are not necessary

defendants.  They are wrong in asserting that "[t]he interests of justice are served by the proposed"

addition of the Governor and the Attorney General as defendants.  *See id.* at 2, ¶ 2.  Even if this

Court had jurisdiction (which it does not), and even if Plaintiffs had stated a claim here (which

they have not), the fact remains that neither the Governor nor the Attorney has any power, ability,

or specific duty to enforce or prevent the enforcement of the challenged provisions of H.B. 1020

and § 9-1-105(2).  Because this Court lacks jurisdiction and Plaintiffs have failed to state a claim,

and because the Governor and the Attorney General have no control over the proposed acts which

Plaintiffs seek to enjoin, the amendment that Plaintiffs seek would be futile.  For all these reasons,

their motion for leave to amend the complaint should be denied.

**I.  PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION, AND PLAINTIFFS PROPOSED AMENDED COMPLAINT FAILS TO STATE A CLAIM.**

The State hereby adopts and incorporates by reference, as if fully and completely set forth

herein, the arguments and authorities set forth in its pending motion to dismiss [Dkt. #39] and

accompanying memorandum of authorities [Dkt. #40].  As set forth in detail therein, Plaintiffs lack standing, and this Court accordingly lacks subject matter jurisdiction.  Additionally, Plaintiffs' amended complaint—which asserts the same claims asserted in their original complaint—fails to establish that the challenged laws violate the Mississippi Constitution, and thus it fails to state a claim upon which relief may be granted.  For either and both of these reasons, the amendment sought is futile and should be denied.

## II. THE GOVERNOR IS NOT A PROPER DEFENDANT BECAUSE HE HAS NO CONNECTION TO THE ENFORCEMENT OR IMPLEMENTATION OF THE CHALLENGED LAWS.

A plaintiff may not sue a state official for prospective injunctive relief unless the official has "*some* connection with the enforcement of the challenged act." *Texas All. for Retired Americans v. Scott*, 28 F.4th 669, 672 (5th Cir. 2022) (cleaned up) (emphasis in original).  To determine whether a sufficient connection exists, courts consider three "guideposts."  *Id.*  First, "an official must have more than the general duty to see that the laws of the state are implemented." *Id.* (cleaned up).  Therefore, the fact that the Governor's general duties include "see[ing] that the laws are faithfully executed" is insufficient to establish the requisite connection to the enforcement of the challenged provisions.  MISS. CONST. art. V, § 123; MISS. CODE ANN. § 7-1-5(c).

Second, "the official must have the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty."  *Texas All. for Retired Americans*, 28 F.4th at 672 (cleaned up).  This requires a "provision-by-provision" analysis.  *Id.*  If the state official does not "enforce the particular statutory provision[s] that [are] the subject of the litigation," the official is not a proper defendant.  *Id.* (alterations added; quotation marks and citation omitted).  Third, "enforcement means compulsion or constraint."  *Id.* (cleaned up).  Accordingly, "[i]f the official

does not compel or constrain anyone to obey the challenged law, enjoining that official could not stop any ongoing constitutional violation." *Id.*

Here, it is beyond dispute that the Governor does not enforce or implement any of the provisions in H.B. 1020 or MISS. CODE ANN. § 9-1-105(2) that are being challenged by Plaintiffs.[1] Indeed, the Governor is not even named in either H.B. 1020 or § 9-1-105(2).  The only state officials designated to enforce or implement the challenged provisions are the Chief Justice of the Mississippi Supreme Court and the Director of the AOC.  *See* 2023 H.B. 1020, §§ 1, 4; MISS. CODE ANN. § 9-1-105(2).  Further, the Governor has no constitutional or statutory authority to compel the Chief Justice or the AOC to refrain from carrying out their legal duties under H.B. 1020 and § 9-1-105(2).  Under the separation of powers doctrine, the Governor cannot interfere with the activities of a co-equal branch of government.  *See* MISS. CONST. art. I, §§ 1, 2.  *See also In re Fiscal Year 2010 Jud. Branch Appropriations*, 27 So. 3d 394, 396 (Miss. 2010) (ordering that the "Administrative Office of Courts shall remain open, performing the constitutionally-mandated responsibilities of the Judicial Branch of government").  Thus, enjoining the Governor could not stop any alleged constitutional violation associated with the appointment of temporary special judges to the Hinds County Circuit Court, the appointment of a judge to the CCID court, or the creation or operation of the CCID court.

---

[1] Even if the Governor did have the particular duty to enforce or implement H.B. 1020 or MISS. CODE ANN. § 9-1-105(2), which he does not, this Court could not enjoin him from carrying out his duties under those laws.  *See State v. McPhail*, 182 Miss. 360, 180 So. 387, 392 (1938) ("Within the limits of the power conferred upon him by the Constitution and the laws, the Governor is not subject to control by the courts, nor, as already mentioned, can any mandamus, prohibition, or injunction direct or restrain him in the exercise of his power.").  At most, the Court could issue a declaratory judgment that the challenged provisions are unconstitutional.  *Cf. Fordice v. Thomas*, 649 So. 2d 835, 840 (Miss. 1995) (superseded by statute on other grounds) ("The governor was not compelled to do anything and he was not enjoined from doing anything, the trial court merely issued a declaratory judgment.").

It is axiomatic that a court should not issue orders that it does not have the ability to enforce. *See* Mississippi Chancery Practice § 19:10 (2022 ed.) ("If the injunction will not right the alleged wrong, it should not issue.  If it will not correctly stay the alleged injury or prevent further injury, it should not issue.").  To issue an unenforceable order would undermine the integrity of the court.  Accordingly, enjoining a state official from taking actions that he or she lacks the authority under state law to take in the first place is wholly improper.  Because the injunctive relief that Plaintiffs seek against the Governor would do nothing to prevent the enforcement or implementation of Sections 1 and 4 of H.B. 1020 or Miss. Code Ann. § 9-1-105(2), adding the Governor as a defendant is futile.  Accordingly, even if the Court were to find that it has jurisdiction and that Plaintiffs have stated a claim (neither of which is the case here), Plaintiffs should not be allowed to amend their complaint to sue the Governor.

## III.   THE ATTORNEY GENERAL IS NOT A PROPER DEFENDANT BECAUSE SHE HAS NO CONNECTION TO THE ENFORCEMENT OR IMPLEMENTATION OF THE CHALLENGED LAWS.

Plaintiffs' argument that they should be granted leave to amend their complaint to add the Attorney General as a defendant fails for the same reasons.  Although the Attorney General is "the chief legal officer and advisor for the state, both civil and criminal," Miss. Code. Ann. § 7-5-1, her general legal duties are insufficient to establish that she has some connection with the enforcement or implementation of the specific provisions of law challenged by Plaintiffs.  *See Texas All. for Retired Americans*, 28 F.4th at 672 (explaining that "an official must have more than the general duty to see that the laws of the state are implemented" to be enjoined) (cleaned up).

Further, the Attorney General has no specific duty to enforce or implement Sections 1 or 4 of H.B. 1020[2] or MISS. CODE ANN. § 9-1-105(2).[3]  She is nowhere mentioned in any of the challenged provisions.  As discussed above, the Chief Justice and the Director of the AOC are the only state officials designated to enforce and implement the challenged provisions.  The Attorney General does not have the authority or ability to command the Chief Justice or the AOC to do, or not to do, anything at all with respect to Sections 1 and 4 of H.B. 1020 or § 9-1-105(2).

As with the Governor, the injunctive relief that Plaintiffs seek would not be enforceable against the Attorney General because she has no connection to the enforcement of any of the challenged provisions—and no authority to stop any of the alleged constitutional violations at issue in this action.  Any injunction that directs the Attorney General not to take actions she has no ability or specific duty to take, or that commands her to affirmatively prevent certain actions from being taken by other Defendants over whom she has no control, would be improper and futile. *Punzo v. Jackson County*, 861 So. 2d 340, 348 (Miss. 2003) ("A mandatory injunction requiring a practical impossibility should never issue") (quotation marks omitted).  Accordingly, Plaintiffs should likewise not be allowed to amend their complaint to sue the Attorney General.

## **CONCLUSION**

For all these reasons, the Court should deny Plaintiffs' motion for leave to amend their complaint to add additional defendants.

---

[2] H.B. 1020, to be sure, requires the Attorney General to designate two attorneys to serve as prosecutors for the CCID court.  2023 H.B. 1020, § 5(1).  However, Plaintiffs are not challenging the constitutionality of that provision.  Of course, if the Court enjoins the appointment of the judge for the CCID court or the provision of funding for that inferior court, there would be no reason for the Attorney General to appoint prosecutors for the CCID court.

[3] The Attorney General has a legal obligation to "intervene and argue the constitutionality of any statute when notified of a challenge thereto."  MISS. CODE. ANN. § 7-5-1.  Consistent therewith, the Attorney General has intervened in this case to defend the constitutionality of Sections 1 and 4 of H.B. 1020 and MISS. CODE. ANN. § 9-1-105(2).

THIS the 9th day of May, 2023.

Respectfully submitted,

STATE OF MISSISSIPPI *EX REL.* ATTORNEY
GENERAL LYNN FITCH, DEFENDANT-
INTERVENOR

By:     LYNN FITCH, ATTORNEY GENERAL
        FOR THE STATE OF MISSISSIPPI

By:     s/Rex M. Shannon III
        REX M. SHANNON III (MSB #102974)
        Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov

ATTORNEYS FOR STATE OF MISSISSIPPI
*EX REL.* ATTORNEY GENERAL LYNN FITCH,
DEFENDANT-INTERVENOR

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for
Defendant-Intervenor State of Mississippi *ex rel.* Attorney General Lynn Fitch, do hereby certify
that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the
above and foregoing via the Court's MEC filing system, which sent notification of such filing to
all counsel of record.

THIS the 9th day of May, 2023.

s/Rex M. Shannon III
REX M. SHANNON III

10