# **EXHIBIT C**

```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                   NORTHERN DIVISION


NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE                    PLAINTIFFS
NAACP, et al.

v.                         CIVIL ACTION NO: 3:23cv272

TATE REEVES, et al.                              DEFENDANTS



                  TRANSCRIPT OF TELECONFERENCE

                     MONDAY, MAY 1, 2023

          BEFORE THE HONORABLE HENRY T. WINGATE
                UNITED STATES DISTRICT JUDGE
```

COURT REPORTER:

Fred W. Jeske, RMR, CRR
701 North Main Street, Suite 228
Hattiesburg, Mississippi  39401
(601) 255-6432
fred_jeske@mssd.uscourts.gov

1  APPEARANCES:

2  REPRESENTING THE PLAINTIFFS:

3       CARROLL EDWARDS RHODES, ESQUIRE
         Law Offices of Carroll Rhodes
4        P.O. Box 588
         Hazlehurst, MS  39083
5        601/894-4323
         crhode@bellsouth.net
6

7  REPRESENTING THE DEFENDANT MICHAEL K. RANDOLPH:

8        MARK A. NELSON, ESQUIRE
         NED ANDREW NELSON, ESQUIRE
9        7 Woodstone Plaza, Suite 7
         Hattiesburg, MS  39402
10       601/602-6031
         mark@nelsonfirm.law
11       ed@nelsonfirm.law

12
    REPRESENTING THE STATE OF MISSISSIPPI DEFENDANTS:
13
         REX SHANNON, ESQUIRE
14       GERALD KUCIA, ESQUIRE
         Mississippi Attorney General's Office
15       P.O. Box 220 (39205)
         550 High Street
16       Jackson, MS  39201
         601/359-3680
17       rex.shannon@ago.ms.gov

18                       -oOo-

19

20

21

22

23

24

25

1           MR. MARK NELSON:  Good.

2           THE COURT:  All right.  Go ahead.

3           MR. MARK NELSON:  Your Honor, as I was saying, we
4  appeared here at Your Honor's orders and your request, and out
5  of deference to Your Honor and your office, of course, we're
6  participating.  I have with me the Chief Justice and my law
7  partner and son Ned Nelson.  I'm Mark Nelson, from Hattiesburg,
8  and I represent the Chief Justice in his official capacity.

9           Also with me is Hubbard Saunders, counsel for the
10 court, Katherine Durkin, counsel for the court, and David
11 Splaingard, counsel for the court.

12          So as you can imagine, we've got a lot going on over
13 here with two actions pending.

14          There is a state court action pending, which I would
15 like to talk about briefly, but first I want to say that
16 Justice Randolph in his capacity as Chief Justice, in his
17 official capacity, is at a distinct and separate position than
18 the other defendants, such as Tate Reeves, the governor.  That
19 is because Justice Randolph in his capacity as chief has
20 absolute judicial immunity that bars this action.  And this is
21 replete and clear in all the past state court and federal court
22 actions that have addressed this, Your Honor.

23          Additionally, since we do have a state court
24 proceeding going on in Hinds chancery court, we're going to
25 file a motion for Your Honor to stay, to let the state court

1  proceedings proceed.  We are also filing a motion in that court
2  on the basis of sovereign immunity -- not sovereign immunity
3  but judicial immunity.
4          And, Your Honor, it's just so clear that this claim,
5  that Your Honor should take up the jurisdictional motion first
6  because our position is that because Justice Randolph has
7  absolute immunity, this court, in all due respect, is without
8  jurisdiction to hear the claims.
9          Now that's clear in the law in the Fifth Circuit.  As
10 a matter of fact, Mr. Carroll Rhodes was counsel in the case of
11 Magnolia Bar versus Lee, where Judge Barbour issued an opinion
12 where the Magnolia Bar, through Mr. Rhodes, had sued the entire
13 Supreme Court of Mississippi, and Judge Barbour dismissed the
14 court and all of the individual members of the court on the
15 basis of judicial immunity, stating that it's absolute.
16         That was appealed to the Fifth Circuit and affirmed
17 there.
18         So basically this claim, Your Honor -- and cert was
19 denied in that case.  And, Your Honor, also in this case, it's
20 very unusual because basically the plaintiffs are seeking to
21 enjoin the chief justice from acting pursuant to this statute
22 in futuro, or for an act in the future, claiming that any
23 action under the statute would be a violation of their
24 constitutional rights.
25         Well, if that's the case, Your Honor, then they don't

1  have -- they can proceed with the other defendants in the
2  absence of Chief Justice Randolph; that to enter an injunction
3  against Justice Randolph would be contrary to the doctrine of
4  judicial immunity, which, Judge, it's a 500-year-old common law
5  that's been written into the statute, 42, U.S.C., Section 1983.
6       The Congress amended that statute in 1996 to say that
7  you can sue, notwithstanding immunity, except for any action
8  brought against a judicial officer for an act or omission in
9  his official capacity.  And injunctive relief shall not be
10 granted unless a declaratory decree is violated.
11      So the 1983 statute, the common law, and the law of
12 the Fifth Circuit, and the federal immunity law also, Your
13 Honor, it's the same action that -- it's the same immunity that
14 Your Honor has in a proceeding with any case that you have
15 before you.
16      In all due respect, what this would entail would be
17 to approve actions by disgruntled litigants before Your Honor
18 to sue you for an injunction.
19      And in this case, just basically, I don't want to get
20 into the merits, because that's not something that I think that
21 the Chief Justice should endeavor, but there are some 1463
22 prior appointments that have been made under the prior statute,
23 9-1-105, which that issue is before the state court.  The
24 efficacy of the statute, 9-1-105, would be a challenge to the
25 state court, not in this court, if I understand right, the

1   pleadings.
2           But what's before Your Honor is House Bill 1020, and
3   they -- essentially the plaintiff is throwing the kitchen sink
4   in there, along with Justice Randolph, who separately appears
5   here because he is the only defendant that has judicial
6   immunity, and Your Honor should just dismiss him outright in
7   the state or any actions against Justice Randolph, regardless
8   of the status of the TRO or request for an injunction.  And,
9   Your Honor, we would ask that we have at least until Thursday
10  to have our papers filed on these issues, and those issues be
11  addressed before any injunctive relief is rendered.
12          THE COURT:  Let me hear from you, Mr. Carroll.
13  Mr. Rhodes.  Let me hear from you.
14          MR. RHODES:  Your Honor, this case is distinguishable
15  from Magnolia Bar.
16          And as far as judicial immunity, the reason Justice
17  Randolph is the defendant in this case is because he is the one
18  who can act on the unconstitutional statute, and we intend to
19  prove later on, in the preliminary injunction hearing, how
20  HB1020 is unconstitutional.  It discriminates against the black
21  voters and black citizens of the Seventh Circuit Court
22  district.  And we are asking the court for injunctive relief to
23  enjoin any appointment of special judges under this particular
24  statute, HB1020.
25          And in Magnolia Bar we were not asking that judges be

```
 1                    CERTIFICATE OF COURT REPORTER
 2            I, Fred W. Jeske, RMR, CRR, Official Court Reporter
 3    for the United States District Court for the Southern District
 4    of Mississippi, appointed pursuant to the provisions of Title
 5    28, United States Code, Section 753, do hereby certify that the
 6    foregoing is a correct transcript of the proceedings reported
 7    by me using the stenotype reporting method in conjunction with
 8    computer-aided transcription, and that same is a true and
 9    correct transcript to the best of my ability and understanding.
10            I further certify that the transcript fees and format
11    comply with those prescribed by the Court and the Judicial
12    Conference of the United States.
13
14
15
                                        s/Fred W. Jeske
16                                      FRED W. JESKE, RMR, CRR
                                        OFFICIAL COURT REPORTER
17
```