IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; JACKSON CITY BRANCH OF THE NAACP; DERRICK JOHNSON; FRANK FIGGERS; CHARLES TAYLOR; MARKYEL PITTMAN; CHARLES JONES; and NSOMBI LAMBRIGHT-HAYNES | PLAINTIFFS |
| vs. | CIVIL ACTION No.: 3:23-CV-272-HTW-LGI |
| TATE REEVES, in his official capacity as Governor of the State of Mississippi; SEAN TINDELL, in his official capacity as Commissioner of Public Safety; BO LUCKY, in his official capacity as Chief of Mississippi Department Public Office of Capitol Police; MICHAEL K. RANDOLPH, in his official Capacity as Chief Justice of the Mississippi Supreme Court; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi | DEFENDANTS |

**ORDER**

Before this Court is *Plaintiff's Renewed Necessitous and Urgent Motion for a Temporary Restraining Order* **[Docket no. 24].** Plaintiffs previously sought a temporary restraining order ("TRO") from this Court [Docket no. 11], seeking to enjoin Defendant Honorable Michael K. Randolph, in his official capacity as Chief Justice of the Mississippi Supreme Court, from

1

appointing temporary special circuit judges by May 8, 2023, under the newly enacted Mississippi House Bill 1020 ("H.B. 1020)[1].

This Court set a TRO Hearing for May 5, 2023. On May 4, 2023, however, the Chancery Court of the First Judicial District of Hinds County, Mississippi, entered a preliminary injunction [Docket no. 21-1] in the state court case of *Saunders v. Randolph*, Civil Action No. 23-cv-00421. The Mississippi Chancery Court stayed the provisions of H.B. 1020 "until a full hearing is had on the matter and a ruling is issued, or until May 14, 2023, at 5:00 PM, whichever shall occur first." This Court, accordingly, canceled its May 5, 2023, hearing, pending the state court's decision.

On May 11, 2023, The Mississippi Chancery Court entered a Memorandum Opinion and Final Judgment [Docket nos. 23-1 and 23-2], dismissing Defendant Honorable Michael K. Randolph, in his official capacity as Chief Justice of the Mississippi Supreme Court, from the state court lawsuit. The Chancery Court relied upon the doctrine of Judicial Immunity in support of its decision to dismiss Defendant Randolph. The Honorable Defendant Randolph's attorneys promptly filed a Notice [Docket no. 23] alerting this Court of the Chancellor's decision.

Aggrieved by the Mississippi Chancery Court's decision, and its possible impact upon the Chancellor's previously-imposed stay affecting the appointment of temporary special circuit judges, Plaintiffs herein have renewed their motion seeking a temporary restraining order against Defendant Randolph to prevent any appointment of these temporary special circuit judges at this time.

At this juncture, this Court also has before it a Motion to Dismiss Defendant Randolph from the lawsuit *sub judice* [Docket no. 19]. Defendant Randolph, by way of his Motion, asserts

---

[1] H.B. 1020 Section 1 provides that the Chief Justice of the Mississippi Supreme Court shall appoint four (4) temporary special judges for the Seventh Circuit Court District no later than fifteen (15) days after passage of the Act.

the same defense he brought forth in the state court matter, namely that the Chief Justice's duties under H.B. 1020 are "judicial" in nature, and that, therefore, he is cloaked with Judicial Immunity.

Plaintiffs, contrariwise, assert that the acts at issue fall outside of the Chief Justice's adjudicatory capacity, such that Judicial Immunity does not protect Defendant Randolph from the reach of this litigation.

This Court notes first that "the pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999) (citation omitted). This Court has jurisdiction over Plaintiffs' federal § 1983[2] claims under Title 28 U.S.C. §1331[3], and federal courts have a "virtual unflagging obligation . . . to exercise the jurisdiction given them." *Id*. (citation omitted).

This Court further has held that, "inasmuch as § 1983 is a federal statute, which creates a federal cause of action for constitutional violations committed under color of state law, the immunities enjoyed by state officials sued under § 1983 are governed by federal law." *Duncan v. Mississippi Bd. of Nursing,* 982 F. Supp. 425, 434 (S.D. Miss.) (Wingate, J.) (citing *Briggs v. Goodwin*, 569 F.2d 10, 18 n.8 (D.C. Cir. 1977)), *aff'd*, 129 F.3d 611 (5th Cir. 1997). This Court, accordingly, must apply federal law to the matter at hand, even though the Mississippi Chancery Court has now dismissed Defendant Randolph under Mississippi law.

---

[2] Section 1983 states in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress... 42 U.S.C.A. § 1983 (West)

[3] Title 28 U.S.C. § 1331 states:
The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

**IT IS, THEREFORE, ORDERED** that a hearing on *Plaintiffs' Renewed Necessitous and Urgent Motion for a Temporary Hearing Order* is set for **Monday, May 22, 2023, at 9:30 0'clock am. The parties are directed to submit all legal briefs in support of their respective positions by Friday, May 20, 2023, at 5:00 o'clock pm.**

**IT IS FURTHER ORDERED that** to maintain the status quo and to avoid possible irreparable harm from any violation of constitutional rights to equal protection of the law, Defendant Chief Justice Michael K. Randolph hereby is temporarily restricted from appointing judges pursuant to H.B. 1020, until such a time that this Court has conducted the above-referenced hearing, and until this Court has rendered its ruling on Defendant Randolph's Judicial Immunity defense.

**SO ORDERED this the 12th day of May, 2023.**

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**