IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

National Association for the
Advancement of Colored People,
et al                                                                                              Plaintiffs

vs.                                                                Case No. 3:23-cv-272-HTW-LGI

Tate Reeves, in his official capacity
as Governor of the State of Mississippi;
et al                                                                            Defendants

## Motion for a Hearing and Scheduling Order

Defendant, Michael K. Randolph, in his official capacity as Chief Justice of the Mississippi Supreme ("Chief Justice") submits this his Motion seeking an Order setting a hearing and Scheduling Order for the Motion to Dismiss (Doc. 19) as follows:

1.     The Chief Justice filed a Motion to Dismiss on May 4, 2023. (Doc. 19). The Court previously set the Motion to Dismiss for a hearing on Friday morning, May 5, 2023, to be conducted first ahead of the substantive Motion for Temporary Restraining Order ("TRO").

2.     The Court stayed these proceedings. Thereafter, on May 11, the Plaintiffs filed their opposition to the Motion to Dismiss. (Doc. 25). Pursuant to the Local Rules, the Chief Justice prays that he be allowed to submit a Reply before the Court rules on the Motion to Dismiss.

3. The Chief Justice filed the State Court Rulings in this record on May 11 (Doc. 23) by attaching the ruling and judgment as exhibits. (Doc. 23-1 and 23-2). The State Court judgment has a direct impact on the claims made in this case since the Court ruled, inter alia, that the appointment of a judge by the Chief Justice is a "judicial act" for which the Chief Justice is immune from claims. Immunity is even stronger in the U.S. District Court because 42 U.S.C. §1983 was amended in 1996 to provide that injunctions cannot be issued against State Court Judges. The issues raised by the Chief Justice concerning judicial immunity are consequential and of high importance to the preservation of the administration of justice. These issues should be ferreted out before any other proceedings. Any immunity may be waived by participation in the proceedings on the merits.

4. This litigation has disrupted the administration of justice. The Chief Justice's constraints were previously conveyed to counsel for the Plaintiffs' multiple times in pleadings and telephone conversations. Counsel for the Chief Justice take issue with the Affidavit filed (Doc. 24-1) concerning telephone conversations. Counsel for Plaintiffs was expressly advised on several occasions that any proposal should be made in writing. This was omitted from the Affidavit. Counsel for Plaintiffs was told that the Chief Justice simply cannot make Advisory Opinions, or any statement that could be costrued as an opinion about the challenged law.

5. For these reasons the Court should take up the Motion to Dismiss first. (Doc. 19). The Chief Justice prays that the Court take up the Motion to Dismiss (Doc. 19) under a regular schedule providing for a Reply by the Chief Justice, to be

submitted on Friday, May 19, and that the Court set the Motion for Hearing on May, 22nd prior to any hearing on the Motion for Temporary Restraining Order.

Respectfully submitted, this the 12th day of May, 2023.

                                                            Respectfully submitted,

                                                            Michael K. Randolph, in his
official capacity as Chief Justice
of the Mississippi Supreme Court

                                                         */s/ Mark A. Nelson*
By:_____
                                                      Mark A. Nelson, MB #3808

Of Counsel:

Mark A. Nelson, MB #3808
Ned A. Nelson, MB #105712
Nelson Law PLLC
7 Woodstone Plaza, Ste. 7
Hattiesburg, MS 39402
Telephone: 601.602.6031
Facsimile: 601.602.3251
mark@nelsonfirm.law
ned@nelsonfirm.law

## Certificate of Service

I, Mark A. Nelson, hereby certify that on this the 12th day of May, 2023, I electronically filed the foregoing with Clerk of the Court using the ECF system which will provide notice to all counsel of record.

                                                          */s/ Mark A. Nelson*
                                                       _____
                                                       Mark A. Nelson