IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE, ET AL.                    PLAINTIFFS

VS.                                        CASE NO. 3:23-cv-00272-HTW-LGI

TATE REEVES, in his official capacity
As Governor of the State of Mississippi, ET AL.           DEFENDANTS

## DEFENDANT GOVERNOR TATE REEVES'S MOTION TO DISMISS

COMES NOW Defendant Tate Reeves, in his official capacity as Governor of the State of Mississippi, ("the Governor") by and through counsel, and pursuant to Rule 12(b)(1), *Federal Rules of Civil Procedure*, files this his motion to dismiss for lack of subject-matter jurisdiction, and in support thereof would show unto the Court the following:

1.  Plaintiffs' claims against the Governor should be dismissed for lack of subject-matter jurisdiction because (1) Plaintiffs lack standing to pursue their asserted claims against the Governor; and (2) Plaintiffs' claims against the Governor are barred by sovereign immunity.

2.  This matter arises out of the Mississippi Legislature's much-publicized recent enactment of 2023 H.B. 1020 and 2023 S.B. 2343. Plaintiffs seek to have this Court invalidate the Legislature's lawful enactment of measures designed to enhance public safety and alleviate the ongoing strain on Hinds County's overburdened criminal court system.

3.  Specifically, Plaintiffs seek declaratory and injunctive relief designed to invalidate the following features of the aforementioned state laws: (1) the expansion of Mississippi Department of Public Safety/Capitol Police jurisdiction; (2) the appointment of temporary special circuit judges to the Hinds County Circuit Court; (3) the creation of the Capitol Complex

1

Improvement District ("CCID") inferior court; and (4) the appointment of prosecutors for the CCID court.

4. Without question, the Governor has no role in enforcing any of the above-mentioned provisions—or, for that matter, any provision—of H.B. 1020 or S.B. 2343. He is nowhere mentioned in either bill. He thus has no causal connection to Plaintiffs' alleged injuries and no ability to redress those alleged injuries. Therefore, Plaintiffs lack Article III standing to pursue their claims against the Governor.

5. Relatedly, no provision of H.B. 1020 or S.B. 2343 charges the Governor with the particular duty to enforce any provision of either bill. Because the Governor is not statutorily tasked with the particular duty to enforce the challenged provisions, the *Ex parte Young* doctrine does not apply, and Plaintiffs' claims against the Governor are barred by sovereign immunity.

6. The Governor adopts and incorporates by reference, as if fully and completely set forth herein, the arguments and authorities set forth in the *Memorandum of Authorities in Support of Defendant Governor Tate Reeves's Motion to Dismiss*, being filed contemporaneously herewith.

7. On the basis of the grounds asserted herein and as further set forth in the aforementioned memorandum of authorities, this Court lacks subject-matter jurisdiction as to any and all claims asserted against the Governor. Therefore, pursuant to FED. R. CIV. P. 12(b)(1), Plaintiffs' claims against the Governor should be dismissed in their entirety.

8. In further support of his motion, the Governor submits the following:

> Exhibit "A"  2023 H.B. 1020 (true and correct copy obtained from website of Mississippi Legislature, legislature.ms.gov)
>
> Exhibit "B"  2023 S.B. 2343 (true and correct copy obtained from website of Mississippi Legislature, legislature.ms.gov)

**WHEREFORE, PREMISES CONSIDERED**, Defendant Tate Reeves, in his official capacity as Governor of the State of Mississippi, respectfully requests that the Court make and enter its Order granting his motion to dismiss and dismissing all claims asserted against him in this matter, such that he is dismissed from this action altogether.

THIS the 17th day of May, 2023.

                                          Respectfully submitted,

                                          TATE REEVES, in his official capacity as Governor of the State of Mississippi, DEFENDANT

                                          By:    LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

                                          By:    s/Rex M. Shannon III
                                                    REX M. SHANNON III (MSB #102974)
                                                    Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov

ATTORNEYS FOR DEFENDANT TATE REEVES,
in his official capacity as Governor of the State of Mississippi

## **CERTIFICATE OF SERVICE**

I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for Defendant Tate Reeves, in his official capacity as Governor of the State of Mississippi, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 17th day of May, 2023.

s/Rex M. Shannon III
REX M. SHANNON III
