**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL.** | **PLAINTIFFS** |
| **VS.** | **CASE NO. 3:23-cv-00272-HTW-LGI** |
| **TATE REEVES, in his official capacity As Governor of the State of Mississippi, ET AL.** | **DEFENDANTS** |

## SEPARATE ANSWER AND DEFENSES OF STATE EXECUTIVE DEFENDANTS TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COME NOW Defendants Sean Tindell, in his official capacity as Commissioner of Public Safety, Bo Luckey, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police, and Lynn Fitch, in her official capacity of Attorney General of the State of Mississippi, (hereinafter collectively "Defendants") by and through counsel, and file this their Separate Answer and Defenses to Plaintiffs' Complaint for Declaratory and Injunctive Relief [ECF #1] ("Complaint") filed against them by the plaintiffs, National Association for the Advancement of Colored People, Mississippi State Conference of the National Association for the Advancement of Colored People, Jackson City Branch of the NAACP, Derrick Johnson, Frank Figgers, Charles Taylor, Markyel Pittman, Charles Jones, and Nsombi Lambright-Haynes, (hereinafter collectively "Plaintiffs") herein, as follows:

### FIRST DEFENSE

Defendants allege a lack of subject matter jurisdiction and move for dismissal.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted, and Defendants move for dismissal.

## THIRD DEFENSE

Defendants allege a misjoinder of parties and/or claims.

## FOURTH DEFENSE

Defendants allege a lack of standing in bar of Plaintiffs' claims.

## FIFTH DEFENSE

Defendants affirmatively plead the doctrine of sovereign immunity and the provisions and protections of the Eleventh Amendment to the United States Constitution, as well as any and all privileges and immunities afforded thereby, in bar of Plaintiffs' claims.

## SIXTH DEFENSE

The relief that Plaintiffs request is against the public interest.

## SEVENTH DEFENSE

Defendants hereby invoke the doctrine of abstention predicated upon *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941), and accordingly move to dismiss or, alternatively, to stay this litigation, pending a Mississippi court's disposition of important state-law issues.

## EIGHTH DEFENSE

AND NOW, without waiving the above and foregoing defenses, and responding to Plaintiffs' Complaint paragraph by paragraph, Defendants answer and allege as follows:

1.     Defendants deny that House Bill 1020 and Senate Bill 2343 "are unconstitutional on their faces" as alleged in Paragraph 1 of Plaintiffs' Complaint.  The remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint appear to be statements of intent, and as such

2

require no response from Defendants.  If, however, Defendants are mistaken in their belief, and a response is necessary and/or the allegations contained in Paragraph 1 of Plaintiffs' Complaint are intended to or do adversely affect Defendants, then Defendants deny all such allegations.

2.      Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.      Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.      Except to state that the demographic, political, and electoral features of the City of Jackson and Hinds County, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.      Except to state that the history, purposes, and geographical features of the Capitol Complex Improvement District, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.      Except to state that Jackson's demographic features, as determined from accurate sources and where applicable, will speak for themselves, and except to further state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.      Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 9 and the three bulleted sub-paragraphs of Paragraph 9 of Plaintiffs' Complaint.

10.     Defendants deny the allegations contained in the first sentence of Paragraph 10 of Plaintiffs' Complaint.  The remaining allegations contained in the Paragraph 10 of Plaintiffs' Complaint appear to be statements of intent, and as such require no response from Defendants.  If, however, Defendants are mistaken in their belief, and a response is necessary and/or the remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint are intended to or do adversely affect Defendants, then Defendants deny all such allegations.

11.     Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiffs' Complaint and therefore deny the same.

13.     Defendants deny that anyone will be "injured by S.B. 2343 and H.B. 1020" as alleged in Paragraph 13 of Plaintiffs' Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint and therefore deny the same.

14.     Defendants deny that anyone will be "injured by H.B. 1020 and S.B. 2343" as alleged in Paragraph 14 of Plaintiffs' Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 14 of Plaintiffs' Complaint and therefore deny the same.

15.     Defendants deny that anyone will be "injured by H.B. 1020 and S.B. 2343" as alleged in Paragraph 15 of Plaintiffs' Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint and therefore deny the same.

16.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiffs' Complaint and therefore deny the same.

17.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiffs' Complaint and therefore deny the same.

18.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiffs' Complaint and therefore deny the same.

19.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiffs' Complaint and therefore deny the same.

20.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiffs' Complaint and therefore deny the same.

21.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiffs' Complaint and therefore deny the same.

22.      The allegations contained in the first sentence of Paragraph 22 of Plaintiffs' Complaint appear to be statements of intent, and as such require no response from Defendants.  If, however, Defendants are mistaken in their belief, and a response is necessary and/or the allegations contained in the first sentence of Paragraph 22 of Plaintiffs' Complaint are intended to or do adversely affect Defendants, then Defendants deny all such allegations.  Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence of Paragraph 22 of Plaintiffs' Complaint and therefore deny the same.  Defendants deny the remaining allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.     Defendants deny the allegations contained in the second and third sentences of Paragraph 23 of Plaintiffs' Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint and therefore deny the same.

24.     The allegations contained in the first sentence of Paragraph 24 of Plaintiffs' Complaint appear to be statements of intent, and as such require no response from Defendants.  If, however, Defendants are mistaken in their belief, and a response is necessary and/or the allegations contained in the first sentence of Paragraph 24 of Plaintiffs' Complaint are intended to or do adversely affect Defendants, then Defendants deny all such allegations.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint and therefore deny the same.

25.     Defendants admit that Tate Reeves is the Governor of the State of Mississippi and that, as such, his "official residence and principal place of business are in Jackson, Mississippi" as alleged in Paragraph 25 of Plaintiffs' Complaint.  Plaintiffs' representation that Governor Reeves is sued solely in his official capacity is a statement of intent, and as such requires no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.     Defendants admit that Sean Tindell is Mississippi's Commissioner of Public Safety and that, as such, his "principal place of business is in Jackson, Mississippi" as alleged in Paragraph 26 of Plaintiffs' Complaint.  Plaintiffs' representation that Commissioner Tindell is sued solely in his official capacity is a statement of intent, and as such requires no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.     Defendants admit that Bo Luckey is Chief of the Mississippi Department of Public Safety's Office of Capitol Police and that, as such, his "principal place of business is in Jackson, Mississippi" as alleged in Paragraph 27 of Plaintiffs' Complaint.  Plaintiffs' representation that Chief Luckey is sued solely in his official capacity is a statement of intent, and as such requires no

response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.     Defendants admit that Michael K. Randolph is the Chief Justice of the Mississippi Supreme Court and that, as such, his "principal place of business is in Jackson, Mississippi" as alleged in Paragraph 28 of Plaintiffs' Complaint.  Plaintiffs' representation that Chief Justice Randolph is sued solely in his official capacity is a statement of intent, and as such requires no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.     Defendants admit that Lynn Fitch is the Attorney General of the State of Mississippi and that, as such, her "principal place of business is in Jackson, Mississippi" as alleged in Paragraph 29 of Plaintiffs' Complaint.  Plaintiffs' representation that General Fitch is sued solely in her official capacity is a statement of intent, and as such requires no response from Defendants. Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.     Except to state that venue is proper, if at all, in the Southern District of Mississippi, and except to further state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.     Defendants admit that Governor Reeves "signed H.B. 1020 and S.B. 2343 into law" on April 21, 2023, as alleged in Paragraph 33 of Plaintiffs' Complaint.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.     Defendants deny that H.B. 1020 and S.B. 2343 were enacted with "discriminatory intent" as alleged in Paragraph 38 of Plaintiffs' Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 38 of Plaintiffs' Complaint and therefore deny the same.

39.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of Plaintiffs' Complaint and therefore deny the same.

40.     Except to state that H.B. 1020 and S.B. 2343 now constitute the duly-enacted law of the State of Mississippi, Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.     Except to state that the racial demographics of state and local officials, to the extent applicable, will speak for themselves, and except to further state that the law, where applicable,

will speak for itself, Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.     Except to state that the law, where applicable, will speak for itself, and except to further state that the history of H.B. 1020's enactment, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.     Except to state that the law, where applicable, will speak for itself, and except to further state that the demographic and electoral features of Jackson and Hinds County, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.     Except to state that Mississippi's voting and electoral history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.     Except to state that the racial demographics of state and local officials, to the extent applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.     Except to state that any vehicle pursuit policies of the Capitol Police, where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.     Except to state that Mississippi crime, criminal justice, and law enforcement data and statistics, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57.     Except to state that the law, where applicable, will speak for itself, and except to further state that the racial demographics of Mississippi and the City of Jackson, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.     Except to state that the legislative history of S.B. 2343, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.     Except to state that the law, where applicable, will speak for itself, and except to further state that the history of the Capitol Police, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.     Except to state that the law, where applicable, will speak for itself, and except to further state that the history of the Capitol Police, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.     Except to state that Mississippi's legislative history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.     Defendants admit that there were four officer-involved shootings involving Capitol Police officers during the latter half of 2022.  Defendants further admit that one of these shootings resulted in the death of a man due to an incident that arose from a traffic stop, and another involved a woman being shot in the arm at an apartment complex in connection with a police pursuit. Defendants deny the remaining allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66.     Defendants admit that the Capitol Police does not have any holding facilities. Defendants deny the remaining allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67 and Sub-paragraphs 1-8 of Paragraph 67 of Plaintiffs' Complaint and therefore deny the same.

68.     Defendants admit that consistent with standard police practices, Capitol Police officers have shot at fleeing automobiles only when deadly force was warranted under the circumstances.  Defendants deny the remaining allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.     Except to state that any use-of-force policy of the Capitol Police, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of Plaintiffs' Complaint and therefore deny the same.

71.     Defendants admit that consistent with standard police practices, Capitol Police officers have shot at fleeing automobiles and have utilized chokeholds only when deadly force was warranted under the circumstances.  Defendants deny the remaining allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.     Except to state that any statements of Chief Luckey, if proven, will speak for themselves in terms of their content, Defendants deny the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.     Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 75 of Plaintiffs' Complaint and therefore deny the same.

76.     Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 of Plaintiffs' Complaint and therefore deny the same.

77.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

81.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

83.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

84.     Except to state that the law, where applicable, will speak for itself, and except to further state that Hinds County's demographics and voting/electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.     Except to state that the law, where applicable, will speak for itself, and except to further state that the history of temporary judicial appointments in Hinds County, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

88.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

89.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 89 of Plaintiffs' Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of Plaintiffs' Complaint.

91.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93.     Except to state that the law, where applicable, will speak for itself, and except to further state that Hinds County crime and criminal justice data and statistics, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94.     Defendants admit that the Central Mississippi Correctional Facility is the subject of an investigation by the U.S. Department of Justice.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97.     Except to state that the legislative history of H.B. 1020 and S.B. 2343, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 97 of Plaintiffs' Complaint.

98.     Except to state that any past statements by legislators, if proven, will speak for themselves in terms of their content, Defendants deny the allegations contained in Paragraph 98 of Plaintiffs' Complaint.

99.     Defendants deny that H.B. 1020 and S.B. 2343 were enacted with "discriminatory motivation" as alleged in Paragraph 99 of Plaintiffs' Complaint.  Except to state that any past statements by legislators, if proven, will speak for themselves in terms of their content, Defendants deny the remaining allegations contained in Paragraph 99 of Plaintiffs' Complaint.

100.     Except to state that the legislative history of H.B. 1020 and S.B. 2343, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 100 of Plaintiffs' Complaint.

101.     Except to state that any past statements by Chief Justice Randolph, if proven, will speak for themselves in terms of their content, Defendants deny the allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102.     Except to state that any past statements by Chief Justice Randolph, if proven, will speak for themselves in terms of their content, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 102 of Plaintiffs' Complaint therefore deny the same.

103.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 104 of Plaintiffs' Complaint.

105.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 105 of Plaintiffs' Complaint.

106.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 106 of Plaintiffs' Complaint.

107.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 107 of Plaintiffs' Complaint.

108.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 109 of Plaintiffs' Complaint.

110.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 110 of Plaintiffs' Complaint.

111.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 111 of Plaintiffs' Complaint.

112.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 112 of Plaintiffs' Complaint.

113.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 113 of Plaintiffs' Complaint.

114.    Defendants deny the allegations contained in Paragraph 114 of Plaintiffs' Complaint.

115.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 115 of Plaintiffs' Complaint.

116.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 116 of Plaintiffs' Complaint.

117.    Except to state that Mississippi's legislative history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 118 of Plaintiffs' Complaint.

119.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 119 of Plaintiffs' Complaint.

120.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 120 of Plaintiffs' Complaint.

121.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 123 of Plaintiffs' Complaint.

124.    The allegations contained in the first sentence of Paragraph 124 of Plaintiffs' Complaint appear to be statements of intent, and as such require no response from Defendants.  If, however, Defendants are mistaken in their belief, and a response is necessary and/or the allegations contained in the first sentence of Paragraph 124 of Plaintiffs' Complaint are intended to or do

adversely affect Defendants, then Defendants deny all such allegations.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 124 of Plaintiffs' Complaint.

125.    Defendants deny the allegations contained in the first sentence of Paragraph 125 of Plaintiffs' Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 125 of Plaintiffs' Complaint and therefore deny the same.

126.    Defendants deny that Plaintiffs' alleged activities "will be suppressed and deterred by the new law's requirements" as alleged in Paragraph 126 of Plaintiffs' Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 126 of Plaintiffs' Complaint and therefore deny the same.

127.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 127 of Plaintiffs' Complaint and therefore deny the same.

128.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 128 of Plaintiffs' Complaint.

129.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 129 of Plaintiffs' Complaint.

130.    The allegations contained in the first sentence of Paragraph 130 of Plaintiffs' Complaint appear to be statements of intent, and as such require no response from Defendants.  If, however, Defendants are mistaken in their belief, and a response is necessary and/or the allegations contained in the first sentence of Paragraph 130 of Plaintiffs' Complaint are intended to or do adversely affect Defendants, then Defendants deny all such allegations.  Except to state that the

law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 130 of Plaintiffs' Complaint.

## COUNT I

Defendants deny the allegations contained in the unnumbered, boldfaced and italicized paragraph immediately preceding Paragraph 131 of Plaintiffs' Complaint.

131.   Defendants adopt and incorporate by reference their defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 131 of Plaintiffs' Complaint.

132.   Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 132 of Plaintiffs' Complaint.

133.   Defendants deny the allegations contained in Paragraph 133 of Plaintiffs' Complaint.

134.   Defendants deny the allegations contained in Paragraph 134 of Plaintiffs' Complaint.

135.   Defendants deny the allegations contained in Paragraph 135 of Plaintiffs' Complaint.

## COUNT II

Defendants deny the allegations contained in the unnumbered, boldfaced and italicized paragraph immediately preceding Paragraph 136 of Plaintiffs' Complaint.

136.   Defendants adopt and incorporate by reference their defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 136 of Plaintiffs' Complaint.

137.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 137 of Plaintiffs' Complaint.

138.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 138 of Plaintiffs' Complaint.

139.    Defendants deny the allegations contained in Paragraph 139 of Plaintiffs' Complaint.

## COUNT III

Defendants deny the allegations contained in the unnumbered, boldfaced and italicized paragraph immediately preceding Paragraph 140 of Plaintiffs' Complaint.

140.    Defendants adopt and incorporate by reference their defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 140 of Plaintiffs' Complaint.

141.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 141 of Plaintiffs' Complaint.

142.    Defendants deny the allegations contained in Paragraph 142 of Plaintiffs' Complaint.

143.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 143 of Plaintiffs' Complaint.

144.    Defendants deny the allegations contained in Paragraph 144 of Plaintiffs' Complaint.

## COUNT IV

Defendants deny the allegations contained in the unnumbered, boldfaced and italicized paragraph immediately preceding Paragraph 145 of Plaintiffs' Complaint.

145.   Defendants adopt and incorporate by reference their defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 145 of Plaintiffs' Complaint.

146.   Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 146 of Plaintiffs' Complaint.

147.   Defendants deny the allegations contained in Paragraph 147 of Plaintiffs' Complaint.

148.   Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 148 of Plaintiffs' Complaint.

149.   Defendants deny the allegations contained in Paragraph 149 of Plaintiffs' Complaint.

Defendants deny the allegations contained in the unnumbered paragraph and Sub-paragraphs A. through J. thereunder, following Paragraph 149 of Plaintiffs' Complaint under the heading "PRAYER FOR RELIEF" and commencing "WHEREFORE," and Defendants further deny that Plaintiffs, or any of them, are entitled to a judgment, declaratory relief, injunctive relief, damages, attorneys' fees, interest, or costs, or to any sum or relief whatsoever of, from, or against Defendants, or any of them, herein.

## NINTH DEFENSE

Defendants deny each and every allegation of Plaintiffs' Complaint by which Plaintiffs seek to impose liability upon Defendants and/or secure declaratory relief, injunctive relief, or other relief, and Defendants deny that they or their employees or agents have been or can be guilty of any actionable conduct in the premises.

## TENTH DEFENSE

Defendants invoke any and all rights and protections afforded to Defendants by any applicable privileges and/or immunities, both absolute and qualified, governmental or otherwise, not already invoked hereinabove, including but not limited to the defense of qualified immunity.

## ELEVENTH DEFENSE

Plaintiffs' Complaint fails to state any justiciable claim for declaratory relief sufficient to invoke 28 U.S.C. §§ 2201 and/or 2202.

## TWELFTH DEFENSE

Defendants invoke all applicable statutes of limitations and the doctrines of laches, estoppel, and waiver in bar of Plaintiffs' claims.

## THIRTEENTH DEFENSE

Defendants reserve the right to amend their answer and defenses to add defenses and/or institute third-party actions as additional facts are developed through discovery.  Defendants do not waive, and further reserve, any and all affirmative defenses set forth in federal or state law, as applicable, including but not limited to those set forth in Rules 8(c) and/or 12, *Federal Rules of Civil Procedure*, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

**AND NOW**, having fully answered the Complaint filed against them herein, Defendants Sean Tindell, in his official capacity as Commissioner of Public Safety, Bo Luckey, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police, and Lynn Fitch, in her official capacity of Attorney General of the State of Mississippi, respectfully request that they be dismissed with prejudice from this action with their costs assessed to Plaintiffs.

THIS the 17th day of May, 2023.

Respectfully submitted,

SEAN TINDELL, in his official capacity as
Commissioner of Public Safety, BO LUCKEY, in
his official capacity as Chief of the Mississippi
Department of Public Safety Office of Capitol
Police, and LYNN FITCH, in her official capacity
as Attorney General of the State of Mississippi,
DEFENDANTS

By:   LYNN  FITCH,  ATTORNEY  GENERAL
      FOR THE STATE OF MISSISSIPPI

By:   s/Rex M. Shannon III
      REX M. SHANNON III (MSB #102974)
      Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov

ATTORNEYS FOR DEFENDANTS SEAN TINDELL, in his official capacity as Commissioner
of Public Safety, BO LUCKEY, in his official capacity as Chief of the Mississippi Department
of Public Safety Office of Capitol Police, and LYNN FITCH, in her official capacity as Attorney
General of the State of Mississippi

## CERTIFICATE OF SERVICE

        I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the
above-named State Executive Defendants, in their respective official capacities, do hereby certify
that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the
above and foregoing via the Court's ECF filing system, which sent notification of such filing to
all counsel of record.

        THIS the 17th day of May, 2023.

                                    s/Rex M. Shannon III
                                    REX M. SHANNON III