# **EXHIBIT 2**

**SECOND DECLARATION OF NSOMBI LAMBRIGHT-HAYNES**

I, Nsombi Lambright-Haynes, upon my personal knowledge, hereby submit this declaration pursuant to 28 U.S.C. § 1746 and declare as follows:

1. I am a resident of Jackson where I was born and have lived on and off over my entire life.

2. I am a registered voter in Mississippi. I have voted in and plan to continue voting in judicial elections in Hinds County; including for Seventh Circuit judges.

3. I am a member of the NAACP and president of the Jackson City Branch of the NAACP.

4. As both a NAACP member and a resident of Jackson, I am well aware of the crucial role that the Seventh Circuit Court and its judges play in shaping the future of Jackson and its residents. The Seventh Circuit not only decides important civil matters, but also hears cases involving misdemeanor and felony charges. As a result, Seventh Circuit judges often determine the future for Jackson's residents who are frequently in the direst situations and facing grave consequences.

5. House Bill 1020 isolates the Seventh Circuit from voters and deprives us of whatever control we might be able to exercise over the court. By requiring the Chief Justice of the Mississippi Supreme Court, Michael Randolph, to appoint four new judges to the Seventh Circuit, H.B. 1020 provides Chief Justice Randolph the ability to appoint as many judges as voters elect. As a result, instead of being a reflection of Hinds County residents, like me, and our vision for the court, the Seventh Circuit will become another vehicle for outsider control of Jackson.

6. Chief Justice Randolph is not from Hinds County and Hinds County residents have no say in his elections. We have no way to hold him accountable over whoever he decides should

be on our Seventh Circuit. To my knowledge, he has not visited with us, attended our church or community meetings, or attempted in any way to integrate himself to Hinds County communities. The predominantly Black population of Jackson is not his constituency; I believe he both knows that and shows it. But now he gets to unilaterally decide who will determine our futures and those of our children.

7. This is antithetical to how our judicial system is run statewide. In Mississippi, circuit judges are elected.

8. Campaigning helps voters ensure that their judges are not only fair and just, but also responsive to county that elects them. In Hinds County specifically, I believe that judicial elections ensure that we are electing judges who have compassion, understand public safety concerns, and can balance the concerns and needs of criminal defendants with those of victims. Hinds County needs judges who understand that many of our problems stem from a continued lack of resources, and who recognize that purely punitive sentences serve only to make our society less safe.

9. Mississippians routinely contact the state conference and Jackson City Branch when they have legal problems. Through our legal redress committee, we routinely provide information for lawyers or others who might be able to assist people who have concerns like incarcerated family members or legal complaints. Through this work, I see just how important it is to have judges on the Seventh Circuit who understand the daily concerns and life circumstances of Black residents of Jackson.

10. Because of how important elected judges, including Seventh Circuit judges, are in our state, the Mississippi NAACP has sought to prepare voters as much as possible for judicial elections. We spend at least six months ahead of each election preparing our get out the vote

efforts. When it comes to judicial candidates, including Seventh Circuit candidates, our efforts focus on voter education. The Mississippi NAACP has held candidate forums and, over the past several years, sent out a statewide questionnaire to judicial candidates to ask about their positions on various issues. Successful Seventh Circuit candidates routinely fill out this questionnaire and have taken great pains to ensure that they are known in and connected to the communities they represent.

11. Currently elected judges have attended our forums to directly engage with and learn from voters. Our candidate forums in Jackson regularly host 100–200 attendees to hear directly from candidates in a neutral, non-partisan setting. Voters know these judges and can trust them. And we know that we can vote them out of office.

12. This direct connection guarantees that Hinds County voters are able to elect judges who share common ground with us. I know, for example, that several of the elected judges in the Seventh Circuit dedicate themselves to bettering our communities outside their judicial roles by volunteering with community organizations or leading tasks forces.

13. When it comes to the issues, I believe that our elected judges understand that the American criminal justice system has historically focused on punishment for the sake of punishment and disproportionately subjected Black Americans to harsher and more frequent punishment. I have heard Seventh Circuit judges describe their desire to focus their judicial decision-making on compassion and reformation. Based on what I've heard from these judges and from other community members, these judges understand that enforcing the law is not solely about putting someone in jail, but about making victims whole and getting those convicted resources they need to engage fully and healthily with society.

14. These are the reasons I and the Jackson City Branch of the NAACP work very hard to educate voters about Seventh Circuit judicial candidates. HB 1020 means that for all of our efforts, we can only have half of the impact because half of the judges on the Seventh Circuit will be appointed, not elected. The NAACP's voter education efforts will be diluted.

15. HB 1020 limits our ability to use our vote to shape the judging we face. Like Chief Justice Randolph, the individuals he appoints to the Seventh Circuit will be insulated from us. Without being required to reside in or have any connection to Hinds County, they will lack the knowledge and community awareness needed to fairly and compassionately rule on cases impacting Hinds County residents. They will not know our history, our problems, and our needs. And, without any form of democratic accountability in Hinds County, they will not have any need to learn about us and our wants.

16. Instead, I fear they will be selected for their conformity to the beliefs of the Governor and the Chief Justice who will, in turn, control their presence on the court. Both Governor Tate Reeves and Chief Justice Randolph have routinely demonstrated their preferences for harsher criminal penalties, stricter sentencing, and less leniency from courts—particularly in setting bail. To the extent we can, we have rejected these policies at the ballot box in Hinds County, because they have never been shown to reduce crime or recidivism. But, because of H.B. 1020, it will be these priorities, not those set by Hinds County residents, that the appointed judges will carry with them into the court room.

17. This heavy reliance on non-resident appointed judges is a judicial system that we have not asked for, do not support, and is not the system that the rest of Mississippi enjoys. Like the attempted takeovers of Jackson's airport, school system, and water infrastructure, I believe that the State is once again trying to subvert and control Jackson and our Black-elected and Black-led

institutions. Rather than supply existing, elected Seventh Circuit judges with more assistance or expanding the number of elected judgeships on the court, the State Legislature has opted instead to single us out by subverting the statewide norm of democratically electing judges who are locally resident. This is an attack on Hinds County and on the majority Black voting base that resides here.

I DECLARE THAT, TO THE BEST OF MY KNOWLEDGE, THE FOREGOING IS TRUE AND CORRECT.

Executed this 22 day of May, 2023.

Nsombi Lambright-Haynes