IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL., <br><br> *Defendants*. | Case No. 3:23-cv-272-HTW-LGI <br><br> **PLAINTIFFS' POSITION ON THE TEMPORARY RESTRICTION ON APPOINTMENT OF JUDGES PURSUANT TO H.B. 1020 SECTION 1** |

The Court has requested the parties to state their position with respect to the temporary restriction of the Chief Justice from appointing judges to the Hinds County Circuit Court pursuant to § 1 of H.B. 1020. The Court's order of May 23, 2023, provides:

> To maintain the status quo and to avoid possible irreparable harm from any violation of constitutional rights to equal protection of the law, Defendant Chief Justice Michael K. Randolph hereby still is temporarily restricted from appointing special judges pursuant to H.B. 1020, until such a time that this Court renders its ruling on the Plaintiffs' forthcoming Motion for Preliminary Injunction.

ECF No. 38 at 4 (footnote omitted).

Plaintiffs respectfully submit that this restriction should remain in effect in order to continue to maintain the status quo and to avoid irreparable harm to Plaintiffs and severe disruption to the efficient functioning of the Hinds County Circuit Court.

Counsel for the Chief Justice repeatedly represented that if the Court enters a declaratory judgment that Section 1 of H.B. 1020 is unconstitutional, the Chief Justice will be obligated to

1

follow that ruling and will abide by that ruling.[1]  Transcript of May 22, 2023 Hearing at 8:25-9:3, 30:9-13, 36:20-24.  However, if the temporary restriction (or a subsequent preliminary injunction) is lifted before the Court can enter a declaratory judgment, the Chief Justice will be compelled by Section 1 of H.B. 1020 to appoint four judges to the Hinds County Circuit Court.  Provisional injunctive relief is necessary to prevent the appointment of judges while the Court works toward the final declaratory judgment that the Chief Justice will follow.  At this early stage of this litigation, Plaintiffs have sought only a preliminary injunction, and counsel for the State Executive Defendants has opposed a declaratory judgment as premature at this time and told the Court that "due process demands that the State be afforded an opportunity to litigate the plaintiffs' claims in due course."  Transcript at 46:11-16.

Restricting the Chief Justice from appointing judges pursuant to § 1 of H.B. 1020 until this Court can enter a declaratory judgment will not violate the proscriptions of 42 U.S.C. § 1983 or be inconsistent with this Court's order finding that the Chief Justice is immune from suit.  Section 1983 provides that "in any action against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless . . . declaratory relief was unavailable."[2]  Here, in the absence of continued temporary restriction, a final declaratory

---

[1] The Chief Justice's representations reflect the well-established principle that "judicial immunity does not bar declaratory relief." *Severin v. Parish of Jefferson*, 357 F. App'x 601, 605 (5th Cir. 2009) (per curiam); *see also, e.g.*, *Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 763 (8th Cir. 2019) ("Currently, most courts hold that the amendment to § 1983 does not bar declaratory relief against judges." (collecting cases)); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342, at *1 n.5 (11th Cir. Jan. 31, 2007) (per curiam) ("[J]udicial immunity protects the Defendants only from Appellant's request for injunctive relief. But § 1983 does not explicitly bar Appellant's request for declarative relief.").  As will be explained in Plaintiffs' forthcoming motion for clarification, the Chief Justice should not be dismissed with respect to Plaintiffs' claims for declaratory relief.

[2] Plaintiffs preserve their position that any appointment of judges pursuant to H.B. 1020 is not an act taken in a judicial capacity.

judgment will not available before the Chief Justice is required by statute to make the appointments Plaintiffs contend are unconstitutional. Because timely declaratory relief is unavailable, § 1983 does not bar temporarily restraining the Chief Justice from making these appointments.[3]

Furthermore, the Court's order dismissing the Chief Justice does not immunize him from a temporary restraining order or preliminary injunction. He remains an "adverse party" who can be restrained from appointing judges unless and until the Court enters a final judgment dismissing him from this case under Fed. R. Civ. P. 54(b). That rule provides that—absent an express determination "that there is no just reason for delay" in entering partial final judgment—"any order or other decision, however designated, that adjudicates fewer than all the claims or the rights . . . of fewer than all the parties does not end the action as to any of the claims or parties . . . ." The Court's order dismissing the Chief Justice adjudicated the rights of only one party, so it is not a final judgment. And as explained in Plaintiffs' forthcoming Motion for Clarification of June 1, 2023 Order on Judicial Immunity, the Court's order also addressed only one form of relief for one of the claims concerning the Chief Justice, and for that additional reason it is not a final order.

No party has moved for entry of a partial final judgment pursuant to Rule 54(b). Should such a motion be made, there is a "just reason for delay" in entering a final judgment as to the

---

[3] The decision in *Whole Women's Health v. Jackson*, 13 F.4th 434, 443-44 (5th Cir. 2021) (per curiam), *aff'd in part, rev'd in part, and remanded*, 142 S. Ct. 522 (2021), is not to the contrary. In that case plaintiffs sought to enjoin state court judges and clerks from even entertaining suits under a statute plaintiffs challenged that prohibits civil or criminal enforcement by state actors. That case did not involve the circumstances presented here, where the Chief Justice (1) has represented that he will abide by a declaratory judgment of unconstitutionality, but (2) is compelled by statute to make the appointments before a final declaratory judgment can be entered. In these circumstances, timely declaratory relief is unavailable.

Chief Justice. If the temporary restraint on the Chief Justice's ability to appoint four judges to the Hinds County Circuit Court is lifted, he makes the appointments under § 1 of H.B. 1020, and the Court ultimately determines that those appointments are unconstitutional, both Plaintiffs and the Hinds County Circuit Court will suffer irreparable harm. With respect to Plaintiffs, the Court has previously found that the need "to maintain the status quo and to avoid possible irreparable harm from any violation of constitutional rights to equal protection of the law" justified a temporary restriction on the Chief Justice making judicial appointments pursuant to H.B. 1020. ECF No. 26 at 4; ECF No. 38 at 2.[4]

The Hinds County Circuit Court would also suffer great harm if four judges are appointed, have cases assigned to them, adjudicate those cases, and then have their appointments nullified if this Court ultimately enters a declaratory judgment that those appointments were unlawful. That scenario would be a prescription for judicial and administrative uncertainty. Cases pending before the appointed judges would have to be re-assigned to other judges, and litigants—including criminal defendants—would challenge the validity of prior rulings. This confusion would sow uncertainty and cause much more harm than help to the Hinds County Circuit Court and the parties who have matters before it. The nullification of judicial appointments under § 1 of H.B. 1020 after those judges have been sitting for some period of time would aggravate rather than ameliorate the very problems that § 1 of H.B. 1020 purportedly was

---

[4] *See Arnold v. Barbers Hill Indep. Sch. Dist.,* 479 F. Supp. 3d 511, 529 (S.D. Tex. 2020) ("It has repeatedly been recognized by the federal courts at all levels that violation of constitutional rights constitutes irreparable harm as a matter of law."); *Church at Jackson v. Hinds County,* No. 3:21-CV-298-HTW-LGI, 2021 WL 4344886 at *6 (S.D. Miss. Sept. 23, 2021) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary."); *Killebrew v. City of Greenwood,* 988 F. Supp. 1014, 1016 (N.D. Miss. 1997) ("Plaintiffs' claims are primarily based upon violation of their constitutional rights under the Equal Protection Clause of the Fourteenth Amendment, and thus, the threat of irreparable injury is present as a matter of law.").

intended to address.  The public interest will be far better served if the Chief Justice is restricted from making appointments under that statute until the constitutionality of the statute has been finally resolved.

## CONCLUSION

For the reasons stated above, this Court should continue to temporarily restrict the Chief Justice from making judicial appointments pursuant to § 1 of H.B. 1020.


Respectfully submitted this 6th day of June, 2023.

/s/ *Eric H. Holder, Jr.*
Eric H. Holder, Jr. ,* DC Bar # 303115
Carol M. Browner,† DC Bar # 90004293
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
cbrowner@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com

*Counsel for NAACP*

**Pro Hac Vice*
†*Pro Hac Vice* Applications to be Filed

/s/ *Carroll Rhodes*
Carroll Rhodes, Esq. MS Bar, # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net

Janette Louard,† OH Bar # 066257
Anthony Ashton,† MD Bar # 9712160021
Joe R. Schottenfeld,* DC Bar # 1735796
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350
jlouard@naacpnet.org
aashton@naacpnet.org
jschottenfeld@naacpnet.org

*Counsel for All Plaintiffs*

**Pro Hac Vice*
†*Pro Hac Vice* Applications to be Filed

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2023, I electronically filed the foregoing Plaintiffs' Position on the Temporary Restriction on Appointment of Judges Pursuant to H.B. 1020 Section 1 with the Clerk of the Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Mark H. Lynch
Mark H. Lynch
