# MISSISSIPPI CODE OF 1930

OF THE

# PUBLIC STATUTE LAWS

OF

# THE STATE OF MISSISSIPPI

REVISED AND ANNOTATED BY
THE CODE COMMISSION

UNDER THE PROVISIONS OF AN ACT OF THE LEGISLATURE
APPROVED APRIL 26TH, 1928

AND

REPORTED TO AND REVISED, AMENDED AND ADOPTED BY
THE LEGISLATURE AT ITS REGULAR SESSION IN 1930

PUBLISHED BY AUTHORITY OF THE LEGISLATURE
IN TWO VOLUMES

## VOLUME I

ATLANTA
THE HARRISON COMPANY
LAW BOOK PUBLISHERS
1930

**737.— Proceedings when judge disqualified.**—When the circuit judge or chancellor, by reason of interest or other cause, shall be disqualified to sit in any case, the parties may select some other member of the bar; and thereupon the judge or chancellor shall retire from the bench for the time, and the member of the bar so selected shall take his place and hear and determine the cause.   The proceedings shall be entered as if the same were had before the judge or chancellor, who shall sign the decrees and orders, if necessary to be signed; and the records, minutes, and proceedings shall be and appear, in all respects, as if the cause had been heard and determined before the judge or chancellor, and this shall apply to criminal cases; or the judge or chancellor in such case may give notice thereof to the judge or chancellor of another district, and require him to attend and hold a term of the court, or such part thereof as may be necessary, where such suit may be pending; and it shall be the official duty of the judge or chancellor so notified to attend and hold such term, or part of the term, if the same do not conflict with any term to be held in the district to which he belongs.

716; 996; 926; 2271; 536, 986; Ch. 61 art. 12-13; Ch. 62 art. 7; Ch. 53 art. 2 (186); Ch. 54 art. 2 (7).

The functions of the member of the bar agreed upon to try a cause are ministerial rather than judicial, his decree having no validity until signed by the judge or the chancellor. Grinstead v. Buckley, 32 M. 148.

A bill of exceptions must be signed by the regular judge, although a special judge, chosen under this section, presided at the trial. A bill signed by such special judge alone is insufficient. Rankin v. Johnson, 56 M. 125.

Where the prisoner was tried and convicted, but his sentence was postponed, and the judge who tried the case went out of office, and the prosecuting attorney succeeded to the bench, the latter can pass sentence. Thomas v. State, 5 How. 20.

Where in a criminal case, the regular judge being disqualified, the parties agreed upon a special judge, but before trial the agreement was annulled, and the governor appointed a special judge, although he was the same person as the one previously agreed upon, the question of the constitutionality of this section providing for agreements for a special judge is not involved. Powers v. State, 83 M. 691, 36 So. 6.

Judge not disqualified to sit in case, unless connected with party by affinity or consanguinity, or pecuniarily interested. Cashin v. Murphy, 138 M. 853, 103 So. 787.

Motion in vacation to dissolve preliminary injunction granted by special judge under agreement of attorneys held improperly presented to the chancellor of another district. Canal Bank v. Brewer, 147 M. 885, 113 So. 552.

Decree rendered by regular chancellor without first being submitted to special chancellor hearing cause held invalid. Hamblett v. Jones, 152 M. 129, 118 So. 711.

**738.  Special judges.**—When any circuit judge or chancellor is unable by reason of sickness or other disability to attend and hold any of the courts at the time and place required by law, such judge or chancellor, or in case of his inability to do so, the clerk of the court, shall certify the facts to the governor, who shall commission some person of law knowledge to attend and hold said court and thereafter perform in term time and in vacation throughout the district all the duties of such judge or chancellor during such disability.  The commission of such judge or chancellor appointed hereunder shall automatically terminate on the day when the regular judge or chancellor shall certify in writing to the clerks of the courts over which he presides the removal of the disability herein provided for, and by mailing postpaid or delivering to the special judge and the governor a true copy thereof.

In case any such judge or chancellor shall be, for any reason, disqualified to preside in any cause, and the attorneys therein cannot agree upon a member of the bar to preside in his place, it shall be the duty of the judge or chancellor to certify the facts to the governor, who shall commission some like person to attend and preside in said cause. If a judge of the Supreme Court be unable or disqualified to preside at any term of the court, or in any cause, the facts shall be certified to the governor by any two of the judges of the Supreme Court and the governor shall commission a like person to preside in the cause or during the disability as the case may be. In case the appointment be for the trial of a particular case or cases the proceedings shall be as provided in the last section; but if the appointment be for holding a term of court, the proceedings shall be as if the special judge were the regular judge of the court.

1928 Ex. Ses. ch. 86; 717; 997; 921.

A bill of exceptions must be signed by the special judge, where he is appointed under this section, and not by the regular judge. Railroad v. Bowles, 71 M. 994, 16 So. 235.

A special judge, appointed under this section, is empowered to approve the stenographer's report of the evidence and to sign the bill of exceptions. Lopez v. Jackson, 79 M. 460, 31 So. 206.

A special judge commissioned under this section is a de facto officer and his acts are valid although he failed to take the required official oath before assuming the duties of office. Powers v. State, 83 M. 691, 36 So. 6.

Authority of special judge appointed to act for chief justice of the Supreme Court, during his illness terminates when chief justice resumes his duties. Hall Com. Co. v. Crook, 87 M. 445, 40 So. 20, 1006.

Case argued before special judge sitting for chief justice and two regular judges, where chief justice resumed seat and read the opinion, it was binding on the parties the two regular judges hearing the argument concurring therein. Bowles v. Wood, 90 M. 742, 44 So. 169.

### 739. Proceedings in vacation when judge disqualified.—When the judge or chancellor of any district, by reason of interest or other cause, shall be incompetent to act in any matter in vacation to be done in such district, or before him, or shall be absent from the district, such matter may be brought before and acted on by the judge or chancellor of another district in like manner and with the same effect, as if done by the judge or chancellor of the district to which the matter pertains. In such a case the hearing and action aforesaid may be had and done within either of the districts.

718; 998; 922; 2272.

The section does not empower a circuit judge under any circumstances, to appoint a receiver in chancery. Alexander v. Manning, 58 M. 634.

Where a receiver has been appointed without notice by a chancellor of another district it will be presumed on a recital to that effect in the chancellor's order that the showing necessary to authorize such action under this section and § 594, Code 1392 (Code 1906 § 644), was made. Pearson v. Kendrick, 74 M. 235, 21 So. 37.

Where the judge is disqualified a quo warranto proceeding may be heard in vacation by the judge of another district. Kelly v. Kiersky, 79 M. 163, 30 So. 49.

### 740. Judges conservators of peace—must reside in district.—The judges of the Supreme, circuit and county courts and chancellors shall be conservators of the peace for the state, each with full power to do all acts which conservators of the peace may lawfully do; and the circuit

1972

## CUMULATIVE SUPPLEMENT

### TO

# MISSISSIPPI CODE

## 1942 ANNOTATED

CONTAINING PERMANENT PUBLIC STATUTES OF
MISSISSIPPI ENACTED DURING LEGISLATIVE
SESSIONS 1957, 1958, 1959, 1960, 1961, 1962,
1963, 1964, 1965, 1966, 1967, 1968,
1969, 1970, 1971, 1972

PUBLISHED BY AUTHORITY OF
THE LEGISLATURE

▼

INSERT THIS POCKET PART INSIDE BACK COVER OF

## Recompiled Volume 2

▼

*Annotations Close with*

| | | |
|---|---|---|
| Lawyers' Edition, Second Series | - - - - | Vol. 30 |
| Federal Reporter, Second Series | - - - - | 455 |
| Federal Supplement | - - - - | 337 |
| Southern Reporter, Second, Series (with corresponding citations to Mississippi Reports) | - - - - | 258 |
| ALR annotations | - - - - - | 42 ALR3d |

THE HARRISON COMPANY   ·   ·   ·   ·   ATLANTA, GEORGIA
THE LAWYERS CO-OPERATIVE PUBLISHING COMPANY ·   ROCHESTER, N. Y.

CROSS REFERENCES: § 1653.5, this title.

REFERENCES: 46 Am Jur 2d, Judges §§ 248–261.

### JUDICIAL DECISIONS

**2. Powers and functions of special judge**

Constitution § 165, authorizing the Governor to commission a lawyer to preside at a term of the court or in a case, necessarily encompasses the right of the commissioned special judge to sign orders and decrees in a case or cases over which he has been designated to preside. De Moe v McLeod, 228 M 491, 89 So2d 730, overruling sugg of error 228 M 481, 87 So 2d 906.

A special chancellor, appointed and commissioned by the Governor under Constitution § 165 to try a suit to confirm title to real estate, has authority to sign a final decree in vacation. De Moe v McLeod, 228 M 491, 89 So2d 730, overruling sugg of error 228 M 481, 87 So2d 906.

## § 1653.5. Appointment of full-time chancellors and circuit judges to serve during serious illness or disability of incumbents.

In addition to and supplemental of existing general laws, the Governor is authorized and empowered to appoint and commission a full-time Chancery Judge and Circuit Judge to do and perform all of the public duties of any such judge during the entire period of any serious and total disability by illness or accident of the incumbent judge. Any temporary judge appointed under this act shall have the same qualifications and execute the oath of office as required by the Constitution and laws of this State, and shall be entitled to the same compensation and emoluments of office in the same manner and be therein governed by the Constitution and laws to the extent that he had been elected to such office. Prior to making an appointment under this act the Governor shall first ascertain the cause, extent and the seriousness of the disability by illness or accident of the judge, including, but not limited to a written or telegraphic statement to the Governor by the judge's private physician. No temporary appointment made hereunder shall extend beyond the time designated by the Governor or when the judge certifies to the Governor of his recovery from illness or accident to the extent that he can reassume his full duties, or the end of his term of office, whichever occurs first. Provided, however, that any attorney appointed temporary judge under authority of this act shall not be required to abandon his law practice as required by Section 8668, Mississippi Code of 1942, Recompiled. This act is not to be construed as suspending the power of temporary appointment for cause or illness under the provisions of Sections 1651, 1652, 1653, 1654 and 4181, Mississippi Code of 1942, and amendments thereto.

SOURCES: Laws, 1968, ch. 313, § 1, eff from and after passage (approved March 28, 1968).

REFERENCES: 46 Am Jur 2d, Judges §§ 248–261.

## § 1653.9. Judges—traveling expenses and allowances.

When any chancery judge, county judge or circuit judge shall be required to travel in the performance of his official duties, such judges shall receive as expenses of such travel the mileage allowance and a reimbursement for other actual expenses incurred in such travel as provided for public officers and employees in Section 4061–01, Mississippi Code of 1942, as amended.

SOURCES: Laws, 1970, ch. 334, § 1, eff from and after July 1, 1970.

[2 Miss Supp]

# MISSISSIPPI CODE

## 1942

## ANNOTATED

*CONTAINING PERMANENT PUBLIC STAT-
UTES OF MISSISSIPPI TO THE END OF
THE LEGISLATIVE SESSION 1956*

▼

PUBLISHED BY AUTHORITY OF THE LEGISLATURE
UNDER THE SUPERVISION OF

HON. JOE T. PATTERSON, *Attorney General*

AND

HON. MATTHEW HARPER, JR., *Assistant Attorney General*

▼

## Recompiled Volume Two—1956

▼

### COURTS

THE HARRISON COMPANY    -    -    -    ATLANTA, GEORGIA
THE LAWYERS CO-OPERATIVE PUBLISHING COMPANY, ROCHESTER, N. Y.

who had been the district attorney and had drawn the statutory indictment for murder upon which defendant was tried. Kirby v. State, 78 M 175, 28 So 846, 84 Am St Rep 622.

**5. Consent**

Consent of parties presumed if qualifications of judge not questioned before final judgment, but objection may be made on motion for new trial if attorneys did not know of disqualification. Yazoo & M. Valley R. Co. v. Kirk, 102 M 41, 58 So 710, 834, 42 LRA NS 1172, Ann Cas 1914C 968.

**6. Proceedings for disqualification**

Suggestion of disqualification must be made before trial unless knowledge is acquired subsequently. Shireman v. Wildberger, 125 M 499, 87 So 657.

Judge, attacked by recusation motion, may hear and determine it instead of surrendering bench to another to pass thereon. Cashin v. Murphy, 138 M S53, 103 So 787.

Ex parte affidavits inadmissible as evidence on recusation motion. Cashin v. Murphy, supra.

Motion for new trial charging presiding judge with being unfair and partial, and charging him with political bias and race prejudice, and asking judge to recuse himself in order that movant might have a fair and competent judge, in absence of explanations, held contemptuous. Ex parte Redmond. 156 M 532, 126 So 485.

## § 1652. Proceedings when judge disqualified.

When the circuit judge, county judge or chancellor, by reason of interest or other cause, shall be disqualified to sit in any case, the parties may select some other member of the bar; and thereupon the judge or chancellor shall retire from the bench for the time, and the member of the bar so selected shall take his place and hear and determine the cause. The proceedings shall be entered as if the same were had before the judge or chancellor, who shall sign the decrees and orders, if necessary to be signed; and the records, minutes, and proceedings shall be and appear, in all respects, as if the cause had been heard and determined before the judge or chancellor, and this shall apply to criminal cases; or the judge or chancellor in such case may give notice thereof to the judge or chancellor of another district, and require him to attend and hold a term of the court, or such part thereof as may be necessary, where such suit may be pending; and it shall be the official duty of the judge or chancellor so notified to attend and hold such term, or part of the term, if the same do not conflict with any term to be held in the district to which he belongs.

SOURCES: Codes, Hutchinson's 1848, ch. 53, art. 2 (186), ch. 54, art. 2 (7); 1857, ch. 61, arts. 12, 13, ch. 62, art. 7; 1871, §§ 536, 986; 1880, § 2271; 1892, § 920; 1906, § 996; Hemingway's 1917, § 716; 1930, § 737; Laws, 1952, ch. 232.

CROSS REFERENCES: Constitution § 165; § 1654, this title; Chancery Courts § 1227; Circuit Courts §§ 1442 et seq.; Salaries § 4181.

REFERENCES: 14 Am Jur 282, Courts § 58; 30 Am Jur 767, Judges §§ 53 et seq.

### Annotations

Power of judge pro tempore or special judge after expiration of term over case previously tried before him. 134 ALR 1129.

### JUDICIAL DECISIONS

1. In general.
2. Proceedings before attorney selected by parties.
3. Selection of and proceedings before substitute judge.

**1. In general**

Construing this section with § 696, Code of 1930 (§ 1607, Code of 1942), it must be read as if the words "county judge" were written herein. Winn v. Eatherly, 187 M 159, 192 So 431.

Judge not disqualified to sit in case, unless connected with party by affinity or consanguinity, or pecuniarily interested. Cashin v. Murphy, 138 M 853, 103 So 787.

**2. Proceedings before attorney selected by parties**

Where attorney selected by litigants presides when regular judge is disqualified as authorized by statute, presiding attorney is empowered to rule upon and determine all pertinent questions arising during trial of case, including power to act upon request for view by jury. National Box Co. v. Bradley, 171 M 26, 157 So 91, 95 ALR 1500.

The functions of the member of the bar agreed upon to try a cause are ministerial rather than judicial, his decree having no validity until signed by the judge or the chancellor. Grinstead v. Buckley, 32 M 148.

Motion in vacation to dissolve preliminary injunction granted by special judge under agreement of attorneys held improperly presented to the chancellor of another district. Canal Bank & T. Co. v. Brewer, 147 M 885, 113 So 552, 114 So 127.

Decree rendered by regular chancellor without first being submitted to special chancellor hearing cause held invalid. Hamblett v. Jones, 152 M 120, 118 So 711.

A bill of exceptions must be signed by the regular judge, although a special judge, chosen under this section, presided at the trial. A bill signed by such special judge alone is insufficient. Rankin County Sav. Bank v. Johnson, 56 M 125.

Where in a criminal case, the regular judge being disqualified, the parties agreed upon a special judge, but before trial the agreement was annulled, and the governor appointed a special judge, although he was the same person as the one previously agreed upon, the question of the constitutionality of this section providing for agreements for a special judge is not involved. Powers v. State, 83 M 691, 36 So 6.

### 3. Selection of and proceedings before substitute judge

Where a chancellor will call in another chancellor under this section, because of his disqualification, or certify his disqualification to the governor for the appointment of a special chancellor under § 1653, infra, is a matter pertaining to the administrative functions of his office, and is not subject to review. Anderson v. Anderson, 190 M 508, 200 So 726.

This section applies to a county judge, and where the county judge of the county in which an action of replevin originated, recused himself, notified the county judge of another county and required him to attend the county court of the former county and try the case, the proceedings before the latter were not illegal. Winn v. Eatherly, 187 M 159, 192 So 431.

## § 1653. Special judges.

When any circuit judge, county judge or chancellor is unable by reason of sickness or other disability to attend and hold any of the courts at the time and place required by law, such judge or chancellor, or in case of his inability to do so, the clerk of the court, shall certify the facts to the governor, who shall commission some person of law knowledge to attend and hold said court and thereafter perform in term time and in vacation throughout the district all the duties of such judge or chancellor during such disability. The commission of such judge or chancellor appointed hereunder shall automatically terminate on the day when the regular judge or chancellor shall certify in writing to the clerks of the courts over which he presides the removal of the disability herein provided for, and by mailing postpaid or delivering to the special judge and the governor a true copy thereof.

In case any such judge or chancellor shall be, for any reason, disqualified to preside in any cause, and the attorneys therein cannot agree upon a member of the bar to preside in his place, it shall be the duty of the judge or chancellor to certify the facts to the governor, who shall commission some like person to attend and preside in said cause. If a judge of the Supreme Court be unable or disqualified to preside at any term of the court, or any cause, the facts shall be certified to the governor by any two of the judges of the Supreme Court and the governor shall commission a like person to preside in the cause or during the disability as the case may be. In case the appointment be for the trial of a particular case or cases, the proceedings shall be as provided in the last section; but if the appointment be for holding a term of court, the proceedings shall be as if the special judge were the regular judge of the court.

SOURCES: Codes, 1892, § 921; 1906, § 997; Hemingway's 1917, § 717; 1930, § 738; Laws, 1928, Ex. ch. 86; 1952, ch. 235.

CROSS REFERENCES: Chancery Courts § 1227; Circuit Courts § 1414; County Courts § 1614; Salaries § 4181.

REFERENCES: 30 Am Jur 807, Judges §§ 103 et seq.

### Annotations

Power of judge pro tempore or special judge after expiration of term over case previously tried before him. 134 ALR 1129.

### JUDICIAL DECISIONS

1. In general.
2. Powers and functions of special judge.
3. Termination of authority.

#### 1. In general

Whether a chancellor will call in another chancellor under § 1652, supra, because of his disqualification, or certify his disqualification to the governor for the appointment of a special chancellor under this section, is a matter pertaining to the administrative functions of his office, and is not subject to review. Anderson v. Anderson, 100 M 508, 200 So 726.

Case argued before special judge, sitting for chief justice, and two regular judges, where chief justice resumed seat and read the opinion, it was binding on the parties, the two regular judges hearing the argument concurring therein. Bowles v. Wood, 90 M 742, 44 So 169.

#### 2. Powers and functions of special judge

A special judge commissioned under this section is a de facto officer and his acts are valid although he failed to take the required official oath before assuming the duties of office. Powers v. State, 83 M 691, 36 So 6.

A special judge, appointed under this section, is empowered to approve the stenographer's report of the evidence and to sign the bill of exceptions. Lopez v. Jackson, 79 M 460, 31 So 206.

A bill of exceptions must be signed by the special judge, where he is appointed under this section, and not by the regular judge. Illinois C. R. Co. v. Bowles, 71 M 994, 16 So 235.

The appointment of a special judge becomes effective upon the signing of his commission by the governor and its attestation by the secretary of state, even though the commission is not received until later by the appointee; and acts done by the appointee after acceptance of the appointment and qualification by taking the prescribed oath are valid. Smith v. State, 200 M 184, 26 So2d 543.

Fact that a special judge presided at the murder trial and regular judge heard and denied a motion for new trial did not constitute reversible error where the motion was properly denied on its merits and there was no showing that a special judge would have sustained the motion. Sims v. State, 209 M 545, 47 So2d 849.

#### 3. Termination of authority

Authority of special judge appointed to act for chief justice of the Supreme Court during his illness terminates when chief justice resumes his duties. Hall Commission Co. v. Crook, 87 M 445, 40 So 20, 1006.

## § 1654. Proceedings in vacation when judge disqualified.

When the judge or chancellor of any district, by reason of interest or other cause, shall be incompetent to act in any matter in vacation to be done in such district, or before him, or shall be absent from the district, such matter may be brought before and acted on by the judge or chancellor of another district in like manner and with the same effect, as if done by the judge or chancellor of the district to which the matter pertains. In such a case the hearing and action aforesaid may be had and done within either of the districts.

SOURCES: Codes, 1880, § 2272; 1892, § 922; 1906, § 998; Hemingway's 1917, § 718; 1930, § 739.

CROSS REFERENCES: Chancery Courts §§ 1228 et seq.; Circuit Courts §§ 1523, 1539.

REFERENCES: 14 Am Jur 269, Courts § 36.

### Annotations

Voluntary discontinuance in vacation. 89 ALR 50 and 126 ALR 292.

### JUDICIAL DECISIONS

The section does not empower a circuit judge under any circumstances, to appoint a receiver in chancery. Alexander v. Manning, 58 M 634.

Where a receiver has been appointed without notice by a chancellor of another district it will be presumed on recital to that effect in the chancellor's order that the showing necessary to authorize such action under this section and § 594, Code 1892 (Code 1906 § 644), was made. Pearson v. Kendrick, 74 M 235, 21 So 37.

**U.S. Department of Justice**

Civil Rights Division

JKT:JBG:TAL:par
DJ 166-012-3
2005-2443

*Voting Section - NWB.*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*

September 15, 2005



Heather P. Wagner, Esq.
Assistant Attorney General
P.O. Box 220
Jackson, Mississippi  39205-0220

Dear Ms. Wagner:

This refers to Chapter 501 (S.B. 2339) (2005), which provides for the establishment of four additional circuit court judgeships, four additional chancery court judgeships, the adoption of numbered posts in certain circuit and chancery court districts, residency requirements for certain circuit and chancery court judges, and an implementation schedule for the State of Mississippi, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. 1973c. We received your submission on July 20, 2005.

The Attorney General does not interpose any objection to the specified changes. However, we note that Section 5 expressly provides that the failure of the Attorney General to object does not bar subsequent litigation to enjoin the enforcement of the changes. Procedures for the Administration of Section 5 of the Voting Rights Act (28 C.F.R. 51.41).

Sincerely,

John Tanner
Chief, Voting Section

**Mississippi Legislature**
**2005 Regular Session**

# Senate Bill 2339

*Main Menu*

| Bill Text | History of Actions | Amendments | Background | Title |
|---|---|---|---|---|

**Description:** Judicial redistricting; enact and eliminate running in the herd.

**Bill Text:** [Introduced] [Committee Substitute] [Passed Senate] [Sent to Governor]

**History of Actions:**

1. 01/12 (S) Referred To Judiciary, Division A
2. 01/12 (S) Title Suff Do Pass Comm Sub
3. 01/13 (S) Committee Substitute Adopted
4. 01/13 (S) Passed
5. 01/14 (S) Transmitted To House
6. 02/16 (H) Referred To Judiciary A
7. 02/25 (H) Title Suff Do Pass As Amended
8. 03/08 (H) Read the Third Time
9. 03/09 (H) Amended
10. 03/09 (H) Passed As Amended
11. 03/11 (H) Returned For Concurrence
12. 03/17 (S) Decline to Concur/Invite Conf
13. 03/22 (S) Conferees Named Ross,Doxey,Little
14. 03/23 (H) Conferees Named Blackmon,Coleman (29th),Reynolds
15. 03/28 (H) Conference Report Filed
16. 03/28 (S) Conference Report Filed
17. 03/29 (S) Conference Report Adopted
18. 03/29 (S) Motion to Reconsider Entered
19. 03/29 (H) Conference Report Adopted
20. 03/30 (S) Motion to Reconsider Tabled

**Live Webcasts**

 (/webcastmenu/)

**Measure Search**
**(https://dms.lbo.ms.gov/PublicFormsService/Fill**

House Bills

Measure #

**Retrieve Measure**

*Amendments/Conference Report:*

|  |  |  |
|---|---|---|
| **By Reference** | [H] | Committee Amendment No 1 |
| **Lost** | [H] | Amendment No 1 to Amendment No 2 |
| **Adopted** | [H] | Amendment No 2 |
| **Lost** | [H] | Amendment No 3 |
| **Adopted** | [H] | Amendment No 4 |
| **Lost** | [H] | Amendment No 5 |
|  | [H] | Amendment Report for Senate Bill No. 2339 |

**Conference Report**

*Background Information:*

| | |
|---|---|
| *Effective date* | VRA\** See Text |
| *Disposition* | Law |
| *Deadline* | General Bill/Constitutional Amendment |
| *Revenue* | No |
| *Vote type required* | Majority |
| *Chapter number* | 501 |

*Senate Committee:*

- Judiciary, Division A

*House Committee:*

- Judiciary A

*Principal Author:* Ross

*Code Sections:* A 009-0005-0007, A 009-0005-0013, A 009-0005-0022, A 009-0005-0025, A 009-0005-0036, A 009-0005-0040, A 009-0005-0041, A 009-0005-0054, A 009-0007-0007, A 009-0007-0014, A 009-0007-0020, A 009-0007-0032, A 009-0007-0039, A 009-0007-0042, A 009-0007-0044, A 009-0007-0046, A 009-0007-0054, A 009-0001-0105, RP 023-0015-0982, RP 023-0015-0983, RP 023-0015-0984

*Title:* AN ACT TO ENACT REDISTRICTING OF THE CHANCERY AND CIRCUIT COURTS; TO AMEND SECTION 9-5-7, MISSISSIPPI CODE OF 1972, TO ADD A CHANCELLOR AND

## Live Webcasts

 (/webcastmenu/)

## Measure Search (https://dms.lbo.ms.gov/PublicFormsService/Fill

House Bills

Measure #

**Retrieve Measure**

- Judiciary A

**Principal Author:** Ross

**Code Sections:** A 009-0005-0007, A 009-0005-0013, A 009-0005-0022, A 009-0005-0025, A 009-0005-0036, A 009-0005-0040, A 009-0005-0041, A 009-0005-0054, A 009-0007-0007, A 009-0007-0014, A 009-0007-0020, A 009-0007-0032, A 009-0007-0039, A 009-0007-0042, A 009-0007-0044, A 009-0007-0046, A 009-0007-0054, A 009-0001-0105, RP 023-0015-0982, RP 023-0015-0983, RP 023-0015-0984

**Title:** AN ACT TO ENACT REDISTRICTING OF THE CHANCERY AND CIRCUIT COURTS; TO AMEND SECTION 9-5-7, MISSISSIPPI CODE OF 1972, TO ADD A CHANCELLOR AND ELIMINATE RUNNING IN THE HERD IN THE FIRST CHANCERY COURT DISTRICT; TO AMEND SECTION 9-5-13, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE THIRD CHANCERY COURT DISTRICT; TO AMEND SECTION 9-5-22, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE SIXTH CHANCERY COURT DISTRICT; TO AMEND SECTION 9-5-25, MISSISSIPPI CODE OF 1972, TO ADD A CHANCELLOR TO THE SEVENTH CHANCERY COURT DISTRICT FOR THE TERM OF OFFICE COMMENCING IN 2011 AND TO PROHIBIT APPOINTMENT OF MASTERS AFTER THAT DATE; TO AMEND SECTION 9-5-36, MISSISSIPPI CODE OF 1972, TO ADD A CHANCELLOR TO THE TENTH CHANCERY COURT DISTRICT; TO AMEND SECTION 9-5-40, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE TWELFTH CHANCERY COURT DISTRICT; TO AMEND SECTION 9-5-41, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE THIRTEENTH CHANCERY COURT DISTRICT AND TO ADD A CHANCELLOR TO THAT DISTRICT; TO AMEND SECTION 9-5-54, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE EIGHTEENTH CHANCERY COURT DISTRICT; TO AMEND SECTION 9-7-7, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE FIRST CIRCUIT COURT DISTRICT AND TO ADD A JUDGE; TO AMEND SECTION 9-7-14, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE THIRD CIRCUIT COURT DISTRICT AND TO ADD A JUDGE; TO AMEND SECTION 9-7-20, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE FIFTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-32, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE TENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-39, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE FOURTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-42, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE FIFTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-44, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE SIXTEENTH CIRCUIT COURT DISTRICT AND TO ADD A JUDGE FOR THE TERM OF OFFICE COMMENCING IN 2011; TO AMEND SECTION 9-7-46, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE SEVENTEENTH CIRCUIT COURT DISTRICT AND TO ADD A JUDGE FOR THE TERM OF OFFICE COMMENCING IN 2011; TO AMEND SECTION 9-7-54, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE TWENTIETH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-1-105, MISSISSIPPI CODE OF 1972, TO CLARIFY THE AUTHORITY OF THE CHIEF JUSTICE TO ASSIGN A SPECIAL JUDGE TO ASSIST A CHANCERY OR CIRCUIT

**Live Webcasts**

 (/webcastmenu/)

**Measure Search (https://dms.lbo.ms.gov/PublicFormsService/Fill**

House Bills

Measure #

**Retrieve Measure**

MISSISSIPPI LEGISLATURE

REGULAR SESSION 2005

By: Senator(s) Ross

To: Judiciary, Division A

SENATE BILL NO. 2339
(As Sent to Governor)

1    AN ACT TO ENACT REDISTRICTING OF THE CHANCERY AND CIRCUIT
2  COURTS; TO AMEND SECTION 9-5-7, MISSISSIPPI CODE OF 1972, TO ADD A
3  CHANCELLOR AND ELIMINATE RUNNING IN THE HERD IN THE FIRST CHANCERY
4  COURT DISTRICT; TO AMEND SECTION 9-5-13, MISSISSIPPI CODE OF 1972,
5  TO ELIMINATE RUNNING IN THE HERD IN THE THIRD CHANCERY COURT
6  DISTRICT; TO AMEND SECTION 9-5-22, MISSISSIPPI CODE OF 1972, TO
7  ELIMINATE RUNNING IN THE HERD IN THE SIXTH CHANCERY COURT
8  DISTRICT; TO AMEND SECTION 9-5-25, MISSISSIPPI CODE OF 1972, TO
9  ADD A CHANCELLOR TO THE SEVENTH CHANCERY COURT DISTRICT FOR THE
10  TERM OF OFFICE COMMENCING IN 2011 AND TO PROHIBIT APPOINTMENT OF
11  MASTERS AFTER THAT DATE; TO AMEND SECTION 9-5-36, MISSISSIPPI CODE
12  OF 1972, TO ADD A CHANCELLOR TO THE TENTH CHANCERY COURT DISTRICT;
13  TO AMEND SECTION 9-5-40, MISSISSIPPI CODE OF 1972, TO ELIMINATE
14  RUNNING IN THE HERD IN THE TWELFTH CHANCERY COURT DISTRICT; TO
15  AMEND SECTION 9-5-41, MISSISSIPPI CODE OF 1972, TO ELIMINATE
16  RUNNING IN THE HERD IN THE THIRTEENTH CHANCERY COURT DISTRICT AND
17  TO ADD A CHANCELLOR TO THAT DISTRICT; TO AMEND SECTION 9-5-54,
18  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
19  EIGHTEENTH CHANCERY COURT DISTRICT; TO AMEND SECTION 9-7-7,
20  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
21  FIRST CIRCUIT COURT DISTRICT AND TO ADD A JUDGE; TO AMEND SECTION
22  9-7-14, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD
23  IN THE THIRD CIRCUIT COURT DISTRICT AND TO ADD A JUDGE; TO AMEND
24  SECTION 9-7-20, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN
25  THE HERD IN THE FIFTH CIRCUIT COURT DISTRICT; TO AMEND SECTION
26  9-7-32, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD
27  IN THE TENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-39,
28  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
29  FOURTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-42,
30  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
31  FIFTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-44,
32  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
33  SIXTEENTH CIRCUIT COURT DISTRICT AND TO ADD A JUDGE FOR THE TERM
34  OF OFFICE COMMENCING IN 2011; TO AMEND SECTION 9-7-46, MISSISSIPPI
35  CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE SEVENTEENTH
36  CIRCUIT COURT DISTRICT AND TO ADD A JUDGE FOR THE TERM OF OFFICE
37  COMMENCING IN 2011; TO AMEND SECTION 9-7-54, MISSISSIPPI CODE OF
38  1972, TO ELIMINATE RUNNING IN THE HERD IN THE TWENTIETH CIRCUIT
39  COURT DISTRICT; TO AMEND SECTION 9-1-105, MISSISSIPPI CODE OF
40  1972, TO CLARIFY THE AUTHORITY OF THE CHIEF JUSTICE TO ASSIGN A
41  SPECIAL JUDGE TO ASSIST A CHANCERY OR CIRCUIT COURT WITH A BACKLOG
42  OF CASES; TO CLARIFY THAT CANDIDATES MAY QUALIFY AND RUN FOR NEW
43  JUDICIAL POSITIONS IN THE IMMEDIATELY PRECEDING REGULAR JUDICIAL
44  ELECTION; TO REPEAL SECTIONS 23-15-982, 23-15-983 AND 23-15-984,
45  MISSISSIPPI CODE OF 1972, WHICH PROVIDE FOR THE CALCULATION OF
46  VOTE IN MULTIJUDGE DISTRICTS WHEREIN CANDIDATES RUN "IN THE HERD"
47  AND THE NUMBER OF VOTES THAT MAY BE CAST BY EACH ELECTOR; AND FOR
48  RELATED PURPOSES.

49    WHEREAS, it is the responsibility of the Legislature under

50  Section 152 of the Mississippi Constitution of 1890 to divide the

51  state into an appropriate number of circuit court districts and

52  chancery court districts; and

53      WHEREAS, the Legislature has thoroughly investigated the

54  state of the trial courts and trial court districts and has

55  considered the needs of the state according to all the criteria

56  imposed by the Constitution and by general law; NOW THEREFORE,

57      BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:

58      **SECTION 1.**  Section 9-5-7, Mississippi Code of 1972, is

59  amended as follows:

60      9-5-7.  (1)  There shall be four (4) chancellors for the

61  First Chancery Court District.

62      (2)  For purposes of appointment and election, the four (4)

63  chancellorships shall be separate and distinct and denominated for

64  purposes of appointment and election only as "Place One," "Place

65  Two," "Place Three" and "Place Four."  The chancellor to fill

66  Place One shall be a resident of Alcorn, Prentiss or Tishomingo

67  County.  The chancellors to fill Place Two and Place Three shall

68  be a resident of Itawamba, Lee, Monroe, Pontotoc or Union County.

69  The chancellor to fill Place Four shall be a resident of any

70  county in the district.  Election of the four (4) offices of

71  chancellor shall be by election to be held in every county within

72  the First Chancery Court District of Mississippi.

73      **SECTION 2.**  Section 9-5-13, Mississippi Code of 1972, is

74  amended as follows:

75      9-5-13.  (1)  There shall be three (3) chancellors for the

76  Third Chancery Court District.

77      (2)  (a)  The chancellor of Subdistrict 3-1 shall be elected

78  from DeSoto County.  The two (2) chancellors of Subdistrict 3-2

79  shall be elected from Grenada County, Montgomery County, Panola

80  County, Tate County and Yalobusha County.

81      (b)  For purposes of appointment and election, the three

82  (3) chancellorships shall be separate and distinct.  The

83  chancellorship in Subdistrict 3-1 shall be denominated only as

84  "Place One," and the chancellorships in Subdistrict 3-2 shall be

85  denominated only as "Place Two" and "Place Three."

86  **SECTION 3.** Section 9-5-22, Mississippi Code of 1972, is

87  amended as follows:

88  9-5-22. (1) There shall be two (2) chancellors for the

89  Sixth Chancery Court District.

90  (2) For purposes of appointment and election, the two (2)

91  chancellorships shall be separate and distinct and denominated for

92  purposes of appointment and election only as "Place One" and

93  "Place Two."

94  **SECTION 4.** Section 9-5-25, Mississippi Code of 1972, is

95  amended as follows:

96  **[Until January 1, 2011, this section shall read as follows:]**

97  9-5-25. There shall be two (2) chancellors for the Seventh

98  Chancery Court District. One (1) chancellor shall be elected from

99  each subdistrict.

100 **[From and after January 1, 2011, this section shall read as**

101 **follows:]**

102 9-5-25. (1) There shall be three (3) chancellors for the

103 Seventh Chancery Court District. The three (3) chancellorships

104 shall be separate and distinct. One (1) chancellor shall be

105 elected from * * * Subdistrict 7-1 and shall be denominated for

106 purposes of appointment and election only as "Place One," and two

107 (2) chancellors shall be elected from Subdistrict 7-2 and shall be

108 denominated for purposes of appointment and election only as

109 "Place Two" and "Place Three."

110 (2) Chancellors in the Seventh Chancery Court District shall

111 not have the power to name a special master or family master.

112 **SECTION 5.** Section 9-5-36, Mississippi Code of 1972, is

113 amended as follows:

114 9-5-36. (1) There shall be four (4) chancellors for the

115 Tenth Chancery Court District.

116    (2)  For purposes of appointment and election, the four (4)
117  chancellorships shall be separate and distinct and denominated for
118  purposes of appointment and election only as "Place One," "Place
119  Two," "Place Three" and "Place Four." * * *  The chancellor to
120  fill Place One and Place Four shall be a resident of any county in
121  the district.  The chancellor to fill Place Two shall be a
122  resident of Lamar, Marion, Pearl River or Perry County.  The
123  chancellor to fill Place Three shall be a resident of Forrest
124  County.  Election of the four (4) offices of chancellor shall be
125  by election to be held in every county within the Tenth Chancery
126  Court District of Mississippi.
127    **SECTION 6.**  Section 9-5-40, Mississippi Code of 1972, is
128  amended as follows:
129    9-5-40.  (1)  There shall be two (2) judges for the Twelfth
130  Chancery Court District.
131    (2)  For purposes of appointment and election, the two (2)
132  chancellorships shall be separate and distinct and denominated for
133  purposes of appointment and election only as "Place One" and
134  "Place Two."
135    **SECTION 7.**  Section 9-5-41, Mississippi Code of 1972, is
136  amended as follows:
137    9-5-41.  (1)  The Thirteenth Chancery Court District shall be
138  comprised of the following counties:
139      (a)  Covington County;
140      (b)  Jefferson Davis County;
141      (c)  Lawrence County;
142      (d)  Simpson County; and
143      (e)  Smith County.
144    (2)  There shall be two (2) chancellors for the Thirteenth
145  Chancery Court District.  For purposes of appointment and
146  election, the two (2) chancellorships shall be separate and
147  distinct and denominated for purposes of appointment and election
148  only as "Place One" and "Place Two."

149    **SECTION 8.**  Section 9-5-54, Mississippi Code of 1972, is
150    amended as follows:

151        9-5-54.  (1)  There shall be two (2) chancellors for the
152    Eighteenth Chancery Court District.

153        (2)  For purposes of appointment and election, the two (2)
154    chancellorships shall be separate and distinct and denominated for
155    purposes of appointment and election only as "Place One" and
156    "Place Two."

157    **SECTION 9.**  Section 9-7-7, Mississippi Code of 1972, is
158    amended as follows:

159        9-7-7.  (1)  There shall be four (4) judges for the First
160    Circuit Court District.

161        (2)  For purposes of appointment and election, the four (4)
162    judgeships shall be separate and distinct and denominated for
163    purposes of appointment and election only as "Place One," "Place
164    Two," "Place Three" and "Place Four."  The judge to fill Place One
165    shall be a resident of Alcorn, Prentiss or Tishomingo County.  The
166    judges to fill Place Two and Place Three shall be a resident of
167    Itawamba, Lee, Monroe or Pontotoc County.  The judge to fill Place
168    Four shall be a resident of any county in the district.  Election
169    of the four (4) offices of judge shall be by election to be held
170    in every county within the First Circuit Court District.

171    **SECTION 10.**  Section 9-7-14, Mississippi Code of 1972, is
172    amended as follows:

173        9-7-14.  (1)  There shall be three (3) circuit judges for the
174    Third Circuit Court District.

175        (2)  For purposes of appointment and election, the three (3)
176    judgeships shall be separate and distinct and denominated for
177    purposes of appointment and election only as "Place One," "Place
178    Two" and "Place Three."  The judge to fill "Place One" shall be a
179    resident of Calhoun, Chickasaw, Lafayette or Union Counties.  The
180    judge to fill "Place Two" shall be a resident of Benton, Marshall

181   or Tippah County.  The judge to fill "Place Three" shall be a
182   resident of any county in the district.

183      **SECTION 11.**  Section 9-7-20, Mississippi Code of 1972, is
184   amended as follows:

185      9-7-20.  (1)  There shall be two (2) judges for the Fifth
186   Circuit Court District.

187      (2)  For purposes of appointment and election, the two (2)
188   judgeships shall be separate and distinct and denominated for
189   purposes of appointment and election only as "Place One" and
190   "Place Two."

191      **SECTION 12.**  Section 9-7-32, Mississippi Code of 1972, is
192   amended as follows:

193      9-7-32.  (1)  There shall be two (2) judges for the Tenth
194   Circuit Court District.

195      (2)  For purposes of appointment and election, the two (2)
196   judgeships shall be separate and distinct and denominated for
197   purposes of appointment and election only as "Place One" and
198   "Place Two."

199      **SECTION 13.**  Section 9-7-39, Mississippi Code of 1972, is
200   amended as follows:

201      9-7-39.  (1)  The Fourteenth Circuit Court District shall be
202   comprised of the following counties:

203          (a)  Lincoln County;

204          (b)  Pike County; and

205          (c)  Walthall County.

206      (2)  (a)  There shall be two (2) judges for the Fourteenth
207   Circuit Court District.

208          (b)  For purposes of appointment and election, the two
209   (2) judgeships shall be separate and distinct and denominated for
210   purposes of appointment and election only as "Place One" and
211   "Place Two."

212      **SECTION 14.**  Section 9-7-42, Mississippi Code of 1972, is
213   amended as follows:

214      9-7-42.  <u>(1)</u>  There shall be two (2) judges for the Fifteenth
215 Circuit Court District.

216      <u>(2)  For purposes of appointment and election, the two (2)</u>
217 <u>judgeships shall be separate and distinct and denominated for</u>
218 <u>purposes of appointment and election only as "Place One" and</u>
219 <u>"Place Two."</u>

220      **SECTION 15.**  Section 9-7-44, Mississippi Code of 1972, is
221 amended as follows:

222      **[Until January 1, 2011, this section shall read as follows:]**

223      9-7-44.  <u>(1)</u>  There shall be two (2) judges for the Sixteenth
224 Circuit Court District.

225      <u>(2)  For purposes of appointment and election, the two (2)</u>
226 <u>judgeships shall be separate and distinct and denominated for</u>
227 <u>purposes of appointment and election only as "Place One" and</u>
228 <u>"Place Two."</u>

229      **[From and after January 1, 2011, this section shall read as**
230 **follows:]**

231      9-7-44.  <u>(1)</u>  There shall be <u>three (3)</u> judges for the
232 Sixteenth Circuit Court District.

233      <u>(2)  For purposes of appointment and election, the three (3)</u>
234 <u>judgeships shall be separate and distinct and denominated for</u>
235 <u>purposes of appointment and election only as "Place One," "Place</u>
236 <u>Two" and "Place Three."  The judge to fill Place One shall be a</u>
237 <u>resident of Lowndes County.  The judge to fill Place Two shall be</u>
238 <u>a resident of Oktibbeha County.  The judge to fill Place Three</u>
239 <u>shall be a resident of either Clay or Noxubee County.  Election of</u>
240 <u>the three (3) offices of judge shall be by election to be held in</u>
241 <u>every county within the Sixteenth Circuit Court District.</u>

242      **SECTION 16.**  Section 9-7-46, Mississippi Code of 1972, is
243 amended as follows:

244      **[Until January 1, 2011, this section shall read as follows:]**

245      9-7-46.  (1)  There shall be three (3) circuit judges for the
246 Seventeenth Circuit Court District.

S. B. No. 2339     *SS26/R680SG*
05/SS26/R680SG
PAGE 7

247    (2)  For the purpose of appointment and election, the three
248  (3) judgeships shall be separate and distinct, and one (1) judge
249  shall be elected from Subdistrict 17-1 and two (2) judges shall be
250  elected from Subdistrict 17-2.  For purposes of appointment and
251  election, the three (3) judgeships shall be separate and distinct.
252  The two (2) judgeships in Subdistrict 17-2 shall be denominated as
253  "Place One" and "Place Two," and the judgeship in Subdistrict 17-1
254  shall be denominated as "Place Three."
255    **[From and after January 1, 2011, this section shall read as**
256  **follows:]**
257    9-7-46.  (1)  There shall be four (4) circuit judges for the
258  Seventeenth Circuit Court District.
259    (2)  For the purpose of appointment and election, the four
260  (4) judgeships shall be separate and distinct, and one (1) judge
261  shall be elected from Subdistrict 17-1, two (2) judges shall be
262  elected from Subdistrict 17-2, and one (1) judge shall be elected
263  from every county in the district.  The two (2) judgeships in
264  Subdistrict 17-2 shall be denominated as "Place One" and "Place
265  Two," the judgeship in Subdistrict 17-1 shall be denominated as
266  "Place Three," and the at-large judgeship shall be denominated as
267  "Place Four."
268    **SECTION 17.**  Section 9-7-54, Mississippi Code of 1972, is
269  amended as follows:
270    9-7-54.  (1)  There shall be two (2) judges for the Twentieth
271  Circuit Court District.
272    (2)  For purposes of appointment and election, the two (2)
273  judgeships shall be separate and distinct and denominated for
274  purposes of appointment and election only as "Place One" and
275  "Place Two."
276    **SECTION 18.**  Section 9-1-105, Mississippi Code of 1972, is
277  amended as follows:
278    9-1-105.  (1)  Whenever any judicial officer is unwilling or
279  unable to hear a case or unable to hold or attend any of the

280   courts at the time and place required by law by reason of the
281   physical disability or sickness of such judicial officer, by
282   reason of the absence of such judicial officer from the state, by
283   reason of the disqualification of such judicial officer pursuant
284   to the provision of Section 165, Mississippi Constitution of 1890,
285   or any provision of the Code of Judicial Conduct, or for any other
286   reason, the Chief Justice of the Mississippi Supreme Court, with
287   the advice and consent of a majority of the justices of the
288   Mississippi Supreme Court, may appoint a person as a special judge
289   to hear the case or attend and hold a court.

290        (2)   Upon the request of the Chief Judge of the Court of
291   Appeals or the senior judge of a chancery or circuit court
292   district, or upon his own motion, the Chief Justice of the
293   Mississippi Supreme Court, with the advice and consent of a
294   majority of the justices of the Mississippi Supreme Court, shall
295   have the authority to appoint a special judge to serve on a
296   temporary basis in a circuit or chancery court in the event of an
297   emergency or overcrowded docket.  It shall be the duty of any
298   special judge so appointed to assist the court to which he is
299   assigned in the disposition of causes so pending in such court for
300   whatever period of time is designated by the Chief Justice.

301        (3)   When a vacancy exists for any of the reasons enumerated
302   in Section 9-1-103, the vacancy has not been filled within seven
303   (7) days by an appointment by the Governor, and there is a pending
304   cause or are pending causes in the court where the vacancy exists
305   that in the interests of justice and in the orderly dispatch of
306   the court's business require the appointment of a special judge,
307   the Chief Justice of the Supreme Court, with the advice and
308   consent of a majority of the justices of the Mississippi Supreme
309   Court, may appoint a qualified person as a special judge to fill
310   the vacancy until the Governor makes his appointment and such
311   appointee has taken the oath of office.

312     (4)  If the Chief Justice pursuant to this section shall make
313 an appointment within the authority vested in the Governor by
314 reason of Section 165, Mississippi Constitution of 1890, the
315 Governor may at his election appoint a person to so serve.  In the
316 event that the Governor makes such an appointment, any appointment
317 made by the Chief Justice pursuant to this section shall be void
318 and of no further force or effect from the date of the Governor's
319 appointment.

320     (5)  When a judicial officer is unwilling or unable to hear a
321 case or unable or unwilling to hold court for a period of time not
322 to exceed two (2) weeks, the trial judge or judges of the affected
323 district or county and other trial judges may agree among
324 themselves regarding the appointment of a person for such case or
325 such limited period of time.  The trial judges shall submit a
326 notice to the Chief Justice of the Supreme Court informing him of
327 their appointment.  If the Chief Justice does not appoint another
328 person to serve as special judge within seven (7) days after
329 receipt of such notice, the person designated in such order shall
330 be deemed appointed.

331     (6)  A person appointed to serve as a special judge may be
332 any underline{currently} sitting or retired chancery, circuit or county court
333 judge, Court of Appeals judge or Supreme Court Justice, or any
334 other person possessing the qualifications of the judicial office
335 for which the appointment is made; provided, however, that a judge
336 or justice who was retired from service at the polls shall not be
337 eligible for appointment as a special judge in the district in
338 which he served prior to his defeat.

339     (7)  Except as otherwise provided in subsection (2) of this
340 section, the need for an appointment pursuant to this section may
341 be certified to the Chief Justice of the Mississippi Supreme Court
342 by any attorney in good standing or other officer of the court.

343      (8)  The order appointing a person as a special judge

344  pursuant to this section shall describe as specifically as

345  possible the duration of the appointment.

346      (9)  A special judge appointed pursuant to this section shall

347  take the oath of office, if necessary, and shall, for the duration

348  of his appointment, enjoy the full power and authority of the

349  office to which he is appointed.

350      (10)  Any _currently_ sitting justice or judge appointed as a

351  special judge under this section shall receive no additional

352  compensation for his or her service as special judge.  Any other

353  person appointed as a special judge hereunder shall, for the

354  period of his service, receive compensation from the state for

355  each day's service a sum equal to 1/260 of the current salary in

356  effect for the judicial office; provided, however, that no retired

357  chancery, circuit or county court judge, retired Court of Appeals

358  judge or any retired Supreme Court Justice appointed as a special

359  judge pursuant to this section may, during any fiscal year,

360  receive compensation in excess of twenty-five percent (25%) of the

361  current salary in effect for a chancery or circuit court judge.

362  Any person appointed as a special judge shall be reimbursed for

363  travel expenses incurred in the performance of the official duties

364  to which he may be appointed hereunder in the same manner as other

365  public officials and employees as provided by Section 25-3-41,

366  Mississippi Code of 1972.

367      (11)  If any person appointed as such special judge is

368  receiving retirement benefits by virtue of the provisions of the

369  Public Employees' Retirement Law of 1952, appearing as Sections

370  25-11-1 through 25-11-139, Mississippi Code of 1972, such benefits

371  shall not be reduced in any sum whatsoever because of such

372  service, nor shall any sum be deducted as contributions toward

373  retirement under said law.

374    (12)  The Supreme Court shall have authority to prescribe
375  rules and regulations reasonably necessary to implement and give
376  effect to the provisions of this section.
377    (13)  Nothing in this section shall abrogate the right of
378  attorneys engaged in a case to agree upon a member of the bar to
379  preside in a case pursuant to Section 165 of the Mississippi
380  Constitution of 1890.
381    (14)  The Supreme Court shall prepare the necessary payroll
382  for special judges appointed pursuant to this section and shall
383  submit such payroll to the Department of Finance and
384  Administration.
385    (15)  Special judges appointed pursuant to this section shall
386  direct requests for reimbursement for travel expenses authorized
387  pursuant to this section to the Supreme Court and the Supreme
388  Court shall submit such requests to the Department of Finance and
389  Administration.  The Supreme Court shall have the power to adopt
390  rules and regulations regarding the administration of travel
391  expenses authorized pursuant to this section.
392    **SECTION 19.**  The candidates for any new judgeships or
393  chancellorships created under this act shall be entitled to run
394  for those offices in the judicial election prior to the
395  commencement of the initial term of the new judgeship or
396  chancellorship.
397    **SECTION 20.**  Sections 23-15-982, 23-15-983 and 23-15-984,
398  Mississippi Code of 1972, which provide for the calculation of the
399  vote in multijudge districts in which candidates run "in the herd"
400  and the number of votes that may be cast by each elector, are
401  repealed.
402    **SECTION 21.**  The Attorney General of the State of Mississippi
403  shall submit this act, immediately upon approval by the Governor,
404  or upon approval by the Legislature subsequent to a veto, to the
405  Attorney General of the United States or to the United States
406  District Court for the District of Columbia in accordance with the

407 provisions of the Voting Rights Act of 1965, as amended and
408 extended.
409     **SECTION 22.**  This act shall take effect and be in force from
410 and after January 1, 2007, provided it is effectuated under
411 Section 5 of the Voting Rights Act of 1965, as amended and
412 extended.

S. B. No. 2339      *SS26/R680SG*
05/SS26/R680SG      ST:  Judicial redistricting; enact and eliminate
PAGE 13      running in the herd.

# REPORT OF CONFERENCE COMMITTEE

**MADAM PRESIDENT AND MR. SPEAKER:**

We, the undersigned conferees, have had under consideration the amendments to the following entitled BILL:

S. B. No. 2339: Judicial redistricting; enact and eliminate running in the herd.

We, therefore, respectfully submit the following report and recommendation:

1. **That the House recede from its Amendment No. 1.**

2. **That the Senate and House adopt the following amendment:**

    Amend by striking all after the enacting clause and inserting in lieu thereof the following:

58    SECTION 1.  Section 9-5-7, Mississippi Code of 1972, is

59    amended as follows:

60    9-5-7.  (1)  There shall be four (4) chancellors for the

61    First Chancery Court District.

62    (2)  For purposes of appointment and election, the four (4)

63    chancellorships shall be separate and distinct and denominated for

64    purposes of appointment and election only as "Place One," "Place

65    Two," "Place Three" and "Place Four."  The chancellor to fill

66    Place One shall be a resident of Alcorn, Prentiss or Tishomingo

67    County.  The chancellors to fill Place Two and Place Three shall

68    be a resident of Itawamba, Lee, Monroe, Pontotoc or Union County.

69    The chancellor to fill Place Four shall be a resident of any

70    county in the district.  Election of the four (4) offices of

71    chancellor shall be by election to be held in every county within

72    the First Chancery Court District of Mississippi.

73    SECTION 2.  Section 9-5-13, Mississippi Code of 1972, is

74    amended as follows:

75    9-5-13.  (1)  There shall be three (3) chancellors for the

76    Third Chancery Court District.

77    (2)  (a)  The chancellor of Subdistrict 3-1 shall be elected

78    from DeSoto County.  The two (2) chancellors of Subdistrict 3-2

79   shall be elected from Grenada County, Montgomery County, Panola

80   County, Tate County and Yalobusha County.

81          (b)   For purposes of appointment and election, the three

82   (3) chancellorships shall be separate and distinct.  The

83   chancellorship in Subdistrict 3-1 shall be denominated only as

84   "Place One," and the chancellorships in Subdistrict 3-2 shall be

85   denominated only as "Place Two" and "Place Three."

86      **SECTION 3.**  Section 9-5-22, Mississippi Code of 1972, is

87   amended as follows:

88      9-5-22.  (1)  There shall be two (2) chancellors for the

89   Sixth Chancery Court District.

90      (2)  For purposes of appointment and election, the two (2)

91   chancellorships shall be separate and distinct and denominated for

92   purposes of appointment and election only as "Place One" and

93   "Place Two."

94      **SECTION 4.**  Section 9-5-25, Mississippi Code of 1972, is

95   amended as follows:

96      **[Until January 1, 2011, this section shall read as follows:]**

97      9-5-25.  There shall be two (2) chancellors for the Seventh

98   Chancery Court District.  One (1) chancellor shall be elected from

99   each subdistrict.

100     **[From and after January 1, 2011, this section shall read as**

101  **follows:]**

102     9-5-25.  (1)  There shall be three (3) chancellors for the

103  Seventh Chancery Court District.  The three (3) chancellorships

104  shall be separate and distinct.  One (1) chancellor shall be

105  elected from * * * Subdistrict 7-1 and shall be denominated for

106  purposes of appointment and election only as "Place One," and two

107  (2) chancellors shall be elected from Subdistrict 7-2 and shall be

108  denominated for purposes of appointment and election only as

109  "Place Two" and "Place Three."

110     (2)  Chancellors in the Seventh Chancery Court District shall

111  not have the power to name a special master or family master.

112     **SECTION 5.**  Section 9-5-36, Mississippi Code of 1972, is

113  amended as follows:

114     9-5-36.  (1)  There shall be four (4) chancellors for the

115  Tenth Chancery Court District.

116     (2)  For purposes of appointment and election, the four (4)

117  chancellorships shall be separate and distinct and denominated for

118  purposes of appointment and election only as "Place One," "Place

119  Two," "Place Three" and "Place Four." * * *  The chancellor to

120  fill Place One and Place Four shall be a resident of any county in

121  the district.  The chancellor to fill Place Two shall be a

122  resident of Lamar, Marion, Pearl River or Perry County.  The

123  chancellor to fill Place Three shall be a resident of Forrest

124  County.  Election of the four (4) offices of chancellor shall be

125  by election to be held in every county within the Tenth Chancery

126  Court District of Mississippi.

127     **SECTION 6.**  Section 9-5-40, Mississippi Code of 1972, is

128  amended as follows:

129     9-5-40.  (1)  There shall be two (2) judges for the Twelfth

130  Chancery Court District.

131     (2)  For purposes of appointment and election, the two (2)

132  chancellorships shall be separate and distinct and denominated for

133  purposes of appointment and election only as "Place One" and

134  "Place Two."

135     **SECTION 7.**  Section 9-5-41, Mississippi Code of 1972, is

136  amended as follows:

137     9-5-41.  (1)  The Thirteenth Chancery Court District shall be

138  comprised of the following counties:

139        (a)  Covington County;

140        (b)  Jefferson Davis County;

141        (c)  Lawrence County;

142         (d)  Simpson County; and

143         (e)  Smith County.

144    (2)  There shall be two (2) chancellors for the Thirteenth

145 Chancery Court District.  For purposes of appointment and

146 election, the two (2) chancellorships shall be separate and

147 distinct and denominated for purposes of appointment and election

148 only as "Place One" and "Place Two."

149    **SECTION 8.**  Section 9-5-54, Mississippi Code of 1972, is

150 amended as follows:

151    9-5-54.  (1)  There shall be two (2) chancellors for the

152 Eighteenth Chancery Court District.

153    (2)  For purposes of appointment and election, the two (2)

154 chancellorships shall be separate and distinct and denominated for

155 purposes of appointment and election only as "Place One" and

156 "Place Two."

157    **SECTION 9.**  Section 9-7-7, Mississippi Code of 1972, is

158 amended as follows:

159    9-7-7.  (1)  There shall be four (4) judges for the First

160 Circuit Court District.

161    (2)  For purposes of appointment and election, the four (4)

162 judgeships shall be separate and distinct and denominated for

163 purposes of appointment and election only as "Place One," "Place

164 Two," "Place Three" and "Place Four."  The judge to fill Place One

165 shall be a resident of Alcorn, Prentiss or Tishomingo County.  The

166 judges to fill Place Two and Place Three shall be a resident of

167 Itawamba, Lee, Monroe or Pontotoc County.  The judge to fill Place

168 Four shall be a resident of any county in the district.  Election

169 of the four (4) offices of judge shall be by election to be held

170 in every county within the First Circuit Court District.

171    **SECTION 10.**  Section 9-7-14, Mississippi Code of 1972, is

172 amended as follows:

173      9-7-14.  <u>(1)</u>  There shall be <u>three (3)</u> circuit judges for the
174 Third Circuit Court District.
175      <u>(2)  For purposes of appointment and election, the **three (3)**</u>
176 <u>judgeships shall be separate and distinct and denominated for</u>
177 <u>purposes of appointment and election only as "Place One," "Place</u>
178 <u>Two" and "Place Three."  The judge to fill "Place One" shall be a</u>
179 <u>resident of Calhoun, Chickasaw, Lafayette or Union Counties.  The</u>
180 <u>judge to fill "Place Two" shall be a resident of Benton, Marshall</u>
181 <u>or Tippah County.  The judge to fill "Place Three" shall be a</u>
182 <u>resident of any county in the district.</u>
183      **SECTION 11.**  Section 9-7-20, Mississippi Code of 1972, is
184 amended as follows:
185      9-7-20.  <u>(1)</u>  There shall be two (2) judges for the Fifth
186 Circuit Court District.
187      <u>(2)  For purposes of appointment and election, the two (2)</u>
188 <u>judgeships shall be separate and distinct and denominated for</u>
189 <u>purposes of appointment and election only as "Place One" and</u>
190 <u>"Place Two."</u>
191      **SECTION 12.**  Section 9-7-32, Mississippi Code of 1972, is
192 amended as follows:
193      9-7-32.  <u>(1)</u>  There shall be two (2) judges for the Tenth
194 Circuit Court District.
195      <u>(2)  For purposes of appointment and election, the two (2)</u>
196 <u>judgeships shall be separate and distinct and denominated for</u>
197 <u>purposes of appointment and election only as "Place One" and</u>
198 <u>"Place Two."</u>
199      **SECTION 13.**  Section 9-7-39, Mississippi Code of 1972, is
200 amended as follows:
201      9-7-39.  (1)  The Fourteenth Circuit Court District shall be
202 comprised of the following counties:
203           (a)  Lincoln County;
204           (b)  Pike County; and

205          (c)  Walthall County.

206     (2)  (a)  There shall be two (2) judges for the Fourteenth

207 Circuit Court District.

208          (b)  For purposes of appointment and election, the two

209 (2) judgeships shall be separate and distinct and denominated for

210 purposes of appointment and election only as "Place One" and

211 "Place Two."

212     **SECTION 14.**  Section 9-7-42, Mississippi Code of 1972, is

213 amended as follows:

214     9-7-42.  (1)  There shall be two (2) judges for the Fifteenth

215 Circuit Court District.

216     (2)  For purposes of appointment and election, the two (2)

217 judgeships shall be separate and distinct and denominated for

218 purposes of appointment and election only as "Place One" and

219 "Place Two."

220     **SECTION 15.**  Section 9-7-44, Mississippi Code of 1972, is

221 amended as follows:

222     **[Until January 1, 2011, this section shall read as follows:]**

223     9-7-44.  (1)  There shall be two (2) judges for the Sixteenth

224 Circuit Court District.

225     (2)  For purposes of appointment and election, the two (2)

226 judgeships shall be separate and distinct and denominated for

227 purposes of appointment and election only as "Place One" and

228 "Place Two."

229     **[From and after January 1, 2011, this section shall read as**

230 **follows:]**

231     9-7-44.  (1)  There shall be three (3) judges for the

232 Sixteenth Circuit Court District.

233     (2)  For purposes of appointment and election, the three (3)

234 judgeships shall be separate and distinct and denominated for

235 purposes of appointment and election only as "Place One," "Place

236 Two" and "Place Three."  The judge to fill Place One shall be a

237  resident of Lowndes County.  The judge to fill Place Two shall be
238  a resident of Oktibbeha County.  The judge to fill Place Three
239  shall be a resident of either Clay or Noxubee County.  Election of
240  the three (3) offices of judge shall be by election to be held in
241  every county within the Sixteenth Circuit Court District.
242      **SECTION 16.**  Section 9-7-46, Mississippi Code of 1972, is
243  amended as follows:
244      **[Until January 1, 2011, this section shall read as follows:]**
245      9-7-46.  (1)  There shall be three (3) circuit judges for the
246  Seventeenth Circuit Court District.
247      (2)  For the purpose of appointment and election, the three
248  (3) judgeships shall be separate and distinct, and one (1) judge
249  shall be elected from Subdistrict 17-1 and two (2) judges shall be
250  elected from Subdistrict 17-2.  For purposes of appointment and
251  election, the three (3) judgeships in shall be separate and
252  distinct.  The two (2) judgeships in Subdistrict 17-2 shall be
253  denominated as "Place One" and "Place Two," and the judgeship in
254  Subdistrict 17-1 shall be denominated for as "Place Three."
255      **[From and after January 1, 2011, this section shall read as**
256  **follows:]**
257      9-7-46.  (1)  There shall be four (4) circuit judges for the
258  Seventeenth Circuit Court District.
259      (2)  For the purpose of appointment and election, the four
260  (4) judgeships shall be separate and distinct, and one (1) judge
261  shall be elected from Subdistrict 17-1, two (2) judges shall be
262  elected from Subdistrict 17-2, and one (1) judge shall be elected
263  from the every county in the district.  The two (2) judgeships in
264  Subdistrict 17-2 shall be denominated as "Place One" and "Place
265  Two," the judgeship in Subdistrict 17-1 shall be denominated as
266  "Place Three," and the at-large judgeship shall be denominated as
267  "Place Four."

268     **SECTION 17.**  Section 9-7-54, Mississippi Code of 1972, is

269     amended as follows:

270         9-7-54.  (1)  There shall be two (2) judges for the Twentieth

271     Circuit Court District.

272         (2)  For purposes of appointment and election, the two (2)

273     judgeships shall be separate and distinct and denominated for

274     purposes of appointment and election only as "Place One" and

275     "Place Two."

276     **SECTION 18.**  Section 9-1-105, Mississippi Code of 1972, is

277     amended as follows:

278         9-1-105.  (1)  Whenever any judicial officer is unwilling or

279     unable to hear a case or unable to hold or attend any of the

280     courts at the time and place required by law by reason of the

281     physical disability or sickness of such judicial officer, by

282     reason of the absence of such judicial officer from the state, by

283     reason of the disqualification of such judicial officer pursuant

284     to the provision of Section 165, Mississippi Constitution of 1890,

285     or any provision of the Code of Judicial Conduct, or for any other

286     reason, the Chief Justice of the Mississippi Supreme Court, with

287     the advice and consent of a majority of the justices of the

288     Mississippi Supreme Court, may appoint a person as a special judge

289     to hear the case or attend and hold a court.

290         (2)  Upon the request of the Chief Judge of the Court of

291     Appeals or the senior judge of a chancery or circuit court

292     district, or upon his own motion, the Chief Justice of the

293     Mississippi Supreme Court, with the advice and consent of a

294     majority of the justices of the Mississippi Supreme Court, shall

295     have the authority to appoint a special judge to serve on a

296     temporary basis in a circuit or chancery court in the event of an

297     emergency or overcrowded docket.  It shall be the duty of any

298     special judge so appointed to assist the court to which he is

299  assigned in the disposition of causes so pending in such court <u>for</u>
300  <u>whatever period of time is designated by the Chief Justice</u>.
301      (3)  When a vacancy exists for any of the reasons enumerated
302  in Section 9-1-103, the vacancy has not been filled within seven
303  (7) days by an appointment by the Governor, and there is a pending
304  cause or are pending causes in the court where the vacancy exists
305  that in the interests of justice and in the orderly dispatch of
306  the court's business require the appointment of a special judge,
307  the Chief Justice of the Supreme Court, with the advice and
308  consent of a majority of the justices of the Mississippi Supreme
309  Court, may appoint a qualified person as a special judge to fill
310  the vacancy until the Governor makes his appointment and such
311  appointee has taken the oath of office.
312      (4)  If the Chief Justice pursuant to this section shall make
313  an appointment within the authority vested in the Governor by
314  reason of Section 165, Mississippi Constitution of 1890, the
315  Governor may at his election appoint a person to so serve.  In the
316  event that the Governor makes such an appointment, any appointment
317  made by the Chief Justice pursuant to this section shall be void
318  and of no further force or effect from the date of the Governor's
319  appointment.
320      (5)  When a judicial officer is unwilling or unable to hear a
321  case or unable or unwilling to hold court for a period of time not
322  to exceed two (2) weeks, the trial judge or judges of the affected
323  district or county and other trial judges may agree among
324  themselves regarding the appointment of a person for such case or
325  such limited period of time.  The trial judges shall submit a
326  notice to the Chief Justice of the Supreme Court informing him of
327  their appointment.  If the Chief Justice does not appoint another
328  person to serve as special judge within seven (7) days after
329  receipt of such notice, the person designated in such order shall
330  be deemed appointed.

331     (6)  A person appointed to serve as a special judge may be
332 any <u>currently</u> sitting or retired chancery, circuit or county court
333 judge, Court of Appeals judge or Supreme Court Justice, or any
334 other person possessing the qualifications of the judicial office
335 for which the appointment is made; provided, however, that a judge
336 or justice who was retired from service at the polls shall not be
337 eligible for appointment as a special judge in the district in
338 which he served prior to his defeat.
339     (7)  Except as otherwise provided in subsection (2) of this
340 section, the need for an appointment pursuant to this section may
341 be certified to the Chief Justice of the Mississippi Supreme Court
342 by any attorney in good standing or other officer of the court.
343     (8)  The order appointing a person as a special judge
344 pursuant to this section shall describe as specifically as
345 possible the duration of the appointment.
346     (9)  A special judge appointed pursuant to this section shall
347 take the oath of office, if necessary, and shall, for the duration
348 of his appointment, enjoy the full power and authority of the
349 office to which he is appointed.
350     (10)  Any <u>currently</u> sitting justice or judge appointed as a
351 special judge under this section shall receive no additional
352 compensation for his or her service as special judge.  Any other
353 person appointed as a special judge hereunder shall, for the
354 period of his service, receive compensation from the state for
355 each day's service a sum equal to 1/260 of the current salary in
356 effect for the judicial office; provided, however, that no retired
357 chancery, circuit or county court judge, retired Court of Appeals
358 judge or any retired Supreme Court Justice appointed as a special
359 judge pursuant to this section may, during any fiscal year,
360 receive compensation in excess of twenty-five percent (25%) of the
361 current salary in effect for a chancery or circuit court judge.
362 Any person appointed as a special judge shall be reimbursed for

363   travel expenses incurred in the performance of the official duties
364   to which he may be appointed hereunder in the same manner as other
365   public officials and employees as provided by Section 25-3-41,
366   Mississippi Code of 1972.
367         (11)  If any person appointed as such special judge is
368   receiving retirement benefits by virtue of the provisions of the
369   Public Employees' Retirement Law of 1952, appearing as Sections
370   25-11-1 through 25-11-139, Mississippi Code of 1972, such benefits
371   shall not be reduced in any sum whatsoever because of such
372   service, nor shall any sum be deducted as contributions toward
373   retirement under said law.
374         (12)  The Supreme Court shall have authority to prescribe
375   rules and regulations reasonably necessary to implement and give
376   effect to the provisions of this section.
377         (13)  Nothing in this section shall abrogate the right of
378   attorneys engaged in a case to agree upon a member of the bar to
379   preside in a case pursuant to Section 165 of the Mississippi
380   Constitution of 1890.
381         (14)  The Supreme Court shall prepare the necessary payroll
382   for special judges appointed pursuant to this section and shall
383   submit such payroll to the Department of Finance and
384   Administration.
385         (15)  Special judges appointed pursuant to this section shall
386   direct requests for reimbursement for travel expenses authorized
387   pursuant to this section to the Supreme Court and the Supreme
388   Court shall submit such requests to the Department of Finance and
389   Administration.  The Supreme Court shall have the power to adopt
390   rules and regulations regarding the administration of travel
391   expenses authorized pursuant to this section.
392         **SECTION 19.**  The candidates for any new judgeships or
393   chancellorships created under this act shall be entitled to run
394   for those offices in the judicial election prior to the

395  commencement of the initial term of the new judgeship or
396  chancellorship.
397      **SECTION 20.**  Sections 23-15-982, 23-15-983 and 23-15-984,
398  Mississippi Code of 1972, which provide for the calculation of the
399  vote in multijudge districts in which candidates run "in the herd"
400  and the number of votes that may be cast by each elector, are
401  repealed.
402      **SECTION 21.**  The Attorney General of the State of Mississippi
403  shall submit this act, immediately upon approval by the Governor,
404  or upon approval by the Legislature subsequent to a veto, to the
405  Attorney General of the United States or to the United States
406  District Court for the District of Columbia in accordance with the
407  provisions of the Voting Rights Act of 1965, as amended and
408  extended.
409      **SECTION 22.**  This act shall take effect and be in force from
410  and after January 1, 2007, provided it is effectuated under
411  Section 5 of the Voting Rights Act of 1965, as amended and
412  extended.

**Further, amend by striking the title in its entirety and
inserting in lieu thereof the following:**

 1      AN ACT TO ENACT REDISTRICTING OF THE CHANCERY AND CIRCUIT
 2  COURTS; TO AMEND SECTION 9-5-7, MISSISSIPPI CODE OF 1972, TO ADD A
 3  CHANCELLOR AND ELIMINATE RUNNING IN THE HERD IN THE FIRST CHANCERY
 4  COURT DISTRICT; TO AMEND SECTION 9-5-13, MISSISSIPPI CODE OF 1972,
 5  TO ELIMINATE RUNNING IN THE HERD IN THE THIRD CHANCERY COURT
 6  DISTRICT; TO AMEND SECTION 9-5-22, MISSISSIPPI CODE OF 1972, TO
 7  ELIMINATE RUNNING IN THE HERD IN THE SIXTH CHANCERY COURT
 8  DISTRICT; TO AMEND SECTION 9-5-25, MISSISSIPPI CODE OF 1972, TO
 9  ADD A CHANCELLOR TO THE SEVENTH CHANCERY COURT DISTRICT FOR THE
10  TERM OF OFFICE COMMENCING IN 2011 AND TO PROHIBIT APPOINTMENT OF
11  MASTERS AFTER THAT DATE; TO AMEND SECTION 9-5-36, MISSISSIPPI CODE
12  OF 1972, TO ADD A CHANCELLOR TO THE TENTH CHANCERY COURT DISTRICT;
13  TO AMEND SECTION 9-5-40, MISSISSIPPI CODE OF 1972, TO ELIMINATE
14  RUNNING IN THE HERD IN THE TWELFTH CHANCERY COURT DISTRICT; TO
15  AMEND SECTION 9-5-41, MISSISSIPPI CODE OF 1972, TO ELIMINATE
16  RUNNING IN THE HERD IN THE THIRTEENTH CHANCERY COURT DISTRICT AND
17  TO ADD A CHANCELLOR TO THAT DISTRICT; TO AMEND SECTION 9-5-54,
18  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
19  EIGHTEENTH CHANCERY COURT DISTRICT; TO AMEND SECTION 9-7-7,
20  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
21  FIRST CIRCUIT COURT DISTRICT AND TO ADD A JUDGE; TO AMEND SECTION
22  9-7-14, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD
23  IN THE THIRD CIRCUIT COURT DISTRICT AND TO ADD A JUDGE; TO AMEND

```
24   SECTION 9-7-20, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN
25   THE HERD IN THE FIFTH CIRCUIT COURT DISTRICT; TO AMEND SECTION
26   9-7-32, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD
27   IN THE TENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-39,
28   MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
29   FOURTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-42,
30   MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
31   FIFTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-44,
32   MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
33   SIXTEENTH CIRCUIT COURT DISTRICT AND TO ADD A JUDGE FOR THE TERM
34   OF OFFICE COMMENCING IN 2011; TO AMEND SECTION 9-7-46, MISSISSIPPI
35   CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE SEVENTEENTH
36   CIRCUIT COURT DISTRICT AND TO ADD A JUDGE FOR THE TERM OF OFFICE
37   COMMENCING IN 2011; TO AMEND SECTION 9-7-54, MISSISSIPPI CODE OF
38   1972, TO ELIMINATE RUNNING IN THE HERD IN THE TWENTIETH CIRCUIT
39   COURT DISTRICT; TO AMEND SECTION 9-1-105, MISSISSIPPI CODE OF
40   1972, TO CLARIFY THE AUTHORITY OF THE CHIEF JUSTICE TO ASSIGN A
41   SPECIAL JUDGE TO ASSIST A CHANCERY OR CIRCUIT COURT WITH A BACKLOG
42   OF CASES; TO CLARIFY THAT CANDIDATES MAY QUALIFY AND RUN FOR NEW
43   JUDICIAL POSITIONS IN THE IMMEDIATELY PRECEDING REGULAR JUDICIAL
44   ELECTION; TO REPEAL SECTIONS 23-15-982, 23-15-983 AND 23-15-984,
45   MISSISSIPPI CODE OF 1972, WHICH PROVIDE FOR THE CALCULATION OF
46   VOTE IN MULTIJUDGE DISTRICTS WHEREIN CANDIDATES RUN "IN THE HERD"
47   AND THE NUMBER OF VOTES THAT MAY BE CAST BY EACH ELECTOR; AND FOR
48   RELATED PURPOSES.
```

CONFEREES FOR THE SENATE          CONFEREES FOR THE HOUSE

X (SIGNED)                        (NOT SIGNED)
Ross                             Blackmon

X (SIGNED)                        X (SIGNED)
Doxey                            Coleman (29th)

X (SIGNED)                        X (SIGNED)
Little                           Reynolds

### House Amendments to Senate Bill No. 2339

TO THE SECRETARY OF THE SENATE:

THIS IS TO INFORM YOU THAT THE HOUSE HAS ADOPTED THE AMENDMENTS SET OUT BELOW:

#### AMENDMENT NO. 2

1   AMEND by striking lines 56 through 59 in their entirety and
2   inserting in lieu thereof the following:
3       "(2)  For purposes of appointment and election, the four (4)
4   chancellorships shall be separate and distinct and denominated for
5   purposes of appointment and election only as "Place One," "Place
6   Two," "Place Three" and "Place Four."  The chancellor to fill
7   Place One shall be a resident of Alcorn, Prentiss or Tishomingo
8   County.  The chancellor to fill Place Two shall be a resident of
9   Itawamba, Lee, Monroe, Pontotoc or Union County.  The chancellors
10  to fill Place Three and Place Four shall be residents of Alcorn,
11  Itawamba, Lee, Monroe, Pontotoc, Prentiss, Tishomingo or Union
12  Counties.  Election of the four (4) offices of chancellor shall be
13  by election to be held in every county within the First Chancery
14  Court District of Mississippi."

15      AMEND FURTHER by striking lines 82 through 92 in their
16  entirety and inserting in lieu thereof the following:
17      "9-5-25.  There shall be three (3) chancellors for the
18  Seventh Chancery Court District.  One (1) chancellor shall be
19  elected from Subdistrict 7-1 and two (2) chancellors shall be
20  elected from Subdistrict 7-2.  For purposes of appointment and
21  election, the two (2) chancellorships for Subdistrict 7-2 shall be
22  separate and distinct and denominated for purposes of appointment
23  and election only as "Place One" and "Place Two.""

24      AMEND FURTHER by striking lines 148 through 153 in their
25  entirety and inserting in lieu thereof the following:
26      "9-7-14.  (1)  There shall be three (3) circuit judges for
27  the Third Circuit Court District.

S. B. 2339
PAGE 1

28    (2)  For purposes of appointment and election, the three (3)
29 judgeships shall be separate and distinct and denominated for
30 purposes of appointment and election only as "Place One," "Place
31 Two" and "Place Three."  The judge for "Place Three" shall be a
32 resident of Benton, Marshall or Tippah County."

33    **AMEND FURTHER** by striking lines 140 through 145 in their
34 entirety and inserting in lieu thereof the following:
35    "9-7-7.  (1)  There shall be four (4) judges for the First
36 Circuit Court District.
37    (2)  For purposes of appointment and election, the four (4)
38 judgeships shall be separate and distinct and denominated for
39 purposes of appointment and election only as "Place One," "Place
40 Two," "Place Three" and "Place Four."  The judge to fill Place One
41 shall be a resident of Alcorn, Prentiss or Tishomingo County.  The
42 judge to fill Place Two shall be a resident of Itawamba, Lee,
43 Monroe or Pontotoc County.  The judges to fill Place Three and
44 Place Four shall be residents of Alcorn, Itawamba, Lee, Monroe,
45 Pontotoc, Prentiss or Tishomingo Counties.  Election of the four
46 (4) offices of judge shall be by election to be held in every
47 county within the First Circuit Court District of Mississippi."

48    **AMEND FURTHER** by striking lines 201 through 209 in their
49 entirety and inserting in lieu thereof the following:
50    "9-7-46.  (1)  There shall be four (4) circuit judges for the
51 Seventeenth Circuit Court District.
52    (2)  For the purpose of appointment and election, the four
53 (4) judgeships shall be separate and distinct, and two (2) judges
54 shall be elected from Subdistrict 17-1 and two (2) judges shall be
55 elected from Subdistrict 17-2.  For purposes of appointment and
56 election, the two (2) judgeships in Subdistrict 17-1 shall be
57 separate and distinct and denominated for purposes of appointment
58 and election only as "Place One" and "Place Two."  For purposes of
59 appointment and election, the two (2) judgeships in Subdistrict

60  17-2 shall be separate and distinct and denominated for purposes
61  of election and appointment as "Place One" and "Place Two.""

62      **AMEND FURTHER** by striking lines 193 through 198 in their
63  entirety and inserting in lieu thereof the following:
64      "9-7-44.  There shall be three (3) judges for the Sixteenth
65  Circuit Court District."

66      **AMEND FURTHER** by striking lines 212 through 217 in their
67  entirety and inserting in lieu thereof the following:
68      "9-7-54.  (1)  The Twentieth Circuit Court District shall be
69  divided into two (2) subdistricts.  Subdistrict 20-1 shall be
70  Madison County and Subdistrict 20-2 shall be Rankin County.
71      (2)  There shall be four (4) judges for the Twentieth Circuit
72  Court District.  Two (2) judges shall be elected from each
73  subdistrict.  For purposes of appointment and election, the two
74  (2) judgeships in Subdistrict 20-2 shall be separate and distinct
75  and denominated for purposes of appointment and election only as
76  "Place One" and "Place Two."
77      (3)  Subdistrict 20-1 shall be divided into two (2) divisions
78  as follows:
79          (a)  (i)  Division 1 shall consist of the following
80  precincts:  Ratliff Ferry, Canton Precinct 2, Canton Precinct 3,
81  Canton Precinct 7, Smith School, Magnolia Heights, Flora,
82  Virlilia, Canton Precinct 5, Liberty, New Industrial Park, Madison
83  County Baptist Family Life Center, Cameron, Couparle, Camden,
84  Sharon, Canton Precinct 1, Canton Precinct 4, Luther Branson
85  School and Bible Church Precincts.
86              (ii)  Division 1 shall consist of the following
87  partial precincts:  Madisonville and Bear Creek Precincts.  The
88  Split Precinct Block List developed in conjunction with Chapter
89  761, Laws of 2002, that details portions of partial or split
90  precincts that are contained within a subdistrict by census tract
91  and block number and was utilized in developing the partial or

92  split precincts of this subdistrict is hereby incorporated and

93  shall be construed to be an integral part of this section.

94      (b)  (i)  Division 2 shall consist of the following

95  precincts:  Trace Harbor, Main Harbor, Victory Baptist Church,

96  Madison 1, Madison 2, Madison 3, Ridgeland 3, Ridgeland 4,

97  Ridgeland First Methodist Church, Gluckstadt, Lorman-Cavalier,

98  Ridgeland 1, Tougaloo, Cobblestone Church of God, Highland Colony

99  Baptist Church and Whisper Lake Precincts.

100      (ii)  Division 2 shall consist of that portion of

101  the following partial precincts not included in Subdistrict 23-1:

102  Madisonville and Bear Creek Precincts."

HR03\SB2339A.4J
**AMENDMENT NO. 4**

1      **AMEND** on lines 185 and 187 by changing "two (2)" to "three

2  (3)"

3      **AMEND FURTHER** on line 189 by inserting a comma after "One"

4  and deleting "and"

5      **AMEND FURTHER** on line 190 after the word "Two" by inserting

6  "and "Place Three""

HR03\SB2339A.3J

Don Richardson<br>Clerk of the House of Representatives

MISSISSIPPI LEGISLATURE                    REGULAR SESSION 2005

By:  Senator(s) Ross                       To:  Judiciary, Division A


                          COMMITTEE SUBSTITUTE
                                 FOR
                         SENATE BILL NO. 2339


 1        AN ACT TO ENACT REDISTRICTING OF THE CHANCERY AND CIRCUIT
 2   COURTS; TO AMEND SECTION 9-5-7, MISSISSIPPI CODE OF 1972, TO ADD A
 3   CHANCELLOR AND ELIMINATE RUNNING IN THE HERD IN THE FIRST CHANCERY
 4   COURT DISTRICT; TO AMEND SECTION 9-5-13, MISSISSIPPI CODE OF 1972,
 5   TO ELIMINATE RUNNING IN THE HERD IN THE THIRD CHANCERY COURT
 6   DISTRICT; TO AMEND SECTION 9-5-22, MISSISSIPPI CODE OF 1972, TO
 7   ELIMINATE RUNNING IN THE HERD IN THE SIXTH CHANCERY COURT
 8   DISTRICT; TO AMEND SECTION 9-5-25, MISSISSIPPI CODE OF 1972, TO
 9   ADD A CHANCELLOR TO THE SEVENTH CHANCERY COURT DISTRICT; TO AMEND
10   SECTION 9-5-36, MISSISSIPPI CODE OF 1972, TO ADD A CHANCELLOR TO
11   THE TENTH CHANCERY COURT DISTRICT; TO AMEND SECTION 9-5-40,
12   MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
13   TWELFTH CHANCERY COURT DISTRICT; TO AMEND SECTION 9-5-41,
14   MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
15   THIRTEENTH CHANCERY COURT DISTRICT AND TO ADD A CHANCELLOR TO THAT
16   DISTRICT; TO AMEND SECTION 9-5-54, MISSISSIPPI CODE OF 1972, TO
17   ELIMINATE RUNNING IN THE HERD IN THE EIGHTEENTH CHANCERY COURT
18   DISTRICT; TO AMEND SECTION 9-7-7, MISSISSIPPI CODE OF 1972, TO
19   ELIMINATE RUNNING IN THE HERD IN THE FIRST CIRCUIT COURT DISTRICT;
20   TO AMEND SECTION 9-7-14, MISSISSIPPI CODE OF 1972, TO ELIMINATE
21   RUNNING IN THE HERD IN THE THIRD CIRCUIT COURT DISTRICT; TO AMEND
22   SECTION 9-7-20, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN
23   THE HERD IN THE FIFTH CIRCUIT COURT DISTRICT; TO AMEND SECTION
24   9-7-32, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD
25   IN THE TENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-39,
26   MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
27   FOURTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-42,
28   MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
29   FIFTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-44,
30   MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
31   SIXTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-46,
32   MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
33   SEVENTEENTH CIRCUIT COURT DISTRICT, SUBDISTRICT 17-2; TO AMEND
34   SECTION 9-7-54, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN
35   THE HERD IN THE TWENTIETH CIRCUIT COURT DISTRICT; TO AMEND SECTION
36   9-1-105, MISSISSIPPI CODE OF 1972, TO CLARIFY THE AUTHORITY OF THE
37   CHIEF JUSTICE TO ASSIGN A SPECIAL JUDGE TO ASSIST A CHANCERY OR
38   CIRCUIT COURT WITH A BACKLOG OF CASES; TO REPEAL SECTIONS
39   23-15-982, 23-15-983 AND 23-15-984, MISSISSIPPI CODE OF 1972,
40   WHICH PROVIDE FOR THE CALCULATION OF VOTE IN MULTIJUDGE DISTRICTS
41   WHEREIN CANDIDATES RUN "IN THE HERD" AND THE NUMBER OF VOTES THAT
42   MAY BE CAST BY EACH ELECTOR; AND FOR RELATED PURPOSES.

43        WHEREAS, it is the responsibility of the Legislature under

44   Section 152 of the Mississippi Constitution of 1890 to divide the

45   state into an appropriate number of circuit court districts and

46   chancery court districts; and

47          WHEREAS, the Legislature has thoroughly investigated the

48     state of the trial courts and trial court districts and has

49     considered the needs of the state according to all the criteria

50     imposed by the Constitution and by general law; NOW THEREFORE,

51          BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:

52          **SECTION 1.**  Section 9-5-7, Mississippi Code of 1972, is

53     amended as follows:

54          9-5-7.  (1)  There shall be four (4) chancellors for the

55     First Chancery Court District.

56          (2)  For purposes of appointment and election, the four (4)

57     chancellorships shall be separate and distinct and denominated for

58     purposes of appointment and election only as "Place One," "Place

59     Two," "Place Three" and "Place Four."

60          **SECTION 2.**  Section 9-5-13, Mississippi Code of 1972, is

61     amended as follows:

62          9-5-13.  (1)  There shall be three (3) chancellors for the

63     Third Chancery Court District.

64          (2)  (a)  The chancellor of Subdistrict 3-1 shall be elected

65     from DeSoto County.  The two (2) chancellors of Subdistrict 3-2

66     shall be elected from Grenada County, Montgomery County, Panola

67     County, Tate County and Yalobusha County.

68          (b)  For purposes of appointment and election, the two

69     (2) chancellorships of Subdistrict 3-2 shall be separate and

70     distinct and denominated for purposes of appointment and election

71     only as "Place 3-2 One" and "Place 3-2 Two."

72          **SECTION 3.**  Section 9-5-22, Mississippi Code of 1972, is

73     amended as follows:

74          9-5-22.  (1)  There shall be two (2) chancellors for the

75     Sixth Chancery Court District.

76          (2)  For purposes of appointment and election, the two (2)

77     chancellorships shall be separate and distinct and denominated for

78     purposes of appointment and election only as "Place One" and

79     "Place Two."

S. B. No. 2339      *SS26/R680CS*
05/SS26/R680CS
PAGE 2

80    **SECTION 4.**  Section 9-5-25, Mississippi Code of 1972, is
81    amended as follows:

82        9-5-25.  <u>(1)</u>  There shall be <u>three (3)</u> chancellors for the
83    Seventh Chancery Court District.  One (1) chancellor shall be
84    elected from each subdistrict <u>and the third chancellor shall be</u>
85    <u>elected from the Seventh Chancery Court District at large</u>.

86        <u>(2)  For purposes of appointment and election, the three (3)</u>
87    <u>chancellorships shall be separate and distinct and denominated for</u>
88    <u>purposes of appointment and election only as "Place One," "Place</u>
89    <u>Two" and "Place Three."  "Place One" shall be that chancellor</u>
90    <u>elected from Subdistrict 7-1, "Place Two" shall be that chancellor</u>
91    <u>elected from Subdistrict 7-2, and "Place Three" shall be that</u>
92    <u>chancellor elected from the district at large.</u>

93    **SECTION 5.**  Section 9-5-36, Mississippi Code of 1972, is
94    amended as follows:

95        9-5-36.  (1)  There shall be <u>four (4)</u> chancellors for the
96    Tenth Chancery Court District.

97        (2)  For purposes of appointment and election, the <u>four (4)</u>
98    chancellorships shall be separate and distinct and denominated for
99    purposes of appointment and election only as "Place One," "Place
100   Two<u>,</u>" "Place Three" <u>and "Place Four."</u> * * *  The chancellor to
101   fill Place One <u>and Place Four</u> shall be a resident of Forrest,
102   Lamar, Marion, Pearl River or Perry County.  The chancellor to
103   fill Place Two shall be a resident of Lamar, Marion, Pearl River
104   or Perry County.  The chancellor to fill Place Three shall be a
105   resident of Forrest County.  Election of the <u>four (4)</u> offices of
106   chancellor shall be by election to be held in every county within
107   the Tenth Chancery Court District of Mississippi.

108   **SECTION 6.**  Section 9-5-40, Mississippi Code of 1972, is
109   amended as follows:

110       9-5-40.  <u>(1)</u>  There shall be two (2) judges for the Twelfth
111   Chancery Court District.

112      (2)  For purposes of appointment and election, the two (2)
113   chancellorships shall be separate and distinct and denominated for
114   purposes of appointment and election only as "Place One" and
115   "Place Two."
116       **SECTION 7.**  Section 9-5-41, Mississippi Code of 1972, is
117   amended as follows:
118      9-5-41.  (1)  The Thirteenth Chancery Court District shall be
119   comprised of the following counties:
120          (a)  Covington County;
121          (b)  Jefferson Davis County;
122          (c)  Lawrence County;
123          (d)  Simpson County; and
124          (e)  Smith County.
125      (2)  There shall be two (2) chancellors for the Thirteenth
126   Chancery Court District.  For purposes of appointment and
127   election, the two (2) chancellorships shall be separate and
128   distinct and denominated for purposes of appointment and election
129   only as "Place One" and "Place Two."
130       **SECTION 8.**  Section 9-5-54, Mississippi Code of 1972, is
131   amended as follows:
132      9-5-54.  (1)  There shall be two (2) chancellors for the
133   Eighteenth Chancery Court District.
134      (2)  For purposes of appointment and election, the two (2)
135   chancellorships shall be separate and distinct and denominated for
136   purposes of appointment and election only as "Place One" and
137   "Place Two."
138       **SECTION 9.**  Section 9-7-7, Mississippi Code of 1972, is
139   amended as follows:
140      9-7-7.  (1)  There shall be three (3) judges for the First
141   Circuit Court District.
142      (2)  For purposes of appointment and election, the three (3)
143   judgeships shall be separate and distinct and denominated for

144  purposes of appointment and election only as "Place One," "Place

145  Two" and "Place Three."

146  **SECTION 10.**  Section 9-7-14, Mississippi Code of 1972, is

147  amended as follows:

148  9-7-14.  (1)  There shall be two (2) circuit judges for the

149  Third Circuit Court District.

150  (2)  For purposes of appointment and election, the two (2)

151  judgeships shall be separate and distinct and denominated for

152  purposes of appointment and election only as "Place One" and

153  "Place Two."

154  **SECTION 11.**  Section 9-7-20, Mississippi Code of 1972, is

155  amended as follows:

156  9-7-20.  (1)  There shall be two (2) judges for the Fifth

157  Circuit Court District.

158  (2)  For purposes of appointment and election, the two (2)

159  judgeships shall be separate and distinct and denominated for

160  purposes of appointment and election only as "Place One" and

161  "Place Two."

162  **SECTION 12.**  Section 9-7-32, Mississippi Code of 1972, is

163  amended as follows:

164  9-7-32.  (1)  There shall be two (2) judges for the Tenth

165  Circuit Court District.

166  (2)  For purposes of appointment and election, the two (2)

167  judgeships shall be separate and distinct and denominated for

168  purposes of appointment and election only as "Place One" and

169  "Place Two."

170  **SECTION 13.**  Section 9-7-39, Mississippi Code of 1972, is

171  amended as follows:

172  9-7-39.  (1)  The Fourteenth Circuit Court District shall be

173  comprised of the following counties:

174  (a)  Lincoln County;

175  (b)  Pike County; and

176  (c)  Walthall County.

177          (2)  (a)  There shall be two (2) judges for the Fourteenth
178   Circuit Court District.

179               (b)  For purposes of appointment and election, the two
180   (2) judgeships shall be separate and distinct and denominated for
181   purposes of appointment and election only as "Place One" and
182   "Place Two."

183        **SECTION 14.**  Section 9-7-42, Mississippi Code of 1972, is
184   amended as follows:

185        9-7-42.  (1)  There shall be two (2) judges for the Fifteenth
186   Circuit Court District.

187        (2)  For purposes of appointment and election, the two (2)
188   judgeships shall be separate and distinct and denominated for
189   purposes of appointment and election only as "Place One" and
190   "Place Two."

191        **SECTION 15.**  Section 9-7-44, Mississippi Code of 1972, is
192   amended as follows:

193        9-7-44.  (1)  There shall be two (2) judges for the Sixteenth
194   Circuit Court District.

195        (2)  For purposes of appointment and election, the two (2)
196   judgeships shall be separate and distinct and denominated for
197   purposes of appointment and election only as "Place One" and
198   "Place Two."

199        **SECTION 16.**  Section 9-7-46, Mississippi Code of 1972, is
200   amended as follows:

201        9-7-46.  (1)  There shall be three (3) circuit judges for the
202   Seventeenth Circuit Court District.

203        (2)  For the purpose of appointment and election, the three
204   (3) judgeships shall be separate and distinct, and one (1) judge
205   shall be elected from Subdistrict 17-1 and two (2) judges shall be
206   elected from Subdistrict 17-2.  For purposes of appointment and
207   election, the two (2) judgeships in Subdistrict 17-2 shall be
208   separate and distinct and denominated for purposes of appointment
209   and election only as "Place 17-2 One" and "Place 17-2 Two."

210      **SECTION 17.**  Section 9-7-54, Mississippi Code of 1972, is

211  amended as follows:

212      9-7-54.  <u>(1)</u>  There shall be two (2) judges for the Twentieth

213  Circuit Court District.

214      <u>(2)  For purposes of appointment and election, the two (2)</u>

215  <u>judgeships shall be separate and distinct and denominated for</u>

216  <u>purposes of appointment and election only as "Place One" and</u>

217  <u>"Place Two."</u>

218      **SECTION 18.**  Section 9-1-105, Mississippi Code of 1972, is

219  amended as follows:

220      9-1-105.  (1)  Whenever any judicial officer is unwilling or

221  unable to hear a case or unable to hold or attend any of the

222  courts at the time and place required by law by reason of the

223  physical disability or sickness of such judicial officer, by

224  reason of the absence of such judicial officer from the state, by

225  reason of the disqualification of such judicial officer pursuant

226  to the provision of Section 165, Mississippi Constitution of 1890,

227  or any provision of the Code of Judicial Conduct, or for any other

228  reason, the Chief Justice of the Mississippi Supreme Court, with

229  the advice and consent of a majority of the justices of the

230  Mississippi Supreme Court, may appoint a person as a special judge

231  to hear the case or attend and hold a court.

232      (2)  Upon the request of the Chief Judge of the Court of

233  Appeals or the senior judge of a chancery or circuit court

234  district, the Chief Justice of the Mississippi Supreme Court, with

235  the advice and consent of a majority of the justices of the

236  Mississippi Supreme Court, shall have the authority to appoint a

237  special judge to serve on <u>a temporary</u> basis in a circuit or

238  chancery court <u>in the event of an emergency or overcrowded docket</u>.

239  It shall be the duty of any special judge so appointed to assist

240  the court to which he is assigned in the disposition of causes so

241  pending in such court <u>for whatever period of time is designated by</u>

242  <u>the Chief Justice</u>.

S. B. No. 2339    **\*SS26/R680CS\***
05/SS26/R680CS
PAGE 7

243      (3)  When a vacancy exists for any of the reasons enumerated
244  in Section 9-1-103, the vacancy has not been filled within seven
245  (7) days by an appointment by the Governor, and there is a pending
246  cause or are pending causes in the court where the vacancy exists
247  that in the interests of justice and in the orderly dispatch of
248  the court's business require the appointment of a special judge,
249  the Chief Justice of the Supreme Court, with the advice and
250  consent of a majority of the justices of the Mississippi Supreme
251  Court, may appoint a qualified person as a special judge to fill
252  the vacancy until the Governor makes his appointment and such
253  appointee has taken the oath of office.

254      (4)  If the Chief Justice pursuant to this section shall make
255  an appointment within the authority vested in the Governor by
256  reason of Section 165, Mississippi Constitution of 1890, the
257  Governor may at his election appoint a person to so serve.  In the
258  event that the Governor makes such an appointment, any appointment
259  made by the Chief Justice pursuant to this section shall be void
260  and of no further force or effect from the date of the Governor's
261  appointment.

262      (5)  When a judicial officer is unwilling or unable to hear a
263  case or unable or unwilling to hold court for a period of time not
264  to exceed two (2) weeks, the trial judge or judges of the affected
265  district or county and other trial judges may agree among
266  themselves regarding the appointment of a person for such case or
267  such limited period of time.  The trial judges shall submit a
268  notice to the Chief Justice of the Supreme Court informing him of
269  their appointment.  If the Chief Justice does not appoint another
270  person to serve as special judge within seven (7) days after
271  receipt of such notice, the person designated in such order shall
272  be deemed appointed.

273      (6)  A person appointed to serve as a special judge may be
274  any currently sitting or retired chancery, circuit or county court
275  judge, Court of Appeals judge or Supreme Court Justice, or any

276 other person possessing the qualifications of the judicial office
277 for which the appointment is made; provided, however, that a judge
278 or justice who was retired from service at the polls shall not be
279 eligible for appointment as a special judge in the district in
280 which he served prior to his defeat.

281     (7)  Except as otherwise provided in subsection (2) of this
282 section, the need for an appointment pursuant to this section may
283 be certified to the Chief Justice of the Mississippi Supreme Court
284 by any attorney in good standing or other officer of the court.

285     (8)  The order appointing a person as a special judge
286 pursuant to this section shall describe as specifically as
287 possible the duration of the appointment.

288     (9)  A special judge appointed pursuant to this section shall
289 take the oath of office, if necessary, and shall, for the duration
290 of his appointment, enjoy the full power and authority of the
291 office to which he is appointed.

292     (10)  Any currently sitting justice or judge appointed as a
293 special judge under this section shall receive no additional
294 compensation for his or her service as special judge.  Any other
295 person appointed as a special judge hereunder shall, for the
296 period of his service, receive compensation from the state for
297 each day's service a sum equal to 1/260 of the current salary in
298 effect for the judicial office; provided, however, that no retired
299 chancery, circuit or county court judge, retired Court of Appeals
300 judge or any retired Supreme Court Justice appointed as a special
301 judge pursuant to this section may, during any fiscal year,
302 receive compensation in excess of twenty-five percent (25%) of the
303 current salary in effect for a chancery or circuit court judge.
304 Any person appointed as a special judge shall be reimbursed for
305 travel expenses incurred in the performance of the official duties
306 to which he may be appointed hereunder in the same manner as other
307 public officials and employees as provided by Section 25-3-41,
308 Mississippi Code of 1972.

309     (11)  If any person appointed as such special judge is
310  receiving retirement benefits by virtue of the provisions of the
311  Public Employees' Retirement Law of 1952, appearing as Sections
312  25-11-1 through 25-11-139, Mississippi Code of 1972, such benefits
313  shall not be reduced in any sum whatsoever because of such
314  service, nor shall any sum be deducted as contributions toward
315  retirement under said law.
316     (12)  The Supreme Court shall have authority to prescribe
317  rules and regulations reasonably necessary to implement and give
318  effect to the provisions of this section.
319     (13)  Nothing in this section shall abrogate the right of
320  attorneys engaged in a case to agree upon a member of the bar to
321  preside in a case pursuant to Section 165 of the Mississippi
322  Constitution of 1890.
323     (14)  The Supreme Court shall prepare the necessary payroll
324  for special judges appointed pursuant to this section and shall
325  submit such payroll to the Department of Finance and
326  Administration.
327     (15)  Special judges appointed pursuant to this section shall
328  direct requests for reimbursement for travel expenses authorized
329  pursuant to this section to the Supreme Court and the Supreme
330  Court shall submit such requests to the Department of Finance and
331  Administration.  The Supreme Court shall have the power to adopt
332  rules and regulations regarding the administration of travel
333  expenses authorized pursuant to this section.
334     **SECTION 19.**  Sections 23-15-982, 23-15-983 and 23-15-984,
335  Mississippi Code of 1972, which provide for the calculation of the
336  vote in multijudge districts in which candidates run "in the herd"
337  and the number of votes that may be cast by each elector, are
338  repealed.
339     **SECTION 20.**  The Attorney General of the State of Mississippi
340  shall submit this act, immediately upon approval by the Governor,
341  or upon approval by the Legislature subsequent to a veto, to the

342  Attorney General of the United States or to the United States
343  District Court for the District of Columbia in accordance with the
344  provisions of the Voting Rights Act of 1965, as amended and
345  extended.
346     **SECTION 21.**   This act shall take effect and be in force from
347  and after January 1, 2007, provided it is effectuated under
348  Section 5 of the Voting Rights Act of 1965, as amended and
349  extended; the candidates for any new judgeships or chancellorships
350  created under this act shall be entitled to run for those offices
351  in the November 2006 judicial elections.

S. B. No. 2339   *SS26/R680CS*
05/SS26/R680CS    ST:  Judicial redistricting; enact and eliminate
PAGE 11         running in the herd.

MISSISSIPPI LEGISLATURE

By: Senator(s) Ross

REGULAR SESSION 2005

To: Judiciary, Division A

COMMITTEE SUBSTITUTE
FOR
SENATE BILL NO. 2339

1      AN ACT TO ENACT REDISTRICTING OF THE CHANCERY AND CIRCUIT
2  COURTS; TO AMEND SECTION 9-5-7, MISSISSIPPI CODE OF 1972, TO ADD A
3  CHANCELLOR AND ELIMINATE RUNNING IN THE HERD IN THE FIRST CHANCERY
4  COURT DISTRICT; TO AMEND SECTION 9-5-13, MISSISSIPPI CODE OF 1972,
5  TO ELIMINATE RUNNING IN THE HERD IN THE THIRD CHANCERY COURT
6  DISTRICT; TO AMEND SECTION 9-5-22, MISSISSIPPI CODE OF 1972, TO
7  ELIMINATE RUNNING IN THE HERD IN THE SIXTH CHANCERY COURT
8  DISTRICT; TO AMEND SECTION 9-5-25, MISSISSIPPI CODE OF 1972, TO
9  ADD A CHANCELLOR TO THE SEVENTH CHANCERY COURT DISTRICT; TO AMEND
10  SECTION 9-5-36, MISSISSIPPI CODE OF 1972, TO ADD A CHANCELLOR TO
11  THE TENTH CHANCERY COURT DISTRICT; TO AMEND SECTION 9-5-40,
12  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
13  TWELFTH CHANCERY COURT DISTRICT; TO AMEND SECTION 9-5-41,
14  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
15  THIRTEENTH CHANCERY COURT DISTRICT AND TO ADD A CHANCELLOR TO THAT
16  DISTRICT; TO AMEND SECTION 9-5-54, MISSISSIPPI CODE OF 1972, TO
17  ELIMINATE RUNNING IN THE HERD IN THE EIGHTEENTH CHANCERY COURT
18  DISTRICT; TO AMEND SECTION 9-7-7, MISSISSIPPI CODE OF 1972, TO
19  ELIMINATE RUNNING IN THE HERD IN THE FIRST CIRCUIT COURT DISTRICT;
20  TO AMEND SECTION 9-7-14, MISSISSIPPI CODE OF 1972, TO ELIMINATE
21  RUNNING IN THE HERD IN THE THIRD CIRCUIT COURT DISTRICT; TO AMEND
22  SECTION 9-7-20, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN
23  THE HERD IN THE FIFTH CIRCUIT COURT DISTRICT; TO AMEND SECTION
24  9-7-32, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD
25  IN THE TENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-39,
26  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
27  FOURTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-42,
28  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
29  FIFTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-44,
30  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
31  SIXTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-46,
32  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
33  SEVENTEENTH CIRCUIT COURT DISTRICT, SUBDISTRICT 17-2; TO AMEND
34  SECTION 9-7-54, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN
35  THE HERD IN THE TWENTIETH CIRCUIT COURT DISTRICT; TO AMEND SECTION
36  9-1-105, MISSISSIPPI CODE OF 1972, TO CLARIFY THE AUTHORITY OF THE
37  CHIEF JUSTICE TO ASSIGN A SPECIAL JUDGE TO ASSIST A CHANCERY OR
38  CIRCUIT COURT WITH A BACKLOG OF CASES; TO REPEAL SECTIONS
39  23-15-982, 23-15-983 AND 23-15-984, MISSISSIPPI CODE OF 1972,
40  WHICH PROVIDE FOR THE CALCULATION OF VOTE IN MULTIJUDGE DISTRICTS
41  WHEREIN CANDIDATES RUN "IN THE HERD" AND THE NUMBER OF VOTES THAT
42  MAY BE CAST BY EACH ELECTOR; AND FOR RELATED PURPOSES.

43      WHEREAS, it is the responsibility of the Legislature under

44  Section 152 of the Mississippi Constitution of 1890 to divide the

45  state into an appropriate number of circuit court districts and

46  chancery court districts; and

47    WHEREAS, the Legislature has thoroughly investigated the
48  state of the trial courts and trial court districts and has
49  considered the needs of the state according to all the criteria
50  imposed by the Constitution and by general law; NOW THEREFORE,
51    BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:
52    **SECTION 1.**  Section 9-5-7, Mississippi Code of 1972, is
53  amended as follows:
54    9-5-7.  (1)  There shall be four (4) chancellors for the
55  First Chancery Court District.
56    (2)  For purposes of appointment and election, the four (4)
57  chancellorships shall be separate and distinct and denominated for
58  purposes of appointment and election only as "Place One," "Place
59  Two," "Place Three" and "Place Four."
60    **SECTION 2.**  Section 9-5-13, Mississippi Code of 1972, is
61  amended as follows:
62    9-5-13.  (1)  There shall be three (3) chancellors for the
63  Third Chancery Court District.
64    (2)  (a)  The chancellor of Subdistrict 3-1 shall be elected
65  from DeSoto County.  The two (2) chancellors of Subdistrict 3-2
66  shall be elected from Grenada County, Montgomery County, Panola
67  County, Tate County and Yalobusha County.
68    (b)  For purposes of appointment and election, the two
69  (2) chancellorships of Subdistrict 3-2 shall be separate and
70  distinct and denominated for purposes of appointment and election
71  only as "Place 3-2 One" and "Place 3-2 Two."
72    **SECTION 3.**  Section 9-5-22, Mississippi Code of 1972, is
73  amended as follows:
74    9-5-22.  (1)  There shall be two (2) chancellors for the
75  Sixth Chancery Court District.
76    (2)  For purposes of appointment and election, the two (2)
77  chancellorships shall be separate and distinct and denominated for
78  purposes of appointment and election only as "Place One" and
79  "Place Two."

S. B. No. 2339      *SS26/R680CS*
05/SS26/R680CS
PAGE 2

80      **SECTION 4.**  Section 9-5-25, Mississippi Code of 1972, is
81  amended as follows:
82      9-5-25.  <u>(1)</u>  There shall be <u>three (3)</u> chancellors for the
83  Seventh Chancery Court District.  One (1) chancellor shall be
84  elected from each subdistrict <u>and the third chancellor shall be</u>
85  <u>elected from the Seventh Chancery Court District at large.</u>
86      <u>(2)  For purposes of appointment and election, the three (3)</u>
87  <u>chancellorships shall be separate and distinct and denominated for</u>
88  <u>purposes of appointment and election only as "Place One," "Place</u>
89  <u>Two" and "Place Three."  "Place One" shall be that chancellor</u>
90  <u>elected from Subdistrict 7-1, "Place Two" shall be that chancellor</u>
91  <u>elected from Subdistrict 7-2, and "Place Three" shall be that</u>
92  <u>chancellor elected from the district at large.</u>
93      **SECTION 5.**  Section 9-5-36, Mississippi Code of 1972, is
94  amended as follows:
95      9-5-36.  (1)  There shall be <u>four (4)</u> chancellors for the
96  Tenth Chancery Court District.
97      (2)  For purposes of appointment and election, the <u>four (4)</u>
98  chancellorships shall be separate and distinct and denominated for
99  purposes of appointment and election only as "Place One," "Place
100  Two<u>,</u>" "Place Three" <u>and "Place Four."</u> * * *  The chancellor to
101  fill Place One <u>and Place Four</u> shall be a resident of Forrest,
102  Lamar, Marion, Pearl River or Perry County.  The chancellor to
103  fill Place Two shall be a resident of Lamar, Marion, Pearl River
104  or Perry County.  The chancellor to fill Place Three shall be a
105  resident of Forrest County.  Election of the <u>four (4)</u> offices of
106  chancellor shall be by election to be held in every county within
107  the Tenth Chancery Court District of Mississippi.
108      **SECTION 6.**  Section 9-5-40, Mississippi Code of 1972, is
109  amended as follows:
110      9-5-40.  <u>(1)</u>  There shall be two (2) judges for the Twelfth
111  Chancery Court District.

112       (2)  For purposes of appointment and election, the two (2)

113  chancellorships shall be separate and distinct and denominated for

114  purposes of appointment and election only as "Place One" and

115  "Place Two."

116       **SECTION 7.**  Section 9-5-41, Mississippi Code of 1972, is

117  amended as follows:

118       9-5-41.  (1)  The Thirteenth Chancery Court District shall be

119  comprised of the following counties:

120           (a)  Covington County;

121           (b)  Jefferson Davis County;

122           (c)  Lawrence County;

123           (d)  Simpson County; and

124           (e)  Smith County.

125       (2)  There shall be two (2) chancellors for the Thirteenth

126  Chancery Court District.  For purposes of appointment and

127  election, the two (2) chancellorships shall be separate and

128  distinct and denominated for purposes of appointment and election

129  only as "Place One" and "Place Two."

130       **SECTION 8.**  Section 9-5-54, Mississippi Code of 1972, is

131  amended as follows:

132       9-5-54.  (1)  There shall be two (2) chancellors for the

133  Eighteenth Chancery Court District.

134       (2)  For purposes of appointment and election, the two (2)

135  chancellorships shall be separate and distinct and denominated for

136  purposes of appointment and election only as "Place One" and

137  "Place Two."

138       **SECTION 9.**  Section 9-7-7, Mississippi Code of 1972, is

139  amended as follows:

140       9-7-7.  (1)  There shall be three (3) judges for the First

141  Circuit Court District.

142       (2)  For purposes of appointment and election, the three (3)

143  judgeships shall be separate and distinct and denominated for

144 purposes of appointment and election only as "Place One," "Place

145 Two" and "Place Three."

146 **SECTION 10.**  Section 9-7-14, Mississippi Code of 1972, is

147 amended as follows:

148 9-7-14.  (1)  There shall be two (2) circuit judges for the

149 Third Circuit Court District.

150 (2)  For purposes of appointment and election, the two (2)

151 judgeships shall be separate and distinct and denominated for

152 purposes of appointment and election only as "Place One" and

153 "Place Two."

154 **SECTION 11.**  Section 9-7-20, Mississippi Code of 1972, is

155 amended as follows:

156 9-7-20.  (1)  There shall be two (2) judges for the Fifth

157 Circuit Court District.

158 (2)  For purposes of appointment and election, the two (2)

159 judgeships shall be separate and distinct and denominated for

160 purposes of appointment and election only as "Place One" and

161 "Place Two."

162 **SECTION 12.**  Section 9-7-32, Mississippi Code of 1972, is

163 amended as follows:

164 9-7-32.  (1)  There shall be two (2) judges for the Tenth

165 Circuit Court District.

166 (2)  For purposes of appointment and election, the two (2)

167 judgeships shall be separate and distinct and denominated for

168 purposes of appointment and election only as "Place One" and

169 "Place Two."

170 **SECTION 13.**  Section 9-7-39, Mississippi Code of 1972, is

171 amended as follows:

172 9-7-39.  (1)  The Fourteenth Circuit Court District shall be

173 comprised of the following counties:

174 (a)  Lincoln County;

175 (b)  Pike County; and

176 (c)  Walthall County.

177  (2) (a) There shall be two (2) judges for the Fourteenth
178 Circuit Court District.

179   (b) For purposes of appointment and election, the two
180 (2) judgeships shall be separate and distinct and denominated for
181 purposes of appointment and election only as "Place One" and
182 "Place Two."

183  **SECTION 14.** Section 9-7-42, Mississippi Code of 1972, is
184 amended as follows:

185  9-7-42. (1) There shall be two (2) judges for the Fifteenth
186 Circuit Court District.

187  (2) For purposes of appointment and election, the two (2)
188 judgeships shall be separate and distinct and denominated for
189 purposes of appointment and election only as "Place One" and
190 "Place Two."

191  **SECTION 15.** Section 9-7-44, Mississippi Code of 1972, is
192 amended as follows:

193  9-7-44. (1) There shall be two (2) judges for the Sixteenth
194 Circuit Court District.

195  (2) For purposes of appointment and election, the two (2)
196 judgeships shall be separate and distinct and denominated for
197 purposes of appointment and election only as "Place One" and
198 "Place Two."

199  **SECTION 16.** Section 9-7-46, Mississippi Code of 1972, is
200 amended as follows:

201  9-7-46. (1) There shall be three (3) circuit judges for the
202 Seventeenth Circuit Court District.

203  (2) For the purpose of appointment and election, the three
204 (3) judgeships shall be separate and distinct, and one (1) judge
205 shall be elected from Subdistrict 17-1 and two (2) judges shall be
206 elected from Subdistrict 17-2. For purposes of appointment and
207 election, the two (2) judgeships in Subdistrict 17-2 shall be
208 separate and distinct and denominated for purposes of appointment
209 and election only as "Place 17-2 One" and "Place 17-2 Two."

210    **SECTION 17.**  Section 9-7-54, Mississippi Code of 1972, is
211    amended as follows:

212        9-7-54.  <u>(1)</u>  There shall be two (2) judges for the Twentieth
213    Circuit Court District.

214        <u>(2)  For purposes of appointment and election, the two (2)</u>
215    <u>judgeships shall be separate and distinct and denominated for</u>
216    <u>purposes of appointment and election only as "Place One" and</u>
217    <u>"Place Two."</u>

218    **SECTION 18.**  Section 9-1-105, Mississippi Code of 1972, is
219    amended as follows:

220        9-1-105.  (1)  Whenever any judicial officer is unwilling or
221    unable to hear a case or unable to hold or attend any of the
222    courts at the time and place required by law by reason of the
223    physical disability or sickness of such judicial officer, by
224    reason of the absence of such judicial officer from the state, by
225    reason of the disqualification of such judicial officer pursuant
226    to the provision of Section 165, Mississippi Constitution of 1890,
227    or any provision of the Code of Judicial Conduct, or for any other
228    reason, the Chief Justice of the Mississippi Supreme Court, with
229    the advice and consent of a majority of the justices of the
230    Mississippi Supreme Court, may appoint a person as a special judge
231    to hear the case or attend and hold a court.

232        (2)  Upon the request of the Chief Judge of the Court of
233    Appeals or the senior judge of a chancery or circuit court
234    district, the Chief Justice of the Mississippi Supreme Court, with
235    the advice and consent of a majority of the justices of the
236    Mississippi Supreme Court, shall have the authority to appoint a
237    special judge to serve on <u>a temporary</u> basis in a circuit or
238    chancery court <u>in the event of an emergency or overcrowded docket</u>.
239    It shall be the duty of any special judge so appointed to assist
240    the court to which he is assigned in the disposition of causes so
241    pending in such court <u>for whatever period of time is designated by</u>
242    <u>the Chief Justice</u>.

243      (3)  When a vacancy exists for any of the reasons enumerated
244  in Section 9-1-103, the vacancy has not been filled within seven
245  (7) days by an appointment by the Governor, and there is a pending
246  cause or are pending causes in the court where the vacancy exists
247  that in the interests of justice and in the orderly dispatch of
248  the court's business require the appointment of a special judge,
249  the Chief Justice of the Supreme Court, with the advice and
250  consent of a majority of the justices of the Mississippi Supreme
251  Court, may appoint a qualified person as a special judge to fill
252  the vacancy until the Governor makes his appointment and such
253  appointee has taken the oath of office.

254      (4)  If the Chief Justice pursuant to this section shall make
255  an appointment within the authority vested in the Governor by
256  reason of Section 165, Mississippi Constitution of 1890, the
257  Governor may at his election appoint a person to so serve.  In the
258  event that the Governor makes such an appointment, any appointment
259  made by the Chief Justice pursuant to this section shall be void
260  and of no further force or effect from the date of the Governor's
261  appointment.

262      (5)  When a judicial officer is unwilling or unable to hear a
263  case or unable or unwilling to hold court for a period of time not
264  to exceed two (2) weeks, the trial judge or judges of the affected
265  district or county and other trial judges may agree among
266  themselves regarding the appointment of a person for such case or
267  such limited period of time.  The trial judges shall submit a
268  notice to the Chief Justice of the Supreme Court informing him of
269  their appointment.  If the Chief Justice does not appoint another
270  person to serve as special judge within seven (7) days after
271  receipt of such notice, the person designated in such order shall
272  be deemed appointed.

273      (6)  A person appointed to serve as a special judge may be
274  any _currently_ sitting or retired chancery, circuit or county court
275  judge, Court of Appeals judge or Supreme Court Justice, or any

276 other person possessing the qualifications of the judicial office
277 for which the appointment is made; provided, however, that a judge
278 or justice who was retired from service at the polls shall not be
279 eligible for appointment as a special judge in the district in
280 which he served prior to his defeat.

281     (7)  Except as otherwise provided in subsection (2) of this
282 section, the need for an appointment pursuant to this section may
283 be certified to the Chief Justice of the Mississippi Supreme Court
284 by any attorney in good standing or other officer of the court.

285     (8)  The order appointing a person as a special judge
286 pursuant to this section shall describe as specifically as
287 possible the duration of the appointment.

288     (9)  A special judge appointed pursuant to this section shall
289 take the oath of office, if necessary, and shall, for the duration
290 of his appointment, enjoy the full power and authority of the
291 office to which he is appointed.

292     (10)  Any currently sitting justice or judge appointed as a
293 special judge under this section shall receive no additional
294 compensation for his or her service as special judge. Any other
295 person appointed as a special judge hereunder shall, for the
296 period of his service, receive compensation from the state for
297 each day's service a sum equal to 1/260 of the current salary in
298 effect for the judicial office; provided, however, that no retired
299 chancery, circuit or county court judge, retired Court of Appeals
300 judge or any retired Supreme Court Justice appointed as a special
301 judge pursuant to this section may, during any fiscal year,
302 receive compensation in excess of twenty-five percent (25%) of the
303 current salary in effect for a chancery or circuit court judge.
304 Any person appointed as a special judge shall be reimbursed for
305 travel expenses incurred in the performance of the official duties
306 to which he may be appointed hereunder in the same manner as other
307 public officials and employees as provided by Section 25-3-41,
308 Mississippi Code of 1972.

309      (11)  If any person appointed as such special judge is
310 receiving retirement benefits by virtue of the provisions of the
311 Public Employees' Retirement Law of 1952, appearing as Sections
312 25-11-1 through 25-11-139, Mississippi Code of 1972, such benefits
313 shall not be reduced in any sum whatsoever because of such
314 service, nor shall any sum be deducted as contributions toward
315 retirement under said law.

316      (12)  The Supreme Court shall have authority to prescribe
317 rules and regulations reasonably necessary to implement and give
318 effect to the provisions of this section.

319      (13)  Nothing in this section shall abrogate the right of
320 attorneys engaged in a case to agree upon a member of the bar to
321 preside in a case pursuant to Section 165 of the Mississippi
322 Constitution of 1890.

323      (14)  The Supreme Court shall prepare the necessary payroll
324 for special judges appointed pursuant to this section and shall
325 submit such payroll to the Department of Finance and
326 Administration.

327      (15)  Special judges appointed pursuant to this section shall
328 direct requests for reimbursement for travel expenses authorized
329 pursuant to this section to the Supreme Court and the Supreme
330 Court shall submit such requests to the Department of Finance and
331 Administration.  The Supreme Court shall have the power to adopt
332 rules and regulations regarding the administration of travel
333 expenses authorized pursuant to this section.

334      **SECTION 19.**  Sections 23-15-982, 23-15-983 and 23-15-984,
335 Mississippi Code of 1972, which provide for the calculation of the
336 vote in multijudge districts in which candidates run "in the herd"
337 and the number of votes that may be cast by each elector, are
338 repealed.

339      **SECTION 20.**  The Attorney General of the State of Mississippi
340 shall submit this act, immediately upon approval by the Governor,
341 or upon approval by the Legislature subsequent to a veto, to the

342 Attorney General of the United States or to the United States
343 District Court for the District of Columbia in accordance with the
344 provisions of the Voting Rights Act of 1965, as amended and
345 extended.
346     **SECTION 21.**  This act shall take effect and be in force from
347 and after January 1, 2007, provided it is effectuated under
348 Section 5 of the Voting Rights Act of 1965, as amended and
349 extended; the candidates for any new judgeships or chancellorships
350 created under this act shall be entitled to run for those offices
351 in the November 2006 judicial elections.

S. B. No. 2339      *SS26/R680CS*
05/SS26/R680CS          ST:  Judicial redistricting; enact and eliminate
PAGE 11                 running in the herd.

MISSISSIPPI LEGISLATURE

By: Senator(s) Ross

REGULAR SESSION 2005

To: Judiciary, Division A

SENATE BILL NO. 2339

1     AN ACT TO ENACT REDISTRICTING OF THE CHANCERY AND CIRCUIT
2  COURTS; TO AMEND SECTION 9-5-7, MISSISSIPPI CODE OF 1972, TO ADD A
3  CHANCELLOR AND ELIMINATE RUNNING IN THE HERD IN THE FIRST CHANCERY
4  COURT DISTRICT; TO AMEND SECTION 9-5-13, MISSISSIPPI CODE OF 1972,
5  TO ELIMINATE RUNNING IN THE HERD IN THE THIRD CHANCERY COURT
6  DISTRICT; TO AMEND SECTION 9-5-22, MISSISSIPPI CODE OF 1972, TO
7  ELIMINATE RUNNING IN THE HERD IN THE SIXTH CHANCERY COURT
8  DISTRICT; TO AMEND SECTION 9-5-25, MISSISSIPPI CODE OF 1972, TO
9  ADD A CHANCELLOR TO THE SEVENTH CHANCERY COURT DISTRICT; TO AMEND
10  SECTION 9-5-36, MISSISSIPPI CODE OF 1972, TO ADD A CHANCELLOR TO
11  THE TENTH CHANCERY COURT DISTRICT; TO AMEND SECTION 9-5-40,
12  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
13  TWELFTH CHANCERY COURT DISTRICT; TO AMEND SECTION 9-5-41,
14  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
15  THIRTEENTH CHANCERY COURT DISTRICT AND TO ADD A CHANCELLOR TO THAT
16  DISTRICT; TO AMEND SECTION 9-5-54, MISSISSIPPI CODE OF 1972, TO
17  ELIMINATE RUNNING IN THE HERD IN THE EIGHTEENTH CHANCERY COURT
18  DISTRICT; TO AMEND SECTION 9-7-7, MISSISSIPPI CODE OF 1972, TO
19  ELIMINATE RUNNING IN THE HERD IN THE FIRST CIRCUIT COURT DISTRICT;
20  TO AMEND SECTION 9-7-14, MISSISSIPPI CODE OF 1972, TO ELIMINATE
21  RUNNING IN THE HERD IN THE THIRD CIRCUIT COURT DISTRICT; TO AMEND
22  SECTION 9-7-20, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN
23  THE HERD IN THE FIFTH CIRCUIT COURT DISTRICT; TO AMEND SECTION
24  9-7-32, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD
25  IN THE TENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-39,
26  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
27  FOURTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-42,
28  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
29  FIFTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-44,
30  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
31  SIXTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-46,
32  MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE
33  SEVENTEENTH CIRCUIT COURT DISTRICT, SUBDISTRICT 17-2; TO AMEND
34  SECTION 9-7-54, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN
35  THE HERD IN THE TWENTIETH CIRCUIT COURT DISTRICT; TO AMEND SECTION
36  9-1-105, MISSISSIPPI CODE OF 1972, TO CLARIFY THE AUTHORITY OF THE
37  CHIEF JUSTICE TO ASSIGN A SPECIAL JUDGE TO ASSIST A CHANCERY OR
38  CIRCUIT COURT WITH A BACKLOG OF CASES; TO REPEAL SECTIONS
39  23-15-982, 23-15-983 AND 23-15-984, MISSISSIPPI CODE OF 1972,
40  WHICH PROVIDE FOR THE CALCULATION OF VOTE IN MULTIJUDGE DISTRICTS
41  WHEREIN CANDIDATES RUN "IN THE HERD" AND THE NUMBER OF VOTES THAT
42  MAY BE CAST BY EACH ELECTOR; AND FOR RELATED PURPOSES.

43     WHEREAS, it is the responsibility of the Legislature under

44  Section 152 of the Mississippi Constitution of 1890 to divide the

45  state into an appropriate number of circuit court districts and

46  chancery court districts; and

47    WHEREAS, the Legislature has thoroughly investigated the
48  state of the trial courts and trial court districts and has
49  considered the needs of the state according to all the criteria
50  imposed by the Constitution and by general law; NOW THEREFORE,
51    BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:
52    **SECTION 1.**  Section 9-5-7, Mississippi Code of 1972, is
53  amended as follows:
54    9-5-7.  (1)  There shall be <u>four (4)</u> chancellors for the
55  First Chancery Court District.
56    <u>(2)  For purposes of appointment and election, the four (4)</u>
57  <u>chancellorships shall be separate and distinct and denominated for</u>
58  <u>purposes of appointment and election only as "Place One," "Place</u>
59  <u>Two," "Place Three" and "Place Four."</u>
60    **SECTION 2.**  Section 9-5-13, Mississippi Code of 1972, is
61  amended as follows:
62    9-5-13.  (1)  There shall be three (3) chancellors for the
63  Third Chancery Court District.
64    (2)  <u>(a)</u>  The chancellor of Subdistrict 3-1 shall be elected
65  from DeSoto County.  The two (2) chancellors of Subdistrict 3-2
66  shall be elected from Grenada County, Montgomery County, Panola
67  County, Tate County and Yalobusha County.
68    <u>(b)  For purposes of appointment and election, the two</u>
69  <u>(2) chancellorships of Subdistrict 3-2 shall be separate and</u>
70  <u>distinct and denominated for purposes of appointment and election</u>
71  <u>only as "Place 3-2 One" and "Place 3-2 Two."</u>
72    **SECTION 3.**  Section 9-5-22, Mississippi Code of 1972, is
73  amended as follows:
74    9-5-22.  <u>(1)</u>  There shall be two (2) chancellors for the
75  Sixth Chancery Court District.
76    <u>(2)  For purposes of appointment and election, the two (2)</u>
77  <u>chancellorships shall be separate and distinct and denominated for</u>
78  <u>purposes of appointment and election only as "Place One" and</u>
79  <u>"Place Two."</u>

80    **SECTION 4.**  Section 9-5-25, Mississippi Code of 1972, is

81    amended as follows:

82         9-5-25.  (1)  There shall be three (3) chancellors for the

83    Seventh Chancery Court District.  One (1) chancellor shall be

84    elected from each subdistrict and the third chancellor shall be

85    elected from the Seventh Chancery Court District at large.

86         (2)  For purposes of appointment and election, the three (3)

87    chancellorships shall be separate and distinct and denominated for

88    purposes of appointment and election only as "Place One," "Place

89    Two" and "Place Three."  "Place One" shall be that chancellor

90    elected from Subdistrict 7-1, "Place Two" shall be that chancellor

91    elected from Subdistrict 7-2, and "Place Three" shall be that

92    chancellor elected from the district at large.

93         **SECTION 5.**  Section 9-5-36, Mississippi Code of 1972, is

94    amended as follows:

95         9-5-36.  (1)  There shall be four (4) chancellors for the

96    Tenth Chancery Court District.

97         (2)  For purposes of appointment and election, the four (4)

98    chancellorships shall be separate and distinct and denominated for

99    purposes of appointment and election only as "Place One," "Place

100   Two," "Place Three" and "Place Four." * * *  The chancellor to

101   fill Place One shall be a resident of Forrest, Lamar, Marion,

102   Pearl River or Perry County.  The chancellor to fill Place Two

103   shall be a resident of Lamar, Marion, Pearl River or Perry County.

104   The chancellor to fill Place Three shall be a resident of Forrest

105   County.  The chancellor to fill Place Four shall be a resident of

106   any county in the Tenth Chancery Court District.  Election of the

107   four (4) offices of chancellor shall be by election to be held in

108   every county within the Tenth Chancery Court District of

109   Mississippi.

110        **SECTION 6.**  Section 9-5-40, Mississippi Code of 1972, is

111   amended as follows:

112     9-5-40.  (1)  There shall be two (2) judges for the Twelfth

113  Chancery Court District.

114     (2)  For purposes of appointment and election, the two (2)

115  chancellorships shall be separate and distinct and denominated for

116  purposes of appointment and election only as "Place One" and

117  "Place Two."

118     **SECTION 7.**  Section 9-5-41, Mississippi Code of 1972, is

119  amended as follows:

120     9-5-41.  (1)  The Thirteenth Chancery Court District shall be

121  comprised of the following counties:

122        (a)  Covington County;

123        (b)  Jefferson Davis County;

124        (c)  Lawrence County;

125        (d)  Simpson County; and

126        (e)  Smith County.

127     (2)  There shall be two (2) chancellors for the Thirteenth

128  Chancery Court District.  For purposes of appointment and

129  election, the two (2) chancellorships shall be separate and

130  distinct and denominated for purposes of appointment and election

131  only as "Place One" and "Place Two."

132     **SECTION 8.**  Section 9-5-54, Mississippi Code of 1972, is

133  amended as follows:

134     9-5-54.  (1)  There shall be two (2) chancellors for the

135  Eighteenth Chancery Court District.

136     (2)  For purposes of appointment and election, the two (2)

137  chancellorships shall be separate and distinct and denominated for

138  purposes of appointment and election only as "Place One" and

139  "Place Two."

140     **SECTION 9.**  Section 9-7-7, Mississippi Code of 1972, is

141  amended as follows:

142     9-7-7.  (1)  There shall be three (3) judges for the First

143  Circuit Court District.

144   (2) For purposes of appointment and election, the three (3)
145 judgeships shall be separate and distinct and denominated for
146 purposes of appointment and election only as "Place One," "Place
147 Two" and "Place Three."

148   **SECTION 10.** Section 9-7-14, Mississippi Code of 1972, is
149 amended as follows:

150   9-7-14. <u>(1)</u> There shall be two (2) circuit judges for the
151 Third Circuit Court District.

152   (2) For purposes of appointment and election, the two (2)
153 judgeships shall be separate and distinct and denominated for
154 purposes of appointment and election only as "Place One," "Place
155 Two" and "Place Three."

156   **SECTION 11.** Section 9-7-20, Mississippi Code of 1972, is
157 amended as follows:

158   9-7-20. <u>(1)</u> There shall be two (2) judges for the Fifth
159 Circuit Court District.

160   (2) For purposes of appointment and election, the two (2)
161 judgeships shall be separate and distinct and denominated for
162 purposes of appointment and election only as "Place One" and
163 "Place Two."

164   **SECTION 12.** Section 9-7-32, Mississippi Code of 1972, is
165 amended as follows:

166   9-7-32. <u>(1)</u> There shall be two (2) judges for the Tenth
167 Circuit Court District.

168   (2) For purposes of appointment and election, the two (2)
169 judgeships shall be separate and distinct and denominated for
170 purposes of appointment and election only as "Place One" and
171 "Place Two."

172   **SECTION 13.** Section 9-7-39, Mississippi Code of 1972, is
173 amended as follows:

174   9-7-39. (1) The Fourteenth Circuit Court District shall be
175 comprised of the following counties:

176   (a) Lincoln County;

177          (b)  Pike County; and

178          (c)  Walthall County.

179     (2)  (a)  There shall be two (2) judges for the Fourteenth

180 Circuit Court District.

181          (b)  For purposes of appointment and election, the two

182 (2) judgeships shall be separate and distinct and denominated for

183 purposes of appointment and election only as "Place One" and

184 "Place Two."

185     SECTION 14.  Section 9-7-42, Mississippi Code of 1972, is

186 amended as follows:

187     9-7-42.  (1)  There shall be two (2) judges for the Fifteenth

188 Circuit Court District.

189     (2)  For purposes of appointment and election, the two (2)

190 judgeships shall be separate and distinct and denominated for

191 purposes of appointment and election only as "Place One" and

192 "Place Two."

193     SECTION 15.  Section 9-7-44, Mississippi Code of 1972, is

194 amended as follows:

195     9-7-44.  (1)  There shall be two (2) judges for the Sixteenth

196 Circuit Court District.

197     (2)  For purposes of appointment and election, the two (2)

198 judgeships shall be separate and distinct and denominated for

199 purposes of appointment and election only as "Place One" and

200 "Place Two."

201     SECTION 16.  Section 9-7-46, Mississippi Code of 1972, is

202 amended as follows:

203     9-7-46.  (1)  There shall be three (3) circuit judges for the

204 Seventeenth Circuit Court District.

205     (2)  For the purpose of appointment and election, the three

206 (3) judgeships shall be separate and distinct, and one (1) judge

207 shall be elected from Subdistrict 17-1 and two (2) judges shall be

208 elected from Subdistrict 17-2.  For purposes of appointment and

209 election, the two (2) judgeships in Subdistrict 17-2 shall be

210 separate and distinct and denominated for purposes of appointment

211 and election only as "Place 17-2 One" and "Place 17-2 Two."

212     **SECTION 17.**   Section 9-7-54, Mississippi Code of 1972, is

213 amended as follows:

214     9-7-54.  (1)   There shall be two (2) judges for the Twentieth

215 Circuit Court District.

216     (2)   For purposes of appointment and election, the two (2)

217 judgeships shall be separate and distinct and denominated for

218 purposes of appointment and election only as "Place One" and

219 "Place Two."

220     **SECTION 18.**   Section 9-1-105, Mississippi Code of 1972, is

221 amended as follows:

222     9-1-105.  (1)   Whenever any judicial officer is unwilling or

223 unable to hear a case or unable to hold or attend any of the

224 courts at the time and place required by law by reason of the

225 physical disability or sickness of such judicial officer, by

226 reason of the absence of such judicial officer from the state, by

227 reason of the disqualification of such judicial officer pursuant

228 to the provision of Section 165, Mississippi Constitution of 1890,

229 or any provision of the Code of Judicial Conduct, or for any other

230 reason, the Chief Justice of the Mississippi Supreme Court, with

231 the advice and consent of a majority of the justices of the

232 Mississippi Supreme Court, may appoint a person as a special judge

233 to hear the case or attend and hold a court.

234     (2)   Upon the request of the Chief Judge of the Court of

235 Appeals or the senior judge of a chancery or circuit court

236 district, the Chief Justice of the Mississippi Supreme Court, with

237 the advice and consent of a majority of the justices of the

238 Mississippi Supreme Court, shall have the authority to appoint a

239 special judge to serve on a temporary basis in a circuit or

240 chancery court in the event of an emergency or overcrowded docket.

241 It shall be the duty of any special judge so appointed to assist

242 the court to which he is assigned in the disposition of causes so

243   pending in such court <u>for whatever period of time is designated by</u>
244   <u>the Chief Justice</u>.

245        (3)   When a vacancy exists for any of the reasons enumerated
246   in Section 9-1-103, the vacancy has not been filled within seven
247   (7) days by an appointment by the Governor, and there is a pending
248   cause or are pending causes in the court where the vacancy exists
249   that in the interests of justice and in the orderly dispatch of
250   the court's business require the appointment of a special judge,
251   the Chief Justice of the Supreme Court, with the advice and
252   consent of a majority of the justices of the Mississippi Supreme
253   Court, may appoint a qualified person as a special judge to fill
254   the vacancy until the Governor makes his appointment and such
255   appointee has taken the oath of office.

256        (4)   If the Chief Justice pursuant to this section shall make
257   an appointment within the authority vested in the Governor by
258   reason of Section 165, Mississippi Constitution of 1890, the
259   Governor may at his election appoint a person to so serve.  In the
260   event that the Governor makes such an appointment, any appointment
261   made by the Chief Justice pursuant to this section shall be void
262   and of no further force or effect from the date of the Governor's
263   appointment.

264        (5)   When a judicial officer is unwilling or unable to hear a
265   case or unable or unwilling to hold court for a period of time not
266   to exceed two (2) weeks, the trial judge or judges of the affected
267   district or county and other trial judges may agree among
268   themselves regarding the appointment of a person for such case or
269   such limited period of time.  The trial judges shall submit a
270   notice to the Chief Justice of the Supreme Court informing him of
271   their appointment.  If the Chief Justice does not appoint another
272   person to serve as special judge within seven (7) days after
273   receipt of such notice, the person designated in such order shall
274   be deemed appointed.

275    (6)  A person appointed to serve as a special judge may be
276  any currently sitting or retired chancery, circuit or county court
277  judge, Court of Appeals judge or Supreme Court Justice, or any
278  other person possessing the qualifications of the judicial office
279  for which the appointment is made; provided, however, that a judge
280  or justice who was retired from service at the polls shall not be
281  eligible for appointment as a special judge in the district in
282  which he served prior to his defeat.
283    (7)  Except as otherwise provided in subsection (2) of this
284  section, the need for an appointment pursuant to this section may
285  be certified to the Chief Justice of the Mississippi Supreme Court
286  by any attorney in good standing or other officer of the court.
287    (8)  The order appointing a person as a special judge
288  pursuant to this section shall describe as specifically as
289  possible the duration of the appointment.
290    (9)  A special judge appointed pursuant to this section shall
291  take the oath of office, if necessary, and shall, for the duration
292  of his appointment, enjoy the full power and authority of the
293  office to which he is appointed.
294    (10)  Any currently sitting justice or judge appointed as a
295  special judge under this section shall receive no additional
296  compensation for his or her service as special judge.  Any other
297  person appointed as a special judge hereunder shall, for the
298  period of his service, receive compensation from the state for
299  each day's service a sum equal to 1/260 of the current salary in
300  effect for the judicial office; provided, however, that no retired
301  chancery, circuit or county court judge, retired Court of Appeals
302  judge or any retired Supreme Court Justice appointed as a special
303  judge pursuant to this section may, during any fiscal year,
304  receive compensation in excess of twenty-five percent (25%) of the
305  current salary in effect for a chancery or circuit court judge.
306  Any person appointed as a special judge shall be reimbursed for
307  travel expenses incurred in the performance of the official duties

308   to which he may be appointed hereunder in the same manner as other
309   public officials and employees as provided by Section 25-3-41,
310   Mississippi Code of 1972.
311       (11)  If any person appointed as such special judge is
312   receiving retirement benefits by virtue of the provisions of the
313   Public Employees' Retirement Law of 1952, appearing as Sections
314   25-11-1 through 25-11-139, Mississippi Code of 1972, such benefits
315   shall not be reduced in any sum whatsoever because of such
316   service, nor shall any sum be deducted as contributions toward
317   retirement under said law.
318       (12)  The Supreme Court shall have authority to prescribe
319   rules and regulations reasonably necessary to implement and give
320   effect to the provisions of this section.
321       (13)  Nothing in this section shall abrogate the right of
322   attorneys engaged in a case to agree upon a member of the bar to
323   preside in a case pursuant to Section 165 of the Mississippi
324   Constitution of 1890.
325       (14)  The Supreme Court shall prepare the necessary payroll
326   for special judges appointed pursuant to this section and shall
327   submit such payroll to the Department of Finance and
328   Administration.
329       (15)  Special judges appointed pursuant to this section shall
330   direct requests for reimbursement for travel expenses authorized
331   pursuant to this section to the Supreme Court and the Supreme
332   Court shall submit such requests to the Department of Finance and
333   Administration.  The Supreme Court shall have the power to adopt
334   rules and regulations regarding the administration of travel
335   expenses authorized pursuant to this section.
336       **SECTION 19.**  Sections 23-15-982, 23-15-983 and 23-15-984,
337   Mississippi Code of 1972, which provide for the calculation of the
338   vote in multijudge districts in which candidates run "in the herd"
339   and the number of votes that may be cast by each elector, are
340   repealed.

341   **SECTION 20.**  The Attorney General of the State of Mississippi
342   shall submit this act, immediately upon approval by the Governor,
343   or upon approval by the Legislature subsequent to a veto, to the
344   Attorney General of the United States or to the United States
345   District Court for the District of Columbia in accordance with the
346   provisions of the Voting Rights Act of 1965, as amended and
347   extended.
348   **SECTION 21.**  This act shall take effect and be in force from
349   and after January 1, 2007, provided it is effectuated under
350   Section 5 of the Voting Rights Act of 1965, as amended and
351   extended; the candidates for any new judgeships or chancellorships
352   created under this act shall be entitled to run for those offices
353   in the November 2006 judicial elections.

S. B. No. 2339      *SS01/R680*
05/SS01/R680           ST:  Judicial redistricting; enact and eliminate
PAGE 11                    running in the herd.

**Amends by Reference**
**COMMITTEE AMENDMENT NO 1 PROPOSED TO**

**Senate Bill No. 2339**

**BY: Committee**

        Amend by striking all after the enacting clause and inserting
in lieu thereof the following:

23      SECTION 1.  Section 9-5-1, Mississippi Code of 1972, is
24  amended as follows:
25      9-5-1.  A chancellor shall be elected for and from each of
26  the chancery court districts as provided in this chapter and the
27  listing of individual precincts shall be those precincts as they
28  existed on October 1, 2000.  He shall hold court in any other
29  district with the consent of the chancellor thereof when in their
30  opinion the public interest may be thereby promoted.  The terms of
31  all chancellors elected at the regular election for the year 1930
32  shall begin on the first day of January, 1931, and their terms of
33  office shall continue for four (4) years.  A chancellor shall be a
34  resident of the district in which he serves but shall not be
35  required to be a resident of a subdistrict if the district is
36  divided into subdistricts.
37      SECTION 2.  Section 9-5-7, Mississippi Code of 1972, is
38  amended as follows:
39      9-5-7.  (1)  There shall be four (4) chancellors for the
40  First Chancery Court District.

41   (2)  For purposes of appointment and election, the four (4)
42   chancellorships shall be separate and distinct and denominated for
43   purposes of appointment and election only as "Place One," "Place
44   Two," "Place Three" and "Place Four."  The chancellor to fill
45   Place One shall be a resident of Alcorn, Prentiss or Tishomingo
46   County.  The chancellor to fill Place Two shall be a resident of
47   Itawamba, Lee, Monroe, Pontotoc or Union County.  The chancellors
48   to fill Place Three and Place Four shall be residents of Alcorn,
49   Itawamba, Lee, Monroe, Pontotoc, Prentiss, Tishomingo or Union
50   Counties.  Election of the four (4) offices of chancellor shall be
51   by election to be held in every county within the First Chancery
52   Court District of Mississippi.

53       **SECTION 3.**  Section 9-5-11, Mississippi Code of 1972, is
54   amended as follows:

55       9-5-11.  (1)  The Third Chancery Court District shall be
56   comprised of the following counties:

57           (a)  DeSoto County;

58           (b)  Grenada County;

59           (c)  Montgomery County;

60           (d)  Panola County;

61           (e)  Tate County; and

62           (f)  Yalobusha County.

63       (2)  The Third Chancery Court District shall be divided into
64   two (2) subdistricts as follows:

65           (a)  Subdistrict 3-1 shall be comprised of Desoto County
66   and no chancellor shall be elected from said subdistrict; and

67           (b)  Subdistrict 3-2 which shall be comprised of
68   Grenada * * *, Montgomery * * *, Panola * * *, Tate * * * and
69   Yalobusha * * * Counties from which subdistrict two (2) chancery
70   judges shall be elected by post designation with no post being
71   denominated for purposes of appointment and election only as

72  "Place One" and one (1) post being denominated for purposes of

73  appointment and election only as "Place Two."

74      **SECTION 4.**  Section 9-5-13, Mississippi Code of 1972, is

75  amended as follows:

76      9-5-13.  **\* \* \***  There shall be three (3) chancellors for the

77  Third Chancery Court District.

78  **\* \* \***

79      **SECTION 5.**  Section 9-5-17, Mississippi Code of 1972, is

80  amended as follows:

81      9-5-17.  (1)  The Fifth Chancery Court District shall be

82  comprised of Hinds County.

83      (2)  The Fifth Chancery Court District shall be divided into

84  the following four (4) subdistricts:

85          (a)  Subdistrict 5-1 shall consist of the following

86  precincts in Hinds County:  Precincts 33, 34, 35, 36, 44, 45, 46,

87  78, 79, 72, 73, 74, 75, 76, 77, 92, 93, 96, 1, 2, 4, 5, 6, 8, 9,

88  10, 32, 47 and 97.

89          (b)  Subdistrict 5-2 shall consist of the following

90  precincts in Hinds County:  Precincts 37, 38, 39, 40, 41, 42, 43,

91  80, 81, 82, 83, 84, 11, 12, 13, 14, 15, 16, 17, **\* \* \*** 27, **\* \* \***

92  29, 30 and 85, Brownsville, Cynthia, Pocahontas and Tinnin

93  Precincts.

94          (c)  Subdistrict 5-3 shall consist of the following

95  precincts in Hinds County:  Precincts 21, 22, 23, 25, 28, 31, 86,

96  58, 59, 66, 67, 68, 69, 70, 71, 89, 24, 26, 54, 55, 56, 57, 60,

97  61, 62, 18, 19, 20, 50, 51, 52, 53, 63 and 64 and Jackson State

98  Precinct.

99          (d)  Subdistrict 5-4 shall consist of the following

100  precincts in Hinds County:  Precincts 94, 95, 87, 88, 90 and 91,

101  Bolton, Edwards, Pine Haven, Utica 1, Utica 2, Byram 1, Byram 2,

102  Cayuga, Learned, Clinton 1, Clinton 2, Clinton 3, Clinton 4,

103  Clinton 5, Clinton 6, Raymond 1, Raymond 2, Spring Ridge, St.

104  Thomas, Old Byram, Terry, Chapel Hill and Dry Grove Precincts.

105      **SECTION 6.**  Section 9-5-22, Mississippi Code of 1972, is

106  amended as follows:

107      9-5-22.  (1)  There shall be two (2) chancellors for the

108  Sixth Chancery Court District.

109      (2)  For purposes of appointment and election, the two (2)

110  chancellorships shall be separate and distinct and denominated for

111  purposes of appointment and election only as "Place One" and

112  "Place Two."

113      **SECTION 7.**  Section 9-5-25, Mississippi Code of 1972, is

114  amended as follows:

115      9-5-25.  There shall be three (3) chancellors for the Seventh

116  Chancery Court District.  One (1) chancellor shall be elected from

117  Subdistrict 7-1 and two (2) chancellors shall be elected from

118  Subdistrict 7-2.  For purposes of appointment and election, the

119  two (2) chancellorships for Subdistrict 7-2 shall be separate and

120  distinct and denominated for purposes of appointment and election

121  only as "Place One" and "Place Two."

122      **SECTION 8.**  Section 9-5-31, Mississippi Code of 1972, is

123  amended as follows:

124      9-5-31.  (1)  The Ninth Chancery Court District shall be

125  comprised of the following counties:

126          (a)  Humphreys County;

127          (b)  Issaquena County;

128          (c)  Sharkey County;

129          (d)  Sunflower County;

130          (e)  Warren County; and

131          (f)  Washington County.

132      (2)  The Ninth Chancery Court District shall be divided into

133  three (3) subdistricts as follows:

134        (a)  Subdistrict 9-1 shall consist of the following

135   precincts in the following counties:

136             (i)  Sunflower County:  Indianola 3 North,

137   Indianola 3 South, Ruleville, Boyer-Linn, Fairview-Hale, Rome,

138   Sunflower Plantation, Drew and Ruleville North Precincts; and

139             (ii)  Washington County:  Buster Brown Community

140   Center, Extension Building, Faith Lutheran Church, Brent Center,

141   William Percy Library, American Legion, Metcalf City Hall, Elks

142   Club, Leland Health Department Clinic, Leland Light and Water

143   Plant and Greenville Industrial College Precincts.

144        (b)  Subdistrict 9-2 shall consist of Humphreys County

145   and the following precincts in the following counties:

146             (i)  Sunflower County:  Inverness, Indianola 1,

147   Moorhead, Indianola 2 West, Indianola 2 East, Sunflower, Indianola

148   3 Northeast, Doddsville and Sunflower 4 Precincts; and

149             (ii)  Washington County:  St. James Episcopal

150   Church, Swiftwater Baptist Church, Glen Allan Health Clinic,

151   Italian Club, Ward's Recreation Center, Avon Health Center, Arcola

152   City Hall, Kapco Co., Hollandale City Hall, Darlove Baptist

153   Church, Mangelardi Bourbon Store and Grace Methodist Church

154   Precincts.

155        (c)  Subdistrict 9-3 shall consist of Issaquena County,

156   Sharkey County and Warren County.

157   **SECTION 9.**  Section 9-5-36, Mississippi Code of 1972, is

158   amended as follows:

159      9-5-36.  (1)  There shall be four (4) chancellors for the

160   Tenth Chancery Court District.

161      (2)  For purposes of appointment and election, the four (4)

162   chancellorships shall be separate and distinct and denominated for

163   purposes of appointment and election only as "Place One," "Place

164   Two," * * * "Place Three" and "Place Four," respectively.  The

165   chancellor to fill Place One shall be a resident of Forrest,

166  Lamar, Marion, Pearl River or Perry County.  The chancellor to
167  fill Place Two shall be a resident of Lamar, Marion, Pearl River
168  or Perry County.  The chancellor to fill Place Three shall be a
169  resident of Forrest County.  The chancellor to fill Place Three
170  shall be a resident of Forrest, Lamar, Marion, Pearl River or
171  Perry County.  Election of the four (4) offices of chancellor
172  shall be by election to be held in every county within the Tenth
173  Chancery Court District of Mississippi.
174      SECTION 10.  Section 9-5-37, Mississippi Code of 1972, is
175  amended as follows:
176      9-5-37.  (1)  The Eleventh Chancery Court District shall be
177  comprised of the following counties:
178          (a)  Holmes County;
179          (b)  Leake County;
180          (c)  Madison County; and
181          (d)  Yazoo County.
182      (2)  The Eleventh Chancery Court District shall be divided
183  into two (2) subdistricts as follows:
184          (a)  Subdistrict 11-1 shall consist of Holmes County,
185  Yazoo County and Canton Precinct 4, Canton Precinct 5, Smith
186  School, Magnolia Heights, Flora and Bible Church Precincts of
187  Madison County;
188          (b)  Subdistrict 11-2 shall consist of Leake County and
189  Ratliff Ferry, Madisonville, Trace Harbor, Canton Precinct 1,
190  Canton Precinct 2, Canton Precinct 3, Canton Precinct 7, Cameron
191  Street, Main Harbor, Victory Baptist Church, Bear Creek, Madison
192  1, Madison 2, Madison 3, Ridgeland 1, Ridgeland 3, Ridgeland 4,
193  Ridgeland First Methodist Church, Gluckstadt, Lorman/Cavalier,
194  Tougaloo, Cobblestone Church of God, Highland Colony Baptist
195  Church, Whisper Lake, Virlilia, Liberty, New Industrial Park,
196  Madison County Baptist Family Life Center, Cameron, Couparle,

197  Camden, Sharon and Luther Branson School Precincts of Madison
198  County.
199       SECTION 11.  Section 9-5-40, Mississippi Code of 1972, is
200  amended as follows:
201       9-5-40.  (1)  There shall be two (2) judges for the Twelfth
202  Chancery Court District.
203       (2)  For purposes of appointment and election, the two (2)
204  chancellorships shall be separate and distinct and denominated for
205  purposes of appointment and election only as "Place One" and
206  "Place Two."
207       SECTION 12.  The following shall be codified as Section
208  9-5-42, Mississippi Code of 1972:
209       9-5-42.  (1)  There shall be two (2) chancellors for the
210  Thirteenth Chancery Court District.
211       (2)  For purposes of appointment and election, the two (2)
212  chancellorships shall be separate and distinct and denominated for
213  purposes of appointment and election only as "Place One" and
214  "Place Two."
215       SECTION 13.  Section 9-5-43, Mississippi Code of 1972, is
216  amended as follows:
217       9-5-43.  (1)  The Fourteenth Chancery Court District shall be
218  comprised of the following counties:
219            (a)  Chickasaw County;
220            (b)  Clay County;
221            (c)  Lowndes County;
222            (d)  Noxubee County;
223            (e)  Oktibbeha County; and
224            (f)  Webster County.
225       (2)  The Fourteenth Chancery Court District shall be divided
226  into three (3) subdistricts as follows:
227            (a)  Subdistrict 14-1 shall consist of Chickasaw County,
228  Webster County and the following precincts in Oktibbeha County:

229   West Starkville, Adaton, North Longview, Self Creek, Double
230   Springs, Northeast Starkville, East Starkville, North Starkville,
231   Maben, South Starkville, South Longview, Craig Springs, Bradley,
232   Center Grove and Sturgis Precincts.
233         (b)   Subdistrict 14-2 shall consist of the following
234   precincts in the following counties:
235               (i)   Clay County:  Vinton, East West Point, Siloam,
236   Central West Point, South West Point and Cedar Bluff Precincts;
237   and
238               (ii)   Lowndes County:  Caledonia, Steens A, Steens
239   B, Caldwell, Stokes Beard B, Fairview, Sale, Rural Hill B, Lee
240   High, Brandon A, Brandon B, Franklin A, Franklin B, Air Base A,
241   Air Base B, Air Base C, Air Base D, Steens C, Rural Hill A, New
242   Hope A, Mitchell, New Hope B, Union Academy A and University A
243   Precincts.
244         (c)   Subdistrict 14-3 shall consist of Noxubee County
245   and the following precincts in the following counties:
246               (i)   Clay County:  North West Point, Union Star,
247   Tibbee, Cairo, Caradine, Una, West Point, Pheba and Pine Bluff
248   Precincts;
249               (ii)   Lowndes County:  Co-op A, Co-op B, Trinity,
250   Coleman, Stokes Beard A, Fairgrounds A, Fairgrounds B, Fairgrounds
251   C, Coleman, Plum Grove A, Crawford A, Hunt C, Hunt B, Hunt A,
252   Union Academy B, University B, West Lowndes, Artesia, Mayhew,
253   Crawford B, Crawford C, New Hope C, Plum Grove B and Plum Grove C
254   Precincts; and
255               (iii)   Oktibbeha County:  Osborn, Hickory Grove,
256   Bell Schoolhouse, Central Starkville, Gillespie Street Center,
257   Sessums and Oktoc Precincts.
258         **SECTION 14.**  Section 9-5-51, Mississippi Code of 1972, is
259   amended as follows:

260        9-5-51.  (1)  The Seventeenth Chancery Court District shall

261  be comprised of the following counties:

262          (a)  Adams County;

263          (b)  Claiborne County;

264          (c)  Jefferson County; and

265          (d)  Wilkinson County.

266      (2)  The Seventeenth Chancery Court District shall be divided

267  into two (2) subdistricts as follows:

268         (a)  Subdistrict 17-1 shall consist of Claiborne County,

269  Jefferson County, and the following precincts in Adams

270  County: * * * Palestine, Northside School, Thompson, Pine Ridge,

271  Airport * * * and Washington Precincts.

272         (b)  Subdistrict 17-2 shall consist of Wilkinson County

273  and the following precincts in Adams County:  Courthouse, By-Pass

274  Fire Station, Cloverdale, Bellemont, Carpenter * * *, Duncan Park,

275  Beau Pre, Kingston, Concord, <u>Convention Center, Maryland Heights,</u>

276  Liberty Park, Morgantown<u>, Foster Mound</u> and Oakland Precincts.

277      (3)  There shall be two (2) chancellors for the Seventeenth

278  Chancery Court District.  One (1) chancellor shall be elected from

279  each subdistrict.

280      **SECTION 15.**  Section 9-5-54, Mississippi Code of 1972, is

281  amended as follows:

282      9-5-54.  <u>(1)</u>  There shall be two (2) chancellors for the

283  Eighteenth Chancery Court District.

284      <u>(2)  For the purposes of appointment and election, the two</u>

285  <u>(2) chancellorships shall be separate and distinct and denominated</u>

286  <u>for purposes of appointment and election only as "Place One" and</u>

287  <u>"Place Two."</u>

288      **SECTION 16.**  Section 9-5-58, Mississippi Code of 1972, is

289  amended as follows:

290      9-5-58.  There shall be <u>three (3)</u> chancellors for the

291  Twentieth Chancery Court District.  For purposes of appointment

292 and election the three (3) chancellorships shall be separate and
293 distinct and denominated for purposes of appointment and election
294 only as "Place One," * * * "Place Two" and "Place Three."
295     **SECTION 17.**  Section 9-7-1, Mississippi Code of 1972, is
296 amended as follows:
297     9-7-1.  A circuit judge shall be elected for and from each
298 circuit court district and the listing of individual precincts
299 shall be those precincts as they existed on October 1, 2000.  He
300 may hold court in any other district with the consent of the judge
301 thereof, when in their opinion the public interest may require.
302 The terms of all circuit judges hereafter elected shall begin on
303 the first day of January 1931, and their terms of office shall
304 continue for four (4) years.  A circuit judge shall be a resident
305 of the district in which he or she serves but shall not be
306 required to be a resident of a subdistrict if the district is
307 divided into subdistricts.
308     **SECTION 18.**  Section 9-7-7, Mississippi Code of 1972, is
309 amended as follows:
310     9-7-7.  (1)  There shall be four (4) judges for the First
311 Circuit Court District.
312     (2)  For purposes of appointment and election, the four (4)
313 judgeships shall be separate and distinct and denominated for
314 purposes of appointment and election only as "Place One," "Place
315 Two," "Place Three" and "Place Four."  The judge to fill Place One
316 shall be a resident of Alcorn, Prentiss or Tishomingo County.  The
317 judge to fill Place Two shall be a resident of Itawamba, Lee,
318 Monroe or Pontotoc County.  The judges to fill Place Three and
319 Place Four shall be residents of Alcorn, Itawamba, Lee, Monroe,
320 Pontotoc, Prentiss or Tishomingo Counties.  Election of the four
321 (4) offices of judge shall be by election to be held in every
322 county within the First Circuit Court District of Mississippi.

323    **SECTION 19.**  Section 9-7-14, Mississippi Code of 1972, is

324    amended as follows:

325        9-7-14.  (1)  There shall be three (3) circuit judges for the

326    Third Circuit Court District.

327        (2)  For purposes of appointment and election, the three (3)

328    judgeships shall be separate and distinct and denominated for

329    purposes of appointment and election only as "Place One, "Place

330    Two" and "Place Three."  The judge for "Place Three" shall be a

331    resident of Benton, Marshall or Tippah County.

332        **SECTION 20.**  Section 9-7-15, Mississippi Code of 1972, is

333    amended as follows:

334        9-7-15.  (1)  The Fourth Circuit Court District shall be

335    composed of the following counties:

336            (a)  Leflore County;

337            (b)  Sunflower County; and

338            (c)  Washington County.

339        (2)  The Fourth Circuit Court District shall be divided into

340    four (4) subdistricts as follows:

341            (a)  Subdistrict 4-1 shall consist of the following

342    precincts in the following counties:

343                (i)  Leflore County:  Minter City, North Greenwood,

344    Money, Northeast Greenwood, Schlater, West Greenwood, Mississippi

345    Valley State University and Southeast Greenwood Precincts; and

346                (ii)  Sunflower County:  Ruleville, Rome, Sunflower

347    Plantation, Drew, Doddsville, Boyer-Linn, Fairview-Hale and

348    Ruleville North Precincts.

349            (b)  Subdistrict 4-2 shall consist of the following

350    precincts in the following counties:

351                (i)  Sunflower County:  Indianola 1, Sunflower,

352    Indianola 3 North, Indianola 3 South, Indianola 3 Northeast and

353    Sunflower 4 Precincts; and

354          (ii)  Washington County:  Extension Building, Faith
355   Lutheran Church, American Legion, Metcalfe City Hall, Elks Club,
356   Leland Health Department Clinic, Leland Light and Water Plant and
357   Greenville Industrial College Precincts.

358          (c)  Subdistrict 4-3 shall consist of the following
359   precincts in the following counties:

360          (i)  Leflore County:  East Greenwood Sub-A, East
361   Greenwood Sub-B, Central Greenwood, North Itta Bena, South Itta
362   Bena, Southwest Greenwood, Rising Sun, Sidon, Morgan City,
363   Swiftown and South Greenwood Precincts;

364          (ii)  Sunflower County:  Moorhead, Inverness,
365   Indianola 2 West and Indianola 2 East Precincts; and

366          (iii)  Washington County:  Arcola City Hall,
367   Hollandale City Hall, Darlove Baptist Church and Mangelardi
368   Bourbon Store Precincts.

369          (d)  Subdistrict 4-4 shall consist of the following
370   precincts in Washington County:  St. James Episcopal Church,
371   Swiftwater Baptist Church, Glen Allan Health Clinic, Italian Club,
372   Ward's Recreation Center, Buster Brown Community Center, Avon
373   Health Center, Kapco Company, Brent Center, William Percy Library
374   and Grace Methodist Church Precincts.

375          (3)  The local contributions required for the maintenance of
376   the Fourth Circuit Court District shall be paid on a pro rata
377   basis each by Leflore, Sunflower and Washington Counties.

378      **SECTION 21.**  Section 9-7-20, Mississippi Code of 1972, is
379   amended as follows:

380      9-7-20.  (1)  There shall be two (2) judges for the Fifth
381   Circuit Court District.

382      (2)  For purposes of appointment and election, the two (2)
383   judgeships shall be separate and distinct and denominated for
384   purposes of appointment and election only as "Place One" and
385   "Place Two."

386   **SECTION 22.**  Section 9-7-21, Mississippi Code of 1972, is
387 amended as follows:
388   9-7-21.  (1)  The Sixth Circuit Court District shall be
389 comprised of the following counties:
390     (a)  Adams County;
391     (b)  Amite County;
392     (c)  Franklin County; and
393     (d)  Wilkinson County.
394   (2)  The Sixth Circuit Court District shall be divided into
395 two (2) subdistricts as follows:
396     (a)  Subdistrict 6-1 shall consist of Wilkinson County
397 and the following precincts in the following counties:
398      (i) Adams County:  Courthouse, By-Pass Fire
399 Station, Cloverdale, Carpenter * * *, Concord, Maryland Heights,
400 Northside School, Thompson, Pine Ridge <u>and</u> Airport * * *
401 Precincts; and
402      (ii) Amite County:  Gloster, Ariel, Homochitto,
403 Crosby, East Centreville, Street and Berwick Precincts.
404     (b)  Subdistrict 6-2 shall consist of Franklin County,
405 <u>and the following precincts in the following counties:</u>
406      <u>(i)  Amite County:  East Gloster, Liberty, New</u>
407 <u>Zion, Zion Hill, Amite River, Oneil, East Fork, East Liberty,</u>
408 <u>Smithdale, Tangipahoa, Riceville, South Liberty, Tickfaw and Walls</u>
409 <u>Precincts.</u>
410      <u>(ii)</u> Adams County:  Bellemont, Duncan Park, Beau
411 Pre, Kingston, <u>Convention Center,</u> Liberty Park, Palestine,
412 Morgantown, <u>Foster Mound,</u> Oakland and Washington Precincts.
413   (3)  There shall be two (2) circuit judges for the Sixth
414 Circuit Court District.  One (1) judge shall be elected from each
415 subdistrict.
416   **SECTION 23.**  Section 9-7-23, Mississippi Code of 1972, is
417 amended as follows:

418    9-7-23.  (1)  The Seventh Circuit Court District shall be
419  comprised of Hinds County.

420    (2)  The Seventh Circuit Court District shall be divided into
421  five (5) subdistricts in Hinds County as follows:

422    (a)  Subdistrict 7-1 shall consist of the following
423  precincts in Hinds County:  Precincts 33, 34, 35, 36, 37, 38, 42,
424  43, 44, 45, 46, 78, * * * 72, * * * 76, 77, * * * 93, 96, 1, 2, 4,
425  5, 6, 8, 9, * * * 32, 47 and 97.

426    (b)  Subdistrict 7-2 shall consist of the following
427  precincts in Hinds County:  Precincts * * * 39, 40, 41, 79, 80,
428  81, 82, 83, 84, 11, 12, 13, 14, 15, 16, 17, 23, 27, 28, 29, 30 and
429  85, Brownsville, Cynthia, Pocahontas and Tinnin Precincts.

430    (c)  Subdistrict 7-3 shall consist of the following
431  precincts in Hinds County:  Precincts 10, 22, * * * 31, * * * 58,
432  59, 66, 67, 68, 69, 70, 71, 89, * * * 26, 54, 55, 56, 57, * * *
433  18, 19, 20, 50, 51, 52, 53, 63, 64 and 89 and Jackson State
434  Precinct.

435    (d)  Subdistrict 7-4 shall consist of the following
436  precincts in Hinds County:  * * * Bolton, Edwards, Pine Haven,
437  Utica 1, Utica 2, Byram 1, Byram 2, Cayuga, Learned, Clinton 1,
438  Clinton 2, Clinton 3, Clinton 4, Clinton 5, Clinton 6, Raymond
439  1, * * * St. Thomas, Old Byram, Terry, Chapel Hill and Dry Grove
440  Precincts.

441    (e)  Subdistrict 7-5 shall consist of the following
442  precincts in Hinds County:  Precincts 21, 24, 25, 26, 60, 61, 62,
443  73, 74, 75, 86, 87, 88, 90, 91, 92, 94 and 95 and Raymond 2 and
444  Spring Ridge Precincts.

445    **SECTION 24.**  Section 9-7-25, Mississippi Code of 1972, is
446  amended as follows:

447    9-7-25.  (1)  There shall be five (5) circuit judges for the
448  Seventh Circuit Court District.  One (1) judge shall be elected
449  from each subdistrict.

450     (2)  While there shall be no limitation whatsoever upon the
451 powers and duties of the said judges other than as cast upon them
452 by the Constitution and laws of this state, the court in the First
453 Judicial District of Hinds County, in the discretion of the senior
454 circuit judge, may be divided into civil and criminal divisions as
455 a matter of convenience, by the entry of an order upon the minutes
456 of the court.

457     **SECTION 25.**  Section 9-7-29, Mississippi Code of 1972, is
458 amended as follows:

459     9-7-29.  (1)  The Ninth Circuit Court District shall be
460 comprised of the following counties:

461             (a)  Issaquena County;

462             (b)  Sharkey County; and

463             (c)  Warren County.

464     (2)  The Ninth Circuit Court District shall be divided into
465 two (2) subdistricts as follows:

466             (a)  Subdistrict 9-1 shall consist of Issaquena County,
467 Sharkey County and the following precincts in Warren County:  St.
468 Aloysius, Kings, Cedar Grove, 3-61 Store, Auditorium, Brunswick,
469 Vicksburg Junior High School and American Legion Precincts.

470             (b)  Subdistrict 9-2 shall consist of the following
471 precincts in Warren County:  Oak Ridge, Bovina, Culkin, Redwood,
472 Number 7 Firestation, Jett, Elks Club, Goodrum Church, Yokena,
473 Plumbers Hall, Beechwood, Y.M.C.A., Moose Lodge and Tingleville
474 Precincts.

475     **SECTION 26.**  Section 9-7-32, Mississippi Code of 1972, is
476 amended as follows:

477     9-7-32.  (1)  There shall be two (2) judges for the Tenth
478 Circuit Court District.

479     (2)  For purposes of appointment and election, the two (2)
480 judgeships shall be separate and distinct and denominated for

481 purposes of appointment and election only as "Place One" and

482 "Place Two."

483    **SECTION 27.**  Section 9-7-33, Mississippi Code of 1972, is

484 amended as follows:

485    9-7-33.  (1)  The Eleventh Circuit Court District shall be

486 comprised of the following counties:

487         (a)  Bolivar County;

488         (b)  Coahoma County;

489         (c)  Quitman County; and

490         (d)  Tunica County.

491    (2)  The Eleventh Circuit Court District shall be divided

492 into three (3) subdistricts as follows:

493         (a)  Subdistrict 11-1 shall consist of the following

494 precincts from the following counties:

495              (i)  Bolivar County:  Gunnison, West Rosedale, East

496 Rosedale, Pace, Beulah, Roundlake/Deeson, Benoit, Scott, Northwest

497 Cleveland, Cleveland Courthouse, West Central Cleveland, West

498 Cleveland, Longshot, South Cleveland, North Cleveland, Skene,

499 Shaw, Boyle, Choctaw and Stringtown Precincts; and

500              (ii)  Coahoma County:  Sherard, Clarksdale 2-4,

501 Rena Lara, * * * Bobo and Clarksdale 5-4 Precincts.

502         (b)  Subdistrict 11-2 shall consist of the following

503 precincts from the following counties:

504              (i)  Bolivar County:  Pleasant Green,

505 Duncan/Alligator, Shelby, Mound Bayou, Winstonville, Merigold,

506 Renova, East Central Cleveland, Cleveland Eastgate, and East

507 Cleveland Precincts;

508              (ii)  Coahoma County:  Dublin, Clarksdale 3-3,

509 Clarksdale 3-4, Cagle Crossing, Clarksdale 4-2 and Roundway

510 Precincts; and

511              (iii)  Quitman County:  Southwest Marks, West

512 Lambert and Lambert * * * Precincts.

513        (c)  Subdistricts 11-3 shall consist of Tunica County
514  and the following precincts in the following counties:
515             (i)  Coahoma County:  Lula, Farrell, Friars Point,
516  Lyon, Clarksdale 1-4, Clarksdale 4-3, * * * Coahoma and Jonestown
517  Precincts; and
518             (ii)  Quitman County:  Crenshaw, Sledge, * * *
519  Darling, Belen, Northwest Marks, Northeast Marks, East Marks-NE
520  Lambert and Crowder Precincts.
521    **SECTION 28.**  Section 9-7-39, Mississippi Code of 1972, is
522  amended as follows:
523    9-7-39.  (1)  The Fourteenth Circuit Court District shall be
524  comprised of the following counties:
525        (a)  Lincoln County;
526        (b)  Pike County; and
527        (c)  Walthall County.
528    (2)  There shall be two (2) judges for the Fourteenth Circuit
529  Court District.  For purposes of appointment and election, the two
530  (2) judgeships shall be separate and distinct and denominated for
531  purposes of appointment and election only as "Place One" and
532  "Place Two."
533    **SECTION 29.**  Section 9-7-42, Mississippi Code of 1972, is
534  amended as follows:
535    9-7-42.  (1)  There shall be three (3) judges for the
536  Fifteenth Circuit Court District.
537        (2)  For the purposes of appointment and election, the three
538  (3) judgeships shall be separate and distinct and denominated for
539  purposes of appointment and election only as "Place One," "Place
540  Two" and "Place Three."
541    **SECTION 30.**  Section 9-7-44, Mississippi Code of 1972, is
542  amended as follows:
543    9-7-44.  There shall be three (3) judges for the Sixteenth
544  Circuit Court District.

545  **SECTION 31.**  Section 9-7-46, Mississippi Code of 1972, is
546  amended as follows:

547      9-7-46.  (1)  There shall be <u>four (4)</u> circuit judges for the
548  Seventeenth Circuit Court District.

549      (2)  For the purpose of appointment and election, the <u>four</u>
550  <u>(4)</u> judgeships shall be separate and distinct, and <u>two (2) judges</u>
551  shall be elected from Subdistrict 17-1 and two (2) judges shall be
552  elected from Subdistrict 17-2.  <u>For purposes of appointment and</u>
553  <u>election, the two (2) judgeships in Subdistrict 17-1 shall be</u>
554  <u>separate and distinct and denominated for purposes of appointment</u>
555  <u>and election only as "Place One" and "Place Two."  For purposes of</u>
556  <u>appointment and election, the two (2) judgeships in Subdistrict</u>
557  <u>17-2 shall be separate and distinct and denominated for purposes</u>
558  <u>of election and appointment as "Place One" and "Place Two."</u>

559  **SECTION 32.**  Section 9-7-53, Mississippi Code of 1972, is
560  amended as follows:

561      9-7-53.  The Twentieth Circuit Court District shall be * * *
562  Rankin County.

563  **SECTION 33.**  Section 9-7-54, Mississippi Code of 1972, is
564  amended as follows:

565      9-7-54.  <u>(1)</u>  There shall be two (2) judges for the Twentieth
566  Circuit Court District.

567      <u>(2)  For the purposes of appointment and election, the two</u>
568  <u>(2) judgeships shall be separate and distinct and denominated for</u>
569  <u>purposes of appointment and election only as "Place One" and</u>
570  <u>"Place Two."</u>

571  **SECTION 34.**  The following shall be codified as Section
572  9-7-59, Mississippi Code of 1972:

573      <u>9-7-59.</u>  The Twenty-third Circuit Court District shall be
574  Madison County and shall be divided into two (2) subdistricts as
575  follows:

576        (a)  (i)  Subdistrict 23-1 shall consist of the

577  following precincts:  Ratliff Ferry, Canton Precinct 2, Canton

578  Precinct 3, Canton Precinct 7, Smith School, Magnolia Heights,

579  Flora, Virlilia, Canton Precinct 5, Liberty, New Industrial Park,

580  Madison County Baptist Family Life Center, Cameron, Couparle,

581  Camden, Sharon, Canton Precinct 1, Canton Precinct 4, Luther

582  Branson School and Bible Church Precincts.

583        (ii)  Subdistrict 23-1 shall consist of the

584  following partial precincts:  Madisonville and Bear Creek

585  Precincts.  The Split Precinct Block List developed in conjunction

586  with Chapter 761, Laws of 2002, that details portions of partial

587  or split precincts that are contained within a subdistrict by

588  census tract and block number and was utilized in developing the

589  partial or split precincts of this subdistrict is hereby

590  incorporated and shall be construed to be an integral part of this

591  section.

592        (b)  (i)  Subdistrict 23-2 shall consist of the

593  following precincts:  Trace Harbor, Main Harbor, Victory Baptist

594  Church, Madison 1, Madison 2, Madison 3, Ridgeland 3, Ridgeland 4,

595  Ridgeland First Methodist Church, Gluckstadt, Lorman-Cavalier,

596  Ridgeland 1, Tougaloo, Cobblestone Church of God, Highland Colony

597  Baptist Church and Whisper Lake Precincts.

598        (ii)  Subdistrict 23-2 shall consist of that

599  portion of the following partial precincts not included in

600  Subdistrict 23-1:  Madisonville and Bear Creek Precincts.

601  **SECTION 35.**  The following shall be codified as Section

602  9-7-60, Mississippi Code of 1972:

603  <u>9-7-60.</u>  There shall be two (2) judges for the Twenty-third

604  Circuit Court District.  One (1) judge shall be elected from each

605  subdistrict.

606  **SECTION 36.**  Section 23-15-982, Mississippi Code of 1972, is

607  amended as follows:

608    23-15-982.   (1)   Majority of vote equals any excess of the
609  total vote for all candidates divided by the number of judgeships
610  to be filled divided by two (2).

611    If some or all candidates in a multijudge election do not
612  receive a majority of the vote, then candidates equal in number to
613  twice the number of remaining positions to be filled and having
614  the highest votes shall run in a runoff election.   In such event,
615  if there is not a sufficient number of remaining candidates equal
616  to twice the number of remaining positions to be filled, then all
617  remaining candidates shall run in the runoff election.

618    (2)   Any tie votes which require resolution to determine who
619  shall enter a runoff election shall be determined by the
620  commissioners of election in the manner prescribed by Sections
621  23-15-601 and 23-15-605.

622    Candidates equal to the remaining number of positions to be
623  filled who have the highest votes in the runoff election are
624  elected.

625    Any tie votes which must be determined in order to decide who
626  is elected as a result of a runoff election shall be determined by
627  the State Election Commission in the manner prescribed by Sections
628  23-15-601 and 23-15-605.

629    (3)   The provisions of this section shall apply only to
630  districts and subdistricts which are multijudge districts except
631  for the chancery court districts with chancellorships designated
632  as places and the First, Second, Third, Fifth, Eighth, Tenth,
633  Fifteenth, Sixteenth, Subdistrict 17-2 of the Seventeenth,
634  Nineteenth and Twentieth Circuit Court Districts.

635    **SECTION 37.**   Section 23-15-983, Mississippi Code of 1972, is
636  amended as follows:

637    23-15-983.   At the general election, the candidates equal to
638  the number of positions to be filled and having the highest votes
639  shall be elected.

640     Any tie votes in the general election which must be resolved

641 in order to determine who is elected shall be resolved in the

642 manner prescribed by Sections 23-15-601 and 23-15-605.

643     The provisions of this section shall apply only to districts

644 and subdistricts which are multijudge districts except for the

645 chancery court districts with chancellorships designated as places

646 and the First, Second, Third, Fifth, Eighth, Tenth, Fifteenth,

647 Sixteenth, Subdistrict 17-2 of the Seventeenth, Nineteenth and

648 Twentieth Circuit Court Districts.

649    **SECTION 38.**  No new judgeships or chancellorships created by

650 this act shall be filled until the judicial elections are

651 conducted in 2006.  Any district attorneys for circuit court

652 districts created by this act whose term of office begins on

653 January 1, 2007, shall be elected at a special election to be held

654 at the same time as the judicial elections in 2006.  Thereafter,

655 such district attorneys shall be elected at the time and in the

656 manner provided by law for electing district attorneys.

657    **SECTION 39.**  The Attorney General of the State of Mississippi

658 shall submit this act, immediately upon approval by the Governor,

659 or upon approval by the Legislature subsequent to a veto, to the

660 Attorney General of the United States or to the United States

661 District Court for the District of Columbia in accordance with the

662 provisions of the Voting Rights Act of 1965, as amended and

663 extended.

664    **SECTION 40.**  This act shall take effect and be in force from

665 and after January 1, 2006, provided that it is effectuated under

666 Section 5 of the Voting Rights Act of 1965, as amended and

667 extended.

    **Further, amend by striking the title in its entirety and**

**inserting in lieu thereof the following:**

1    AN ACT TO AMEND SECTION 9-5-1, MISSISSIPPI CODE OF 1972, TO
2 CONFORM TO THE 2000 CENSUS; TO AMEND SECTIONS 9-5-1, 9-5-7,
3 9-5-11, 9-5-13, 9-5-17, 9-5-22, 9-5-25, 9-5-31, 9-5-36, 9-5-37,

```
 4    9-5-40, 9-5-43, 9-5-51, 9-5-54 AND 9-5-58, MISSISSIPPI CODE OF
 5    1972, TO REDISTRICT CERTAIN CHANCERY COURT DISTRICTS; TO REVISE
 6    CERTAIN CHANCELLORSHIPS; TO PROVIDE NEW CHANCELLORS IN CERTAIN
 7    CHANCERY COURT DISTRICTS; TO CREATE SUBDISTRICTS IN CERTAIN
 8    CHANCERY COURT DISTRICTS; TO CODIFY SECTION 9-5-42, MISSISSIPPI
 9    CODE OF 1972, TO PROVIDE AN ADDITIONAL CHANCELLOR FOR THE
10    THIRTEENTH CHANCERY COURT DISTRICT; TO AMEND SECTION 9-7-1,
11    MISSISSIPPI CODE OF 1972, TO CONFORM TO THE 2000 CENSUS; TO AMEND
12    SECTIONS 9-7-1, 9-7-7, 9-7-14, 9-7-15, 9-7-20, 9-7-21, 9-7-23,
13    9-7-25, 9-7-29, 9-7-32, 9-7-33, 9-7-39, 9-7-42, 9-7-44, 9-7-46,
14    9-7-53 AND 9-7-54, MISSISSIPPI CODE OF 1972, TO REDISTRICT CERTAIN
15    CIRCUIT COURT DISTRICTS; TO CREATE SUBDISTRICTS IN CERTAIN CIRCUIT
16    COURT DISTRICTS; TO REVISE CERTAIN JUDGESHIPS; TO PROVIDE NEW
17    JUDGES IN CERTAIN CIRCUIT COURT DISTRICTS; TO CREATE SECTION
18    9-7-59 AND 9-7-60, MISSISSIPPI CODE OF 1972, TO CREATE THE
19    TWENTY-THIRD CIRCUIT COURT DISTRICT; TO AMEND SECTIONS 23-15-982
20    AND 23-15-983, MISSISSIPPI CODE OF 1972, IN CONFORMITY THERETO;
21    AND FOR RELATED PURPOSES.
```

# PROPOSED HOUSE AMENDMENT TO SENATE BILL NO. _2339_

BY _Rep. Blackmon_

_Amend ~~the~~ by striking lines 56 through 59 in their entirety and inserting in lieu thereof the following_

41    (2) For purposes of appointment and election, the four (4)

42    chancellorships shall be separate and distinct and denominated for

05/HR40/SB2339A.1J
PAGE 1
(CJR)

43    purposes of appointment and election only as "Place One," "Place

44    Two," "Place Three" and "Place Four."  The chancellor to fill

45    Place One shall be a resident of Alcorn, Prentiss or Tishomingo

46    County.  The chancellor to fill Place Two shall be a resident of

47    Itawamba, Lee, Monroe, Pontotoc or Union County.  The chancellors

48    to fill Place Three and Place Four shall be residents of Alcorn,

49    Itawamba, Lee, Monroe, Pontotoc, Prentiss, Tishomingo or Union

50    Counties.  Election of the four (4) offices of chancellor shall be

51    by election to be held in every county within the First Chancery

52    Court District of Mississippi.

AMEND ~~title   (to conform)~~  (as follows):

*Amend further by striking lines 82 through 92 in their entirety and inserting in lieu thereof the following:*

115    9-5-25.  There shall be <u>three (3)</u> chancellors for the Seventh
116 Chancery Court District.  One (1) chancellor shall be elected from
117 <u>Subdistrict 7-1 and two (2) chancellors shall be elected from</u>
118 <u>Subdistrict 7-2.  For purposes of appointment and election, the</u>
119 <u>two (2) chancellorships for Subdistrict 7-2 shall be separate and</u>
120 <u>distinct and denominated for purposes of appointment and election</u>
121 <u>only as "Place One" and "Place Two."</u>

*Amend further by striking lines 148 through 153 in their entirety and inserting in lieu thereof the following:*

325    9-7-14.  <u>(1)</u>  There shall be <u>three (3)</u> circuit judges for the
326 Third Circuit Court District.

05/HR40/SB2339A.1J
PAGE 10
(CJR)

327    <u>(2)  For purposes of appointment and election, the three (3)</u>
328 <u>judgeships shall be separate and distinct and denominated for</u>
329 <u>purposes of appointment and election only as "Place One, "Place</u>
330 <u>Two" and "Place Three."  The judge for "Place Three" shall be a</u>
331 <u>resident of Benton, Marshall or Tippah County.</u>

*Amend Further by striking lines 142 through 140 in their entirety and inserting in lieu thereof the following:*

310     9-7-7.  (1)  There shall be four (4) judges for the First
311     Circuit Court District.

312         (2)  For purposes of appointment and election, the four (4)
313     judgeships shall be separate and distinct and denominated for
314     purposes of appointment and election only as "Place One," "Place
315     Two," "Place Three" and "Place Four."  The judge to fill Place One
316     shall be a resident of Alcorn, Prentiss or Tishomingo County.  The
317     judge to fill Place Two shall be a resident of Itawamba, Lee,
318     Monroe or Pontotoc County.  The judges to fill Place Three and
319     Place Four shall be residents of Alcorn, Itawamba, Lee, Monroe,
320     Pontotoc, Prentiss or Tishomingo Counties.  Election of the four
321     (4) offices of judge shall be by election to be held in every
322     county within the First Circuit Court District of Mississippi.



*Amend Further by striking lines 201 through 209 in their entirety and inserting in lieu thereof the following:*

547     9-7-46.  (1)  There shall be four (4) circuit judges for the
548     Seventeenth Circuit Court District.

549         (2)  For the purpose of appointment and election, the four
550     (4) judgeships shall be separate and distinct, and two (2) judges
551     shall be elected from Subdistrict 17-1 and two (2) judges shall be
552     elected from Subdistrict 17-2.  For purposes of appointment and
553     election, the two (2) judgeships in Subdistrict 17-1 shall be
554     separate and distinct and denominated for purposes of appointment
555     and election only as "Place One" and "Place Two."  For purposes of
556     appointment and election, the two (2) judgeships in Subdistrict
557     17-2 shall be separate and distinct and denominated for purposes
558     of election and appointment as "Place One" and "Place Two."

Amend further by striking lines 193 through 198 in their entirety and inserting in lieu thereof the following:

"9-7-44. There shall be three(3) judges for the Sixteenth Circuit Court District.

Amend further by striking lines 212 through 217 in their entirety and inserting in lieu thereof the following:

9-7-54. (1) The Twentieth Circuit Court District shall be divided into two(2) subdistricts. Subdistrict 20-1 shall be Madison County and subdistrict 20-2 shall be Rankin County.

(2) There shall be Four (4) judges for the Twentieth Circuit Court District. Two (2) judges shall be elected from each subdistrict. For purposes of appointment and election, the two (2) judgeships in subdistrict 20-2 shall be separate and distinct and denominated for purposes of appointment and election only as "Place One" and Place Two".

~~(3)~~
~~TION 34.   The following shall be codified as Section~~
~~59, Mississippi Code of 1972:~~

(3) Subdistrict 20-1
;73  ~~9-7-59.   The Twenty-third Circuit Court District shall be~~  divisions
;74  ~~Madison County and~~ shall be divided into two (2) ~~subdistricts~~ as

;75  follows:        Division 1

;76           (a)   (i)   ~~Subdistrict 23-1~~ shall consist of the

;77  following precincts:  Ratliff Ferry, Canton Precinct 2, Canton

;78  Precinct 3, Canton Precinct 7, Smith School, Magnolia Heights,

579  Flora, Virlilia, Canton Precinct 5, Liberty, New Industrial Park,

580  Madison County Baptist Family Life Center, Cameron, Couparle,

581  Camden, Sharon, Canton Precinct 1, Canton Precinct 4, Luther

582  Branson School and Bible Church Precincts.

583  (ii)  Subdistrict 23-1 [Division 1] shall consist of the

584  following partial precincts:  Madisonville and Bear Creek

585  Precincts.  The Split Precinct Block List developed in conjunction

586  with Chapter 761, Laws of 2002, that details portions of partial

587  or split precincts that are contained within a subdistrict by

588  census tract and block number and was utilized in developing the

589  partial or split precincts of this subdistrict is hereby

590  incorporated and shall be construed to be an integral part of this

591  section.

592  (b)  (i)  Subdistrict 23-2 [Division 2] shall consist of the

593  following precincts:  Trace Harbor, Main Harbor, Victory Baptist

594  Church, Madison 1, Madison 2, Madison 3, Ridgeland 3, Ridgeland 4,

595  Ridgeland First Methodist Church, Gluckstadt, Lorman-Cavalier,

596  Ridgeland 1, Tougaloo, Cobblestone Church of God, Highland Colony

597  Baptist Church and Whisper Lake Precincts.

598  (ii)  Subdistrict 23-2 [Division 2] shall consist of that

599  portion of the following partial precincts not included in

600  Subdistrict 23-1:  Madisonville and Bear Creek Precincts.

601  SECTION 35.  The following shall be codified as Section

602  9-7-60, Mississippi Code of 1972:

603  9-7-60.  There shall be two (2) judges for the Twenty-third

604  Circuit Court District.  One (1) judge shall be elected from each

605  subdistrict.

606  SECTION 36.  Section 23-15-982, Mississippi Code of 1972, is

607  amended as follows:

608  23-15-982.  (1)  Majority of vote equals any excess of the

609  total vote for all candidates divided by the number of judgeships

610  to be filled divided by two (2).

**PROPOSED HOUSE AMENDMENT TO SENATE BILL NO.** 2339

Am#4

BY Fillingane, Carlto—

Amend on lines 185 and 187 changing "two (2)" to "three (3)"

Amend further on line ~~187~~ 190 after the word "Two" by inserting and "Place Three"

AMEND title  (to conform)  (as follows):

**Live Webcasts**



(/webcastmenu/)

**Measure Search**
**(https://dms.lbo.ms.gov/PublicFormsService/Fill**

House Bills

Measure #

**Retrieve Measure**



U.S. Department of Justice

Civil Rights Division

JKT:JBG:TAL:par
DJ 166-012-3
2005-2443

Voting Section - NWB,
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

September 15, 2005

RECEIVED
SEP 1 9 2005
ATTORNEY GENERAL'S OFFICE
OPINIONS DIVISION

Heather P. Wagner, Esq.
Assistant Attorney General
P.O. Box 220
Jackson, Mississippi  39205-0220

Dear Ms. Wagner:

This refers to Chapter 501 (S.B. 2339) (2005), which provides for the establishment of four additional circuit court judgeships, four additional chancery court judgeships, the adoption of numbered posts in certain circuit and chancery court districts, residency requirements for certain circuit and chancery court judges, and an implementation schedule for the State of Mississippi, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. 1973c.  We received your submission on July 20, 2005.

The Attorney General does not interpose any objection to the specified changes.  However, we note that Section 5 expressly provides that the failure of the Attorney General to object does not bar subsequent litigation to enjoin the enforcement of the changes.  Procedures for the administration of Section 5 of the Voting Rights Act (28 C.F.R. 51.41).

Sincerely,

John Tanner
Chief, Voting Section

# JOURNAL OF THE SENATE

## OF THE

# STATE OF MISSISSIPPI

**AT A REGULAR SESSION THEREOF**
**IN THE CITY OF JACKSON**

**Commencing Tuesday, January 4, 2005**
**Ending Wednesday, April 6, 2005**

\* \* \*

**PUBLISHED BY AUTHORITY**

SENATE JOURNAL
WEDNESDAY, JANUARY 12, 2005

**S. R. No. 4:** Rules
A RESOLUTION COMMEMORATING THE CECIL VAUGHAN/HERMAN
ROBINSON MEMORIAL CLASSIC AT NEW HOPE HIGH SCHOOL.
By Senator(s) Brown
———

TENTH DAY, THURSDAY, JANUARY 13, 2005

The Senate met at 10:00 AM pursuant to adjournment, President Tuck presiding.

The roll being called the following Senators answered to their names:

Present--Albritton, Brown, Browning, Bryan, Burton, Butler, Carmichael, Chaney, Cuevas, Davis, Dawkins, Dearing, Doxey, Flowers, Frazier, Gollott, Gordon, Harden, Harvey, Hewes, Horhn, Huggins, Hyde-Smith, Jackson G. (15th), Jackson R. (11th), Jackson S. (32nd), Jordan, King, Kirby, Lee P. (35th), Lee E. (47th), Little, Mettetal, Michel, Moffatt, Morgan, Nunnelee, Pickering, Posey, Robertson, Ross, Simmons, Thames, Thomas, Tollison, Turner, Walley, Walls, White, Wilemon, Williamson. Total--51.

Absent--Clarke. Total--1.

The Secretary announced a quorum present.

Leave of absence was granted to Senator Clarke.
———

The invocation was delivered by Rev. H. T. Frazier, St. Thomas Baptist Church, Bolton, MS.
———

Senator Frazier led the Senate in the recitation of the oath of allegiance to the flag of the United States of America.
———

On motion of Senator Burton and by unanimous consent, the reading of the journal of the previous day was dispensed with, and the same stood approved.
———

INTRODUCTION OF SENATE BILLS AND RESOLUTIONS:
The measures introduced were read under a suspension of the rules, referred to committees, and are listed after adjournment on this date.
———

Senator Ross called up the following entitled bill:

**S. B. No. 2288:** Exemption from execution and clarify for proceeds accruing to certain claims.

YEAS AND NAYS On S. B. No. 2288.  On motion of Senator Ross, the rules were suspended, the bill considered engrossed, read the third time and, the yeas and nays being taken, it passed, title standing as stated, by the following vote:

Yeas--Albritton, Brown, Browning, Bryan, Burton, Butler, Carmichael, Chaney, Cuevas, Davis, Dawkins, Dearing, Doxey, Flowers, Frazier, Gollott, Gordon, Harden, Harvey, Hewes, Horhn, Huggins, Hyde-Smith, Jackson G. (15th), Jackson R. (11th),

Jackson S. (32nd), Jordan, King, Kirby, Lee P. (35th), Lee E. (47th), Little, Mettetal, Michel, Moffatt, Morgan, Nunnelee, Pickering, Posey, Robertson, Ross, Simmons, Thames, Thomas, Tollison, Turner, Walley, Walls, White, Wilemon, Williamson.  Total—51.

Nays—None.

Absent and those not voting—Clarke.  Total—1.

———

Senator Ross called up the following entitled bill:

**S. B. No. 2339:** Judicial redistricting; enact and eliminate running in the herd.

On motion of Senator Ross, the Committee Substitute was adopted for consideration.

YEAS AND NAYS On S. B. No. 2339.  On motion of Senator Ross, the rules were suspended, the bill considered engrossed, read the third time and, the yeas and nays being taken, it passed, title standing as stated, by the following vote:

YEAS AND NAYS On S. B. No. 2339.  On motion of Senator Ross, the rules were suspended, the bill considered engrossed, read the third time and, the yeas and nays being taken, it passed, title standing as stated, by the following vote:

Yeas—Albritton, Brown, Browning, Bryan, Burton, Butler, Carmichael, Chaney, Cuevas, Davis, Dearing, Doxey, Flowers, Gollott, Gordon, Harden, Harvey, Hewes, Horhn, Huggins, Hyde-Smith, Jackson G. (15th), Jackson S. (32nd), King, Kirby, Lee P. (35th), Lee E. (47th), Little, Mettetal, Michel, Moffatt, Morgan, Nunnelee, Pickering, Posey, Robertson, Ross, Thames, Tollison, Walley, Walls, White, Wilemon, Williamson.  Total—44.

Nays—Dawkins, Frazier, Jackson R. (11th), Jordan, Simmons, Thomas, Turner.  Total—7.

Absent and those not voting—Clarke.  Total—1.

———

Senators Williamson and Burton moved that when the Senate adjourns, it adjourn in memory of Honorable Laurel G. Weir of Philadelphia, MS.

———

Senator Dearing moved that when the Senate adjourns, it adjourn in memory of B. R. "Bill" Moore of Atlanta, GA.

———

Senator Dawkins moved that when the Senate adjourns, it adjourn in memory of Nellie Inez Carter of Gulfport, MS.

———

Senator Dawkins moved that when the Senate adjourns, it adjourn in memory of Rose Ann Gibbs of Pass Christian, MS.

———

Senator Dawkins moved that when the Senate adjourns, it adjourn in memory of Hazel Davis Vaughn of Vancleave, MS.

———

Senator Jackson R. (11th) moved that when the Senate adjourns, it adjourn in memory of Jimmie Hicks, Jr. of Marks, MS.

———

# JOURNAL OF THE HOUSE
# OF REPRESENTATIVES

## OF THE

## STATE OF MISSISSIPPI

THE ONE HUNDRED AND TWENTIETH
REGULAR SESSION

Commencing Tuesday, January 4, 2005
Ending Wednesday, April 6, 2005

* * *

PUBLISHED BY AUTHORITY

FORTY-SEVENTH DAY, WEDNESDAY, MARCH 9, 2005

(SIXTY-FIFTH CALENDAR DAY)

The House met pursuant to adjournment, William J. McCoy in the Chair. Prayer by Representative Carmel Wells Smith, Jackson County.

Present--Akins, Aldridge, Arinder, Bailey, Baker (8th), Baker (74th), Banks, Barnett, Beckett, Bentz, Blackmon, Bondurant, Bounds, Broomfield, Brown, Buck, Burnett, Calhoun, Capps, Carlton, Chism, Clark, Clarke, Coleman (29th), Coleman (65th), Compretta, Cummings, Davis, Dedeaux, Denny, Dickson, Eaton, Ellington, Ellis, Espy, Evans, Fillingane, Flaggs, Fleming, Formby, Franks, Fredericks, Frierson, Gadd, Gibbs, Green, Gregory, Guice, Gunn, Hamilton (6th), Hamilton (109th), Harrison, Hines, Holland, Holloway, Horne, Howell, Huddleston, Hudson, Ishee, Janus, Jennings, Johnson, Lott, Malone, Markham, Martinson, Masterson, Mayhall, Mayo, McBride, Middleton, Miles, Mims, Moak, Montgomery, Moore, Morris, Moss, Myers, Parker, Patterson, Peranich, Perkins, Read, Reed, Reeves, Reynolds, Robinson (84th), Robinson (63rd), Rogers (14th), Rogers (61st), Rotenberry, Scott, Shows, Simpson, Smith (59th), Smith (27th), Smith (39th), Snowden, Staples, Stevens, Straughter, Stringer, Sullivan, Taylor, Thomas, Turner, Upshaw, Vince, Ward, Warren, Watson, Weathersby, Wells-Smith, Whittington, Woods, Young, Zuber, Mr. Speaker. Total--120.

Absent or those not voting--Nicholson. Total--1.

Vacancies--1.

Leave of absence was granted to Representative Nicholson.

A quorum was present.

On motion of Mr. Stringer the reading of the journal of the previous day was dispensed with and the same stood approved by unanimous consent.

MESSAGE FROM THE SENATE

Mr. Speaker: I am directed by the Senate to inform the House of Representatives that the Senate has PASSED AND TRANSMITS herewith the following:

**H. B. No. 954:** Public property; authorize DFA to sell certain property located in Alcorn County.

**H. B. No. 1195:** Income tax; clarify that assessment of penalty for failure to pay or to file return is permissive (STC).

**H. B. No. 1471:** Finance charges; fees relating to loans from certain retirement plans not considered as.

John O. Gilbert, Secretary of the Senate

MESSAGE FROM THE SENATE

Mr. Speaker: I am directed by the Senate to inform the House of Representatives that the Senate has PASSED AND TRANSMITS herewith the following WITH ACCOMPANYING AMENDMENT:

**H. B. No. 517:** Certain local natural gas districts; add municipal/county system-users to board of directors for.

**H. B. No. 1130:** Commercial Driver's License Law; revise to comply with federal law (DPS).

Mr. Myers moved that the House reconsider the vote whereby Committee Amendment No. 3 failed to be adopted.

Mr. Moak moved that the House table the motion to reconsider the vote whereby Amendment No. 3 failed to be adopted, which motion prevailed by the following vote:

Yeas--Akins, Aldridge, Arinder, Baker (8th), Barnett, Beckett, Bentz, Bondurant, Bounds, Carlton, Chism, Davis, Denny, Ellington, Fillingane, Formby, Frierson, Gadd, Gregory, Guice, Gunn, Hamilton (6th), Hamilton (109th), Horne, Howell, Hudson, Ishee, Janus, Jennings, Lott, Malone, Martinson, Masterson, Mayhall, Mayo, McBride, Mims, Moak, Montgomery, Moore, Parker, Patterson, Peranich, Read, Reed, Reeves, Robinson (84th), Rogers (14th), Rotenberry, Shows, Simpson, Smith (39th), Snowden, Staples, Stevens, Stringer, Turner, Upshaw, Ward, Warren, Wells-Smith, Woods, Zuber. Total--63.

Nays--Bailey, Baker (74th), Banks, Blackmon, Broomfield, Brown, Buck, Burnett, Calhoun, Clark, Clarke, Coleman (29th), Coleman (65th), Compretta, Cummings, Dedeaux, Dickson, Eaton, Ellis, Espy, Evans, Flaggs, Fleming, Franks, Fredericks, Gibbs, Green, Harrison, Hines, Holland, Holloway, Huddleston, Johnson, Middleton, Miles, Morris, Moss, Myers, Perkins, Reynolds, Robinson (63rd), Rogers (61st), Scott, Smith (59th), Smith (27th), Straughter, Sullivan, Taylor, Thomas, Vince, Watson, Weathersby, Whittington, Young, Mr. Speaker. Total--55.

Absent or those not voting--Capps, Markham, Nicholson. Total--3.

Vacancies--1.

AMENDMENT NO. 5 BY REPRESENTATIVE CHISM:

AMEND after line 198 by inserting the following after the period:  For purposes of appointment and election, the three (3) judgeships shall be separate and distinct and denominated for purposes of appointment and election only as "Place One," "Place Two" and "Place Three."

The foregoing amendment lost by the following vote:

Yeas--Akins, Aldridge, Arinder, Baker (8th), Barnett, Beckett, Bounds, Carlton, Chism, Denny, Ellington, Fillingane, Formby, Guice, Gunn, Hamilton (6th), Horne, Howell, Hudson, Ishee, Janus, Jennings, Lott, Martinson, Masterson, Mims, Moore, Read, Reed, Reeves, Robinson (84th), Rotenberry, Shows, Smith (39th), Snowden, Staples, Stevens, Turner, Wells-Smith, Woods, Zuber. Total--41.

Nays--Bailey, Baker (74th), Banks, Blackmon, Bondurant, Broomfield, Brown, Buck, Burnett, Calhoun, Clark, Clarke, Coleman (29th), Coleman (65th), Compretta, Cummings, Davis, Dedeaux, Dickson, Eaton, Ellis, Espy, Evans, Flaggs, Fleming, Franks, Fredericks, Gadd, Gibbs, Green, Gregory, Harrison, Hines, Holland, Holloway, Huddleston, Johnson, Malone, Mayhall, Mayo, Middleton, Miles, Moak, Montgomery, Morris, Moss, Myers, Parker, Patterson, Peranich, Perkins, Reynolds, Robinson (63rd), Rogers (14th), Rogers (61st), Scott, Simpson, Smith (59th), Smith (27th), Straughter, Stringer, Sullivan, Taylor, Thomas, Upshaw, Vince, Ward, Warren, Watson, Weathersby, Whittington, Young, Mr. Speaker. Total--73.

Absent or those not voting--Bentz, Capps, Frierson, Hamilton (109th), Markham, McBride, Nicholson. Total--7.

Vacancies--1.

YEAS AND NAYS ON S. B. No. 2339. On motion of Mr. Blackmon the rules were suspended, the bill considered engrossed, read the third time and, agreeable to the provisions of the Constitution, the yeas and nays were taken and the bill passed title standing as stated by the following vote:

Yeas--Akins, Arinder, Bailey, Baker (8th), Baker (74th), Barnett, Blackmon, Bounds, Broomfield, Brown, Buck, Burnett, Calhoun, Carlton, Clark, Clarke, Coleman

(29th), Coleman (65th), Compretta, Cummings, Davis, Dedeaux, Dickson, Eaton, Ellis, Espy, Evans, Fillingane, Flaggs, Formby, Franks, Fredericks, Frierson, Gadd, Gibbs, Green, Hamilton (6th), Harrison, Hines, Holland, Holloway, Huddleston, Hudson, Ishee, Jennings, Johnson, Lott, Markham, Masterson, Mayhall, Mayo, McBride, Middleton, Miles, Mims, Moak, Montgomery, Moore, Morris, Moss, Myers, Peranich, Perkins, Read, Robinson (63rd), Rogers (14th), Rogers (61st), Rotenberry, Scott, Smith (59th), Smith (27th), Snowden, Stevens, Straughter, Sullivan, Taylor, Thomas, Vince, Ward, Warren, Watson, Weathersby, Wells-Smith, Whittington, Woods, Young, Mr. Speaker. Total–87.

Nays–Aldridge, Banks, Beckett, Bentz, Bondurant, Chism, Denny, Ellington, Fleming, Guice, Gunn, Hamilton (109th), Horne, Howell, Janus, Malone, Martinson, Parker, Patterson, Reed, Reeves, Reynolds, Robinson (84th), Shows, Simpson, Smith (39th), Staples, Stringer, Turner, Upshaw, Zuber. Total–31.

Absent or those not voting–Capps, Gregory, Nicholson. Total–3.

Vacancies–1.

Mr. Holland called up the following bill which had been laid on the table subject to call:

**S. B. No. 2883:** Abortion facilities; revise licensure categories.

AMENDMENT NO. 1 BY REPRESENTATIVE WELLS-SMITH:

AMEND after line 127 by inserting the following:

"This section shall stand repealed on June 30, 2006."

ADOPTED

YEAS AND NAYS ON S. B. No. 2883. On motion of Mr. Holland the rules were suspended, the bill considered engrossed, read the third time and, agreeable to the provisions of the Constitution, the yeas and nays were taken and the bill passed title standing as stated by the following vote:

Yeas–Akins, Aldridge, Arinder, Baker (8th), Baker (74th), Barnett, Beckett, Bentz, Bondurant, Bounds, Brown, Buck, Calhoun, Carlton, Chism, Coleman (65th), Compretta, Cummings, Davis, Dedeaux, Denny, Dickson, Eaton, Ellington, Ellis, Espy, Fillingane, Flaggs, Fleming, Formby, Franks, Fredericks, Frierson, Gadd, Gregory, Guice, Gunn, Hamilton (6th), Hamilton (109th), Holland, Horne, Howell, Hudson, Ishee, Janus, Jennings, Lott, Malone, Markham, Martinson, Masterson, Mayhall, Mayo, McBride, Miles, Mims, Moak, Montgomery, Moore, Morris, Moss, Parker, Patterson, Peranich, Read, Reed, Reeves, Reynolds, Robinson (84th), Rogers (14th), Rogers (61st), Rotenberry, Shows, Simpson, Smith (59th), Smith (39th), Snowden, Staples, Stevens, Stringer, Sullivan, Taylor, Turner, Upshaw, Vince, Ward, Warren, Weathersby, Wells-Smith, Whittington, Woods, Zuber, Mr. Speaker. Total–93.

Nays–Bailey, Banks, Blackmon, Burnett, Clarke, Gibbs, Green, Harrison, Holloway, Huddleston, Johnson, Myers, Perkins, Scott, Smith (27th), Thomas. Total–16.

Absent or those not voting–Capps, Clark, Coleman (29th), Evans, Middleton, Nicholson, Robinson (63rd), Straughter, Watson. Total–9.

Present–Broomfield, Hines, Young. Total–3.

Vacancies–1.

Mr. Franks entered a motion to reconsider the vote whereby the following bill passed:

**S. B. No. 3047:** Appropriation; Dept. of Audit.

A request was made by Mr. Johnson to be added as an author to the following:

VOLUME II

JOURNAL OF THE SENATE

of the

STATE OF MISSISSIPPI

SENATE JOURNAL

MONDAY, MARCH 28, 2005

2133

Mary Alice Goodie, Terrell "Terry" Randolph, Sr., Dina Ann Taylor, Dorothy Louise Ford, James Bell Johnson, Mittie Olene Ross, Vennie Lucille Greer, Kevin Curt Johnson, Deacon Lonnie Marshall, Allie Harris, Donald Wayne Hopkins and Mary Jane Hall

John O. Gilbert, Secretary of the Senate

—————

INTRODUCTIONS FOR MONDAY, MARCH 28, 2005

S. C. R. No. 602: Rules
A CONCURRENT RESOLUTION URGING THE PRESIDENT AND CONGRESS OF THE UNITED STATES TO ENACT CERTAIN LEGISLATION RECOGNIZING THE MEDICAL NEEDS OF RETIRED MILITARY PERSONNEL AND FAMILIES WHO ARE MEDICARE ELIGIBLE.
By Senator(s) Pickering (By Request)

S. C. R. No. 603: Rules
A CONCURRENT RESOLUTION URGING THE UNITED STATES CONGRESS TO ENACT LEGISLATION DIRECTING THE U.S. DEPARTMENT OF TRANSPORTATION IMPLEMENT THE STEPS AND FUNDING NECESSARY TO CONSTRUCT THE PROPOSED INTERSTATE-14 AND TO PRESCRIBE THE ORIGINALLY PROPOSED ROUTE ALONG U.S. HIGHWAY 84.
By Senator(s) Pickering, Harvey, Hyde-Smith, Thames, Hewes, Morgan, Walley, Dearing

—————

EIGHTY-FIFTH DAY, TUESDAY, MARCH 29, 2005

The Senate met at 10:00 AM pursuant to adjournment, President Tuck presiding.

The roll being called the following Senators answered to their names:

Present--Albritton, Brown, Browning, Bryan, Burton, Butler, Carmichael, Chaney, Clarke, Cuevas, Davis, Dawkins, Dearing, Doxey, Flowers, Frazier, Gollott, Gordon, Harden, Harvey, Hewes, Horhn, Huggins, Hyde-Smith, Jackson G. (15th), Jackson R. (11th), Jackson S. (32nd), Jordan, King, Kirby, Lee P. (35th), Lee E. (47th), Little, Mettetal, Michel, Moffatt, Morgan, Nunnelee, Pickering, Posey, Robertson, Ross, Simmons, Thames, Thomas, Tollison, Turner, Walley, Walls, White, Wilemon, Williamson. Total--52.
Absent--Total--None.

The Secretary announced a quorum present.

—————

The invocation was delivered by Rev. Carl Hughes, Rose Hill Baptist Church, Magnolia, MS.

—————

Senator Butler led the Senate in the recitation of the oath of allegiance to the flag of the United States of America.

—————

On motion of Senator Burton and by unanimous consent, the reading of the Journal of the previous day was dispensed with, and the same stood approved.

—————

9-5-41, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE THIRTEENTH CHANCERY COURT DISTRICT AND TO ADD A CHANCELLOR TO THAT DISTRICT; TO AMEND SECTION 9-5-54, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE EIGHTEENTH CHANCERY COURT DISTRICT; TO AMEND SECTION 9-7-7, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE FIRST CIRCUIT COURT DISTRICT AND TO ADD A JUDGE; TO AMEND SECTION 9-7-14, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE THIRD CIRCUIT COURT DISTRICT AND TO ADD A JUDGE; TO AMEND SECTION 9-7-20, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE FIFTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-32, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE TENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-39, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE FOURTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-42, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE FIFTEENTH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-7-44, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE SIXTEENTH CIRCUIT COURT DISTRICT AND TO ADD A JUDGE FOR THE TERM OF OFFICE COMMENCING IN 2011; TO AMEND SECTION 9-7-46, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE SEVENTEENTH CIRCUIT COURT DISTRICT AND TO ADD A JUDGE FOR THE TERM OF OFFICE COMMENCING IN 2011; TO AMEND SECTION 9-7-54, MISSISSIPPI CODE OF 1972, TO ELIMINATE RUNNING IN THE HERD IN THE TWENTIETH CIRCUIT COURT DISTRICT; TO AMEND SECTION 9-1-105, MISSISSIPPI CODE OF 1972, TO CLARIFY THE AUTHORITY OF THE CHIEF JUSTICE TO ASSIGN A SPECIAL JUDGE TO ASSIST A CHANCERY OR CIRCUIT COURT WITH A BACKLOG OF CASES; TO CLARIFY THAT CANDIDATES MAY QUALIFY AND RUN FOR NEW JUDICIAL POSITIONS IN THE IMMEDIATELY PRECEDING REGULAR JUDICIAL ELECTION; TO REPEAL SECTIONS 23-15-982, 23-15-983 AND 23-15-984, MISSISSIPPI CODE OF 1972, WHICH PROVIDE FOR THE CALCULATION OF VOTE IN MULTIJUDGE DISTRICTS WHEREIN CANDIDATES RUN "IN THE HERD" AND THE NUMBER OF VOTES THAT MAY BE CAST BY EACH ELECTOR; AND FOR RELATED PURPOSES.

CONFEREES FOR THE SENATE          CONFEREES FOR THE HOUSE

Charlie Ross
Ralph H. Doxey                    Linda Coleman
Travis L. Little                  Thomas U. Reynolds

YEAS AND NAYS.  The yeas and nays being taken, the Report of Conference Committee on S. B. No. 2339 was adopted:

Yeas--Albritton, Brown, Browning, Bryan, Burton, Butler, Carmichael, Chaney, Clarke, Cuevas, Davis, Dawkins, Dearing, Doxey, Flowers, Gollott, Harden, Harvey, Hewes, Horhn, Huggins, Hyde-Smith, Jackson G. (15th), Jackson R. (11th), Jackson S. (32nd), Jordan, King, Kirby, Lee P. (35th), Lee E. (47th), Little, Mettetal, Michel, Moffatt, Morgan, Nunnelee, Pickering, Posey, Robertson, Ross, Simmons, Thomas, Tollison, Turner, Walley, Walls, White, Wilemon, Williamson.  Total--49.

Nays--Frazier, Gordon, Thames.  Total--3.

Absent and those not voting----None.

Senator Ross moved that the rules be suspended to move to calendar item 191, H. B. No. 203, and the motion prevailed.

Senator Ross offered the following report of the Conference Committee on H. B. No. 203 and moved that the Report do be adopted:

# JOURNAL OF THE HOUSE OF REPRESENTATIVES

## OF THE

## STATE OF MISSISSIPPI

THE ONE HUNDRED AND TWENTIETH
REGULAR SESSION

Commencing Tuesday, January 4, 2005
Ending Wednesday, April 6, 2005

* * *

PUBLISHED BY AUTHORITY

HOUSE JOURNAL
MONDAY, MARCH 28, 2005

953

**S. C. R. No. 595**: Commend Newton High School "Lady Tigers" Girls Basketball Team for State Championship.

**S. C. R. No. 596**: Commend Charlie Capps for dedicated legislative and public service.

**S. C. R. No. 598**: Commend Choctaw Central "Lady Warriors" Girls Basketball Team for second consecutive State Championship.

**S. C. R. No. 597**: Commend Auburn Quarterback Jason Campbell.

CREDELL CALHOUN, Chairman

Representative Bentz moved that adjournment of the House be in memory of Loyce V. Irby, which motion prevailed.

Representatives Bentz and Janus moved that adjournment of the House be in memory of Jimmy Curtis Brashier, which motion prevailed.

Representative Bounds moved that adjournment of the House be in memory of Olga Sharp, which motion prevailed.

Representative Lott moved that adjournment of the House be in memory of William G. "Bill" Flynn, which motion prevailed.

Representative Parker moved that adjournment of the House be in memory of Elizabeth Joyce Clark, which motion prevailed.

At 7:25 p.m. on motion of Mr. Taylor the House adjourned until 10:00 a.m., Tuesday, March 29.

DON RICHARDSON, Clerk

SIXTY-SECOND DAY, TUESDAY, MARCH 29, 2005

(EIGHTY-FIFTH CALENDAR DAY)

The House met pursuant to adjournment, William J. McCoy in the Chair. Prayer by former Representative, Charlie Smith, Eupora, Mississippi.

The National Anthem was sung by Petal High School "Soundsations" Show Choir.

Representative Mike Lott presented the Show Choir and their leader and told of the many awards they had won, including being named the 2005 National Winner Show Choir.

Present--Akins, Aldridge, Arinder, Bailey, Baker (8th), Baker (74th), Banks, Barnett, Beckett, Bentz, Blackmon, Bondurant, Bounds, Broomfield, Brown, Buck, Burnett, Calhoun, Capps, Carlton, Chism, Clark, Clarke, Coleman (29th), Coleman (65th), Compretta, Cummings, Davis, Dedeaux, Denny, Dickson, Eaton, Ellington, Ellis, Espy, Evans, Fillingane, Flaggs, Fleming, Formby, Franks, Fredericks, Frierson, Gadd, Gibbs, Green, Gregory, Guice, Gunn, Hamilton (6th), Hamilton (109th), Harrison, Hines, Holland, Holloway, Horne, Howell, Huddleston, Hudson, Ishee, Janus, Jennings, Johnson, Lott, Malone, Markham, Martinson, Masterson, Mayhall, Mayo, McBride,

**H. B. No. 693:** State agencies; DFA may assist creditor agency in collecting fees from delinquent agency and direct funds transfer.

On motion of Mr. Stringer the foregoing conference report was recommitted for further conference.

Mr. Stringer called up the conference report on the following bill:

**H. B. No. 1000:** Budget; amend certain statutes to provide more money in General Fund for appropriation.

On motion of Mr. Stringer the foregoing conference report was recommitted for further conference.

Mr. Stringer called up the conference report on the following bill:

**S. B. No. 2845:** State funds; provide for transfers of special funds into BCF, and transfers among categories for certain agencies.

On motion of Mr. Stringer the foregoing conference report was recommitted for further conference.

Mr. Blackmon called up the conference report on the following bill and moved that it be adopted:

**S. B. No. 2339:** Judicial redistricting; enact and eliminate running in the herd.

REPORT OF CONFERENCE COMMITTEE

MADAM PRESIDENT AND MR. SPEAKER:

We, the undersigned conferees, have had under consideration the amendments to the following entitled BILL:

**S. B. No. 2339:** Judicial redistricting; enact and eliminate running in the herd.

We, therefore, respectfully submit the following report and recommendation:

1. That the House recede from its Amendment No. 1.

2. That the Senate and House adopt the following amendment:

This amendment, in effect, set out an entirely new bill.

CONFEREES FOR THE SENATE: Charlie Ross, Ralph H. Doxey, Travis L. Little
CONFEREES FOR THE HOUSE: Linda Coleman, Thomas U. Reynolds

On motion of Mr. Blackmon the foregoing conference report was adopted by the following vote:

Yeas--Akins, Aldridge, Arinder, Bailey, Baker (8th), Baker (74th), Barnett, Beckett, Bentz, Blackmon, Bounds, Broomfield, Brown, Buck, Burnett, Calhoun, Carlton, Chism, Clark, Clarke, Coleman (29th), Coleman (65th), Compretta, Cummings, Davis, Dedeaux, Denny, Dickson, Eaton, Ellington, Ellis, Espy, Fillingane, Flaggs, Formby, Franks, Fredericks, Gadd, Gibbs, Gregory, Hamilton (6th), Hamilton (109th), Harrison, Hines, Holland, Hudson, Ishee, Janus, Jennings, Johnson, Lott, Malone, Markham, Martinson, Masterson, Mayhall, Mayo, McBride, Middleton, Miles, Mims, Moak, Montgomery, Moore, Morris, Moss, Nicholson, Parker, Patterson, Peranich, Perkins, Read, Reed, Reynolds, Robinson (84th), Rogers (14th), Rogers (61st), Rotenberry,

Scott, Shows, Simpson, Smith (59th), Smith (27th), Smith (39th), Snowden, Staples, Stevens, Stringer, Taylor, Thomas, Turner, Upshaw, Vince, Ward, Warren, Watson, Weathersby, Wells-Smith, Whittington, Woods, Young, Zuber, Mr. Speaker. Total—103.

Nays—Banks, Bondurant, Evans, Fleming, Green, Holloway, Myers, Reeves, Robinson (63rd), Straughter, Sullivan. Total—11.

Absent or those not voting—Capps, Frierson, Guice, Gunn, Horne, Rotenberry. Total—6.

Present—Huddleston. Total—1.

Vacancies—1.

Mr. Warren moved that the House concur in the Senate amendment to the following resolution:

**H. C. R. No. 111:** 2005 Regular Session; extend session, suspend deadlines for appropriation conference reports, and set date of sine die.

SENATE AMENDMENT NO. 1:

AMEND line 22 by striking "Sunday, April 3, 2005" and substituting in lieu thereof the following:

Tuesday, April 5, 2005

The House concurred in the foregoing amendment by the following vote:

Yeas—Akins, Aldridge, Arinder, Bailey, Baker (8th), Baker (74th), Banks, Barnett, Bentz, Blackmon, Bondurant, Bounds, Broomfield, Brown, Buck, Burnett, Calhoun, Carlton, Chism, Clark, Clarke, Coleman (29th), Coleman (65th), Compretta, Cummings, Davis, Dedeaux, Denny, Dickson, Eaton, Ellington, Ellis, Espy, Evans, Fillingane, Flaggs, Fleming, Formby, Fredericks, Frierson, Gadd, Gibbs, Green, Gregory, Guice, Gunn, Hamilton (6th), Hamilton (109th), Harrison, Hines, Holloway, Howell, Huddleston, Hudson, Ishee, Janus, Jennings, Johnson, Lott, Malone, Markham, Martinson, Masterson, Mayhall, Mayo, Middleton, Miles, Mims, Moak, Montgomery, Moore, Morris, Moss, Myers, Nicholson, Parker, Patterson, Peranich, Read, Reed, Reeves, Reynolds, Robinson (84th), Robinson (63rd), Rogers (14th), Rogers (61st), Rotenberry, Scott, Shows, Simpson, Smith (59th), Smith (27th), Smith (39th), Snowden, Staples, Stevens, Straughter, Stringer, Sullivan, Taylor, Thomas, Turner, Upshaw, Vince, Ward, Warren, Watson, Weathersby, Wells-Smith, Whittington, Woods, Young, Zuber, Mr. Speaker. Total—114.

Nays—Beckett, Franks, Holland, McBride, Perkins. Total—5.

Absent or those not voting—Capps, Horne. Total—2.

Vacancies—1.

REPORT OF COMMITTEE ON ENROLLED BILLS

Mr. Speaker: The Committee on Enrolled Bills has found correctly enrolled the following entitled measures and now presents them for your signature:

**H. C. R. No. 101:** Charlie Capps; commend dedicated service upon retirement.

**S. B. No. 2633:** Health Savings Accounts Act; establish and exempt certain contributions from gross income.

**S. B. No. 3013:** Motor vehicle sales tax; revise exemption for transfers between family members (STC).

# Mississippi Legislature
## 2014 Regular Session

# House Bill 67

House Calendar | Senate Calendar | Main Menu
Code Sections | Additional Information

**Bill Text for All Versions**  Explanation
🖨 | 🗐 | 🗒 *Approved by the Governor*
🖨 | 🗐 | 🗒 *As Passed the House*
🖨 | 🗐 | 🗒 *As Introduced*

**Description:** Special judges; revise compensation cap.

**Fiscal Note:**   No fiscal note conducted

**Background Information:**
*Disposition:*   Law
*Deadline:*   General Bill/Constitutional Amendment
*Revenue:*   No
*Vote type required:*   Majority
*Effective date:*   July 1, 2014
*Chapter Number:*   407

**History of Actions:**
```
 1   01/07 (H) Referred To Judiciary A
 2   01/28 (H) Title Suff Do Pass
 3   02/06 (H) Passed _____
 4   02/07 (H) Transmitted To Senate
 5   02/14 (S) Referred To Judiciary, Division A;Appropriations
 6   02/25 (S) DR - TSDP: JA To AP
 7   03/04 (S) Title Suff Do Pass
 8   03/06 (S) Passed _____
 9   03/07 (S) Returned For Enrolling
10   03/12 (H) Enrolled Bill Signed
11   03/12 (S) Enrolled Bill Signed
12   03/19 Approved by Governor
```

**Code Section:**   A 009-0001-0105

----- **Additional Information** -----

*House Committee:*   Judiciary A

## Live Webcasts

 (/webcastmenu/)

**Measure Search**
**(https://dms.lbo.ms.gov/PublicFormsService/Fill**

House Bills

Measure #

**Retrieve Measure**

MISSISSIPPI LEGISLATURE

By:  Representatives Baker, Baria,
Oberhousen, Reynolds, Hines, Moak

REGULAR SESSION 2014

To:  Judiciary A

HOUSE BILL NO.   67

1       AN ACT TO AMEND SECTION 9-1-105, MISSISSIPPI CODE OF 1972, TO
2   REVISE THE MAXIMUM COMPENSATION ALLOWED FOR SPECIAL JUDGES; AND
3   FOR RELATED PURPOSES.

4       BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:

5       **SECTION 1.**  Section 9-1-105, Mississippi Code of 1972, is

6   amended as follows:

7       9-1-105.  (1)  Whenever any judicial officer is unwilling or

8   unable to hear a case or unable to hold or attend any of the

9   courts at the time and place required by law by reason of the

10  physical disability or sickness of such judicial officer, by

11  reason of the absence of such judicial officer from the state, by

12  reason of the disqualification of such judicial officer pursuant

13  to the provision of Section 165, Mississippi Constitution of 1890,

14  or any provision of the Code of Judicial Conduct, or for any other

15  reason, the Chief Justice of the Mississippi Supreme Court, with

16  the advice and consent of a majority of the justices of the

17  Mississippi Supreme Court, may appoint a person as a special judge

18  to hear the case or attend and hold a court.

19        (2)  Upon the request of the Chief Judge of the Court of

20   Appeals or the senior judge of a chancery or circuit court

21   district, or upon his own motion, the Chief Justice of the

22   Mississippi Supreme Court, with the advice and consent of a

23   majority of the justices of the Mississippi Supreme Court, shall

24   have the authority to appoint a special judge to serve on a

25   temporary basis in a circuit or chancery court in the event of an

26   emergency or overcrowded docket.  It shall be the duty of any

27   special judge so appointed to assist the court to which he is

28   assigned in the disposition of causes so pending in such court for

29   whatever period of time is designated by the Chief Justice.

30        (3)  When a vacancy exists for any of the reasons enumerated

31   in Section 9-1-103, the vacancy has not been filled within seven

32   (7) days by an appointment by the Governor, and there is a pending

33   cause or are pending causes in the court where the vacancy exists

34   that in the interests of justice and in the orderly dispatch of

35   the court's business require the appointment of a special judge,

36   the Chief Justice of the Supreme Court, with the advice and

37   consent of a majority of the justices of the Mississippi Supreme

38   Court, may appoint a qualified person as a special judge to fill

39   the vacancy until the Governor makes his appointment and such

40   appointee has taken the oath of office.

41        (4)  If the Chief Justice pursuant to this section shall make

42   an appointment within the authority vested in the Governor by

43   reason of Section 165, Mississippi Constitution of 1890, the

44    Governor may at his election appoint a person to so serve.  In the
45    event that the Governor makes such an appointment, any appointment
46    made by the Chief Justice pursuant to this section shall be void
47    and of no further force or effect from the date of the Governor's
48    appointment.

49         (5)  When a judicial officer is unwilling or unable to hear a
50    case or unable or unwilling to hold court for a period of time not
51    to exceed two (2) weeks, the trial judge or judges of the affected
52    district or county and other trial judges may agree among
53    themselves regarding the appointment of a person for such case or
54    such limited period of time.  The trial judges shall submit a
55    notice to the Chief Justice of the Supreme Court informing him of
56    their appointment.  If the Chief Justice does not appoint another
57    person to serve as special judge within seven (7) days after
58    receipt of such notice, the person designated in such order shall
59    be deemed appointed.

60         (6)  A person appointed to serve as a special judge may be
61    any currently sitting or retired chancery, circuit or county court
62    judge, Court of Appeals judge or Supreme Court Justice, or any
63    other person possessing the qualifications of the judicial office
64    for which the appointment is made; provided, however, that a judge
65    or justice who was retired from service at the polls shall not be
66    eligible for appointment as a special judge in the district in
67    which he served prior to his defeat.

68          (7)  Except as otherwise provided in subsection (2) of this

69     section, the need for an appointment pursuant to this section may

70     be certified to the Chief Justice of the Mississippi Supreme Court

71     by any attorney in good standing or other officer of the court.

72          (8)  The order appointing a person as a special judge

73     pursuant to this section shall describe as specifically as

74     possible the duration of the appointment.

75          (9)  A special judge appointed pursuant to this section shall

76     take the oath of office, if necessary, and shall, for the duration

77     of his appointment, enjoy the full power and authority of the

78     office to which he is appointed.

79          (10)  Any currently sitting justice or judge appointed as a

80     special judge under this section shall receive no additional

81     compensation for his or her service as special judge.  Any other

82     person appointed as a special judge hereunder shall, for the

83     period of his service, receive compensation from the state for

84     each day's service a sum equal to 1/260 of the current salary in

85     effect for the judicial office; provided, however, that no retired

86     chancery, circuit or county court judge, retired Court of Appeals

87     judge or any retired Supreme Court Justice appointed as a special

88     judge pursuant to this section may, during any fiscal year,

89     receive compensation in excess of * * * <u>fifty percent (50%)</u> of the

90     current salary in effect for a chancery or circuit court judge.

91     Any person appointed as a special judge shall be reimbursed for

92     travel expenses incurred in the performance of the official duties

93  to which he may be appointed hereunder in the same manner as other

94  public officials and employees as provided by Section 25-3-41,

95  Mississippi Code of 1972.

96      (11)  If any person appointed as such special judge is

97  receiving retirement benefits by virtue of the provisions of the

98  Public Employees' Retirement Law of 1952, appearing as Sections

99  25-11-1 through 25-11-139, Mississippi Code of 1972, such benefits

100  shall not be reduced in any sum whatsoever because of such

101  service, nor shall any sum be deducted as contributions toward

102  retirement under said law.

103      (12)  The Supreme Court shall have authority to prescribe

104  rules and regulations reasonably necessary to implement and give

105  effect to the provisions of this section.

106      (13)  Nothing in this section shall abrogate the right of

107  attorneys engaged in a case to agree upon a member of the bar to

108  preside in a case pursuant to Section 165 of the Mississippi

109  Constitution of 1890.

110      (14)  The Supreme Court shall prepare the necessary payroll

111  for special judges appointed pursuant to this section and shall

112  submit such payroll to the Department of Finance and

113  Administration.

114      (15)  Special judges appointed pursuant to this section shall

115  direct requests for reimbursement for travel expenses authorized

116  pursuant to this section to the Supreme Court and the Supreme

117  Court shall submit such requests to the Department of Finance and

118   Administration.   The Supreme Court shall have the power to adopt

119   rules and regulations regarding the administration of travel

120   expenses authorized pursuant to this section.

121       **SECTION 2.**   This act shall take effect and be in force from

122   and after July 1, 2014.

~ **OFFICIAL** ~
ST:  Special judges; revise compensation cap.

Mississippi House of Representatives
2014 Regular Session

H. B. No. 67 passed by the following vote:

Yeas--Alday, Aldridge, Anderson, Arnold, Bailey, Bain, Baker, Banks, Baria, Williams-Barnes, Barton, Beckett, Bell, Bennett, Blackmon, Bounds, Boyd, Brown (66th), Brown (20th), Burnett, Busby, Byrd, Calhoun, Campbell, Carpenter, Chism, Clark, Clarke, Cockerham, Coleman (29th), Coleman (65th), Crawford, Currie, DeBar, DeLano, Denny, Denton, Dickson, Dixon, Eaton, Ellis, Espy, Eure, Evans (91st), Evans (70th), Evans (43rd), Faulkner, Formby, Frierson, Gibbs, Gipson, Guice, Hamilton, Haney, Harrison, Hines, Holloway, Hood, Horan, Howell, Huddleston (15th), Huddleston (30th), Jackson, Jennings, Johnson, Kinkade, Ladner, Lamar, Lane, Lott, Malone, Martinson, Massengill, Mayo, McLeod, Mettetal, Middleton, Miles, Mims, Moak, Monsour, Moore, Morgan, Myers, Nelson, Oberhousen, Patterson, Perkins, Pigott, Powell, Read, Reynolds, Rogers (14th), Rogers (61st), Rushing, Shirley, Shows, Smith (27th), Smith (39th), Snowden, Staples, Steverson, Straughter, Stringer, Taylor, Thomas, Turner, Warren, Watson, Weathersby, White, Whittington, Willis, Wooten, Young, Zuber, Mr. Speaker.  Total--117.

Nays--Scott.  Total--1.

Absent or those not voting--Barker, Holland, Horne, Sullivan.  Total--4.

### DISCLAIMER

All information provided on the *Mississippi Legislative Website* is believed to be correct. However, no liability is assumed for errors in substance or form of any of the materials published on this website. Electronic versions of legislation available on this site do not display the text of these documents exactly as the printed versions.

The information contained on this website is provided as a service to the Internet community. We try to provide quality information, but we make no claims, promises or guarantees about the accuracy, completeness or adequacy of the information contained in or linked to this website.

Mississippi State Senate
2014 Regular Session

YEAS AND NAYS On H. B. No. 67.  On motion of Senator Hopson, the rules were suspended, the bill considered engrossed, read the third time and, the yeas and nays being taken, it passed, title standing as stated, by the following vote:

Yeas--Blount, Brown, Browning, Bryan, Burton, Butler A. (36th), Butler K. (38th), Carmichael, Chassaniol, Clarke, Collins, Dawkins, Doty, Fillingane, Frazier, Gandy, Gollott, Hale, Harkins, Hill, Hopson, Horhn, Hudson, Jackson G. (15th), Jackson R. (11th), Jackson S. (32nd), Jolly, Jones, Jordan, Kirby, Lee, Longwitz, Massey, McDaniel, Montgomery, Moran, Norwood, Parker, Parks, Polk, Simmons D. T. (12th), Simmons W. (13th), Smith, Sojourner, Stone, Tindell, Tollison, Turner, Ward, Watson, Wiggins, Wilemon.  Total--52.
    Nays--None.
    Absent and those not voting----None.

DISCLAIMER

All information provided on the *Mississippi Legislative Website* is believed to be correct. However, no liability is assumed for errors in substance or form of any of the materials published on this website. Electronic versions of legislation available on this site do not display the text of these documents exactly as the printed versions.

The information contained on this website is provided as a service to the Internet community. We try to provide quality information, but we make no claims, promises or guarantees about the accuracy, completeness or adequacy of the information contained in or linked to this website.

# Mississippi Legislature
# 2018 Regular Session

# Senate Bill 2044

Senate Calendar | House Calendar | Main Menu
Code Sections | Additional Information

**Bill Text for All Versions**   Explanation
*Approved by the Governor*
*As Passed the Senate*
*As Introduced*

**Description:** Special judges; expand authority of Chief Justice to appoint.

**Fiscal Note:**   No fiscal note conducted

**Background Information:**
*Disposition:*   Law
*Deadline:*   General Bill/Constitutional Amendment
*Revenue:*   No
*Vote type required:*   Majority
*Effective date:*   Passage
*Chapter Number:*   391

**History of Actions:**

| | | |
|---|---|---|
| 1 | 01/03 | (S) Referred To Judiciary, Division A |
| 2 | 01/23 | (S) Title Suff Do Pass |
| 3 | 01/31 | (S) Passed |
| 4 | 02/01 | (S) Transmitted To House |
| 5 | 02/19 | (H) Referred To Judiciary A |
| 6 | 02/27 | (H) Title Suff Do Pass |
| 7 | 03/06 | (H) Read the Third Time |
| 8 | 03/07 | (H) Passed |
| 9 | 03/08 | (H) Returned For Enrolling |
| 10 | 03/12 | (S) Enrolled Bill Signed |
| 11 | 03/12 | (H) Enrolled Bill Signed |
| 12 | 03/19 | Approved by Governor |

**Code Section:**   A 009-0001-0105

----- **Additional Information** -----

*Senate Committee:*   Judiciary, Division A

## Live Webcasts

   (/webcastmenu/)

## Measure Search
## (https://dms.lbo.ms.gov/PublicFormsService/Fill

House Bills

Measure #

**Retrieve Measure**

MISSISSIPPI LEGISLATURE

By: Senator(s) Fillingane

REGULAR SESSION 2018

To: Judiciary, Division A

SENATE BILL NO. 2044

1   AN ACT TO AMEND SECTION 9-1-105, MISSISSIPPI CODE OF 1972, TO
2 EXPAND THE AUTHORITY OF THE CHIEF JUSTICE TO APPOINT SPECIAL
3 JUDGES TO SERVE IN COUNTY COURTS TO ADDRESS OVERCROWDED COUNTY
4 COURT DOCKETS AND TO CLARIFY THE DISCRETION OF THE CHIEF JUSTICE
5 TO DETERMINE THE TYPE OF CASELOAD TO BE HANDLED BY A SPECIAL
6 JUDGE; AND FOR RELATED PURPOSES.

7   BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:

8   **SECTION 1.**  Section 9-1-105, Mississippi Code of 1972, is

9 amended as follows:

10   9-1-105.  (1)  Whenever any judicial officer is unwilling or

11 unable to hear a case or unable to hold or attend any of the

12 courts at the time and place required by law by reason of the

13 physical disability or sickness of such judicial officer, by

14 reason of the absence of such judicial officer from the state, by

15 reason of the disqualification of such judicial officer pursuant

16 to the provision of Section 165, Mississippi Constitution of 1890,

17 or any provision of the Code of Judicial Conduct, or for any other

18 reason, the Chief Justice of the Mississippi Supreme Court, with

19 the advice and consent of a majority of the justices of the

~ **OFFICIAL** ~                    G1/2

20   Mississippi Supreme Court, may appoint a person as a special judge

21   to hear the case or attend and hold a court.

22       (2)   Upon the request of the Chief Judge of the Court of

23   Appeals * * *, the senior judge of a chancery or circuit court

24   district, the senior judge of a county court, or upon his own

25   motion, the Chief Justice of the Mississippi Supreme Court, with

26   the advice and consent of a majority of the justices of the

27   Mississippi Supreme Court, shall have the authority to appoint a

28   special judge to serve on a temporary basis in a circuit * * *,

29   chancery or county court in the event of an emergency or

30   overcrowded docket.  It shall be the duty of any special judge so

31   appointed to assist the court to which he is assigned in the

32   disposition of causes so pending in such court for whatever period

33   of time is designated by the Chief Justice.  The Chief Justice, in

34   his discretion, may appoint the special judge to hear particular

35   cases, a particular type of case, or a particular portion of the

36   court's docket.

37       (3)   When a vacancy exists for any of the reasons enumerated

38   in Section 9-1-103, the vacancy has not been filled within seven

39   (7) days by an appointment by the Governor, and there is a pending

40   cause or are pending causes in the court where the vacancy exists

41   that in the interests of justice and in the orderly dispatch of

42   the court's business require the appointment of a special judge,

43   the Chief Justice of the Supreme Court, with the advice and

44   consent of a majority of the justices of the Mississippi Supreme

45  Court, may appoint a qualified person as a special judge to fill

46  the vacancy until the Governor makes his appointment and such

47  appointee has taken the oath of office.

48      (4)  If the Chief Justice pursuant to this section shall make

49  an appointment within the authority vested in the Governor by

50  reason of Section 165, Mississippi Constitution of 1890, the

51  Governor may at his election appoint a person to so serve.  In the

52  event that the Governor makes such an appointment, any appointment

53  made by the Chief Justice pursuant to this section shall be void

54  and of no further force or effect from the date of the Governor's

55  appointment.

56      (5)  When a judicial officer is unwilling or unable to hear a

57  case or unable or unwilling to hold court for a period of time not

58  to exceed two (2) weeks, the trial judge or judges of the affected

59  district or county and other trial judges may agree among

60  themselves regarding the appointment of a person for such case or

61  such limited period of time.  The trial judges shall submit a

62  notice to the Chief Justice of the Supreme Court informing him of

63  their appointment.  If the Chief Justice does not appoint another

64  person to serve as special judge within seven (7) days after

65  receipt of such notice, the person designated in such order shall

66  be deemed appointed.

67      (6)  A person appointed to serve as a special judge may be

68  any currently sitting or retired chancery, circuit or county court

69  judge, Court of Appeals judge or Supreme Court Justice, or any

70    other person possessing the qualifications of the judicial office

71    for which the appointment is made; * * * however, * * * a judge or

72    justice who was retired from service at the polls shall not be

73    eligible for appointment as a special judge in the district in

74    which he served prior to his defeat.

75        (7)   Except as otherwise provided in subsection (2) of this

76    section, the need for an appointment pursuant to this section may

77    be certified to the Chief Justice of the Mississippi Supreme Court

78    by any attorney in good standing or other officer of the court.

79        (8)   The order appointing a person as a special judge

80    pursuant to this section shall describe as specifically as

81    possible the duration of the appointment.

82        (9)   A special judge appointed pursuant to this section shall

83    take the oath of office, if necessary, and shall, for the duration

84    of his appointment, enjoy the full power and authority of the

85    office to which he is appointed.

86        (10)   Any currently sitting justice or judge appointed as a

87    special judge under this section shall receive no additional

88    compensation for his or her service as special judge.  Any other

89    person appointed as a special judge hereunder shall, for the

90    period of his service, receive compensation from the state for

91    each day's service a sum equal to 1/260ths of the current salary

92    in effect for the judicial office; * * * however, * * * no retired

93    chancery, circuit or county court judge, retired Court of Appeals

94    judge or any retired Supreme Court Justice appointed as a special

95   judge pursuant to this section may, during any fiscal year,

96   receive compensation in excess of fifty percent (50%) of the

97   current salary in effect for a chancery or circuit court judge.

98   Any person appointed as a special judge shall be reimbursed for

99   travel expenses incurred in the performance of the official duties

100  to which he may be appointed hereunder in the same manner as other

101  public officials and employees as provided by Section 25-3-41,

102  Mississippi Code of 1972.

103      (11)  If any person appointed as such special judge is

104  receiving retirement benefits by virtue of the provisions of the

105  Public Employees' Retirement Law of 1952, appearing as Sections

106  25-11-1 through 25-11-139, Mississippi Code of 1972, such benefits

107  shall not be reduced in any sum whatsoever because of such

108  service, nor shall any sum be deducted as contributions toward

109  retirement under said law.

110      (12)  The Supreme Court shall have authority to prescribe

111  rules and regulations reasonably necessary to implement and give

112  effect to the provisions of this section.

113      (13)  Nothing in this section shall abrogate the right of

114  attorneys engaged in a case to agree upon a member of the bar to

115  preside in a case pursuant to Section 165 of the Mississippi

116  Constitution of 1890.

117      (14)  The Supreme Court shall prepare the necessary payroll

118  for special judges appointed pursuant to this section and shall

119  submit such payroll to the Department of Finance and

120  Administration.

121      (15)  Special judges appointed pursuant to this section shall

122  direct requests for reimbursement for travel expenses authorized

123  pursuant to this section to the Supreme Court and the Supreme

124  Court shall submit such requests to the Department of Finance and

125  Administration.  The Supreme Court shall have the power to adopt

126  rules and regulations regarding the administration of travel

127  expenses authorized pursuant to this section.

128      **SECTION 2.**  This act shall take effect and be in force from

129  and after its passage.

S. B. No. 2044
18/SS26/R382
PAGE 6 (tb\rc)

~ **OFFICIAL** ~
ST:  Special judges; expand authority of Chief
Justice to appoint.

Mississippi State Senate
2018 Regular Session

YEAS AND NAYS On S. B. No. 2044.  On motion of Senator Hopson, the rules were suspended, the bill considered engrossed, read the third time and, the yeas and nays being taken, it passed, title standing as stated, by the following vote:

Yeas--Barnett, Blackmon, Blackwell, Blount, Branning, Browning, Bryan, Burton, Butler, Carmichael, Carter, Caughman, Chassaniol, Clarke, Dawkins, DeBar, Dearing, Doty, Fillingane, Frazier, Gollott, Harkins, Hill, Hopson, Horhn, Hudson, Jackson G. (15th), Jackson R. (11th), Jackson S. (32nd), Jolly, Jordan, Kirby, Massey, McDaniel, McMahan, Michel, Moran, Norwood, Parker, Parks, Polk, Seymour, Simmons D. T. (12th), Simmons W. (13th), Tollison, Turner-Ford, Watson, Whaley, Wiggins, Wilemon, Witherspoon, Younger.  Total--52.
Nays--None.
Absent and those not voting----None.

### DISCLAIMER

All information provided on the *Mississippi Legislative Website* is believed to be correct. However, no liability is assumed for errors in substance or form of any of the materials published on this website. Electronic versions of legislation available on this site do not display the text of these documents exactly as the printed versions.

The information contained on this website is provided as a service to the Internet community. We try to provide quality information, but we make no claims, promises or guarantees about the accuracy, completeness or adequacy of the information contained in or linked to this website.

Mississippi House of Representatives
2018 Regular Session

S. B. No. 2044 passed by the following vote:

Yeas--Aguirre, Anderson, Arnold, Bailey, Bain, Baker, Banks, Baria, Barnett, Barton, Beckett, Bell (65th), Bell (21st), Bennett, Blackmon, Bomgar, Bounds, Boyd, Brown, Burnett, Busby, Byrd, Calhoun, Carpenter, Chism, Clark, Clarke, Cockerham, Crawford, Criswell, Currie, DeLano, Denny, Denton, Dixon, Dortch, Eubanks, Eure, Evans (91st), Evans (45th), Faulkner, Ford, Foster, Gibbs (72nd), Gibbs (36th), Gipson, Guice, Hale, Haney, Hines, Holland, Holloway, Hood, Hopkins, Horan, Horne, Huddleston (15th), Hudson, Hughes, Jackson, Johnson (87th), Johnson (94th), Karriem, Kinkade, Ladner, Lamar, Mangold, Massengill, McGee, McLeod, McNeal, Mettetal, Mickens, Middleton, Miles, Mims, Morgan, Oliver, Paden, Patterson, Perkins, Pigott, Powell, Read, Reynolds, Roberson, Rogers (14th), Rogers (61st), Rushing, Sanford, Scoggin, Scott, Shirley, Smith, Snowden, Staples, Steverson, Straughter, Sullivan, Sykes, Taylor, Thomas, Touchstone, Turner, Walker, Watson, Weathersby, White, Wilkes, Willis, Wilson, Wooten, Young, Zuber, Mr. Speaker.  Total--115.
Nays--None.
Absent or those not voting--Williams-Barnes, Corley, Henley, Myers, Tullos.  Total--5.
Vacancies--2.

DISCLAIMER

All information provided on the *Mississippi Legislative Website* is believed to be correct. However, no liability is assumed for errors in substance or form of any of the materials published on this website. Electronic versions of legislation available on this site do not display the text of these documents exactly as the printed versions.
The information contained on this website is provided as a service to the Internet community. We try to provide quality information, but we make no claims, promises or guarantees about the accuracy, completeness or adequacy of the information contained in or linked to this website.

SB 2889 - History of Actions/Background

# Mississippi Legislature
# 2023 Regular Session

# Senate Bill 2889

Senate Calendar | House Calendar | Main Menu
Amendments | Additional Information

**Bill Text for All Versions**   Explanation

*As Passed the Senate*

*Committee Substitute*

*As Introduced*

**Description:** Mississippi Capitol Region Utility Act; create.

**Fiscal Note:**  No fiscal note conducted

**Background Information:**
*Disposition:*   Dead
*Deadline:*  General Bill/Constitutional Amendment
*Revenue:*  No
*Vote type required:*  Majority
*Effective date:*  ** See Text

**History of Actions:**
```
 1   01/16 (S) Referred To Economic and Workforce Development
 2   01/24 (S) Title Suff Do Pass Comm Sub
 3   02/07 (S) Committee Substitute Adopted
 4   02/07 (S) Amended
 5   02/07 (S) Passed As Amended      {Vote}
 6   02/07 (S) Motion to Reconsider Entered
 7   02/08 (S) Motion to Reconsider Tabled
 8   02/09 (S) Transmitted To House
 9   02/14 (H) Referred To Public Utilities
10   02/28 (H) Title Suff Do Pass As Amended
11   03/08 (H) Died On Calendar
```

**Amendments:**

[S] Amendment No 1 (Cmte Sub)   *Adopted*   Voice Vote

[S] Amendment No 1 to Amendment No 1 (Cmte Sub)   *Adopted*   Voice Vote

[S] Amendment No 2 (Cmte Sub)   *Not Germane*

[H] Committee Amendment No 1   *Pending*

**----- Additional Information -----**

*Senate Committee:*  Economic and Workforce Development
*House Committee:*  Public Utilities

*Principal Author:*  Parker

*Title:* AN ACT TO CREATE THE MISSISSIPPI CAPITOL REGION UTILITY ACT; TO ESTABLISH THE
MISSISSIPPI CAPITOL REGION UTILITY AUTHORITY; TO PROVIDE FOR THE APPOINTMENT OF A
PRESIDENT AND A BOARD OF DIRECTORS FOR SUCH AUTHORITY; TO CLARIFY THE POWERS

AND DUTIES OF SUCH BOARD; TO ENSURE ACCESS TO SAFE, CLEAN AND RELIABLE WATER FOR THE CITIZENS OF CENTRAL MISSISSIPPI; AND FOR RELATED PURPOSES.

**Information pertaining to this measure was last updated on 03/13/2023 at 06:53**

*End Of Document*

MISSISSIPPI LEGISLATURE

REGULAR SESSION 2023

By: Senator(s) Parker

To: Economic and Workforce Development

SENATE BILL NO. 2889
(As Passed the Senate)

1     AN ACT TO CREATE THE MISSISSIPPI CAPITOL REGION UTILITY ACT;
2 TO ESTABLISH THE MISSISSIPPI CAPITOL REGION UTILITY AUTHORITY; TO
3 PROVIDE FOR THE APPOINTMENT OF A PRESIDENT AND A BOARD OF
4 DIRECTORS FOR SUCH AUTHORITY; TO CLARIFY THE POWERS AND DUTIES OF
5 SUCH BOARD; TO ENSURE ACCESS TO SAFE, CLEAN AND RELIABLE WATER FOR
6 THE CITIZENS OF CENTRAL MISSISSIPPI; AND FOR RELATED PURPOSES.

7     BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:

8     **SECTION 1.**  This act shall be known and may be cited as the

9 "Mississippi Capitol Region Utility Act."

10     **SECTION 2.**  (1)  The Mississippi Legislature finds the

11 following:

12          (a)  For the benefit of the citizens centrally located

13 in the State of Mississippi, including citizens residing or

14 working in the capital city of the State of Mississippi, it is

15 essential to have access to safe, clean and reliable water,

16 wastewater and storm water systems at affordable, regulated rates

17 which are just, reasonable and provide an adequate amount of

18 capital to keep such systems in good repair;

19          (b)  The availability of safe, clean and reliable water,

20 wastewater and storm water has vast impacts on health, schools and

21  academic outcomes, crime and safety, state and local government
22  operations, businesses and economic development, the availability
23  of a workforce, tourism and many other critical areas;

24      (c)  The availability of safe, clean and reliable water,
25  wastewater and storm water systems requires significant financial
26  resources and human capital to engage in the planning,
27  acquisition, construction, maintenance, coordination and operation
28  required to deliver transparent and efficient services which meet
29  and exceed federal and state regulations and requirements;

30      (d)  On November 29, 2022, the Department of Justice
31  filed a complaint alleging that the City of Jackson has failed to
32  provide drinking water that is reliably compliant with the Safe
33  Drinking Water Act to citizens within the boundaries of the water
34  system.  The Department of Justice simultaneously filed a proposal
35  which would appoint a receiver, or an interim third-party manager,
36  to stabilize the City of Jackson's public drinking water system
37  and build confidence in the water system's ability to supply safe,
38  clean and reliable water to citizens within the boundaries of the
39  water system.  The U.S. District Court for the Southern District
40  of Mississippi appointed a receiver to oversee and operate the
41  water system on November 29, 2022.

42      (e)  The receiver appointed by the U.S. District Court
43  for the Southern District of Mississippi provided in his January
44  27, 2023, plan for the water system that he would like a concept
45  for future governance in place by September 30, 2023, and a

S. B. No. 2889      ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖      ~ OFFICIAL ~
23/SS08/R699PS
PAGE 2

46  utility authority or corporate nonprofit entity are viable options

47  for the concept of future governance;

48      (f)   The creation and organization of a structure for

49  future governance requires legislation for it to continue in

50  perpetuity beyond the eventual end of the receiver's work and

51  related federal court orders; and

52      (g)   The creation and organization of a structure for

53  future governance prior to the date of the conclusion of the

54  receiver's work will allow the best opportunity for minimal

55  disruption in water, wastewater and storm water service and

56  maximum ease of transition after the receiver has concluded his

57  work in overseeing and operating the water system.

58  (2)   Therefore, it is the intent of the Mississippi

59  Legislature to:

60      (a)   Provide authority to the Mississippi Capitol Region

61  Utility Authority to transfer water, wastewater and storm water

62  services provided by the City of Jackson to the utility

63  authority's ownership, management·and control when the

64  court-appointed receiver's work concludes with the water system to

65  ensure all citizens have access to safe, clean and reliable water,

66  wastewater and storm water systems at affordable, regulated rates

67  which are just, reasonable and provide an adequate amount of

68  capital to keep such systems in good repair; and

69      (b)   Partner with the Mississippi Department of Health,

70  Mississippi Department of Environmental Quality, local

71  governments, including the City of Jackson, within the boundaries

72  of the utility district, and any other federal, state or local

73  entity in taking any action necessary under this act to ensure all

74  citizens have access to safe, clean and reliable water, wastewater

75  and storm water systems, with the understanding that federal and

76  state agencies are solely responsible for regulating, but not

77  operating, the utility authority.

78  **SECTION 3.**  As used in this act, the following words and

79  phrases have the meanings ascribed herein, unless the context

80  clearly indicates otherwise:

81          (a)  "Act" means the Mississippi Capitol Region Utility

82  Act.

83          (b)  "Board" means the Board of Directors of the

84  Mississippi Capitol Region Utility Authority.

85          (c)  "Bonds" means revenue bonds and other certificates

86  of indebtedness of the authority issued under the provisions of

87  this act.

88          (d)  "Fiscal year" means the period of time beginning on

89  July 1 of each year and ending on June 30 of each year.

90          (e)  "Major procurement" means the procurement of any

91  good or service in excess of One Million Dollars ($1,000,000.00).

92          (f)  "Municipality" means any incorporated city, town or

93  village of the State of Mississippi, whether operating under

94  general law or special charter.

95          (g)  "Person" means the State of Mississippi, a county,

96   a municipality, any state agency or any other city, town, village

97   or political subdivision or governmental agency or instrumentality

98   of the State of Mississippi or of the United States of America, or

99   any private utility, individual, copartnership, association, firm,

100  trust, estate or any other entity whatsoever.

101         (h)  "Project" means the construction, development or

102  acquisition by the utility authority of any infrastructure for

103  water, wastewater and storm water systems or services and includes

104  upgrading or repair of existing systems.

105         (i)  "Public agency" means any county, municipality,

106  state board or utility authority owning or operating properties,

107  districts created pursuant to the general laws or local and

108  private laws of the State of Mississippi, or any other political

109  subdivision of the State of Mississippi possessing the power to

110  own and operate waterworks, water supply systems, sewerage

111  systems, sewage treatment systems or other facilities or systems

112  for the collection, transportation and treatment of water,

113  wastewater, and storm water.

114         (j)  "Receiver" means the interim third-party manager

115  for the water system owned by the City of Jackson who was

116  appointed by the U.S. District Court for the Southern District of

117  Mississippi on November 29, 2022, to oversee and operate the water

118  system during the negotiation of a consent decree related to

119  compliance with the Safe Drinking Water Act and other laws.

120          (k)  "Storm water" means any flow occurring during or

121  following any form of natural precipitation and resulting from

122  that precipitation.

123          (l)  "System" or "systems" means any plants, structures,

124  facilities and other real and personal property used or useful in

125  the generation, storage, transportation or supply of water, and

126  the collection, transportation, treatment or disposal of

127  wastewater and storm water, including tanks, lakes, streams,

128  ponds, pipes, trunk lines, mains, sewers, conduits, pipelines,

129  pumping and ventilating stations, plants, works, connections and

130  any other real or personal property and rights therein necessary,

131  useful or convenient for the purposes of the utility board or

132  authorities in connection therewith.

133          (m)  "Utility authority" shall mean the Mississippi

134  Capitol Region Utility Authority.

135          (n)  "Wastewater" means water being disposed of by any

136  person and which is contaminated with waste or sewage, including

137  industrial, municipal, and any other wastewater that may cause

138  impairment of the quality of waters in the state.

139          (o)  "Water" means potable water, surface water and

140  groundwater.

141  **SECTION 4.**  (1)  There is hereby created and established a

142  corporate nonprofit known as the Mississippi Capitol Region

143  Utility Authority.  The authority will be composed of geographic

144  areas receiving water, wastewater and storm water services from

145  the City of Jackson as of the date of enactment of this act for

146  the planning, acquisition, construction, maintenance, operation

147  and coordination of water, wastewater and storm water systems in

148  order to ensure the delivery of water, wastewater and storm water

149  services to citizens.  Such utility authority is created solely to

150  accomplish the purposes of the State under this act and the

151  exercise by the utility authority of the powers conferred by this

152  act shall be deemed and held to be the performance of an essential

153  public function promoting the health, welfare and prosperity of

154  the general public.  It is the intent of the Legislature that the

155  utility authority shall be accountable to ratepayers within the

156  systems through the audits, reports and disclosures required by

157  this act.

158      (2)   The existence of the corporate nonprofit utility

159  authority, which shall be domiciled in the State of Mississippi,

160  shall begin upon the appointment of a majority of its board as

161  provided in Section 5 of this act.

162      (3)   The utility authority shall assume ownership, management

163  and control over the water, wastewater and storm water systems on

164  the date of termination of the receiver by the U.S. District Court

165  for the Southern District of Mississippi.

166      (4)   In the event of any action or matter against the utility

167  authority, the Chief Justice of the Mississippi Supreme Court

168  shall select an appropriate Circuit or Chancery Court, which shall

169   have exclusive jurisdiction over the matter.  For purposes of

170   court costs, the utility authority shall be a private corporation.

171         (5)  All funds provided by the federal government in H.R.

172   2617, the Consolidated Appropriations Act of 2023, and any other

173   funds provided by the state or federal government in response to

174   the water crisis detailed by the U.S. District Court for the

175   Southern District of Mississippi in Case No. 3:22-cv-00686, *United*

176   *States v. City of Jackson*, shall be spent according to the

177   direction of the receiver and federal court within the service

178   territory impacted by the water crisis and in accordance with

179   federal law.

180         **SECTION 5.**  (1)  The affairs of the utility authority shall

181   be administered by the Mississippi Capitol Region Utility

182   Authority Board of Directors.  The board shall be composed of nine

183   (9) members to be selected as follows:  the Mayor of the City of

184   Jackson, with the advice and consent of the Senate, shall appoint

185   four (4) members.  The Governor, with the advice and consent of

186   the Senate, shall appoint three (3) members.  The Governor shall

187   consult with the City of Byram to appoint one (1) of the three (3)

188   appointments, so long as the City of Byram is included within the

189   boundaries of the systems.  The Lieutenant Governor, with the

190   advice and consent of the Senate, shall appoint two (2) members.

191   The Lieutenant Governor shall consult with the Mayor of the City

192   of Ridgeland to appoint one (1) of their two (2) appointments, so

193   long as the City of Ridgeland is included within the boundaries of

194   the systems.  All members shall be appointed within sixty (60)

195   days of the enactment of this act.

196        In the appointment process, appointing authorities shall

197   attempt to see that all portions of society and its diversity are

198   represented in members of the utility authority.  All appointed

199   members must be residents of the State of Mississippi, must be

200   ratepayers within the system boundaries, and must have

201   significant, demonstrated experience in business management,

202   fiscal affairs, public health or public utilities.

203        (2)  The initial terms of the board of directors shall be as

204   follows:  One (1) member appointed by the Mayor of the City of

205   Jackson shall serve for an initial term of four (4) years.  One

206   (1) member appointed by the Mayor of the City of Jackson shall

207   serve for an initial term of three (3) years.  One (1) member

208   appointed by the Mayor of the City of Jackson shall serve for an

209   initial term of two (2) years.  One (1) member appointed by the

210   Mayor of the City of Jackson shall serve for an initial term of

211   one (1) year.  The Governor shall appoint one (1) member for a

212   term of four (4) years, one (1) member for a term of three (3)

213   years, and one (1) member for a term of two (2) years.  The

214   Lieutenant Governor shall appoint one (1) member for a term of

215   four (4) years and one (1) member for a term of three (3) years.

216        (3)  Except as provided in Subsection 2 of this section,

217   appointments shall be for a term of four (4) years.  Each member

218   shall hold office until his successor has been appointed and

219   qualified.  Vacancies shall be filled by appointment by the
220   appropriate appointing authority, subject to the advice and
221   consent of the Senate, for the length of the unexpired term only.
222   Any member of the utility authority shall be eligible for
223   reappointment for a maximum of two (2) full terms.  Each member of
224   the utility authority shall, before entering upon his duty, take
225   an oath of office to administer the duties of his office
226   faithfully and impartially, and a record of such oath shall be
227   filed in the Office of the Secretary of State.  The utility
228   authority shall annually elect from its membership a chairman and
229   vice chairman who shall be eligible for reelection.  The utility
230   authority shall also elect or appoint, and prescribe the duties
231   of, such other officers, who need not be members, as the utility
232   authority deems necessary or advisable and the utility authority
233   shall fix the compensation of such officers.  The utility
234   authority may delegate to one or more of its members, officers,
235   employees or agents such powers and duties as it may deem proper,
236   not inconsistent with this article or other provisions of law.
237       (4)   The members of the utility authority shall serve without
238   salary, but shall be entitled to receive per diem pay as provided
239   in Section 25-3-69, plus travel and necessary expenses, including
240   mileage, as provided in Section 25-3-41, incurred while in the
241   performance of his or her duties as a member of the board of
242   directors of the utility authority upon authorization by the
243   board.  Expenses shall be paid from the available funds of the

244  utility authority after the utility authority assumes ownership,

245  management and control of the water, wastewater and storm systems

246  as provided in this act.  Until the date the utility authority

247  assumes ownership, management and control of the water, wastewater

248  and stormwater systems as provided in this act, expenses shall be

249  paid by the State of Mississippi.

250      (5)  All meetings of the board shall be subject to the Open

251  Meetings Act in Section 25-41-1 et seq.  The chairman or a

252  majority of members of the utility authority may convene the board

253  for a meeting.

254      (6)  Except as may be provided by law, all records of the

255  utility authority shall be deemed public records and subject to

256  public inspection as provided by Section 25-61-1 et seq.

257      (7)  The board may by majority vote excuse the absence of any

258  member of the board.  In the event that any member of the board is

259  absent for two (2) board meetings in a twelve-month period without

260  such absences being excused by the board, his or her membership on

261  the board shall be terminated as a function of law, without any

262  action by the board, and the removed member of the board shall be

263  ineligible for reappointment to the board.  The original

264  appointing authority shall retain their right to appoint a new

265  board member to replace the removed board member.

266      (8)  No employee of the utility authority shall be a member

267  of the board.

268      (9)  Until such time that the utility district assumes
269 ownership, management, and control of the water, wastewater and
270 storm water systems, the board shall cooperate and coordinate with
271 the receiver in order to provide the best opportunity for minimal
272 disruption in service and maximum ease of transition after the
273 receiver has concluded his work in overseeing and operating the
274 water system.

275      **SECTION 6.**  (1)  The utility authority shall consult with the
276 receiver and the City of Jackson in appointing a president by
277 January 1, 2024, who shall serve at the will and pleasure of the
278 board.  If the utility authority does not have ownership,
279 management, and control of the water, wastewater and storm water
280 systems by the date of the appointment of a president, the State
281 of Mississippi shall pay the salary of the president on a
282 bimonthly basis.  The president shall manage the daily affairs of
283 the utility authority and shall have such powers and duties as
284 specified by this act, by the board, and any rules or regulations
285 adopted by the board.  The president shall not be a member of the
286 board.  The president shall serve at the will and pleasure of the
287 board.

288      (2)  Until such time that the utility district assumes
289 ownership, management, and control of the water, wastewater and
290 storm water systems, the president shall cooperate and coordinate
291 with the receiver in order to provide the best opportunity for
292 minimal disruption in service and maximum ease of transition after

293   the receiver has concluded his work in overseeing and operating

294   the water system.

295       (3)  The president shall employ such personnel as he or she

296   deems necessary.  All personnel shall serve at the will and

297   pleasure of the president, unless otherwise specified by the

298   president.

299       (4)  The board shall set the salary of the president at such

300   level as is necessary to recruit and retain a qualified

301   professional with the expertise necessary in a public utility.

302   The board may authorize whatsoever incentive compensation program

303   for the president and utility authority staff as it deems

304   necessary and proper.  The utility authority shall be exempt from

305   the provisions of Section 25-3-39.

306   **SECTION 7.**  (1)  The utility authority shall have the power,

307   duty and responsibility to exercise general supervision over the

308   design, construction, operation and maintenance of water,

309   wastewater and storm water systems.

310       (2)  The utility authority shall adopt rules and regulations

311   regarding the design, construction or installation, operation and

312   maintenance of water, wastewater and storm water systems.

313       (3)  The utility authority shall adopt rules and regulations

314   regarding the use of decentralized treatment systems, individual

315   on-site wastewater treatment systems and centralized wastewater

316   treatment systems.

317    (4)  The utility authority shall adopt rules establishing

318  performance standards for water, wastewater and storm water

319  systems and the operation and maintenance of the same.  Such rules

320  and regulations shall include the implementation of a standard

321  application form for the installation, operation and maintenance

322  of such systems; application review; approval or denial procedures

323  for any proposed system; inspection, monitoring and reporting

324  guidelines; and enforcement procedures.

325    (5)  (a)  Before a building or development which requires the

326  installation of a water, wastewater or storm water system is

327  constructed, the system must be submitted to the utility authority

328  for certification that the system complies with the utility

329  authority requirements for such system.

330        (b)  Before approving or renewing a water, wastewater or

331  storm water related permit for a system within a utility

332  authority, the state agency must require certification that the

333  system complies with the requirements of the utility authority.

334    (6)  Any system of any municipality, public agency or other

335  persons which contracts with a utility authority shall be subject

336  to the terms of that contract and the terms of this act.

337    (7)  Notwithstanding the provisions of Section 51-39-1 et

338  seq., the utility authority shall have the full power to adopt

339  rules and regulations and to construct, maintain, lease and

340  operate facilities for the control of storm water quality and

341  quantity.  In addition, the provisions of Section 51-33-1 relating

342    to drainage districts and flood control districts do not apply to
343    the utility authority.

344        (8)  The utility authority may control and operate the local
345    retail water, wastewater or storm water services and may provide
346    or be responsible for direct servicing of those services to
347    residences, businesses and individuals; however, the utility
348    authority shall not provide the same service in an area provided
349    by a public utility or person holding a certificate of public
350    convenience and necessity issued by the Mississippi Public Service
351    Commission for the provision of such services in the certificated
352    area.

353        (9)  The utility authority shall enter into contracts for
354    major procurements after bidding.  The utility authority may adopt
355    administrative rules and regulations pursuant to the provisions of
356    this act providing for special procedures whereby the utility
357    authority may make any class of procurement.

358        (10)  In its bidding processes, the utility authority may do
359    its own bidding and procurement or may utilize the services of the
360    Department of Finance and Administration, the Department of
361    Information Technology Services or other state agencies as
362    appropriate and necessary.

363        (11)  The utility authority shall only have oversight or
364    control of wastewater service provided to ratepayers in the City
365    of Ridgeland, which is only served by the wastewater system as of
366    the effective date of this act.  To maintain consistency with the

367  agreement in place with the City of Jackson prior to the existence
368  of the utility authority, the City of Ridgeland shall have control
369  over its rate structure, with the City of Ridgeland compensating
370  the utility authority for its prorated share of wastewater
371  conveyance, treatment, capital improvements and debt service.

372      **SECTION 8.**   (1)  The utility authority, in addition to any
373  other powers granted under any other provision of law is
374  authorized:

375          (a)  To acquire, construct, improve, enlarge, extend,
376  repair, operate and maintain one or more of its systems used for
377  the collection, transportation, treatment and disposal of water,
378  wastewater and storm water;

379          (b)  To make contracts with any person in furtherance
380  thereof; and to make contracts with any person, under the terms of
381  which the utility authority will collect, transport, treat or
382  dispose of water, wastewater and storm water for such person, and
383  to cancel any contracts existing as of the date of enactment of
384  this act;

385          (c)  To make contracts with any person to design and
386  construct any water, wastewater and storm water systems or
387  facilities, and thereafter to purchase, lease or sell, by
388  installments over such terms as may be deemed desirable,
389  reasonable and necessary, or otherwise, any such system or
390  systems;

391          (d)  To enter into operating agreements with any person,

392    for such terms and upon such conditions as may be deemed

393    desirable, for the operation of any water, wastewater and storm

394    water systems; and the utility authority may lease to or from any

395    person, for such term and upon such conditions as may be deemed

396    desirable, any water, wastewater and storm water collection,

397    transportation, treatment or its other facilities or systems.  Any

398    such contract may contain provisions requiring any public agency

399    or other person to regulate the quality and strength of materials

400    to be handled by the respective system or systems and also may

401    provide that the utility authority shall have the right to use any

402    streets, alleys and public ways and places within the jurisdiction

403    of a public agency or other person during the term of the

404    contract;

405          (e)  To enter into contracts with any person or any

406    public agency, including, but not limited to, contracts authorized

407    by this act, in furtherance of any of the purposes authorized

408    under this act upon such consideration as the board of directors

409    and such person may agree.  Any such contract may extend over any

410    period of time, notwithstanding any provision or rule of law to

411    the contrary; may be upon such terms and for such consideration,

412    nominal or otherwise, as the parties thereto shall agree; and may

413    provide that it shall continue in effect until bonds specified

414    therein, refunding bonds issued in lieu of such bonds, and all

415    other obligations specified therein are paid or terminated.  Any

416  such contract shall be binding upon the parties thereto according

417  to its terms;

418          (f)   To sue and be sued, in its own name, and to enjoy

419  all of the protections, immunities and benefits provided by the

420  Mississippi Tort Claims Act, Section 11-46-1 et seq., as it may be

421  amended or supplemented from time to time;

422          (g)   To maintain office space at such place or places

423  within the utility authority's boundaries as it may determine;

424          (h)   To invest money of the utility authority, including

425  proceeds from the sale of any bonds subject to any agreements with

426  bondholders, on such terms and in such manner as the utility

427  authority deems proper;

428          (i)   To pay any outstanding City of Jackson bonds

429  relating to the water and sewer systems under their existing

430  terms;

431          (j)   To require the necessary relocation or rerouting of

432  roads and highways, railroad, telephone and telegraph lines, and

433  properties, electric power lines, gas pipelines and related

434  facilities, or to require the anchoring or other protection of any

435  of these, provided fair compensation is first paid to the owners

436  or an agreement with such owners regarding the payment of the cost

437  of such relocation, and to acquire easements or rights-of-way for

438  such relocation or rerouting and to convey the same to the owners

439  of the property being relocated or rerouted in connection with the

440  purposes of this act.  This provision shall be in accordance with

441   Mississippi Constitution Article 17A, Section 11-27-30, and House
442   Bill No. 1769 as passed during the 2022 Legislative Session;

443          (k)  To acquire, construct, improve or modify, to
444   operate or cause to be operated and maintained, either as owner of
445   all or of any part in common with others, any water, wastewater or
446   storm water system within the utility authority's service area.
447   The utility authority may pay all or part of the cost of any
448   system from any contribution by persons, firms, public agencies or
449   corporations.  The utility authority may receive, accept and use
450   all funds, public or private, and pay all costs of the
451   development, implementation and maintenance as may be determined
452   as necessary for any project;

453          (l)  To acquire, in its own name, by purchase on any
454   terms and conditions and in any manner as it may deem proper,
455   property for public use, or by gift, grant, lease, or otherwise,
456   real property or easements therein, franchises and personal
457   property necessary or convenient for its corporate purposes.  This
458   provision shall be in accordance with Mississippi Constitution
459   Article 17A, Section 11-27-30, and House Bill No. 1769 as passed
460   during the 2022 Legislative Session;

461          (m)  To acquire insurance for the utility authority's
462   systems, facilities, buildings, treatment plants and all property,
463   real or personal, to insure against all risks as any insurance
464   may, from time to time, be available;

465          (n)  To use any property and rent or lease any property
466     to or from others, including public agencies, or make contracts
467     for the use of the property.  The utility authority may sell,
468     lease, exchange, transfer, assign, pledge, mortgage or grant a
469     security interest for any property.  The powers to acquire, use
470     and dispose of property as set forth in this paragraph shall
471     include the power to acquire, use and dispose of any interest in
472     that property, whether divided or undivided.  Title to any
473     property of the utility authority shall be held by the utility
474     authority exclusively for the benefit of the public;

475          (o)  To apply, contract for, accept, receive and
476     administer gifts, grants, appropriations and donations of money,
477     materials and property of any kind, including loans and grants
478     from the United States, the state, a unit of local government, or
479     any agency, department, district or instrumentality of any of the
480     foregoing, upon any terms and conditions as the United States, the
481     state, a unit of local government, or any agency, department,
482     district or instrumentality shall impose.  The utility authority
483     may administer trusts.  The utility authority may sell, lease,
484     transfer, convey, appropriate and pledge any and all of its
485     property and assets;

486          (p)  To make and enforce, and from time to time amend
487     and repeal, bylaws, rules, ordinances and regulations for the
488     management of its business and affairs and for the construction,

~ OFFICIAL ~

489 use, maintenance and operation of any of the systems under its
490 management and control;

491          (q)  To employ and terminate staff and other personnel,
492 including attorneys, engineers and consultants as may be necessary
493 to the functioning of the utility authority;

494          (r)  To establish and maintain rates, fees and any other
495 charges for services and the use of systems and facilities within
496 the control of the utility authority, and from time to time, to
497 adjust such rates, fees and any other charges to the end that the
498 revenues therefrom will be sufficient at all times to pay the
499 expenses of operating and maintaining of the facilities and
500 treatment systems and all of the persons' obligations under any
501 contract or bonds resolution with respect thereto or any
502 obligation of any person under any agreement, contract, indenture
503 or bonds resolution with respect thereto.  Such rates, fees,
504 assessments and any other charges shall be subject to the
505 jurisdiction of the Mississippi Public Service Commission.  Such
506 rates, fees, assessments or any other charges shall be equal as
507 levied on citizens throughout the utility authority's boundaries.
508 For purposes of Section 77-3-33, the rates charged by the utility
509 authority shall be just and reasonable if they are adequate to
510 provide safe and reliable water, wastewater and storm water
511 service to its customers, including providing an adequate amount
512 of capital for the utility authority to perform such repairs,
513 upgrades and improvements as it deems necessary on an ongoing

S. B. No. 2889          *[barcode]*          ~ **OFFICIAL** ~
23/SS08/R699PS
PAGE 21

514   basis.  The Mississippi Public Service Commission shall defer to

515   the utility authority's determination of what rates are just and

516   reasonable absent a showing of manifest error;

517        (s)  To adopt rules and regulations necessary to

518   accomplish the purposes of the utility authority and to assure the

519   payment of each participating person or public agency of its

520   proportionate share of the costs for use of any of the systems and

521   facilities of the utility authority and for the utility

522   authority's proportionate share of the costs of the board;

523        (t)  To enter on public or private lands, waters or

524   premises for the purpose of making surveys, borings or soundings,

525   or conducting tests, examinations or inspections for the purposes

526   of the authority, subject to responsibility for any damage done to

527   property entered;

528        (u)  To accept industrial wastewater from within the

529   boundaries of the utility authority for treatment and to require

530   the pretreatment of same when, in the opinion of the utility

531   authority, such pretreatment is necessary;

532        (v)  To control and operate local retail water,

533   wastewater and storm water services, and may provide or be

534   responsible for direct servicing of those services to residences,

535   businesses and individuals; however, the utility authority shall

536   not provide the same services in an area provided by a public

537   utility or person holding a certificate of public convenience and

538  necessity issued by the Mississippi Public Service Commission for
539  the provision of such services in the certificated area;

540      (w)  To assume control and administer, within the
541  utility authority's jurisdiction, any water, wastewater or storm
542  water system or systems by agreement or contract with any person
543  if the person providing such services requests to be relieved of
544  that responsibility.  However, the person may maintain control
545  over connections in their service areas and may charge rates, fees
546  and any other charges in addition to the rates, fees and any
547  charges of the utility authority;

548      (x)  To acquire property designated by plan to
549  sufficiently accommodate the location of water, wastewater or
550  storm water systems and such requirements related directly thereto
551  pursuant to the provisions of Title 11, Chapter 27, Mississippi
552  Code of 1972.  The utility authority may acquire property
553  necessary for any system and the exercise of the powers, rights
554  and duties conferred upon the utility authority by this act.  No
555  person owning the drilling rights or the right to share in
556  production shall be prevented from exploring, developing or
557  producing oil or gas with necessary rights-of-way for ingress and
558  egress, pipelines and other means of transporting such interests
559  on any lands or interest of the utility authority held or used for
560  the purposes of this act, but any such activities shall be subject
561  to reasonable regulations by the board of directors that will
562  adequately protect the systems or projects of the utility

563 authority.  This provision shall be in accordance with Mississippi
564 Constitution Article 17A and House Bill No. 1769 as passed during
565 the 2022 Legislative Session;

566     (y)  To use any legally available funds to acquire,
567 rebuild, operate and maintain any existing water, wastewater or
568 storm water systems owned or operated by any person;

569     (z)  To refuse to receive water, wastewater or storm
570 water from any public agency or person, except with regard to
571 municipalities or other areas within the service territory of the
572 systems as of the effective date of this act;

573     (aa)  So long as any indebtedness on the systems of the
574 utility authority remains outstanding, to require a member public
575 agency, or other person, that all water, wastewater and storm
576 water within the boundaries of the respective utility authority be
577 disposed of through the appropriate treatment system to the extent
578 that the same may be available, but no public agency shall be
579 precluded from constructing, operating and maintaining its own
580 such system after the current indebtedness owing on the system as
581 of the date of enactment of this act, is paid in full; and

582     (bb)  To adopt a seal and a symbol, and hold patents,
583 copyrights, trademarks, and service marks and enforce its rights
584 with respect thereto.

585     (3)  The utility authority shall:

586     (a)  Submit annual reports to the Governor, Lieutenant
587 Governor, Speaker of the House of Representatives, State Auditor,

588  Joint Legislative Committee on Performance Evaluation and
589  Expenditure Review and the governing authorities of any
590  municipality whose citizens are within the utility authority's
591  boundaries regarding the water quality and financial conditions of
592  such system or systems, as well as a schedule of currently planned
593  repairs, upgrades or improvements planned by the utility
594  authority;

595       (b)   Immediately submit to the Governor, Lieutenant
596  Governor, Speaker of the House of Representatives and the
597  governing authorities of any municipality whose citizens are
598  within the utility authority's boundaries any information received
599  from the Mississippi State Department of Health or Department of
600  Environmental Quality or other state or federal regulatory
601  agencies regarding the condition of a transferred eligible
602  municipal system.  The utility authority, in addition to abiding
603  by any other federal or state reporting requirements, must also
604  report such information to the public on its website and to
605  individuals residing within the municipality as required by
606  federal or state law;

607       (c)   Publish audited annual financial statements, which
608  shall be made available to the public.  The annual financial
609  statements shall include disposition of all funds expended by the
610  Utility authority for any purpose.  Quarterly financial statements
611  shall be made available to the public by posting on the utility
612  authority's website;

~ OFFICIAL ~

613          (d)   Adopt by administrative rules and regulations a

614   system of continuous internal audits;

615          (e)   Adopt by administrative rules and regulations a

616   code of ethics for officers and employees of the utility authority

617   to carry out the standards of conduct established by this act; and

618          (f)   Adopt by administrative rules and regulations

619   guidelines for the disposal of property if the utility authority

620   is dissolved.  Such administrative rules and regulations shall

621   include that ownership, management and control of the systems

622   shall revert to the City of Jackson.

623   **SECTION 9.**  (1)  The president, as executive director of the

624   utility authority, if so appointed by the utility authority, shall

625   direct and supervise all administrative and technical activities

626   in accordance with the provisions of this act, within the

627   administrative rules and regulations adopted by the board, and in

628   accordance with industry practice.  The president shall:

629          (a)   Supervise and administer or contract for the

630   supervision and administration of the water, wastewater and storm

631   water systems owned, managed or controlled by the utility

632   authority.

633          (b)   Employ and direct such personnel as may be

634   necessary to carry out the purposes of this act and utilize such

635   services, personnel or facilities of the utility authority as he

636   or she may deem necessary.

637          (c)  Make available for inspection by the board or any
638   member of the board or the Governor, Lieutenant Governor, Speaker
639   of the House or the governing authorities of any municipality
640   whose citizens are served by the utility authority, upon request,
641   all books, records, files and other information and documents of
642   his or her office and advise the board and recommend such
643   administrative rules and regulations and other matters he or she
644   deems necessary and advisable to improve the operation and
645   administration of the utility authority.

646          (d)  Attend meetings of the board or appoint a designee
647   to attend on his or her behalf.

648          (e)  Not later than thirty (30) days before the
649   beginning of the utility authority's fiscal year, submit the
650   proposed annual budget of the utility authority to the board for
651   review and approval.  This shall include a schedule of planned
652   repairs, upgrades or improvements to the systems and the
653   anticipated capital cost of each.  In addition, the proposed
654   annual budget of the utility authority shall include a personnel
655   table reporting information for each full-time and part-time
656   permanent position, as follows:

657               (i)  The position title and the salary for each
658   position in the existing operating budget for the current fiscal
659   year, indicating whether each position is filled or vacant as of
660   the reporting date; and

661           (ii)  The position title and the salary recommended

662  for each position for the next fiscal year.

663           (f)  The president shall require bond of Fifty Thousand

664  Dollars ($50,000.00) from employees with access to funds or in

665  such an amount as provided in the administrative rules and

666  regulations of the board.

667      (2)  The president may:

668           (a)  Require bond from other employees as he or she

669  deems necessary;

670           (b)  For good cause, and with approval from the majority

671  of the board, suspend, revoke or refuse to renew any contract

672  entered into in accordance with this act or the administrative

673  rules and regulations of the board; and

674           (c)  Upon specific or general approval of the board,

675  enter into personal service contracts pursuant to administrative

676  rules and regulations adopted by the board and compensate such

677  consultants and technical assistants as may be required to carry

678  out the provisions of this act.

679      (3)  Agencies, departments or units of state government,

680  including, but not limited to, the Mississippi Department of

681  Health and the Mississippi Department of Environmental Quality,

682  shall cooperate with the utility authority to regulate the utility

683  authority and assure the effective operation of the utility

684  authority's systems, with the understanding that such agencies act

685  as a regulator and not operator of such systems.  All state

686  officers are hereby empowered and required to render such services
687  to the utility authority within their respective functions as may
688  be requested by the utility authority.

689  **SECTION 10.**  Employees of the utility authority shall serve
690  at the will and pleasure of the president who shall determine
691  their compensation and benefits.  The compensation of officers at
692  the division head level and above shall be determined by the
693  board.

694  **SECTION 11.**  Neither the directors of the utility authority,
695  the board, its employees, nor any person or persons acting on
696  their behalf, while acting within the scope of their authority,
697  shall be subject to personal liability resulting from carrying out
698  any of the powers granted herein in accordance with his or her
699  good-faith belief that he or she is acting in the best interests
700  of the utility authority.

701  **SECTION 12.**  (1)  The utility authority shall enter into its
702  contracts for major procurements after a competitive and open
703  procurement process.  The utility authority may adopt
704  administrative rules and regulations pursuant to the provisions of
705  this act providing for special procedures whereby the utility
706  authority may make any class of procurement.  The utility
707  authority shall endeavor to ensure the transparency and
708  competitiveness of procurements of all sizes.

709  (2)  In its bidding processes, the utility authority may do
710  its own bidding and procurement or may utilize the services of

711  other state agencies as appropriate and necessary.  The president

712  may, with the approval of a majority of the board, declare an

713  emergency for purchasing purposes which shall be governed by the

714  administrative rules and regulations adopted by the board.

715  **SECTION 13.**  All monies received by the utility authority

716  shall be deposited into an operating account.  Such account shall

717  be established in a custodian financial institution domiciled in

718  the State of Mississippi, insured by the Federal Deposit Insurance

719  Corporation and collateralized as prescribed by Section 27-105-5.

720  **SECTION 14.**  All division heads, officers and employees of

721  the utility authority shall be considered public servants as

722  defined in Section 25-4-103.  All division heads and officers of

723  the utility authority are subject to Section 25-4-25 and shall be

724  required to file a Statement of Economic Interest with the

725  Mississippi Ethics Commission.

726  **SECTION 15.**  (1)  Any public agency or person, pursuant to a

727  duly adopted resolution of the governing body of such public

728  agency or person, may enter into contracts with the utility

729  authority under the terms of which the utility authority will

730  manage, operate and contract for usage of its systems and

731  facilities, or other services, for such person or public agency.

732  (2)  Any public agency or person may enter into contracts

733  with the utility authority for the utility authority to purchase

734  or sell, by installments over such terms as may be deemed

735  desirable, or otherwise, to any person or any systems.  Any public

736  agency may sell, donate, convey, or otherwise dispose of water,

737  wastewater and storm water facilities or systems; or any

738  equipment, personal property or any other things, deemed necessary

739  for the construction, operation, and maintenance to the utility

740  authority without the necessity of appraisal, advertising, or

741  bidding.  This section creates an alternative method of disposal

742  of public property.

743      (3)  Any public agency is authorized to enter into operating

744  agreements with the utility authority, for such terms and upon

745  such conditions as may be deemed desirable, for the operation of

746  any of its systems of any person by the utility authority or by

747  any person contracting with the utility authority to operate such

748  systems.

749      (4)  Any public agency may lease to or from the utility

750  authority, for such term and upon such conditions as may be deemed

751  desirable, any of its systems.

752      (5)  Any municipality or county may donate office space,

753  equipment, supplies, and materials to the utility authority.

754      (6)  Any such contract may contain provisions requiring any

755  public agency or other person to regulate the quality and strength

756  of the material to be handled by the wastewater or storm water

757  systems and may also provide that the utility authority shall have

758  the right to use any streets, alleys and public ways and places

759  within the jurisdiction of a public agency or other person during

760  the term of the contract.  Such contracts may obligate the public

~ OFFICIAL ~

761     agency to make payments to the utility authority or to a trustee

762     in amounts which shall be sufficient to enable the utility

763     authority to defray the expenses of administering, operating and

764     maintaining its respective systems, to pay interest and principal

765     (whether at maturity upon redemption or otherwise) on bonds of the

766     utility authority, issued under this act and`to fund reserves for

767     debt service, for operation and maintenance and for renewals and

768     replacements, to fulfill the requirements of any rate covenant

769     with respect to debt service coverage contained in any resolution,

770     trust indenture or other security agreement relating to the bonds

771     of the utility authority issued under this act or to fulfill any

772     other requirement relating to bonds issued pursuant to this act.

773         (7)  Any public agency shall have the power to enter into

774     such contracts with the utility authority as in the discretion of

775     the governing body of the public agency would be in the best

776     interest of the public agency.  Such contracts may include a

777     pledge of the full faith and credit of such public agency and/or

778     the avails of any special assessments made by such public agency

779     against property receiving benefits, as now or hereafter are

780     provided by law.  Any such contract may provide for the sale, or

781     lease to, or use of by the utility authority, of the systems or

782     any part thereof, of the public agency; and may provide that the

783     utility authority shall operate its systems or any part thereof of

784     the public agency; and may provide that any public agency shall

785     have the right to continued use and/or priority use of the systems

786  or any part thereof during the useful life thereof upon payment of
787  reasonable charges therefor; and may contain provisions to assure
788  equitable treatment of persons or public agencies who contract
789  with the utility authority under this act; and may contain such
790  other provisions and requirements as the parties thereto may
791  determine to be appropriate or necessary.  Such contracts may
792  extend over any period of time, notwithstanding any provisions of
793  law to the contrary, and may extend beyond the life of the
794  respective systems or any part thereof or the term of the bonds
795  sold with respect to such facilities or improvements thereto.
796      (8)  The obligations of a public agency arising under the
797  terms of any contract referred to in this act, whether or not
798  payable solely from a pledge of revenues, shall not be included
799  within the indebtedness limitations of the public agency for
800  purposes of any constitutional or statutory limitation or
801  provision.  To the extent provided in such contract and to the
802  extent such obligations of the public agency are payable wholly or
803  in part from the revenues and other monies derived by the public
804  agency from the operation of its systems or of its combined
805  systems, or any part thereof, such obligations shall be treated as
806  expenses of operating such systems.
807      (9)  Contracts referred to in this section may also provide
808  for payments in the form of contributions to defray the cost of
809  any purpose set forth in the contracts and as advances for the
810  respective systems or any part thereof subject to repayment by the

811   utility authority.  A public agency may make such contributions or

812   advances from its general fund or surplus fund or from special

813   assessments or from any monies legally available therefor.

814        (10)  Subject to the terms of a contract or contracts

815   referred to in this act, the utility authority is hereby

816   authorized to do and perform any and all acts or things necessary,

817   convenient or desirable to carry out the purposes of such

818   contracts, including the fixing, charging, collecting, maintaining

819   and revising of rates, fees and other charges for the services

820   rendered to any user of any of the systems operated or maintained

821   by the utility authority, whether or not such systems are owned by

822   the utility authority.

823        (11)  No provision of this act shall be construed to prohibit

824   any public agency, otherwise permitted by law to issue bonds, from

825   issuing bonds in the manner provided by law for the construction,

826   renovation, repair or development of any of the utility

827   authority's systems, or any part thereof, owned or operated by

828   such public agency.

829        **SECTION 16.**  Whenever a public agency shall have executed a

830   contract under this act and the payments thereunder are to be made

831   either wholly or partly from the revenues of the public agency's

832   systems, or any part thereof, or a combination of such systems,

833   the duty is hereby imposed on the public agency to establish and

834   maintain and from time to time to adjust the rate or fees charged

835   by the public agency for the services of such systems, so that the

836  revenues therefrom, together with any taxes and special

837  assessments levied in support thereof, will be sufficient at all

838  times to pay:

839       (a)  The expense of operating and maintaining such

840  systems, including, but not limited to, all of the public agency's

841  obligations to the utility authority and the cost required to

842  staff such systems, its successors or assigns under such contract;

843  and

844       (b)  All of the public agency's obligations under and in

845  connection with bonds theretofore issued, or which may be issued

846  thereafter and secured by the revenues of such systems.  Any such

847  contract may require the use of consulting engineers and financial

848  experts to advise the public agency whether and when such rates

849  and fees are to be adjusted.

850  **SECTION 17.**  (1)  Notwithstanding the provisions of Sections

851  77-3-21 and 77-3-23, the certificate of public convenience and

852  necessity held by any municipality, public agency, district,

853  public utility or other person authorized by law to provide water,

854  sewer and wastewater services may be cancelled and its powers,

855  duties and responsibilities transferred to the utility authority

856  in the manner provided by this section.

857  (2)  Any entity described in subsection (1) of this section

858  desiring to have its certificate of public convenience and

859  necessity cancelled and its powers, duties and responsibilities

860  transferred to the utility authority shall make a determination to

861   that effect on its official minutes if a public entity, or by

862   affidavit if not a public entity, and transmit such determination

863   to the utility authority.

864       (3)  Upon receipt of the document evidencing such

865   determination from an entity to transfer its powers, duties and

866   responsibilities to the utility authority, the utility authority

867   shall, by resolution, declare whether it is willing and able to

868   accept such transfer from the entity.

869       (4)  Upon completion of the requirements of subsections (2)

870   and (3) of this section herein and agreement by both parties to

871   the transfer, the holder of the certificate of public convenience

872   and necessity and the utility authority shall jointly petition the

873   Public Service Commission to cancel the certificate of public

874   convenience and necessity.  The petition must be accompanied by

875   copies of the official minutes, affidavit or resolution, as the

876   case may be, reflecting the actions of the petitioners.  After

877   review of the petition and any other evidence as the Public

878   Service Commission deems necessary, the commission may issue an

879   order canceling the certificate and transferring to the utility

880   authority the powers, duties and responsibilities granted by the

881   certificate, including all assets and debts of the transferor

882   petitioner related to such certificated services, real or

883   personal, or both, if it finds that:

884           (a)  Subsections (2) and (3) of this section have been

885   complied with; and

886          (b)   Such action is in the public interest.

887          (5)   The utility authority and providers of water, sewer,

888     wastewater and storm water services that are not holders of a

889     certificate of a public convenience and necessity from the Public

890     Service Commission may enter into agreements for the provision of

891     such services, including, but not limited to, the transfer to the

892     utility authority of such provider's powers, duties,

893     responsibilities, assets and debts.

894          (6)   Nothing herein shall require a municipality currently

895     served by the utility authority to remain within the boundaries of

896     the utility authority.

897     **SECTION 18.**   (1)   Any system of a municipality, public agency

898     or person that becomes subject to the jurisdiction of a utility

899     authority and this act shall not impair, invalidate or abrogate

900     any liens, bonds or other certificates of indebtedness related to

901     water, storm water or wastewater facilities and systems incurred

902     prior to becoming subject to the jurisdiction of the utility

903     authority.

904          (2)   The utility authority may do and perform any and all

905     acts necessary, convenient or desirable to ensure the payment,

906     redemption or satisfaction of such liens, bonds or other

907     certificates of indebtedness.

908     **SECTION 19.**   (1)   Sections 18 through 27 of this act apply to

909     all bonds to be issued after the date of enactment of this act,

910     and such provisions shall not affect, limit or alter the rights

911   and powers of any utility authority under this act or any law of
912   Mississippi to conduct the activities referred to herein in any
913   way pertinent to the interests of the bondholders, including,
914   without limitation, such utility authority's right to charge and
915   collect rates, fees and charges and to fulfill the terms of any
916   covenants made with the registered owners of any existing bonds,
917   or in any other way impair the rights and remedies of the
918   registered owners of any existing bonds, unless provision for full
919   payment of such bonds, by escrow or otherwise, has been made
920   pursuant to the terms of the bonds or the resolution, trust
921   indenture or security interest securing the bonds.

922         (2)  The utility authority shall have the power and is hereby
923   authorized, from time to time, to borrow money and to issue
924   revenue bonds and interim notes in such principal amounts as the
925   utility authority may determine to be necessary to provide
926   sufficient funds for achieving one or more of the purposes of this
927   act, including, without limiting the generality of the foregoing,
928   to defray all the costs of the project, the cost of the
929   acquisition, construction, improvement, repair or extension of a
930   system, or any part thereof, whether or not such facilities are
931   owned by the utility authority, the payment of interest on bonds
932   of the utility authority issued pursuant to this act,
933   establishment of reserves to secure such bonds and payment of the
934   interest thereon, expenses incident to the issuance of such bonds
935   and to the implementation of the utility authority's system, and

936  all other expenditures of the utility authority incident to or
937  necessary or convenient to carry out the purposes of this act.
938      (3)  Before issuing bonds, other than interim notes or
939  refunding bonds as provided in Section 20 of this act, the board
940  of directors of the utility authority shall adopt a resolution
941  declaring its intention to issue such bonds and stating the
942  maximum principal amount of bonds proposed to be issued, a general
943  generic description of the proposed improvements and the proposed
944  location thereof and the date, time and place at which the board
945  of directors proposes to take further action with respect to the
946  issuance of such bonds.  The resolution shall be published once a
947  week for at least three (3) consecutive weeks in at least one (1)
948  newspaper having a general circulation within the geographical
949  limits of all of the public agencies which have contracted with
950  the utility authority pursuant to this act.
951      (4)  Bonds of the utility authority issued pursuant to this
952  act shall be payable from and secured by a pledge of all or any
953  part of the revenues under one or more contracts entered into
954  pursuant to this act between the utility authority and one or more
955  of its contracting public agencies and from all or any part of the
956  revenues derived from the operation of any designated system or
957  any part or parts thereof and any other monies legally available
958  and designated therefor, as may be determined by such utility
959  authority, subject only to any agreement with the purchasers of
960  the bonds.  Such bonds may be further secured by a trust indenture

~ OFFICIAL ~

961 between such utility authority and a corporate trustee, which may
962 be any trust company or bank having powers of a trust company
963 without or within the state.

964   (5)  Bonds of the utility authority issued pursuant to this
965 act shall be authorized by a resolution or resolutions adopted by
966 a majority affirmative vote of the total membership of the board
967 of directors of the utility authority.  Such bonds may be issued
968 in series, and each series of such bonds shall bear such date or
969 dates, mature at such time or times, bear interest at such rate or
970 rates (not exceeding the maximum rate set out in Section
971 75-17-103, Mississippi Code of 1972), be in such denomination or
972 denominations, be in such form, carry such conversion privileges,
973 have such rank or priority, be executed in such manner and by such
974 officers, be payable from such sources in such medium of payment
975 at such place or places within or without the state, provided that
976 one such place shall be within the state, and be subject to such
977 terms of redemption prior to maturity, all as may be provided by
978 resolution or resolutions of the board of directors.  The term of
979 such bonds issued pursuant to this act shall not exceed forty (40)
980 years.

981   (6)  Bonds of the utility authority issued pursuant to this
982 act may be sold at such price or prices, at public or private
983 sale, in such manner and at such times as may be determined by
984 such utility authority to be in the public interest, and such
985 utility authority may pay all expenses, premiums, fees and

986  commissions which it may deem necessary and advantageous in
987  connection with the issuance and sale thereof.

988     (7)  Any pledge of earnings, revenues or other monies made by
989  the utility authority shall be valid and binding from the time the
990  pledge is made.  The earnings, revenues or other monies so pledged
991  and thereafter received by such utility authority shall
992  immediately be subject to the lien of such pledge without any
993  physical delivery thereof or further act, and the lien of any such
994  pledge shall be valid and binding as against all parties having
995  claims of any kind in tort, contract or otherwise against such
996  utility authority irrespective of whether such parties have notice
997  thereof. Neither the resolution nor any other instrument by which
998  a pledge is created need be recorded.

999     (8)  Neither the members of the board of directors nor any
1000  person executing the bonds shall be personally liable on the bonds
1001  or be subject to any personal liability or accountability by
1002  reason of the issuance thereof.

1003     (9)  Proceeds from the sale of bonds of the utility authority
1004  may be invested, pending their use, in such securities as may be
1005  specified in the resolution authorizing the issuance of the bonds
1006  or the trust indenture securing them, and the earnings on such
1007  investments applied as provided in such resolution or trust
1008  indenture.

1009     (10)  Whenever any bonds shall have been signed by the
1010  officer(s) designated by the resolution of the board of directors

1011   to sign the bonds who were in office at the time of such signing

1012   but who may have ceased to be such officer(s) prior to the sale

1013   and delivery of such bonds, or who may not have been in office on

1014   the date such bonds may bear, the manual or facsimile signatures

1015   of such officer(s) upon such bonds shall nevertheless be valid and

1016   sufficient for all purposes and have the same effect as if the

1017   person so officially executing such bonds had remained in office

1018   until the delivery of the same to the purchaser or had been in

1019   office on the date such bonds may bear.

1020        (11)   The utility authority has the discretion to advance or

1021   borrow funds needed to satisfy any short-term cash flow demands or

1022   deficiencies or to cover start-up costs until such time as

1023   sufficient bonds, assets and revenues have been secured to satisfy

1024   the needs of the utility authority.

1025   **SECTION 20.**   (1)   The utility authority may, by resolution

1026   adopted by its board of directors, issue refunding bonds for the

1027   purpose of paying any of its bonds at or prior to maturity or upon

1028   acceleration or redemption.  Refunding bonds may be issued at such

1029   time prior to the maturity or redemption of the refunded bonds as

1030   the board of directors deems to be in the public interest, without

1031   an election on the question of the issuance thereof.  The

1032   refunding bonds may be issued in sufficient amounts to pay or

1033   provide the principal of the bonds being refunded, together with

1034   any redemption premium thereon, any interest accrued or to accrue

1035   to the date of payment of such bonds, the expenses of issue of the

S. B. No. 2889
23/SS08/R699PS                                                  ~ OFFICIAL ~
PAGE 42

1036    refunding bonds, the expenses of redeeming the bonds being
1037    refunded, and such reserves for debt service or other capital or
1038    current expenses from the proceeds of such refunding bonds as may
1039    be required by the resolution, trust indenture or other security
1040    instruments.  The issue of refunding bonds, the maturities and
1041    other details thereof, the security therefor, the rights of the
1042    holders and the rights, duties and obligations of the utility
1043    authority in respect of the same shall be governed by the
1044    provisions of this act relating to the issue of bonds other than
1045    refunding bonds insofar as the same may be applicable.  Any such
1046    refunding may be effected, whether the obligations to be refunded
1047    shall have then matured or shall thereafter mature, either by the
1048    exchange of the refunding bonds for the obligations to be refunded
1049    thereby with the consent of the holders of the obligations so to
1050    be refunded, or by sale of the refunding bonds and the application
1051    of the proceeds thereof to the payment of the obligations proposed
1052    to be refunded thereby, and regardless of whether the obligations
1053    proposed to be refunded shall be payable on the same date or
1054    different dates or shall be due serially or otherwise.
1055         (2)  Borrowing by the utility authority may be made by the
1056    delivery of interim notes to any person or public agency or
1057    financial institution by a majority vote of the board of
1058    directors.
1059         **SECTION 21.**  All bonds, other than refunding bonds, interim
1060    notes and certificates of indebtedness, which may be validated

S. B. No. 2889
23/SS08/R699PS
PAGE 43

~ OFFICIAL ~

1061 issued pursuant to this act shall be validated as now provided by
1062 law in Sections 31-13-1 through 31-13-11, Mississippi Code of
1063 1972; however, notice of such validation proceedings shall be
1064 addressed to the citizens of the respective public agencies (a)
1065 which have contracted with the utility authority pursuant to this
1066 act, and (b) whose contracts and the payments to be made by the
1067 public agencies thereunder constitute security for the bonds of
1068 such utility authority proposed to be issued, and that such notice
1069 shall be published at least once in a newspaper or newspapers
1070 having a general circulation within the geographical boundaries of
1071 each of the contracting public agencies to whose citizens the
1072 notice is addressed.  Such validation proceedings shall be
1073 instituted in any chancery courts within the boundaries of the
1074 utility authority.  The validity of the bonds so validated and of
1075 the contracts and payments to be made by the public agencies
1076 thereunder constituting security for the bonds shall be forever
1077 conclusive against the utility authority and the public agencies,
1078 which are parties to said contracts; and the validity of said
1079 bonds and said contracts and the payments to be made thereunder
1080 shall never be called in question in any court in this state.
1081 **SECTION 22.**  Bonds issued under the provisions of this act
1082 shall not be deemed to constitute, within the meaning of any
1083 constitutional or statutory limitation, an indebtedness of the
1084 utility authority or the state.  Such bonds shall be payable
1085 solely from the revenues or assets of the utility authority

1086   pledged therefor.  Each bond issued under this act shall contain

1087   on the face thereof a statement to the effect that such utility

1088   authority, nor the state, shall not be obligated to pay the same

1089   nor the interest thereon except from the revenues or assets

1090   pledged therefor.

1091   **SECTION 23.**  The utility authority shall have power in

1092   connection with the issuance of its bonds pursuant to this act to:

1093        (a)  Covenant as to the use of any or all of its

1094   property, real or personal;

1095        (b)  Redeem the bonds, to covenant for their redemption

1096   and to provide the terms and conditions thereof;

1097        (c)  Covenant to charge rates, fees and charges

1098   sufficient to meet operating and maintenance expenses, renewals

1099   and replacements, principal and debt service on bonds, creation

1100   and maintenance of any reserves required by a bonds resolution,

1101   trust indenture or other security instrument and to provide for

1102   any margins or coverages over and above debt service on the bonds

1103   deemed desirable for the marketability of the bonds;

1104        (d)  Covenant and prescribe as to events of default and

1105   terms and conditions upon which any or all of its bonds shall

1106   become or may be declared due before maturity, as to the terms and

1107   conditions upon which such declaration and its consequences may be

1108   waived and as to the consequences of default and the remedies of

1109   the registered owners of the bonds;

1110        (e)  Covenant as to the mortgage or pledge of or the
1111  grant of a security interest in any real or personal property and
1112  all or any part of the revenues from any designated system or any
1113  part thereof or any revenue-producing contract or contracts made
1114  by a utility authority with any person to secure the payment of
1115  bonds, subject to such agreements with the registered owners of
1116  bonds as may then exist;

1117        (f)  Covenant as to the custody, collection, securing,
1118  investment and payment of any revenues, assets, monies, funds or
1119  property with respect to which a utility authority may have any
1120  rights or interest;

1121        (g)  Covenant as to the purposes to which the proceeds
1122  from the sale of any bonds then or thereafter to be issued may be
1123  applied, and the pledge of such proceeds to secure the payment of
1124  the bonds;

1125        (h)  Covenant as to the limitations on the issuance of
1126  any additional bonds, the terms upon which additional bonds may be
1127  issued and secured, and the refunding of outstanding bonds;

1128        (i)  Covenant as to the rank or priority of any bonds
1129  with respect to any lien or security;

1130        (j)  Covenant as to the procedure by which the terms of
1131  any contract with or for the benefit of the registered owners of
1132  bonds may be amended or abrogated, the amount of bonds the
1133  registered owners of which must consent thereto, and the manner in
1134  which such consent may be given;



~ **OFFICIAL** ~

1135   (k) Covenant as to the custody of any of its properties
1136 or investments, the safekeeping thereof, the insurance to be
1137 carried thereon, and the use and disposition of insurance
1138 proceeds;

1139   (l) Covenant as to the vesting in a trustee or
1140 trustees, within or outside the state, of such properties, rights,
1141 powers and duties in trust as such utility authority may
1142 determine;

1143   (m) Covenant as to the appointing and providing for the
1144 duties and obligations of a paying agent or paying agents or other
1145 fiduciaries within or outside the state;

1146   (n) Make all other covenants and to do any and all such
1147 acts and things as may be necessary or convenient or desirable in
1148 order to secure its bonds, or in the absolute discretion of the
1149 utility authority tend to make the bonds more marketable,
1150 notwithstanding that such covenants, acts or things may not be
1151 enumerated herein; it being the intention hereof to give any
1152 utility authority power to do all things in the issuance of bonds
1153 and in the provisions for security thereof which are not
1154 inconsistent with the Constitution of the state; and

1155   (o) Execute all instruments necessary or convenient in
1156 the exercise of the powers herein granted or in the performance of
1157 covenants or duties, which may contain such covenants and
1158 provisions, as any purchaser of the bonds of the utility authority
1159 may reasonably require.

1160   **SECTION 24.**   The utility authority may, in any authorizing
1161   resolution of the board of directors, trust indenture or other
1162   security instrument relating to its bonds issued pursuant to this
1163   act, provide for the appointment of a trustee who shall have such
1164   powers as are provided therein to represent the registered owners
1165   of any issue of bonds in the enforcement or protection of their
1166   rights under any such resolution, trust indenture or security
1167   instrument.   The utility authority may also provide in such
1168   resolution, trust indenture or other security instrument that the
1169   trustee, or in the event that the trustee so appointed shall fail
1170   or decline to so protect and enforce such registered owners'
1171   rights then such percentage of registered owners as shall be set
1172   forth in, and subject to the provisions of, such resolution, trust
1173   indenture or other security interest, may petition the court of
1174   proper jurisdiction for the appointment of a receiver of the
1175   utility authority's systems, the revenues of which are pledged to
1176   the payment of the principal of and interest on the bonds of such
1177   registered owners.   Such receiver may exercise any power as may be
1178   granted in any such resolution, trust indenture or security
1179   instrument to enter upon and take possession of, acquire,
1180   construct, reconstruct or operate and maintain such system, fix
1181   charges for services of the system and enforce collection thereof,
1182   and receive all revenues derived from such system or facilities
1183   and perform the public duties and carry out the contracts and
1184   obligations of such utility authority in the same manner as such

S. B. No. 2889
23/SS08/R699PS
PAGE 48                                          ~ OFFICIAL ~

1135    rights then such percentage of registered owners as shall be set
1136    forth in, and subject to the provisions of, such resolution, trust
1137    indenture or other security interest, may petition the court of
1138    proper jurisdiction for the appointment of a receiver of the
1139    utility authority's systems, the revenues of which are pledged to
1140    the payment of the principal of and interest on the bonds of such
1141    registered owners.  Such receiver may exercise any power as may be
1142    granted in any such resolution, trust indenture or security
1143    instrument to enter upon and take possession of, acquire,
1144    construct or reconstruct or operate and maintain such system, fix
1145    charges for services of the system and enforce collection thereof,
1146    and receive all revenues derived from such system or facilities
1147    and perform the public duties and carry out the contracts and
1148    obligations of such utility authority in the same manner as such
1149    utility authority itself might do, all under the direction of such
1150    court.

1151    **SECTION 25.**    (1)  The exercise of the powers granted by this
1152    act will be in all respects for the benefit of the people of the
1153    state, for their well-being and prosperity and for the improvement
1154    of their social and economic conditions, and the utility authority
1155    shall not be required to pay any tax or assessment on any property
1156    owned by the utility authority under the provisions of this act or
1157    upon the income therefrom; nor shall the utility authority be
1158    required to pay any recording fee or transfer tax of any kind on
1159    account of instruments recorded by it or on its behalf.

S. B. No. 2889
23/SS36/R699CS                     ~ **OFFICIAL** ~
PAGE 47

1160        (2)   Any bonds issued by the utility authority under and
1161    pursuant to the provisions of this act, their transfer and the
1162    income therefrom shall at all times be free from taxation by the
1163    state or any local unit or political subdivision or other
1164    instrumentality of the state, excepting inheritance and gift
1165    taxes.

1166    **SECTION 26.**   All bonds issued under the provisions of this
1167    act shall be legal investments for trustees, other fiduciaries,
1168    savings banks, trust companies and insurance companies organized
1169    under the laws of the State of Mississippi; and such bonds shall
1170    be legal securities which may be deposited with and shall be
1171    received by all public officers and bodies of the state and all
1172    municipalities and other political subdivisions thereof for the
1173    purpose of securing the deposit of public funds.

1174    **SECTION 27.**   The state hereby covenants with the registered
1175    owners of any bonds of any utility authority that so long as the
1176    bonds are outstanding and unpaid the state will not limit or alter
1177    the rights and powers of any utility authority under this act to
1178    conduct the activities referred to herein in any way pertinent to
1179    the interests of the bondholders, including, without limitation,
1180    such utility authority's right to charge and collect rates, fees,
1181    assessments and charges and to fulfill the terms of any covenants
1182    made with the registered owners of the bonds, or in any other way
1183    impair the rights and remedies of the registered owners of the
1184    bonds, unless provision for full payment of such bonds, by escrow

S. B. No. 2889
23/SS36/R699CS
PAGE 48                                              ~ **OFFICIAL** ~

1185   or otherwise, has been made pursuant to the terms of the bonds or
1186   the resolution, trust indenture or security interest securing the
1187   bonds.

1188   **SECTION 28.**   For the purposes of satisfying any temporary
1189   cash flow demands and deficiencies, and to maintain a working
1190   balance for the utility authority, the county, municipalities or
1191   public agencies within the geographic boundaries of the utility
1192   authority, or other persons, subject to their lawful authority to
1193   do so, are authorized to advance, at any time, such funds which,
1194   in its discretion, are necessary, or borrow such funds by issuance
1195   of notes, for initial capital contribution and to cover start-up
1196   costs until such times as sufficient bonds, assets and revenues
1197   have been secured to satisfy the needs of the utility authority
1198   for its management, operation and formation.   To this end, the
1199   county, municipality, public agency or person, subject to their
1200   lawful authority to do so, shall advance such funds, or borrow
1201   such funds by issuance of notes, under such terms and conditions
1202   as may be provided by resolution of the governing body, or other
1203   persons as defined in this act, subject to their lawful authority
1204   to do so, except that each such resolution shall state:
1205   　　　　　(a)   The need for the proceeds advanced or borrowed;
1206   　　　　　(b)   The amount to be advanced or the amount to be
1207   borrowed;

~ **OFFICIAL** ~

1208        (c)  The maximum principal amount of any note issued the

1209   interest rate or maximum interest rate to be incurred, and the

1210   maturity date of said note;

1211        (d)  In addition, the governing body, or other persons

1212   as defined in this act, subject to their lawful authority to do

1213   so, may arrange for lines of credit with any bank, firm or person

1214   for the purpose of providing an additional source of repayment for

1215   notes issued pursuant to this section.  Amounts drawn on a line of

1216   credit may be evidenced by negotiable or nonnegotiable notes or

1217   other evidences of indebtedness and contain such terms and

1218   conditions as the governing body, or other persons as defined in

1219   this act, subject to their lawful authority to do so, may

1220   authorize in the resolution approving the same;

1221        (e)  The governing body of the county, municipalities or

1222   other persons as defined in this act, subject to their lawful

1223   authority to do so, may authorize the repayment of such advances,

1224   notes, lines of credit and other debt incurred under this section,

1225   along with all costs associated with the same, including, but not

1226   limited to, rating agency fees, printing costs, legal fees, bank

1227   or trust company fees, line of credit fees and other charges to be

1228   reimbursed by the utility authority under such terms and

1229   conditions as are reasonable and are to be provided for by

1230   resolution of the governing body, or terms agreed upon with other

1231   persons as defined in this act, subject to their lawful authority

1232   to do so;

S. B. No. 2889            ~ **OFFICIAL** ~
23/SS36/R699CS
PAGE 50

1233    (f)  In addition, the governing body of the county,
1234  municipality or public agency may lease or donate office space and
1235  equipment to the utility authority under such terms and conditions
1236  as are reasonable and are to be provided for by resolution of the
1237  governing body, or terms agreed upon by the utility authority.
1238    **SECTION 29.**  This act being necessary for the welfare of the
1239  state and its inhabitants shall be liberally construed to effect
1240  the purposes thereof. If any section, provision, paragraph,
1241  sentence, phrase, or word of this act shall be held invalid by any
1242  court of competent jurisdiction, the remainder of this act shall
1243  not be affected thereby.
1244    **SECTION 30.**  Sections 1 through 29 of this act shall be
1245  codified in Title 77, Mississippi Code of 1972.
1246    **SECTION 31.**  This act shall take effect and be in force from
1247  and after July 1, 2023.

S. B. No. 2889
23/SS36/R699CS
PAGE 51

ST:  Mississippi Capitol Region Utility Act;
create.

~ **OFFICIAL** ~

MISSISSIPPI LEGISLATURE

By: Senator(s) Parker

REGULAR SESSION 2023

To: Economic and Workforce Development

SENATE BILL NO. 2889

1  AN ACT TO CREATE THE MISSISSIPPI CAPITOL REGION UTILITY ACT;
2  TO ENSURE ACCESS TO SAFE, CLEAN AND RELIABLE WATER FOR THE
3  CITIZENS OF CENTRAL MISSISSIPPI; AND FOR RELATED PURPOSES.
4  BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:

5  **SECTION 1.**   This act shall be known and may be cited as the

6  "Mississippi Capitol Region Utility Act."

7  **SECTION 2.**   (1)   The Mississippi Legislature finds the

8  following:

9       (a)   For the benefit of the citizens centrally located

10  in the State of Mississippi, including citizens residing or

11  working in the capital city of the State of Mississippi, it is

12  essential to have access to safe, clean and reliable water,

13  wastewater and storm water systems at affordable, regulated rates

14  which are just, reasonable and provide an adequate amount of

15  capital to keep such systems in good repair;

16       (b)   The availability of safe, clean and reliable water,

17  wastewater and storm water have vast impacts on health, schools

18  and academic outcomes, crime and safety, state and local

19  government operations, businesses and economic development, the
20  availability of a workforce, tourism and many other critical
21  areas;

22      (c)  The availability of safe, clean and reliable water,
23  wastewater and storm water systems requires significant financial
24  resources and human capital to engage in the planning,
25  acquisition, construction, maintenance, coordination and operation
26  required to deliver transparent and efficient services which meet
27  and exceed federal and state regulations and requirements;

28      (d)  On November 29, 2022, the Department of Justice
29  filed a complaint alleging that the City of Jackson has failed to
30  provide drinking water that is reliably compliant with the Safe
31  Drinking Water Act to citizens within the boundaries of the water
32  system.  The Department of Justice simultaneously filed a proposal
33  which would appoint a receiver, or an interim third party manager,
34  to stabilize the City of Jackson's public drinking water system
35  and build confidence in the water system's ability to supply safe,
36  clean and reliable water to citizens within the boundaries of the
37  water system.  The U.S. District Court for the Southern District
38  of Mississippi appointed a receiver to oversee and operate the
39  water system on November 29, 2022.

40      (e)  The receiver appointed by the U.S. District Court
41  for the Southern District of Mississippi has communicated to the
42  public the importance of creating a utility district separate and
43  distinct from the City of Jackson to assume ownership, management

S. B. No. 2889
23/SS26/R699.2
PAGE 2 (cap\kr)                                    ~ **OFFICIAL** ~