# **EXHIBIT 1**

```
 1                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
 2                         NORTHERN DIVISION

 3

 4   NATIONAL ASSOCIATION FOR THE ADVANCEMENT           PLAINTIFFS
     OF COLORED PEOPLE, ET AL.

 5   VERSUS                   CIVIL ACTION NO.  3:23-cv-00272-HTW-LGI

 6   TATE REEVES, ET AL.                                 DEFENDANTS

 7

 8
                          MOTIONS PROCEEDINGS
 9             BEFORE THE HONORABLE HENRY T. WINGATE,
                UNITED STATES DISTRICT COURT JUDGE,
10                        MAY 22, 2023,
                       JACKSON, MISSISSIPPI
11

12

13

14

15                   (APPEARANCES NOTED HEREIN.)

16

17

18

19

20

21
     REPORTED BY:
22
        CAROLINE MORGAN, CCR #1957
23      OFFICIAL COURT REPORTER
        501 E. Court Street, Suite 2.500
24      Jackson, Mississippi  39201
        Telephone:  (601)608-4188
25      E-mail:  Caroline_Morgan@mssd.uscourts.gov
```

```
 1
     APPEARANCES:
 2
     FOR THE PLAINTIFFS:    CARROLL E. RHODES, ESQ.
 3                           GARY S. GUZY, ESQ.
                            JOSEPH SCHOTTENFELD, ESQ.
 4
     FOR THE DEFENDANTS:    REX M. SHANNON, ESQ.
 5                          GERALD KUCIA, ESQ.
                            NED NELSON, ESQ.
 6                          MARK NELSON, ESQ.

 7
     ALSO PRESENT:          CHIEF JUSTICE MICHAEL K. RANDOLPH
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1         THE COURT: -- to a state court ruling.
2         MR. MARK NELSON: That's correct.
3         THE COURT: And since this matter -- this whole
4    controversy has erupted in the State of Mississippi, that it
5    could be helpful for the Court to review the state court
6    decisions on this issue --
7         MR. MARK NELSON: Yes, sir.
8         THE COURT: -- to get some guidance as to how this
9    federal court might decide to proceed on the matter, but in
10   the main this Court is not bound by state court law, state
11   law. You agree with that?
12        MR. MARK NELSON: I agree with that, yes, sir.
13        THE COURT: Instead this Court is to apply federal law
14   under Section 1983. So then we have not discussed very much
15   about that application and that intertwining. So then I
16   want you now to tell me, how then does Section 1983, the
17   vehicle that brings us here, impact upon this question of
18   judicial immunity?
19        MR. MARK NELSON: Yes, sir. Section 1983 does not
20   abrogate common law immunity, period. That would be
21   husband/wife, immunity from testifying; that would be
22   immunities for other matters. That would be immunities
23   available to state officials, including judicial immunity.
24   Pursuant to the 1996 amendments, 1983 prohibits injunctions
25   against a judicial officer. That's expressly stated in 1983

1  in its form today.  We need to be very circumspect looking
2  at cases prior to 1996, because they don't address the
3  amendment.
4       Now, why did Congress do that?  Why did Congress go
5  back a hundred years plus, 120 years, after the passing of
6  the KKK Act, which 1983 was a part of, and say well, we're
7  going to give judges their immunity and we're going to put
8  it in the statute because we've got a problem.  They had a
9  problem in the 1980s with judges being sued.  They were
10 being sued for everything, and privileged things.  It was
11 clogging the courts up.  That was the reason Congress passed
12 that act.
13      They gave two exceptions:  number one, that the judge
14 did not act in violation of a declaratory decree; number
15 two, unavailability of declaratory relief.  Now, that gets
16 us -- that's the lodestar.  That is North Star.  Act of
17 Congress for this case.
18      That brings up what type of relief can this Court give
19 without the Chief Justice?  You can give complete relief to
20 everything that the defendant -- that the plaintiffs asked
21 for without Judge Randolph, without the Chief Justice,
22 without abrogating immunity.  ==You can grant immunity or==
23 ==grant our motion to dismiss, acknowledging immunity in this==
24 ==case, and the plaintiffs still have a remedy, because they==
25 ==have available to them Count 2 or 3, whatever it is in their==

1   counts, seeking a declaratory judgment that this statute is
2   unconstitutional, and you will have it teed up by this table
3   saying it's constitutional and this table saying it's
4   unconstitutional.
5        Whereas if we stay in the lawsuit, we would be back in
6   the back saying nothing, because the Chief Justice cannot
7   say anything.  He cannot bind nonmembers of the Supreme
8   Court to anything.  That's not his role as Chief Justice.
9        Now, once a declaratory relief is granted,
10  hypothetically -- let's assume that this Court decides that
11  1020 is unconstitutional and you enter a declaratory
12  judgment.  My client's obliged to follow that pursuant to
13  the terms of an amended 1983.  If he violates that
14  declaratory judgment and commences to appoint people, this
15  Court has jurisdiction to take on that act as
16  unconstitutional and a violation of your declaratory relief,
17  a violation of your declaratory decree.  This Court could
18  enter a decree and enforce that against the courts of
19  Mississippi.  Without the decree, there is nothing that my
20  client -- that's the whole key, that this Court can give
21  relief.
22       And, now, one of the main things in here, Your Honor,
23  that I haven't gotten to is the whole concept of enforcement
24  officers, which is essentially what the question is:  Why is
25  the Chief Justice of the Supreme Court of Mississippi a

1    proper party in this case?  And the Fifth Circuit has said
2    that the defense -- that the plaintiffs -- said this in
3    *Supreme Court of Puerto Rico*.  I'm sorry.  That is from the
4    Second Circuit *[sic]*.  "One seeking to enjoin the
5    enforcement of a statute on constitutional grounds
6    ordinarily sues the enforcement official authorized to bring
7    suit under the statute; that individual's institutional
8    obligations require him to defend the statute."
9         Justice Randolph has no obligation to defend the
10   constitutionality of any statute.  He's prohibited from
11   opining about the unconstitutionality of a particular
12   statute.  The Chief Justice is truly neutral in this case
13   because he has no enforcement authority.  The State is
14   required to defend the constitutionality of H.B. 1020.
15   That's as their job, and they're going to do a good job.
16   I've read their pleadings.  They're experts in this.  They
17   come before this Court normally for these issues.
18        The Fifth Circuit has stated in the *Texas Alliance* case
19   *v. Scott*, 2022, that there must be "some connection with the
20   enforcement of the challenged" law in that case, the *Retired*
21   *Americans vs. Scott*, *Texas Alliance for Retired Americans*.
22   Now, the court in *Scott* gave three guideposts about the
23   connection to the enforcement.  There has to be some
24   connection between my client and the enforcement of the act.
25   And I would submit there's none.  My client has no

```
 1    enforcement authority over the judges that would be
 2    appointed under the statute.
 3         THE COURT:  So who would be?
 4         MR. MARK NELSON:  Pardon?
 5         THE COURT:  So who would be the enforcer?
 6         MR. MARK NELSON:  The State of Mississippi.  It would
 7    be the Governor, the Attorney General.  They would have
 8    authority.
 9         THE COURT:  And where is that stated in the bill or the
10    law?
11         MR. MARK NELSON:  The Mississippi Constitution requires
12    the Attorney General to defend the constitutionality of all
13    acts passed by the Legislature.
14         THE COURT:  Defend the constitutionality.
15         MR. MARK NELSON:  Yes, sir.
16         THE COURT:  But who would be the enforcer of what you
17    now discuss?
18         MR. MARK NELSON:  Well, it would be the Administrative
19    Offices of the Attorney General who could cut off the
20    funding for these judges.  My client couldn't do that.
21         THE COURT:  But you're saying that the Attorney General
22    on one hand would be defending the constitutionality or
23    defending the actions of the Chief Justice but on the other
24    hand it's supposed to be the enforcer who would then render
25    a contest to the powers of the Chief Justice.  Wouldn't that
```

**COURT REPORTER'S CERTIFICATE**

    I, Caroline Morgan, Official Court Reporter for the United States District Court for the Southern District of Mississippi, do hereby certify that the above and foregoing pages contain a full, true, and correct transcript of the proceedings had in the forenamed case at the time and place indicated, which proceedings were stenographically reported by me to the best of my skill and ability.

    I further certify that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

    THIS, the 30th day of May, 2023.

                    */s/ Caroline Morgan, CCR*

                    Caroline Morgan CCR #1957
                    Official Court Reporter
                    United States District Court
                    Caroline_Morgan@mssd.uscourts.gov