IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL., <br><br> *Defendants*. | Case No. 3:23-cv-272-HTW-LGI <br><br> **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OF JUNE 1, 2023 ORDER ON JUDICIAL IMMUNITY** |

On June 1, 2023, the Court granted Defendant Randolph's Motion to Dismiss and ordered that he "be dismissed from this litigation because of Judicial Immunity." ECF No. 45 at 23. Consistent with Defendant's motion, the Court's analysis and ruling focused on Plaintiffs' request that the Court "preliminarily and permanently to enjoin the Chief Justice." *Id.* at 11. Furthermore, the Order—again consistent with Defendant's Motion—"only addresse[d] H.B. 1020, and, more specifically, that law's specific provision, § 1, which mandates appointment of special judges by the Chief Justice of the Mississippi Supreme Court." *Id.* at 2 n.2.

Plaintiffs seek clarification because although the Chief Justice's Motion to Dismiss was so limited, the Complaint was not. Plaintiffs raised two claims against the Chief Justice: Count II based on H.B. 1020 § 1, and Count III based on H.B. 1020 § 4. Compl., ECF No. 1 at 47-48. Both claims included requests for injunctive and declaratory relief. *Id.* at 50-51.[1]

---

[1] Plaintiffs asked that the Court "[d]eclare that H.B. 1020's packing of the Hinds County Circuit Court intentionally discriminates against Jackson's residents on the basis of race" and "[d]eclare that H.B. 1020's creation of the CCID Court intentionally discriminates against Jackson's residents on the basis of race."

1

Despite seeking dismissal from the action as a whole, the Chief Justice addressed only injunctive relief with respect to Plaintiffs' challenge to § 1. While Plaintiffs do not agree with the Court's determination on judicial immunity for their claim for injunctive relief against § 1, Plaintiffs do not contest it here. Rather, Plaintiffs seek only to clarify the scope and applicability of that ruling. Accordingly, Plaintiffs respectfully request an order clarifying that, by its terms, the Court's Order leaves intact Plaintiffs' remaining claims against Defendant Randolph: Plaintiffs' claims for declaratory relief on § 1 and for declaratory and injunctive relief on § 4.

### I. Defendant Randolph Did Not, and Could Not, Contend that Judicial Immunity Bars Plaintiffs' Claims for Declaratory Relief.

Despite recognizing Plaintiffs' claims for declaratory relief, Defendant Randolph did not attempt to argue that the claims were barred by judicial immunity. At the May 22 hearing, counsel for the Chief Justice told the Court that it could "acknowledg[e] immunity in this case, and the plaintiffs still have a remedy, because they have available to them Count 2 or 3 . . . seeking a declaratory judgment that this statute is unconstitutional." Ex. 1 at 29:22-30:4. The Chief Justice's counsel suggested that the Chief Justice need not be a defendant to such a declaratory judgment, but certainly recognized that Plaintiffs had raised this claim against him. Similarly, Defendant Randolph's Motion to Dismiss recognized that "Plaintiffs have not alleged that declaratory relief is unavailable." ECF No. 20 at 9. Nevertheless, the Motion made only a sweeping claim of judicial immunity that elided the types of relief requested.

The Motion to Dismiss could not challenge Plaintiffs' claim for declaratory relief. There is a simple reason: "judicial immunity does not bar declaratory relief." *Severin v. Parish of Jefferson*, 357 F. App'x 601, 605 (5th Cir. 2009) (per curiam); *see also, e.g.*, *Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 763 (8th Cir. 2019) ("Currently, most courts hold that the amendment to § 1983 does not bar declaratory relief against judges." (collecting cases)); *Esensoy*

2

*v. McMillan*, No. 06-12580, 2007 WL 257342, at *1 n.5 (11th Cir. Jan. 31, 2007) (per curiam) ("[J]udicial immunity protects the Defendants only from Appellant's request for injunctive relief. But § 1983 does not explicitly bar Appellant's request for declaratory relief.").

The as-amended text and legislative history of Section 1983 make clear that judicial immunity does not bar claims for declaratory relief. Section 1983 states only that "*injunctive relief* shall not be granted" against a judicial actor; it does not bar declaratory relief. 42 U.S.C. § 1983 (emphasis added). The legislative history of the Federal Courts Improvement Act of 1996, which amended Section 1983, squarely supports this plain meaning of the terms of Section 1983 and further forecloses any argument to the contrary—which, in any event, the Chief Justice did not raise. The Senate Judiciary Report explained that "**litigants may still seek declaratory relief**." S. Rep. No. 104-366, at 37 (1996) (emphasis added); *see also Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("[T]he 1996 amendment to § 1983 would limit the relief available to plaintiffs [suing judges acting in their judicial capacity] to declaratory relief."). And Section 1983 provides that even injunctive relief *may* be granted if "a declaratory decree was violated or declaratory relief was unavailable"—presupposing that a declaratory decree could be issued against a judicial actor in the first place.

This Court's order recognized that a "legion of federal cases" have concluded that judicial immunity covers judicial acts, ECF No. 45 at 22; none of those same cases have concluded that judicial immunity bars claims for declaratory relief. *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214 (5th Cir. 2009), for example, held that the state judges in that case had judicial immunity, *id*. at 225, but concluded that no immunity would have barred a proper claim for "prospective declaratory relief" against those same judges, *id*. at 228; *see also Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985) (recognizing prior to the 1996 amendments that

"[j]udicial immunity does not extend to suits for equitable *and declaratory* relief under section 1983"). Indeed, a legion of cases since the 1996 amendments recognize that judicial immunity still does not bar declaratory relief.[2]

The Court should therefore clarify that the Order's dismissal did not extend to Plaintiffs' claims for declaratory relief against Defendant Randolph.

## II. Defendant Randolph Did Not, and Could Not, Contend that Judicial Immunity Bars Plaintiffs' H.B. 1020 § 4 Claim.

Also absent from Defendant Randolph's Motion was any mention of Plaintiffs' claim to enjoin his compliance with H.B. 1020 § 4. This provision concerns the creation of a new court for the Capitol Complex Improvement District ("CCID") beginning on January 1, 2024. ECF No. 12-1, § 4. Under § 4(2), the Chief Justice "shall appoint the CCID inferior court judge."

Whether the Chief Justice enjoys immunity for appointing the CCID judge is a different question than whether he enjoys immunity for appointing judges to the Hinds County Circuit Court. While the Order found judicial immunity with respect to § 1 because both "§ 9-1-105 and H.B. 1020 [§ 1] . . . allow the Chief Justice to appoint special temporary circuit judges," ECF No. 45 at 21-22, § 4 does not concern temporary circuit court judges. *See* ECF No. 12-1 § 4. Nor does § 4 concern any of the other "judicial officer[s]" that the Chief Justice may have temporarily appointed in the past under § 9-1-105: "a judge of the Court of Appeals, chancery, circuit or county court, or a Supreme Court Justice." Miss. Code § 9-1-101.

---

[2] *See, e.g.*, *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) ("[a]bsolute judicial immunity [] does not bar prospective relief against a judicial officer"); *see also Norman v. Texas Ct. of Crim. Appeals*, 582 F. App'x 430, 431 (5th Cir. 2014) (citing *Holloway* for proposition that "judicial immunity does not bar claims for . . . declaratory relief in § 1983 actions"); *LaBranche v. Becnel*, 559 F. App'x 290, 290 (5th Cir. 2014) (same); *Guillion v. Cade*, 449 F. App'x 340, 341 (5th Cir. 2011) (same); *Modelist v. Miller*, 445 F. App'x 737, 740 n.1 (5th Cir. 2011) (same); *Anderson v. L. Firm of Shorty, Dooley & Hall*, 393 F. App'x 214, 216 (5th Cir. 2010) (same); *Johnson v. Bigelow*, 239 F. App'x 865, 865 (5th Cir. 2007) (same); *West v. Keeshan*, 61 F. App'x 121, 121 (5th Cir. 2003) (same).

Instead, § 4 authorizes a new "CCID inferior court judge" with powers similar to those of municipal courts. ECF No. 12-1, § 4. Far from being a superficial distinction, the CCID court appointment is even further removed from normal judicial functions and instead directly intertwined with executive and administrative actions. Unlike temporary circuit court judges who may be selected by the Chief Justice, both municipal court judges and their temporary replacements—"municipal judge[s] *pro tempore*"—are selected by "the governing authorities of the municipality." Miss. Code §§ 21-23-3, -9. Depending on the form of municipal government, those "governing authorities" can be "the mayor, the [city] council or both"—all of whom are non-judicial government officials. *Jordan v. Smith*, 669 So. 2d 752, 756 (Miss. 1996), *overruled on other grounds by Myers v. City of McComb*, 943 So. 2d 1 (Miss. 2006).

As "the official seeking absolute immunity," the Chief Justice "bears the burden of showing that such immunity is justified for the function in question." *Wearry v. Foster*, 33 F.4th 260, 265 (5th Cir. 2022) (citation omitted). Because the Chief Justice did not even address whether appointment of the CCID judge is a normal judicial function for which he enjoys immunity, *see* ECF No. 20, Plaintiffs submit that Defendant Randolph did not carry his burden to dismiss Plaintiffs' claim regarding § 4. The Court should thus clarify that the Order did not reach this distinct and unpresented issue.[3]

## CONCLUSION

For the reasons stated above, the Court should clarify that Defendant Randolph's Motion to Dismiss was granted only as to Plaintiffs' request for injunctive relief in challenging H.B. 1020 § 1 and that Plaintiffs' remaining claims against Defendant Randolph remain intact.

---

[3] Plaintiffs preserve all their arguments that the Chief Justice has not carried his burden of showing immunity for any function in question, including for the appointment of four new judges to the Hinds County Circuit Court under § 1.

Respectfully submitted this 7th day of June, 2023.

| | |
|---|---|
| /s/ *Eric H. Holder, Jr.* <br>Eric H. Holder, Jr. ,* DC Bar # 303115 <br>Carol M. Browner,† DC Bar # 90004293 <br>Megan A. Crowley,* DC Bar # 1049027 <br>Gary S. Guzy,* DC Bar # 375977 <br>Mark H. Lynch,* DC Bar # 193110 <br>Brenden J. Cline,* DC Bar # 1021317 <br>**COVINGTON & BURLING LLP** <br>One CityCenter <br>850 Tenth Street NW <br>Washington, DC 20001 <br>Tel: (202) 662-6000 <br>Fax: (202) 662-6291 <br>eholder@cov.com <br>cbrowner@cov.com <br>mcrowley@cov.com <br>gguzy@cov.com <br>mlynch@cov.com <br>bcline@cov.com <br><br>*Counsel for NAACP* <br><br>**Pro Hac Vice* <br>†*Pro Hac Vice* Applications to be Filed | /s/ *Carroll Rhodes* <br>Carroll Rhodes, Esq. MS Bar, # 5314 <br>**LAW OFFICES OF CARROLL RHODES** <br>POST OFFICE BOX 588 <br>HAZLEHURST, MS 39083 <br>Telephone: (601) 894-4323 <br>Fax: (601) 894-1464 <br>crhode@bellsouth.net <br><br>Janette Louard,† OH Bar # 066257 <br>Anthony Ashton,† MD Bar # 9712160021 <br>Joe R. Schottenfeld,* DC Bar # 1735796 <br>**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE** <br>4805 Mt. Hope Drive <br>Baltimore, MD 21215 <br>Tel: (410) 580-5777 <br>Fax: (410) 358-9350 <br>jlouard@naacpnet.org <br>aashton@naacpnet.org <br>jschottenfeld@naacpnet.org <br><br>*Counsel for All Plaintiffs* <br><br>**Pro Hac Vice* <br>†*Pro Hac Vice* Applications to be Filed |

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2023, I electronically filed the foregoing Plaintiffs' Memorandum in Support of Motion for Clarification of June 1, 2023 Order on Judicial Immunity with the Clerk of the Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Mark H. Lynch
Mark H. Lynch

