IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

National Association for the
Advancement of Colored People,
et al.                                                                                            Plaintiffs

vs.                                                        Case No. 3:23-cv-272-HTW-LGI

Tate Reeves, in his official capacity
as Governor of the State of Mississippi;
et al.                                                                                            Defendants

### Motion for Rule 54(b) Certification

Comes now Michael K. Randolph In His Official Capacity as Chief Justice of the Mississippi Supreme Court (Chief Justice") and files, through counsel, his Motion for Certification under Rule 54(b), as follows:

1. On June 1, 2023 the Court entered it's Order (Doc. 45) granting the Motion to Dismiss filed by the Chief Justice (Doc. 19).

2. The Court's Order unequivocally dismissed all claims against the Chief Justice. In this action "multiple parties are involved." The Court "may direct entry of a final judgment, as to one or more, but fewer than all, claims or parties." Fed.R.Civ.P. 54(b). The Rule requires the court to expressly determine that there is "no just reason for delay, . . ." if the Court is to make such a determination. Fed.R.Civ.P. 54(b).

3. There being no just reason for delay in the entry of a final appealable judgment, the Chief Justice prays for the entry of a certification. Although an appeal may be proper for the aggrieved plaintiffs, that appeal is optional for the

plaintiffs.. 28 U.S.C. 1292(a)(1). Currently, the Court's Order is interlocutory within the meaning of 28 U.S.C. 1291.

4.  This litigation is broad and complex. An additional case regarding the constitutionality of H.B. 1020, *inter alia,* is pending before the Mississippi Supreme Court. But the claims against the Chief Justice are simple and have been dismissed, as they were in the state trial court. Currently, a Motion for Consolidation of another case is pending in this Court (Doc. 48). At the same time, the Plaintiffs are attempting to relitigate the issues addressed in the Court's Order of Dismissal. (Doc. 45). There simply is no end in sight to the Plaintiffs' unwarranted attack targeting the office of the Chief Justice, in a case that could outlive the current Chief Justice. This litigation has interferred in the Chief Justice's duties to the judiciary. The Chief Justice needs finality of this case as it concerns the Chief. The issues raised by the Chief Justice are unique as separate from all other claims against the other defendants.

5.  Accordingly, the Chief Justice prays for an Order certifying the Order of June 1, 2023 as a final judgment requiring an appeal within the time allowed by the Appellate Rules.

This, the 9th day of June, 2023.

Respectfully submitted,

Michael K. Randolph, in his
official capacity as Chief Justice
of the Mississippi Supreme Court

By:  */s/ Mark A. Nelson*
Mark A. Nelson, MB #3808

3 | Page

Of Counsel:

Mark A. Nelson, MB #3808
Ned A. Nelson, MB #105712
Nelson Law PLLC
7 Woodstone Plaza, Ste. 7
Hattiesburg, MS  39402
Telephone:  601.602.6031
Facsimile:  601.602.3251
mark@nelsonfirm.law
ned@nelsonfirm.law

## Certificate of Service

I, Mark A. Nelson, hereby certify that on this the 9th day of June, 2023, I electronically filed the foregoing with Clerk of the Court using the ECF system which will provide notice to all counsel of record.

*/s/ Mark A. Nelson*
Mark A. Nelson

3 | Page