IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE, ET AL.                PLAINTIFFS

VS.                                        CASE NO. 3:23-cv-00272-HTW-LGI

TATE REEVES, in his official capacity
As Governor of the State of Mississippi, ET AL.          DEFENDANTS

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION OF JUNE 1, 2023, ORDER ON JUDICIAL IMMUNITY [Dkt. #51]

Defendants Sean Tindell, in his official capacity as Commissioner of the Mississippi Department of Public Safety, Bo Luckey, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police, and Lynn Fitch, in her official capacity as Attorney General of the State of Mississippi, (hereinafter collectively "Defendants") by and through counsel, file this their response in opposition to Plaintiffs' motion for clarification of the Court's June 1, 2023, order on judicial immunity [Dkt. #51], as follows:

1.	Plaintiffs' motion for clarification [Dkt. #51] should be denied because this Court's Order dismissing Chief Justice Randolph [Dkt. #45] clearly and unambiguously dismissed the totality of claims asserted against him on the grounds of judicial immunity. He is no longer a party to this action.

2.	On June 7, 2023, Plaintiffs filed a motion [Dkt. #51] asking this Court to "clarify[] that, by its terms, the Court's Order [Dkt. #45] leaves intact Plaintiffs' remaining claims against Defendant Randolph:  Plaintiffs' claims for declaratory relief on [H.B. 1020] § 1 and for declaratory and injunctive relief on [H.B. 1020] § 4." Dkt. #52 at 2.

1

3.    The Court's Order dismissing Chief Justice Randolph does not require such "clarification."  The Court correctly recognized that in pursuing his motion to dismiss, Chief Justice Randolph argued that "[u]nder the law . . . he cannot be sued <u>at all</u>."  Dkt. #45 at 3 (emphasis added).  The Court found that "Judicial Immunity is an <u>immunity from suit</u>," *id.* at 15 (emphasis added), and that the "doctrine of Judicial Immunity shelters judges from lawsuits, <u>whether declaratory or injunctive</u>, when the judge, within his jurisdiction, performs a 'judicial act', or is about to perform a judicial act," *id.* at 23 (emphasis added).

4.    The Court further found that "[a]lthough this is a § 1983 lawsuit, essentially alleging race discrimination, the Doctrine of Judicial Immunity still covers the Chief Justice and prevents this court <u>from holding him in this lawsuit</u>." *Id.* at 22 (emphasis added).  Accordingly, the Court "applied . . . guiding principles and arrived at the only conclusion it could:  Chief Justice Randolph <u>must be dismissed from this litigation</u>, which still will continue with the remaining parties to address the constitutionality of H.B. 1020 as a whole." *Id.* at 23.  Thus, the Court ordered that Chief Justice Randolph is "<u>dismissed from this litigation</u> because of Judicial Immunity." *Id.* (emphasis added).

5.    There is no confusion or ambiguity on any of these points.  The Court's Order clearly provides that Chief Justice Randolph is dismissed from this litigation, without qualification.  Thus, there is nothing to clarify.

6.    Plaintiffs assert that "Defendant Randolph did not attempt to argue" that any claims for declaratory relief relative to H.B. 1020 § 1 appointments "were barred by judicial immunity."  Dkt. #52 at 2.  They further assert that "Defendant Randolph did not carry his burden to dismiss Plaintiffs' claim regarding § 4." *Id.* at 5.  But these are not arguments for "clarification."  What Plaintiffs effectively seek is to relitigate an issue that this Court has already decided against them.

2

The issue of Chief Justice Randolph's judicial immunity was fully briefed and argued extensively at an in-person hearing on May 22, 2023.  This Court was fully informed of the arguments and issued a 24-page opinion articulating its ruling on Chief Justice Randolph's motion to dismiss. Dkt. #45.  The Court should decline Plaintiffs' invitation to revisit the issue of judicial immunity or the contents of its Order.

7. Since Chief Justice Randolph has now been dismissed, this Court no longer has personal jurisdiction over him and cannot enjoin him from making the challenged judicial appointments required by H.B. 1020.  Therefore, the temporary restraining order extended on May 23, 2023, should be immediately dissolved without the need for further hearing.

8. Further, given the dismissal of the Chief Justice, there is no longer anyone with the subject power of appointment who is left to enjoin in this case.  Defendants have no authority to make the challenged judicial appointments.  Thus, any alleged injury stemming from the appointments is not redressable by them, and Plaintiffs lack standing to assert their judicial-appointment claim.  *See Okpalobi v. Foster*, 244 F.3d 405, 424-29 (5th Cir. 2001) ("a state official cannot be enjoined to act in any way that is beyond his authority to act in the first place"); *Latitude Solutions, Inc. v. DeJoria*, 922 F.3d 690, 695 (5th Cir. 2019) ("a plaintiff must demonstrate standing for each claim he seeks to press and have standing separately for each form of relief sought") (cleaned up).

9. Additionally, because Defendants are not specifically tasked with enforcing the challenged judicial-appointment provision, see H.B. 1020, Plaintiffs' judicial-appointment claim is further barred by sovereign immunity.  *See Tex. All. for Retired Americans v. Scott*, 28 F.4th 669, 672 (5th Cir. 2022).

10. For either and both of the reasons set forth in Paragraphs 8-9, *supra*, the dismissal of Chief Justice Randolph robs this Court of subject-matter jurisdiction over Plaintiffs' judicial-appointment claim. Accordingly, that claim should be dismissed—and Plaintiffs' motion for preliminary injunction [Dkt. #40] should be denied—without the need for further hearing.

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request that the Court make and enter its Order denying Plaintiffs' motion for clarification of the June 1, 2023, order on judicial immunity [Dkt. #51].

THIS the 12th day of June, 2023.

    Respectfully submitted,

    SEAN TINDELL, in his official capacity as Commissioner of the Mississippi Department of Public Safety; BO LUCKEY, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi, DEFENDANTS

    By:    LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

    By:    s/Rex M. Shannon III
                REX M. SHANNON III (MSB #102974)
                Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov

ATTORNEYS FOR DEFENDANTS

SEAN TINDELL, in his official capacity as Commissioner
of the Mississippi Department of Public Safety; BO LUCKEY,
in his official capacity as Chief of the Mississippi
Department of Public Safety Office of Capitol Police;
and LYNN FITCH, in her official capacity as
Attorney General of the State of Mississippi

## **CERTIFICATE OF SERVICE**

    I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

    THIS the 12th day of June, 2023.

                                                      s/Rex M. Shannon III
                                                    REX M. SHANNON III