IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE; et al.                    PLAINTIFFS

v.                                    CIVIL ACTION NO. 3:23-cv-272-HTW-LGI

TATE REEVES, in his official capacity
as Governor of the State of Mississippi; et al.            DEFENDANTS

RESPONDENTS' MEMORANDUM OF AUTHORITIES
IN SUPPORT OF THEIR RESOPNSE IN OPPOSITION
MOVANTS' MOTION TO CONSOLIDATE

COME NOW, Respondents, Sean Tindell ("Commissioner Tindell"), in his official capacity as the Commissioner of the Mississippi Department of Public Safety and Bo Luckey ("Chief Luckey"), in his official capacity as the Chief of the Mississippi Capitol Police, through undersigned counsel, and submit their memorandum in support of their response to movants' motion to consolidate under Fed. R. Civ. P. 42 and would show unto the Court as follows:

INTRODUCTION

The Coalition[1] plaintiffs move this Court to consolidate their case – which is a limited First Amendment and Fourteenth Amendment (not race-based) challenge to Senate Bill 2343(1)(6)(c) – with that of the NAACP plaintiffs, whose "§ 1983 lawsuit is about race discrimination" and is rooted in Fourteenth Amendment due process concerns. NAACP Dkt. [45] *Order* at 8. The Coalition plaintiffs ask this

---

[1] For the sake of consistency, the respondents maintain the convention adopted by the movants in their motion whereby they refer to the plaintiffs in 3:23-cv-272-HTW-LGI as the "NAACP plaintiffs" and the plaintiffs in 3:23-cv-351-TSL-RPM as the "Coalition plaintiffs."

Court to do this knowing that they face significant ripeness issues in their own case. In discussing S.B. 2343(1)(6)(c), which they term the "prior restraint provision", the NAACP plaintiffs address the issue head-on acknowledging: "it is not yet known what bearing, if any, the rules and regulations DPS is required to promulgate to 'effectuate' this statute will have on these restraints" and they disavowed their claim by stating "Plaintiffs do not at this time pray for any relief with respect to that provision," although they hinted at some future amendment "as circumstances require." NAACP Dkt. [1] *Compl.* at 5. Simply put, the NAACP plaintiffs are not seeking any relief relating to S.B. 2343(1)(6)(c).

The Coalition plaintiffs take significant liberty with characterizing the justification for consolidation. The Coalition plaintiffs claim the two actions were "brought within weeks of one another, sue the same defendants in the same judicial district, share common questions of law or fact, and seek an order enjoining provisions of S.B. 2343 preliminarily and permanently" pursuant to § 1983. NAACP Dkt. [49] *Mot. to Consolidate* at 3.

First, "[o]n April 21, 2023, the Governor of the State of Mississippi signed into law House Bill 1020 (H.B. 1020) and Senate Bill 2343 (S.B. 2343)." NAACP Dkt. [45] *Order* at 8. The NAACP plaintiffs filed their suit the same day – April 21. See NAACP Dkt. [1] *Compl.* The Coalition plaintiffs, on the other hand, did not file their suit until almost six weeks later, on June 1, 2023. Coalition Dkt. [1] *Compl.*

Second, the two cases do not share common questions of law or fact. The NAACP plaintiffs allege that "Senate Bill 2343's policing takeover provision

2

intentionally discriminates against the majority-Black residents of Jackson on the basis of race in violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution." NAACP Dkt. [1] Compl. at 46. The NAACP plaintiffs, however, never ask this Court to enjoin the permitting provision found in S.B. 2343(1)(6)(c). They only ask this Court to declare that any expansion of the Capitol Police's jurisdictional borders "intentionally discriminates against Jackson's residents on the basis of race" and that the Capitol Police's authority be enjoined from covering "all of the City of Jackson."  NAACP Dkt. [1] at 50. The claims of the Coalition plaintiffs, on the other hand, have nothing to do with race or the jurisdictional boundaries of the Capitol Police. The Coalition plaintiffs claim certain aspects of S.B. 2343(1)(6)(c) violate the First Amendment and Fourteenth Amendments because it "targets speech directed toward and against the state government and state officials; it imposes burdens on speech on streets and sidewalks adjacent to state-occupied buildings not imposed on other streets and sidewalks; and to the extent it burdens speech adjacent to state-occupied buildings in Jackson and not elsewhere in Mississippi" it is also unacceptable. Coalition Dkt. [1] *Compl.* at 12–13, ¶ 31.

Third, the Coalition plaintiffs imply that the NAACP plaintiffs are seeking to preliminarily and permanently enjoin S.B. 2343(1)(6)(c). This is incorrect. The NAACP plaintiffs specifically and expressly disavowed seeking any relief related to S.B. 2343(1)(6)(c), which they term the "prior restraint provision." NAACP Dkt. [1] *Compl.* at 5. They specifically declared "Plaintiffs do not at this time pray for any

3

relief with respect to that provision," and that position has not changed. NAACP Dkt. [1] *Compl.* at 5. The NAACP plaintiffs have not moved to amend their complaint and the time for them to do so without leave of court has passed.

Because all the factors, except that the two cases are pending in the same judicial district, weigh against consolidation the Court should deny the Coalition plaintiffs' request to consolidate these cases.

## STANDARD

Rule 42(a)(2) provides that "[i]f actions before the court involve a common question of law or fact, the court may...consolidate the actions." FED. R. CIV. P. 42(a)(2). Although Rule 42(a)(2) permits consolidation, the rule does not require consolidation, and "[a] court has wide discretion in deciding" whether to consolidate two or more cases." *David H. Russell Family Ltd. P'ship v. Dernick*, 2018 WL 8733161, at *1 (citing *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989)). Further, a motion under Rule 42(a) must be denied "if it would prejudice the rights of the parties." *Raymond v. Ivest Props., LLC*, No. SA-20-CV-00965-FB, 2021 WL 725819, at *2 (W.D. Tex. Feb. 17, 2021) (quoting *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983)).In exercising their broad discretion in determining whether consolidation is appropriate, courts considered many factors, including:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if

4

> so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.

*Taylor v. Bucker*, 2016 WL 11612544, at *1 (S.D. Miss. Sept. 8, 2016).

## ARGUMENT

Because all but the first factor weigh against consolidation, the Court should deny the Coalition plaintiffs' request for consolidation.

### (1) The actions are pending in the same judicial district.

Commissioner Tindell and Chief Luckey admit that both cases are pending in the northern division of the United State District Court for the Southern District of Mississippi, and that this factor weights in favor of consolidation.

### (2) Common parties are not involved in the cases.

There are only two common party defendants in this case, and this factor does not favor consolidation. See *American Petroleum Institute v. U.S. Dept. of Interior*, 2022 WL 1150813, *4 (W.D. La. 2022) (determining consolidation was inappropriate where, among other things, the actions involve few common parties, none of the plaintiffs are the same, and the only common parties to the two suits are two defendants sued in their official capacities). The only common parties to these two suits are defendants Commissioner Tindell and Chief Luckey, who are named in their official capacities. They are the only defendants in the Coalition case and are

two of the five defendants in the NAACP case. None of the plaintiffs are the same in the two cases. The Coalition case has three individual and five group plaintiffs while there are six individual and 3 group plaintiffs in the NAACP case.

This factor weighs against consolidation.

### (3) There are not common questions of law and/or fact in the two cases.

The NAACP plaintiffs allege that "Senate Bill 2343's policing takeover provision intentionally discriminates against the majority-Black residents of Jackson on the basis of race in violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution." NAACP Dkt. [1] *Compl.* at 46. The NAACP plaintiffs, however, never ask this Court to enjoin the permitting provision found in 2343(1)(6)(c). They only ask that the Court to declare that any expansion of the Capitol Police's jurisdictional borders "intentionally discriminates against Jackson's residents on the basis of race" and that the Capitol Police's authority be enjoined from covering "all of the City of Jackson." NAACP Dkt. [1] at 50. In fact, the NAACP plaintiffs specifically disavowed seeking any relief related to S.B. 2343(1)(6)(c), which they term the "prior restraint provision," by declaring "Plaintiffs do not at this time pray for any relief with respect to that provision" and that position has not changed. NAACP Dkt. [1] *Compl.* at 5.

The claims of the Coalition plaintiffs, on the other hand, have nothing to do with race or the jurisdictional boundaries of the Capitol Police. The Coalition plaintiffs claim certain aspects of S.B. 2343(1)(6)(c) violate the First Amendment and Fourteenth Amendments because it "targets speech directed toward and

6

against the state government and state officials; it imposes burdens on speech on streets and sidewalks adjacent to state-occupied buildings not imposed on other streets and sidewalks; and to the extent it burdens speech adjacent to state-occupied buildings in Jackson and not elsewhere in Mississippi" it is also unacceptable. Coalition Dkt. [1] *Compl.* at 12–13, ¶ 31.

As noted, the NAACP plaintiffs have intentionally abandoned pursuing any relief with respect to S.B. 2343(1)(6)(c). If they would have pursued this claim, they 'must allege and prove that [they] received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'" *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 227 (5th Cir. 2012) (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)); see also *Village of Arlington Hts. v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 265 (1977) (holding that "[p]roof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause."). This legal question and factual development is more or less the same for all of the claims being brought by the NAACP plaintiffs.

The Coalition plaintiffs, on the other hand, will have to navigate an entirely different set of standards to prevail on their claims related to S.B. 2343(1)(6)(c). The first step in a First Amendment freedom of speech inquiry is to determine whether the challenged regulation is either content-based or content-neutral. The result of that determination dictates the level of scrutiny the challenged restriction must meet in order to pass constitutional muster.

7

Content-based regulations of protected First Amendment expression are presumptively unconstitutional and subject to strict scrutiny. *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015) (citations omitted). "A regulation of speech is facially content based under the First Amendment if it 'targets speech based on its communicative content'—that is, if it 'applies to particular speech because of the topic discussed or the idea or message expressed.'" *City of Austin v. Reagan Nat'l Advert. of Austin, LLC*, 142 S. Ct. 1464, 1471 (2022) (quoting *Reed*, 576 U.S. at 163) (brackets omitted). Moreover, a "facially content neutral" regulation "will be considered content-based" if a plaintiff proves that it "cannot be justified without reference to the content of the regulated speech" or it was "adopted by the government because of disagreement with the message the speech conveys[.]" *Reed*, 576 U.S. at 164 (cleaned up).

In contrast, a content-neutral regulation is subject to "intermediate scrutiny" and will be upheld if it is "narrowly tailored to serve a significant governmental interest." *Reagan Nat'l Advert. of Austin, Inc. v. City of Austin*, 64 F.4th 287, 293 (5th Cir. 2023) (cleaned up). Under this level of scrutiny, narrow tailoring does not require the State to use the "least restrictive or least intrusive means." *Id.* (cleaned up). To the contrary, "narrow tailoring is satisfied so long as the regulation promotes a substantial government interest that would be achieved less effectively absent the regulation." *Id.* (cleaned up).

The Coalition plaintiffs also claim that S.B. 2343(1)(6)(c) is an unconstitutional prior restraint because it grants unfettered discretion to the DPS

8

Commissioner and the Chief of the Capitol Police to approve or deny a permit. To prevail on this claim, plaintiffs must show that S.B. 2343(1)(6)(c) and its implementing regulations lack "narrow, objective, and definite standards . . . to ensure that the licensing decision is not based on the content or viewpoint of the speech being considered." *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 427 (5th Cir. 2020) (cleaned up). Such "neutral criteria" may appear through "textual incorporation, binding judicial or administrative construction, or well-established practice." *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 760, 770 (1988).

Finally, the Coalition plaintiffs challenge S.B. 2343(1)(6)(c) as unconstitutionally vague. To succeed on this claim, plaintiffs must establish that S.B. 2343(1)(6)(c) and its implementing regulations either "fail[ ] to provide those targeted by the statute a reasonable opportunity to know what conduct is prohibited" or are "so indefinite that it allows arbitrary and discriminatory enforcement." *Moore v. Brown*, 868 F.3d 398, 406 (5th Cir. 2017) (cleaned up).

As can been seen from the foregoing, there is no legal or factual overlap between the equal-protection claims asserted by the NAACP and the First and Fourteenth Amendment claims asserted by the Coalition plaintiffs.

This factor weighs heavily against consolidation of the cases.

**(4) There is a risk of prejudice and confusion if the cases are consolidated, and there is no risk of inconsistent adjudication of factual and legal issues as the claims are distinct.**

As illustrated in Factor 3 above, not only are the two sets of plaintiffs challenging separate provisions of different laws, but they have also chosen to do so on discreet and unrelated legal theories. As it stands there is no risk of inconsistent adjudication of factual and legal issues as each of the plaintiffs' claims are distinct, both in what they challenge and how they are challenging it. The defendants, however, will be prejudiced by the possibility of having facts relevant only to one case seep into the record and analysis of the other.

This factor weighs against consolidation.

### (5) Judicial resources will be strained if the matters are consolidated.

As it sits now, Judge Lee and his staff are handling the Coalition plaintiff's limited First Amendment challenge to Senate Bill 2343(1)(6)(c) and he has entered a briefing schedule on their motion for preliminary injunction in that case. Coalition Dkt. June 6, 2023 Text-Only Order. This Court is handling the claims of the NAACP plaintiffs whose "§ 1983 lawsuit is about race discrimination" and is rooted in Fourteenth Amendment due process concerns, and which address H.B. 1020. NAACP Dkt. [45] *Order* at 8. As outlined in No. 3 above, these cases will require different factual development and the Court will have to consider separate legal issues, *i.e.* a race-based equal protection claim versus claims under the First Amendment. Currently, these varied and distinct cases are spread out over two district court judges, two magistrates, and their staffs. It would strain judicial resources to heap both cases onto a single district court judge, magistrate judge, and their staffs.

This factor weighs against consolidation.

### (6) Consolidation will result in unfair advantage for both sets of plaintiffs.

The NAACP plaintiffs expressly disclaimed any challenge of S.B. 2343(1)(6)(c) in their complaint. They did so because "it is not yet known what bearing, if any, the rules and regulations DPS is required to promulgate to 'effectuate' this statute will have" on alleged restraints. NAACP Dkt. [1] *Compl.* at 5. These regulations have not been promulgated, thus there is no current prospect of S.B. 2343(1)(6)(c) even going into effect. It is apparent the NAACP plaintiffs continue to appreciate this issue as they never sought to amend their complaint to try and revive a challenge to S.B. 2343(1)(6)(c). The Coalition plaintiffs are now attempting to effectively amend the NAACP complaint through consolidation. In essence, if consolidation is allowed, the NAACP plaintiffs may have an opportunity to revive their challenge to S.B. 2343(1)(6)(c) – which they expressly chose to forgo – and the Coalition plaintiffs stand to gain from hurling their unripe suit onto an already moving train.

This factor weighs against consolidation.

### (7) Consolidation will likely increase the time for resolving this case.

As it sits now, the NAACP plaintiffs rightfully acknowledge that "it is not yet known what bearing, if any, the rules and regulations DPS is required to promulgate to 'effectuate'" S.B. 2343(1)(6)(c). NAACP Dkt. [1] *Compl.* at 5. This is likely why the NAACP plaintiffs have avoided challenging this provision of the bill by stating they "do not at this time pray for any relief with respect to that

provision." NAACP Dkt. [1] *Compl.* at 5. Thus, the NAACP plaintiffs have forgone colliding with the ripeness issues related to S.B. 2343(1)(6)(c) and the accompanying administrative rule-making process to pursue their other claims more expeditiously. The Coalition plaintiffs, on the other hand, filed a motion for preliminary injunction on June 3 to enjoin S.B. 2343(1)(6)(c), choosing instead to ignore the timing and ripeness issues related to such a claim. Coalition Dkt. [6] *Mot. for Prelim. Inj.* While the NAACP plaintiffs made some attempt to streamline their claims, the Coalition plaintiffs now seek to burden progress in this case by challenging a bill that the NAACP plaintiffs acknowledge does not even go into effect until DPS administrative rule-making process is complete.

This factor weights against consolidation.

### (8) There will be no impact on the cost of trying the cases separately.

First, attorneys' fees for the defendants in both cases are fixed in that they are being represented by salaried employees of the Attorney General's Office, and their fees would not be impacted by how or when the case is resolved. Second, the NAACP plaintiffs are represented by one set of counsel and the Coalition plaintiffs are represented by a separate set of counsel. And while the common defendants are all represented by the Attorney General's office, they are represented by separate counsel in each case. So, there is a set of plaintiff and defense lawyers litigating the race-based equal protection claims related to H.B. 1020 in the NAACP case, while an entirely separate set of plaintiff and defense lawyers are litigating the First Amendment issues in the Coalition plaintiffs case related to S.B. 2343(1)(6)(c).

12

Third, while that the Coalition plaintiffs appear to have agreed to share or split a single award of attorneys' fees with the NAACP plaintiffs if the cases are consolidated ("if both Plaintiff groups prevail, they may be entitled to costs and fees" under §1988), it is unknown what the fee relationship between the NAACP plaintiffs and the Coalition plaintiffs may be. NAACP Dkt. [49] Mot. to Consolidate at 13.

Given that there is no overlap between lawyers litigating these two cases, no cost savings will be achieved by consolidation and this factor weighs against consolidation.

## CONCLUSION

For all the reasons stated herein, as well as in their response to the Coalition plaintiff's motion to consolidate, this Court should deny the request to consolidate the two cases.

DATE: JUNE 12, 2023

>SEAN TINDELL, in his official capacity as
>the Commissioner of Public Safety and
>BO LUCKEY, in his official capacity as
>the Chief of the Mississippi Department of
>Public Safety Office of Capitol Police,
>                              *Respondents*
>
>LYNN FITCH
>Attorney General of Mississippi
>
>*/s/ J. Chadwick Williams*
>Special Assistant Attorney General
>Mississippi Bar No. 102158
>P.O. Box 220
>Jackson, Mississippi 39205-0220

13

Telephone: (601) 359-3523<br>
E-mail: chad.williams@ago.ms.gov

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided notice to all counsel of record.

This, the 12th day of June 2023.

<i>/s/ J. Chadwick Williams</i>