IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL.,<br><br>                  *Plaintiffs*,<br><br>  v.<br><br>TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL.,<br><br>                  *Defendants*. | Case No. 3:23-cv-272-HTW-LGI<br><br>**NOTICE OF PLAINTIFFS' ADDITIONAL SUPPORT FOR DECLARATORY RELIEF AS AGAINST CHIEF JUSTICE RANDOLPH** |

    At the June 29, 2023 hearing, the Court asked whether the parties had any additional authorities to consider, and if so, the Court asked the parties to provide those authorities by July 3, 2023. Plaintiffs provide the following additional case support for the proposition that the Court has the authority to grant declaratory relief against Chief Justice Randolph, even after the Court's order dismissing him from a portion of this case due to judicial immunity.[1]

    1. Section 1983's text, legislative history, and Fifth Circuit case law are uniform in establishing that state judges are not immune from prospective declaratory relief in federal court. *See* Motion for Clarification, ECF No. 52 at 3-4 (collecting cases); Reply, ECF No. 63 at 6-8 (citing *Davis v. Tarrant Cnty.*, 565 F.3d 214, 228 (5th Cir. 2009) (state judges sued under § 1983 have no immunity for "prospective declaratory relief"); *Caliste v. Cantrell*, 937 F.3d 525, 532-33 & n.7 (5th Cir. 2019) (affirming declaratory judgment against state judge and noting that

---

[1] While Plaintiffs do not dispute that ruling here, they continue to respectfully disagree with the Court's judicial immunity determination and reserve all rights regarding that determination.

1

declaratory relief remains available regardless of whether actions were taken in the judicial defendant's "judicial capacity" or "administrative capacity")).

Other federal appellate courts to have considered this issue have concluded that a state court judge remains subject under § 1983 to prospective declaratory relief despite judicial immunity. *See Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 763 (8th Cir. 2019) ("most courts hold that the amendment to § 1983 does not bar declaratory relief against judges"); *see also, e.g.*, *Francis v. Pellegrino*, 224 Fed. App'x. 107, 108 (2d Cir. 2007) (same); *O'Callaghan v. Hon. X*, 661 F. App'x 179, 182 (3d Cir. 2016) (same); *Ruhbayan v. Smith*, No. 21-7419, 2022 WL 2764422, at *1 (4th Cir. July 15, 2022) (same); *Ward v. City of Norwalk*, 640 Fed. App'x 462 (6th Cir. 2016) (same); *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003); *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008) (same); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342, at *1 n.5 (11th Cir. Jan. 31, 2007) (per curiam) (same).[2]

These cases illustrate that, even though a judicial defendant may be immune from a § 1983 claim for damages, or in certain circumstances, injunctive relief—and is dismissed from the case for those claims—that immunity does not protect that judicial defendant from prospective declaratory relief.

---

[2] Myriad district court cases have also recognized that judicial immunity does not prevent a court from providing declaratory relief against judges under § 1983. *See, e.g.*, *MacPherson v. Town of Southampton*, 664 F. Supp. 2d 203, 211 (E.D.N.Y. 2009) ("To the extent Plaintiffs seek prospective declaratory relief, viz. a declaration that the Justices' enforcement of the . . . law constitutes a continuing violation of the Constitution, Plaintiffs' claims are not barred by judicial immunity."); *Taveras v. Schreiber*, 2019 WL 6683154, at *4 (M.D. Fla. Dec. 6, 2019) ("However, § 1983 does not specifically prohibit prospective declaratory relief against state court judges. . . . [E]verything the Eleventh Circuit has stated on this issue supports the availability of such relief in spite of judicial immunity principles.") (cleaned up); *Boguslavsky v. Conway*, 2012 WL 5197966, at *3 (M.D. Pa. Oct. 19, 2012) ("The doctrine of judicial immunity does not prohibit all actions against judicial officers for declaratory relief.").

2. It is not uncommon for a judge to be found immune from some claims but not others, so that the judge is dismissed from some claims but remains in the case for others. For example, in *Malina v. Gonzales*, the Fifth Circuit held that where a state judge was sued over multiple acts, the judge enjoyed immunity as to some acts (there, a jail sentence the judge imposed) but not others (there, the judge's making an unlawful traffic stop which led to the jail sentence). 994 F.2d 1121, 1124-25 (5th Cir. 1993); *see also Sup. Ct. of Va. v. Consumers Union of Am., Inc.*, 446 U.S. 719, 733-736 (holding that Virginia State Supreme Court Justices were immune from suit for certain legislative actions, but not enforcement actions). Likewise in *Ward v. City of Norwalk*, the appeals court explained at length that the injunctive portions of a claim against a judge were properly dismissed on immunity grounds, while the declaratory portions could not be. 640 Fed. App'x 462 (6th Cir. 2016) ("Count VII of plaintiffs' complaint, which seeks both a declaratory judgment and injunctive relief, was properly dismissed with respect to the injunction claim," even though "immunity does not bar plaintiffs' declaratory judgment claim against [the] Judge"); *see also* Compl., ECF No. 1. at 50, ¶¶ B, C (requesting declaratory relief, in addition to injunctive relief, against H.B. 1020's Court packing and CCID Court provisions).

Thus, the Court is fully within its authority to clarify that its June 1 Order accepted the Chief Justice's judicial immunity argument as to injunctive relief under H.B. 1020 § 1, but ***not*** as to declaratory relief for H.B. 1020 § 1 or declaratory or injunctive relief for the unprecedented appointment of the CCID judge under § 4. With respect to the latter, the Chief Justice has not asserted—let alone carried his burden on—the affirmative defense as to Plaintiffs' challenge to the appointment of the CCID judge. *See* Reply, ECF No. 63 at 2-5.[3] While there is a history of

---

[3] Plaintiffs' claims challenging the appointments under H.B. 1020 §§ 1 and 4 are leveled against Chief Justice Randolph because he is the official charged by the Legislature with making the appointments and therefore is the appropriate defendant under the *Ex parte Young*. The

3

the Chief Justice appointing circuit, chancery, and appellate judges under Miss. Code § 9-1-105, there is **no** precedent for the Chief Justice appointing municipal judges like the CCID judge, which, in municipalities of more than 10,000, are appointed by the governing board of the municipality. Miss. Code § 21-23-3. The Court has not yet addressed whether the Chief Justice is immune from injunctive relief for the appointment under § 4, and that is a distinct issue from immunity from injunctive relief for appointments under § 1.

3. Plaintiffs also highlight the case law and analysis on pages 10-12 of their Reply in Support of Plaintiffs' Motion for Clarification, which shows that state judges can be essentially "nominal parties" in a suit challenging the constitutionality of a state law they are charged with implementing. ECF No. 63 at 10-12 (discussing *In re Justs. of Sup. Ct. of P.R.*, 695 F.2d 17, 20 (1st Cir. 1982), and *Rivera Puig v. Garcia Rosario*, 785 F. Supp. 278, 285-86 (D.P.R.), *aff'd and remanded*, 983 F.2d 311 (1st Cir. 1992)). In *Justices of the Supreme Court of Puerto Rico*, the panel noted that judges as nominal parties "will not suffer discovery; they need not appear; and since other parties . . . are prepared to defend the statutes on their merits, they need not take a position or even file a brief." 695 F.2d at 27. As a result, the First Circuit held, "[w]e do not see how the maintenance of the . . . suit[] against them as purely nominal parties could affect the functioning of, or any judgment of, their court. *Id.*

## CONCLUSION

For the reasons stated above, and in Plaintiffs' previous briefs (ECF Nos. 41, 47, 51, 57, 63), this Court should continue to temporarily restrict the Chief Justice from making judicial appointments pursuant to § 1 of H.B. 1020 in order to maintain the status quo pending the

---

remaining defendants who have no role in the appointments, for example "the Attorney General, [are] powerless to affect . . . a decision by a Mississippi [judge]." *Campaign for S. Equal. v. Mississippi Dep't of Hum. Servs.*, 175 F. Supp. 3d 691, 702 (S.D. Miss. 2016).

Court's ruling on declaratory judgment, and should clarify that Plaintiffs' claims for declaratory relief as to §§ 1 and 4 and claim for injunctive relief as to § 4 remain intact.

Respectfully submitted this 3rd day of July, 2023.

<div style="column-count:2">

*/s/ Mark H. Lynch*
Eric H. Holder, Jr. ,* DC Bar # 303115
Carol M. Browner,† DC Bar # 90004293
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
David T. Leapheart,† DC Bar # 1032122
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
cbrowner@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com

*Counsel for NAACP*

\**Pro Hac Vice*
†*Pro Hac Vice* Applications to be Filed

*/s/ Carroll Rhodes*
Carroll Rhodes, Esq. MS Bar, # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net

Janette Louard,† OH Bar # 066257
Anthony Ashton,† MD Bar # 9712160021
Joe R. Schottenfeld,* DC Bar # 1735796
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350
jlouard@naacpnet.org
aashton@naacpnet.org
jschottenfeld@naacpnet.org

*Counsel for All Plaintiffs*

\**Pro Hac Vice*
†*Pro Hac Vice* Applications to be Filed

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2023, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Mark H. Lynch
Mark H. Lynch