IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

National Association for the
Advancement of Colored People,
et al.                                                                                            Plaintiffs

vs.                                                              Case No. 3:23-cv-272-HTW-LGI

Tate Reeves, in his official capacity
as Governor of the State of Mississippi;
et al.                                                                                           Defendants

**Michael K. Randolph in his Official Capacity as
Chief Justice of the Mississippi Supreme Court's Response in
Opposition to Notice of Plaintiffs' Additional Support for
<u>Declaratory Relief as Against Chief Justice Randolph (Dkt. 65)</u>**

Comes now, Michael K. Randolph in his Official Capacity as Chief Justice of the Mississippi Supreme Court, ("Chief Justice") and files this Response in Opposition to the Notice of Plaintiffs' Additional Support for Declaratory Relief as Against Chief Justice Randolph (Dkt. 65) ("Notice") and in support of the same would state:

   I.   **Precedent of the Fifth Circuit Compels Dismissal.**

Because there is no case or controversy and no live dispute existing between the Plaintiffs and the Chief Justice, the Plaintiffs lack standing. Therefore, this Court lacks Article III subject matter jurisdiction. This matter was previously raised by the Chief Justice in his Motion to Dismiss. (Dkt. 20 at 2-6).

Although the Plaintiffs correctly note that § 1983 does not expressly bar purely declaratory relief against a state court judge, they completely fail to

establish the necessity or availability of one in the present matter. Plaintiffs have failed to point to one case that actually enforced a declaratory decree related to the constitutionality of a state statute, against a state court judge. "[I]n order to receive declaratory or injunctive relief, a plaintiff must establish **that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law**." *Taveras v. Schreiber*, 2019 U.S. Dist. LEXIS 210527, *11 (M.D. Fla. Dec. 6, 2019)(emphasis added). The Plaintiffs do not argue that the Chief Justice has in any way committed a violation of the constitution in the context of this suit. Specifically, there is no claim that the Chief Justice has done anything regarding H.B. 1020. To the opposite, the Chief Justice has intentionally stated and preserved his neutrality regarding H.B. 1020 and made no comment, statement, or position on its constitutionality, *vel non*.

Plaintiffs repeatedly ignore binding Fifth Circuit precedent that compels the Chief Justice's dismissal, including claims for declaratory relief. In a challenge of a state law's constitutionality, a judge is not a proper party, for any purpose. "[N]o case or controversy exists between a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute." *Machetta v. Moren*, 726 Fed. App'x. 219 (5th Cir. 2018)(per curiam) citing, *Bauer v. Texas*, 341 F. 3d 352, 361 (5th Cir. 2003). *See also*, (Dkt. 20 at 2-6). The case or controversy requirement of Article III bars claims against a judge who has no impact on the drafting, passage, or enactment of the challenged statute. "A judge acting purely in her adjudicative

capacity is not a proper party to a lawsuit challenging a state law because the judge, unlike the legislature or state attorney general, has no personal interest in defending the law." *Id*. citing *Bauer*, 341 F. 3d at 359.

As this Court has previously held, "Chief Justice Randolph has jurisdiction to appoint four (4) special temporary circuit judges by way of H.B. 1020 – a 'legislative grant' of jurisdiction." (Dkt. 45 at 21). This Court specifically held that judicial appointments by the Chief Justice constitute a "judicial act," entitled to judicial immunity. (*Id*. at 22). According to this Court, the Chief Justice has jurisdiction to act and the act, when performed, is judicial in nature. *Id*. Those findings alone, necessitate the conclusion that the Plaintiffs have failed to assert any cause of action against the Chief Justice. "The requirement of a justiciable controversy is not satisfied where a judge acts in his adjudicatory capacity." *Bauer*, 341 F.3d at 359. Because the Court has determined that judicial appointments by the Chief Justice are judicial acts, the holding of *Bauer* compels dismissal of the Chief Justice for case or controversy reasons.

In the same vein, "This court [5th Circuit] has often held that **plaintiffs lack standing** to seek **prospective** relief against judges where the likelihood of future encounters is speculative." *Bauer*, 341 F.3d at 358 (emphasis added). Citing, *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985); *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283 (5th Cir. 1992). In dismissing claims for declaratory judgment against a judge, the Fifth Circuit has held,

> [b]ecause **there is no ongoing injury** to Bauer and any threat of future injury is neither imminent or likely, **there is not a live case or**

> **controversy for this court to resolve and a declaratory judgment would therefore be inappropriate**.

*Bauer*, 341 F.3d at 358. That is precisely the circumstances before the Court now. There is no ongoing injury to the Plaintiffs that is the result of the Chief Justice's conduct. For that reason, there is no live case or controversy before the court and a declaratory judgment is therefore barred.

In a § 1983 suit challenging the constitutionality of Mississippi's statutory procedures for the involuntary commitment proceedings the Fifth Circuit held the defendant Judges "do not have a sufficiently personal stake in the outcome of the controversy as to assure that concrete adverseness …" *Chancery Clerk of Chickasaw County, Mississippi v. Wallace*, 646 F. 2d 151 (5th Cir. 1981) citing, *Baker v. Carr*, 369 U.S. 186, 204 (1962); *Mendez v. Heller*, 530 F. 2d 457 (2d Cir. 1976); see also, (Dkt. 20 at 4-5).

A judge's statutorily required actions under a state law have no bearing on a plaintiff's ability to make a challenge to the law's constitutionality. As the Court in *Bauer* held, "because determinations made under (the challenged statute) are **within a judge's adjudicatory capacity**, there is **no adversity between (Plaintiff) and (Defendant) as to whether (the statute) is facially unconstitutional**. As such, there is no case or controversy under Article III and (Defendant Judge) is not a proper party under section 1983." *Bauer*, 341 F.3d at 361 (emphasis added)(proper names supplanted).

This Court has already determined that appointments by the Chief Justice pursuant to H.B. 1020 would be within his adjudicatory capacity. Accordingly,

*Bauer* dictates that there exists no adversity between the Plaintiffs and the Chief Justice. Without adversity, there can be no case or controversy under Article III. *See also* Dkt. 20 at 2-6.

## II.   The Chief Justice Objects to the Procedural Posture

On June 1, 2023, this Court entered its twenty-four page Order (Dkt. 45), granting the Chief Justice's Motion to Dismiss (Dkt. 19). The Court's Order unequivocally dismissed the Chief Justice as a Party Defendant in this action and rejected the Plaintiffs' claims against him as barred.

On June 6, 2023, the Plaintiffs filed their "Position on the Temporary Restriction on Appointment of Judges Pursuant to H.B. 1020 Section 1." ("Plaintiffs' Position") (Dkt. 47), wherein the Plaintiffs first argued that the Chief Justice was still subject to some, but not all, of the Plaintiffs' claims for relief.

The Plaintiffs furthered that new argument by filing a Motion for Clarification of the June 1, 2023 Order on Judicial Immunity (Collectively, "Motion to Clarify"). (Dkt. 51 and 52).

The Chief Justice filed a Motion for Rule 54(b) Certification on June 9, 2023, seeking to Certify the Order granting his Motion to Dismiss as appealable. (Dkt. 54). The same day, the Chief Justice filed his Response in Opposition to the Plaintiffs' Motion to Clarify, the Memorandum in Support, and the Plaintiffs' Position on the Temporary Restrictions on Appointment of Judges. (Dkt. 55).

On June 7, 2023, a Motion to Consolidate was filed by the Plaintiffs in Civil Action No. 3:23-cv-351-TSL-RPM, *Jxn Undivided Coalition, et al. v. Tindell, et. al*,

(Herein, "Coalition Matter") seeking to consolidate that action with the instant matter. (Dkt. 48 and 49).

The Motions filed after the Court's June 1st Order granting the Chief Justice's Motion to Dismiss were extensively briefed by the parties and oral arguments were heard by the Court on June 14th. During that hearing, the Court instructed counsel that the Motion to Consolidate (Dkt. 48 and 49), the Motion to Clarify (Dkt. 51 and 52), the Chief Justice's Motion for 54(b) Certification (Dkt. 54), and Opposition to the Motion for Clarification (Dkt. 55) would all be taken under advisement and that a separate opinion order would be forthcoming.

On June 27, 2023, the Court issued its Notice of Oral Arguments on First Motion for Preliminary Injunction in Civil Action No. 3:23-cv-351-TSL-RPM, the Coalition Matter, for hearing on June 29th. The Coalition Plaintiffs' Motion for Preliminary Injunction, which has nothing to do with the Chief Justice, and was the only matter noticed for hearing.

Since June 1, 2023, the Chief Justice has been dismissed and is no longer a party to this matter. (Dkt. 45). In the Coalition Matter, the Chief Justice was never named as a Defendant. (Dkt. 48). For these reasons, the Chief Justice was not present nor represented by counsel during the June 29th motion hearing.

On July 3rd, Plaintiffs in this matter filed their Notice of Plaintiffs' Additional Support for Declaratory Relief as Against Chief Justice Randolph. (Dkt. 65). In support of that filing, Plaintiffs included a [Proposed] Order as an exhibit attachment. (Dkt 65-1). Plaintiffs' exhibit urged the Court to Grant the Plaintiffs'

Motion for Clarification and Deny the Chief Justice's Motion for 54(b) Certification. (Dkt. 65-1 at 1).

Plaintiffs' Notice states that the Court invited their filing during the June 29, 2023 hearing. (Dkt. 65 at 1). The Chief Justice was not afforded that invitation nor was he noticed of the opportunity to file "any additional authorities" in opposition to the "proposition that the Court has the authority to grant declaratory relief against Chief Justice Randolph, even after the Court's order dismissing him …" (*Id.*).

The Motion for Preliminary Injunction noticed for hearing on June 29th was filed in Civil Action No. 3:23-cv-351-TSL-RPM, the Coalition Matter. That action has nothing to do with the Chief Justice.  Due to his prior dismissal, the Chief Justice and his counsel did not attend the hearing. Nor was it anticipated that Plaintiffs' counsel in this present matter would *ex parte* argue the Motions related to the Chief Justice.

The Chief Justice is compelled to once again object to the impropriety of Plaintiffs' filing. The Plaintiffs' Position (Dkt. 47), their Motion to Clarify (Dkt. 51 and 52), and the most recent Notice (Dkt. 65) do nothing but attempt to avoid the Court's Order dismissing the Chief Justice from the action. (Dkt. 45). These filings not only raise new claims and arguments not previously briefed in opposition to the Chief Justice's Motion to Dismiss, they ignore the Court's well-reasoned and unequivocal Order.  Plaintiffs obfuscate the reality that the Chief Justice is no longer a party to this action. Most offensively, the most recent "Notice" was filed as a result of *ex parte* statements to the Court during the June 29th hearing.

These pleadings collectively are devoid of any authorized procedural basis, and are nothing more than the product of obstinate parties that refuse to recognize this Court's rulings. For these reasons, the Chief Justice must fervently object to the Court's further consideration.

The Plaintiffs' refusal to recognize this Court's rulings and willingness to present baseless arguments to the Court *ex parte* highlight the need for the Court to grant the Chief Justice's Motion for 54(b) Certification. (Dkt. 54).

### III.   Prospective Relief is Not Available.

The Plaintiffs now argue that the June 1 Order only applied to some but not all, relief sought against the Chief Justice. The Plaintiffs now urge a Declaratory Judgment against the Chief Justice. Not only does this position directly contradict and ignore this Court's Order, it is untenable under the Rules of Civil Procedure. There is no basis in law or rule for this Court to grant relief on a "Motion for Clarification."

Plaintiffs miscite and mischaracterize holdings from across the country to fit their own purpose. A closer look reveals that the cases do not stand for the proposition for which they were offered. This disingenuous pleading should not be tolerated.

Plaintiffs point to the Ninth Circuit case of *Just. Network, Inc. v. Craighead Cnty.*, 931 F. 3d 753, 763 (8th Cir. 2019) for the proposition that a state court judge remains subject to prospective declaratory relief despite judicial immunity. (Dkt. 65 at 2). Concerning this position, the Court in *Craighead* intimated that there could

be a claim for prospective relief against a state court judge but declined to entertain such relief holding: "(Plaintiff's) request for declaratory relief is retrospective; as a result, (Plaintiff) is not entitled to such relief under § 1983." *Id.* at 764.

Plaintiffs cite *Davis v. Tarrant Cnty.*, 565 F. 3d 214, 228 (5th Cir. 2009) to further their argument that declaratory relief is still available. (Dkt. 65 at 1). It is important to note that The Fifth Circuit did not enter a declaratory judgment against the state judge in that case and disposed of the issue as moot. *Id.* at 228.

Plaintiffs cite *Caliste v. Cantrell*, 937 F. 3d 525, 532 (5th Cir. 2019)(Dkt. 65 at 1). At issue in *Caliste* was whether the judge as "generator and administer of court fees – creates a conflict of interest when the judge sets (plaintiffs' bail)." *Id.* at 525. That case involved ongoing and pervasive conduct of the judge, what the Court referred to as an "uncommon arrangement" that established a conflict of interest for the judge. *Id.* at 532. Importantly, the challenged conduct (judge collecting and administering bail monies) was not mandated by state law and was a role assumed by the judge. *Id.* at 532.

Plaintiffs cite *Francis v. Pellegrino*, 224 Fed. App.'x. 107, 108 (2d Cir. 2007). (Dkt. 65 at 2). Although the Second Circuit referenced the availability of prospective relief against a judge, the Court ultimately rejected the Plaintiff's claims on jurisdictional grounds, affirming dismissal of the claims for failure to meet Article III case or controversy requirements. *Id.* at 108. Importantly, this case again did not entertain a declaratory judgment against a state court judge.

Plaintiffs cite *O'Callaghan v. Hon. X,* 661 F. App'x. 179, 182 (3d Cir. 2016). (Dkt. 65 at 2). That case simply does not stand for the proposition which Plaintiffs allege. That case categorically denied the plaintiff's claims against the state judge. *Id.* Relying on *Bauer v. Texas*, 341 F. 3d 352, 385 (5th Cir. 2003), the Third Circuit rejected the plaintiff's claims for prospective declaratory and injunctive relief against the defendant judge stating that the plaintiff failed to establish "a substantial likelihood that he was likely to suffer some future injury at the hands of a named party." *Id.* at 182.

Plaintiffs cite *Ruhbayan v. Smith*, No. 21-7419, 2022 WL 2764422, at *1 (4th Cir. July 15, 2022)(*per curiam*). (Dkt. 65 at 2). Again, this case does not support the Plaintiffs' position in the least. In that case, "[T]he district court determined that Defendants were protected by absolute judicial immunity. We affirm." *Id.* at *1.

Plaintiffs cite *Ward v. City of Norwalk*, 640 Fed. App'x. 462 (6th Cir. 2016). (Dkt. 65 at 2). In *Ward*, the Sixth Circuit affirmed dismissal of the plaintiffs claims against the judge for monetary damages, injunctive relief, and left open the possibility of prospective declaratory relief. *Id.* at 467. Specifically, the Court recognized that, "Plaintiffs seek a declaration that Judge Ridge and Clerk Boss *violated and continue to violate* the Constitution." *Id.* at 467 (emphasis added). The Court remanded the issue of declaratory relief cautioning that, "*Article III's case-or-controversy requirement*, moreover, operates to *ensure that declaratory relief is available only when a live controversy continues to exist*" and that declaratory

relief's availability under § 1983 "does not necessarily mean that such relief will be appropriate in every case." *Id*. at 468.

Plaintiffs cite *Johnson v. McCuskey*, 72 Fed. App'x. 475 (7th Cir. 2003). (Dkt. 65 at 2). That case, "sought monetary damages as well as injunctive and declaratory relief. The district court dismissed the case based on judicial immunity, and we affirm, though partially on different grounds." *Id*. at 476. The conduct challenged by the plaintiff was a Federal Magistrate's application of 28 U.S.C. § 1406(a) concerning venue. *Id*. The Sixth Circuit stated, "[T]hat decision plainly was made in the judge's capacity as a judicial officer …" *Id*. Continuing, the Court stated, "[e]ven if Magistrate Judge Bernthal had acted in bad faith or with malice, absolute immunity would still bar this suit." *Id*. Because the defendant judge had interpreted and applied a statute in the past, the Court rejected the Plaintiffs' claim for declaratory judgment as being improper. *Id*. at 477.

Plaintiffs cite *Lawrence v. Kuenhold*, 271 Fed. App'x. 763 (10th Cir. 2008). (Dkt. 65 at 2). Concerning the availability of declaratory relief in a § 1983 context, the Tenth Circuit held, "[A] declaratory judgment would serve no purpose here and thus, is not available." *Id*. at 766.

Plaintiffs cite *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 at *1 n.5 (11th Cir. Jan. 31, 2007)(*per curiam*). (Dkt. 65 at 2). While the Eleventh Circuit referenced the availability of declaratory judgment in a footnote, the Court affirmed dismissal of the complaint and declined to entertain the plaintiff's claim for declaratory judgment. *Id*. at *6.

In a footnote, Plaintiffs cite *MacPherson v. Town of Southampton*, 664 F. Supp. 2d 203, 211 (E.D.N.Y. 2009). (Dkt. 65 at n.2). As cited by the Plaintiffs, the Eastern District of New York stated that, "a declaration that the Justices' enforcement of the Town rental law constitutes a **continuing violation of the Constitution**, Plaintiffs' claims are not barred by judicial immunity." *Id*. at 211. (emphasis added).

In the present matter, there is no continuing violation of the Constitution alleged as to the Chief Justice. There is no allegation of past or current unconstitutional conduct. The Plaintiffs assert only theoretical future violations. Importantly, the Court in *MacPherson* declined to entertain the plaintiffs' claims for declaratory relief pursuant to the *Younger* abstention doctrine. *Id*. at 213.

Plaintiffs cite *Taveras v. Schreiber*, 2019 WL 6683154 at *4 (M.D. Fla. Dec. 6, 2019). (Dkt. 65 at n.2). Concerning the claims for declaratory relief against a judge, the District Court held:

> Therefore, in an abundance of caution, the Court will assume *arguendo* that Plaintiff is not barred by judicial immunity from declaratory relief. However, as noted above, in order to receive declaratory or injunctive relief, a plaintiff must establish **that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law**. As discussed above, Plaintiff has failed to allege that there is **not an adequate remedy at law, nor can Plaintiff do so**. Accordingly, declaratory relief is unavailable.
> *Taveras v. Schreiber*, 2019 U.S. Dist. LEXIS 210527, *11 (M.D. Fla. Dec. 6, 2019)(Internal Citations Omitted)(emphasis added).

Plaintiffs do not and cannot assert that there has been a past violation of their constitutional rights as it relates

to H.B. 1020. Plaintiffs admit that the Chief Justice has taken no action that could even theoretically violate the Plaintiffs' constitutional rights.

Plaintiffs cite *Bouslavsky v. Conway*, 2012 WL 5197966, at *3 (M.D. Pa. Oct. 19, 2012). (Dkt. 65 at n.2). In that case the district court dismissed the complaint in its entirety, sua sponte, for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Id*. The district court held dismissal proper, "when the complaint's allegations are so attenuated and unsubstantial as to be absolutely **devoid of merit, wholly insubstantial, obviously frivolous**, plainly insubstantial, or no longer open to discussion." *Boguslavsky v. Conway*, 2012 U.S. Dist. LEXIS 150738, *6 (M.D. Pa. Oct. 19, 2012)(emphasis added). The Court went on to hold that, "[A]lthough plaintiff seeks relief in the form of declaratory judgment and not money damages, the **policy justifications for judicial immunity are nonetheless present because plaintiff's allegations center on defendant's official judicial conduct**." *Conway*, 2012 U.S. Dist. LEXIS 150738, at *12. (emphasis added).

## Conclusion

Because there is no case or controversy and no live dispute existing between the plaintiffs and the Chief Justice, the Plaintiffs lack standing and, therefore, this Court lacks Article III subject matter jurisdiction. For these reasons, the Plaintiffs' Motion for Clarification, Memorandum in Support, and the Plaintiffs' Notice of Additional Support (Dkt. 65) should be denied. Additionally, the Chief Justice's Motion for 65(b) Certification should be granted.

14 | P a g e

Respectfully submitted, this, the 4th day of July, 2023.

                                  Respectfully submitted,

                                  Michael K. Randolph, in his
official capacity as Chief Justice
of the Mississippi Supreme Court

                                  By:    ***/s/ Ned A. Nelson***
                                         Ned A. Nelson, MB #105712

Of Counsel:

Mark A. Nelson, MB #3808
Ned A. Nelson, MB #105712
Nelson Law PLLC
7 Woodstone Plaza, Ste. 7
Hattiesburg, MS  39402
Telephone:  601.602.6031
Facsimile:  601.602.3251
mark@nelsonfirm.law
ned@nelsonfirm.law

## Certificate of Service

I, Ned A. Nelson, hereby certify that on this the 4th day of July, 2023, I electronically filed the foregoing with Clerk of the Court using the ECF system which will provide notice to all counsel of record.

                                  ***/s/ Ned A. Nelson***
                                  Ned A. Nelson