IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL.,<br><br>　　　　　　　　*Plaintiffs*,<br><br>　v.<br><br>TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL.,<br><br>　　　　　　　　*Defendants*. | Case No. 3:23-cv-272-HTW-LGI<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF NOTICE OF PLAINTIFFS' ADDITIONAL SUPPORT FOR DECLARATORY RELIEF AS AGAINST CHIEF JUSTICE RANDOLPH** |

　　　Plaintiffs submit this brief reply to Defendant Randolph's July 4 filing in order to distill the most relevant considerations for the Court:

　　　1. Faced with Plaintiffs' overwhelming authorities, Defendant Randolph now concedes "§ 1983 does not expressly bar purely declaratory relief against a state court judge." Opp. at 1. His purported distinguishing of Plaintiffs' cases (Opp. at 8-13) is therefore irrelevant, and his newfound reliance on *Bauer* and related "case or controversy" decisions (Opp. at 1-5) was dealt with in prior briefing. *See* ECF No. 25 at 3-6; ECF No. 57 at 4; ECF No. 63 at 6 n.3.

　　　2. Defendant Randolph again fails to grapple with Plaintiffs' challenge to the CCID inferior court judge appointment provision of H.B. 1020 § 4. *See* Opp. at 3 (contending only that § 1's appointment of "four (4) special temporary circuit judges" is "entitled to judicial immunity" and "compels dismissal of the Chief Justice for case or controversy reasons"). Because (1) claims for prospective declaratory relief against judges are permissible under § 1983, and (2) Defendant Randolph has not carried his burden of demonstrating that

1

appointment of municipal judges is a normal judicial function for which he enjoys immunity, there is no basis to dismiss Plaintiffs' § 4 claim for both declaratory and injunctive relief.

    3. Defendant Randolph is mistaken in asserting (Opp. at 2) that Plaintiffs have not identified a case enforcing a declaratory decree in a constitutional challenge to a state law against a state judge. *See, e.g.*, ECF No. 63 (citing *Rivera Puig v. Garcia Rosario*, 785 F. Supp. 278, 285-86, 293 (D.P.R.), *aff'd*, 983 F.2d 311 (1st Cir. 1992), as allowing an "attack on the constitutionality" of a state law against a judge despite his judicial immunity defense because "Judge García Rosario is a nominal defendant," with "the Secretary of Justice . . . defend[ing] the constitutionality of the Puerto Rico statute," and finding "declaratory relief was proper").

    4. Defendant Randolph's objection to the procedural posture (Opp. at 5-8) is misplaced because, as his Motion for Rule 54(b) Certification recognized, there has been no "finality of this case as it concerns the Chief [Justice]."  ECF No. 54 at 2; *see* ECF No. 47 at 3 (explaining that the June 1 Order was not final); ECF No. 63 at 12-14 (explaining why the Order should not be made final).  Unless and until the Court makes the requisite determination and enters a partial final judgment as to all claims against Defendant Randolph, the June 1 Order "does not end the action as to any of the claims or parties," and that Order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  Accordingly, Defendant Randolph remains in the case, and because the June 1 Order "may be revised," Fed. R. Civ. P. 54(b), there is nothing improper about Plaintiffs' Motion for Clarification.[1]

---

[1] Defendant Randolph's complaint about "*ex parte*" statements at the June 29, 2023, hearing (Opp. at 6-8) is misplaced.  Plaintiffs' counsel spoke only in response to the comments of counsel for the State Executive Defendants, after that counsel raised the issue of Defendant Randolph's presence in this case.

Respectfully submitted this 5th day of July, 2023.

<div style="columns:2">

*/s/ Mark H. Lynch*
Eric H. Holder, Jr. ,* DC Bar # 303115
Carol M. Browner,† DC Bar # 90004293
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
David T. Leapheart,† DC Bar # 1032122
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
cbrowner@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com

*Counsel for NAACP*

\**Pro Hac Vice*
†*Pro Hac Vice* Applications to be Filed

*/s/ Carroll Rhodes*
Carroll Rhodes, Esq. MS Bar, # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net

Janette Louard,† OH Bar # 066257
Anthony Ashton,† MD Bar # 9712160021
Joe R. Schottenfeld,* DC Bar # 1735796
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350
jlouard@naacpnet.org
aashton@naacpnet.org
jschottenfeld@naacpnet.org

*Counsel for All Plaintiffs*

\**Pro Hac Vice*
†*Pro Hac Vice* Applications to be Filed

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Mark H. Lynch*
Mark H. Lynch

3