IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>*Plaintiffs*,<br><br>and<br><br>UNITED STATES OF AMERICA,<br><br>*Proposed Plaintiff-Intervenor*,<br><br>v.<br><br>LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi, and STATE OF MISSISSIPPI, *et al.*,<br><br>*Defendants*. | Case No. 3:23-cv-272-HTW-LGI<br><br>District Judge Wingate |

## UNITED STATES' MOTION TO INTERVENE

The United States, pursuant to Rule 24, Federal Rules of Civil Procedure, respectfully moves the Court for leave to intervene in this action and to file the attached Complaint in Intervention.

As grounds for its motion to intervene, the United States asserts the following facts, which are more fully set forth in the accompanying memorandum of law:

1.  On April 21, 2023, Plaintiffs filed this lawsuit challenging the enactment of Mississippi House Bill 1020 ("H.B. 1020") and Senate Bill 2343 ("S.B. 2343"). Section 1 of H.B. 1020 requires the appointment of four new judges to the Seventh Circuit Court within fifteen days after passage of the act.  Section 8 expands the boundaries of the Capitol Complex Improvement District ("CCID") as of July 1, 2024.  Section 4 creates a new "inferior" municipal court with jurisdiction over the new CCID, and allows for the appointment of two prosecutors,

1

two public defenders, and one judge.  Among other things, S.B. 2343 expands the jurisdiction and power of the state-run Capitol Police force.

2.	The existing Plaintiffs in this action include the NAACP, the Mississippi NAACP, and the Jackson NAACP as well as certain individual Plaintiffs.  Plaintiffs assert that H.B. 1020 and S.B. 2343 discriminate on the basis of race in violation of the Equal Protection Clause of the Fourteenth Amendment.

3.	The United States seeks to intervene to bring claims against Lynn Fitch, in her official capacity as Attorney General of the State of Mississippi, who is an existing defendant in the present lawsuit.  The United States also seeks to bring claims against the State of Mississippi.

4.	The United States seeks to intervene to challenge certain provisions of H.B. 1020.  The United States does not seek to challenge S.B. 2343.

5.	Rule 24(a)(1) provides that, on timely motion, a court must permit anyone to intervene who "is given an unconditional right to intervene by a federal statute."

6.	Section 902 of the Civil Rights Act of 1964, as amended, grants the United States an unconditional right to intervene in cases seeking relief from the alleged denial of equal protection of the laws under the Fourteenth Amendment to the United States Constitution on account of race, if the Attorney General certifies that the case is of general public importance. 42 U.S.C. § 2000h-2.

7.	The United States' Complaint in Intervention alleges that H.B. 1020 violates the Equal Protection Clause of the Fourteenth Amendment on account of race.

8.	The Attorney General has certified that this is a case of general public importance.  That Certificate of Public Importance is attached hereto as Exhibit 1.

9. Alternatively, Rule 24(b) provides for permissive intervention upon a timely motion when a potential party has a claim or defense that shares with the main action a common question of law or fact, and when intervention will not unduly delay or prejudice the adjudication of the original parties' rights. The United States has satisfied the requirements for permissive intervention here.

10. The United States' Complaint in Intervention is attached hereto as Exhibit 2.

11. Counsel for the United States has conferred with Counsel for the NAACP Plaintiffs in Case No. 3:23-cv-272, who advise that they do not oppose intervention by the United States, and conferred with Counsel for the JXN Undivided Coalition Plaintiffs in Case No. 3:23-cv-351, who advise that they do not oppose intervention by the United States if the NAACP Plaintiffs do not oppose intervention. Counsel for the United States has also conferred with the Mississippi Attorney General's office, counsel for the State of Mississippi and the Mississippi Attorney General, who indicated that office would need to review the motion to intervene and proposed complaint by the United States before stating a position.

WHEREFORE, the United States respectfully requests that this Court grant its motion to intervene in this action. In addition to the above-referenced exhibits, the United States also submits an accompanying memorandum in support of this motion.

Dated: July 12, 2023

Respectfully submitted,

| | |
|---|---|
| DARREN J. LAMARCA<br>United States Attorney<br>Southern District of Mississippi | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |

*/s/ Angela Givens Williams*
ANGELA GIVENS WILLIAMS (#102469)
MITZI DEASE PAIGE (#6014)
Assistant U.S. Attorneys
501 E. Court St.
Suite 4.430
Jackson, MS  39201
Phone: (601) 965-4480
Angela.Williams3@usdoj.gov
Mitzi.Paige@usdoj.gov

T. CHRISTIAN HERREN, JR. (AL 6671R63T)
JOHN A. RUSS IV (CA 192471)
VICTOR J. WILLIAMSON (DC 495783)
J. ERIC RICH (MD 0012130218)
KAITLIN TOYAMA (CA 318993)
JOHN POWERS (DC 1024831)
ROBERT WEINER (DC 298133)
Attorneys
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave NW – 4CON
Washington, D.C. 20530
Phone: (800) 253-3931
chris.herren@usdoj.gov
john.russ@usdoj.gov
j.rich@usdoj.gov
victor.williamson@usdoj.gov
kaitlin.toyama@usdoj.gov
john.powers@usdoj.gov
robert.weiner@usdoj.gov

CERTIFICATE OF SERVICE

 I hereby certify that on July 12, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

               Respectfully submitted,

               *s/ Angela Givens Williams*
               Angela Givens Williams
               Assistant U.S. Attorney