IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al*.;<br><br>*Plaintiffs*,<br><br>and<br><br>UNITED STATES OF AMERICA,<br><br>*Proposed Plaintiff-Intervenor*,<br><br>v.<br><br>LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi; and STATE OF MISSISSIPPI,<br><br>*Defendants*. | Case No.<br>3:23-cv-272-HTW-LGI<br><br>District Judge Wingate |

## MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' MOTION TO INTERVENE

Under Rule 24, Federal Rules of Civil Procedure, the United States respectfully submits this brief in support of its motion to intervene in this lawsuit as Plaintiff-Intervenor.

Rule 24 provides for intervention either as of right or by permission. Here, the United States has a statutory right to intervene under Fed. R. Civ. P. 24(a)(1) and Section 902 of the Civil Rights Act of 1964. Section 902 grants the United States an unconditional right to intervene in certain cases seeking relief from the alleged denial of equal protection of the laws under the Fourteenth Amendment if the Attorney General certifies that the case is one of general public importance. 42 U.S.C. § 2000h-2.

For the reasons below, the Court should grant the United States' motion to intervene.

**BACKGROUND**

In 2017, Mississippi created the Capitol Complex Improvement District ("CCID").  The CCID was defined as an 8.7 square mile jurisdiction within the city of Jackson.  The CCID's purpose was to establish funding for and administration of state-operated development projects within Jackson.  The CCID, Jackson, and Hinds County are all majority-Black jurisdictions.

On April 21, 2023, Mississippi enacted H.B. 1020 and S.B. 2343.  Both laws are targeted specifically towards the CCID, Jackson, and Hinds County. S.B. 2343 expands the CCID from an 8.7 square mile jurisdiction to a 17.5 square mile jurisdiction.  It also allows for the Capitol Police force—a state-run law enforcement agency—to exercise primary jurisdiction over the CCID and to share jurisdiction over the rest of Jackson with the Jackson Police Department.

H.B. 1020 creates a new court within the CCID known as the "CCID inferior court."  The law gives the CCID inferior court authority to hear and determine "all preliminary matters and criminal matters authorized by law for municipal courts that accrue or occur, in whole or in part, within the boundaries of the Capitol Complex Improvement District."  The CCID inferior court is overseen by a state-appointed judge, and criminal cases in the CCID inferior court are brought by two state-appointed prosecutors.

H.B. 1020 also makes changes to the existing Seventh Circuit Court District, a Mississippi judicial district whose boundaries are coterminous with Hinds County.  The Seventh Circuit Court District, like all other circuit court districts in the state, is currently overseen by a small number of elected judges.  H.B. 1020 gives the Chief Justice of the Mississippi Supreme Court the power to appoint four new "temporary special circuit judges" to the Seventh Circuit Court District.  These judges need not be residents of Hinds County.

The NAACP, its local affiliates, and several named individuals (collectively "private Plaintiffs") initiated this lawsuit on April 21, 2023, against Mississippi Governor Tate Reeves, Mississippi Commissioner of Public Safety Sean Tindell, Chief of Capitol Police Bo Luckey, Mississippi Chief Justice Michael Randolph, and Mississippi Attorney General Lynn Fitch. Private Plaintiffs allege that the four key provisions of H.B. 1020 and S.B. 2343—i.e., the expansion of the Capitol Police, the appointment of new circuit court judges, the creation of the CCID inferior court, and the appointment of CCID prosecutors—each violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In particular, private Plaintiffs argue that these provisions of H.B. 1020 and S.B. 2343 were passed with discriminatory intent, and that the intended effect of these laws is to decrease the power of Black Hinds County residents to elect and oversee their own local officials.

The United States' Complaint in Intervention challenges three of the same provisions, which all come from H.B. 1020: the appointment of the CCID judge, the appointment of CCID prosecutors, and the appointment of four new judges to the circuit court. The United States challenges these provisions on grounds that they discriminate on the basis of race in violation of the Equal Protection Clause of the Fourteenth Amendment. The United States' Complaint in Intervention brings these claims against Mississippi Attorney General Lynn Fitch—who is already a defendant in the present lawsuit—and against the State of Mississippi. The United States does not seek to bring claims regarding S.B. 2343.

## THE UNITED STATES HAS A RIGHT TO INTERVENE
## UNDER RULE 24(a)(1)

The United States' motion to intervene should be granted under Rule 24(a)(1) because the United States satisfies the requirements for intervention as of right.[1]  Under that rule, on timely motion, a court must permit anyone to intervene who "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1).  Where an intervenor timely files a motion to intervene and has an unconditional statutory right to intervene in the lawsuit, a court has no discretion to deny the intervention.  *See Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1322 (11th Cir. 2019); *see also L.W. ex rel. Williams v. Skrmetti*, No. 3:23-CV-376, 2023 WL 3513302, at *1-3 (M.D. Tenn. May 16, 2023) (granting motion to intervene in its entirety because motion was timely and United States has a "widely recognized . . . unconditional right to intervene" under Section 902 of the Civil Rights Act of 1964).

Here, the United States has an unconditional statutory right to intervene in litigation like this under a federal statute.  *See* Fed. R. Civ. P. 24(a)(1).  Section 902 of the Civil Rights Act of 1964, as amended, grants the United States an unconditional right to intervene in certain cases seeking relief from the alleged denial of equal protection of the laws under the Fourteenth Amendment if the Attorney General certifies that the case is one of general public importance. 42 U.S.C. § 2000h-2.  Section 902 provides that:

> Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general public importance. In such action the United States shall be entitled to the same relief as if it had instituted the action.

---

[1] The Fifth Circuit has repeatedly held that Rule 24 is to be liberally construed in favor of the potential intervenors. *See*, *e.g.*, *Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir. 2021); *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014).

42 U.S.C. § 2000h-2.

Numerous courts, including the Supreme Court, have recognized that this statute entitles the United States to intervene in equal protection cases. *See, e.g.*, *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 247-48 (2009) (acknowledging that Section 902 allows the Attorney General to intervene in private equal protection suits); *Pasadena City Bd. of Educ. v. Spangler*, 427 U.S. 424, 430-31 (1976) (Section 902 authorizes the United States to continue as a party plaintiff despite the disappearance of the original plaintiffs). Further, when intervening under Section 902, the United States is permitted to seek relief that is independent from the relief sought by original plaintiffs, including by seeking relief from new State defendants. *See, e.g.*, *Coffey v. State Educ. Fin. Comm'n.*, 296 F. Supp. 1389, 1390 (S.D. Miss. 1969) (Section 902 intervention allowing United States to seek independent relief against the State of Mississippi); *Spangler v. U.S.*, 415 F.2d 1242, 1244-45 (9th Cir. 1969) (Section 902 intervention allowing United States to raise new claims not brought by original plaintiffs); *Sanders v. Ellington*, 288 F. Supp. 937, 942 (M.D. Tenn. 1968) (finding Section 902 allowed United States to intervene to bring significantly broader equal protection claims than private plaintiffs had originally alleged).

Section 902 applies here. The United States alleges that H.B. 1020 discriminates on the basis of race in violation of the Equal Protection Clause of Fourteenth Amendment to the United States Constitution. And, as required by Section 902, the Attorney General has certified that this is a case of public importance. U.S. Mot. to Intervene, Ex. 1.

The United States' motion is timely. The Fifth Circuit considers four factors to determine whether a motion to intervene has been timely filed: (1) the length of time during which the intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that existing parties to

the litigation may suffer as a result of the intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the intervenor may suffer if intervention is denied; and (4) the existence of any unusual circumstances that militate against or in favor of a determination that the application is timely. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001) (citing *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). "The analysis is contextual; absolute measures of timeliness should be ignored." *Sierra Club*, 18 F.3d at 1205.  Further, the timeliness requirement "is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner.  Federal courts should allow intervention 'where no one would be hurt and greater justice could be attained.'" *Id.* (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)).

Here, the United States satisfies all of the factors to make its motion for intervention timely.  First, the United States is moving to intervene less than three months after H.B. 1020 was signed into law and private Plaintiffs filed their suit.  *See, e.g.*, *Carter v. Sch. Bd. of W. Feliciana Parish*, 569 F. Supp. 568, 570-71 (M.D. La. 1983) (finding intervention pursuant to Section 902 was proper even where action had been pending for more than eighteen years without earlier intervention).  This motion to intervene comes early in the litigation and the United States does not seek to delay or reconsider phases of the litigation that had already concluded.  *See Wal-Mart Stores v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565-66 (5th Cir. 2016).  Second, the existing parties to the litigation will not suffer any prejudice if the United States' motion is granted, and granting intervention will not have any negative effect on the proceedings.  Third, the United States will suffer prejudice if its motion to intervene is denied. This case implicates the United States' ability to protect its sovereign interest in ensuring

that persons of all races are afforded equal protection of the laws in accordance with the Fourteenth Amendment to the U.S. Constitution. Granting intervention here will also conserve resources and best serve judicial economy—it will ensure that the United States' interests are protected without requiring the filing of a separate lawsuit that would delay the adjudication of this matter and, ultimately, the constitutionality of H.B. 1020.  And fourth, there are no unusual circumstances that militate against granting intervention.

Thus, the United States has met the requirements for intervention as of right under Rule 24(a)(1).[2]

## CONCLUSION

For the foregoing reasons, the Court should grant the United States' motion to intervene and order its intervention in this action.

---

[2] In the alternative, the Court should permit the United States to intervene in this litigation because the requirements for permissive intervention under Rule 24(b)(1)(B) are met here. First, the United States' putative claims share common questions of law and fact with the existing Plaintiffs' claims. *See* Fed. R. Civ. P. 24(b)(1)(B). Both Plaintiffs and the United States claim violations of the Equal Protection Clause of the Fourteenth Amendment and these claims are based on the same facts—both lawsuits challenge Mississippi's changes to the judicial system in Hinds County. Second, because the United States' motion is timely, intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *Id.* at (b)(3).

Dated: July 12, 2023


Respectfully submitted,


DARREN J. LAMARCA                          KRISTEN CLARKE
United States Attorney                      Assistant Attorney General
Southern District of Mississippi            Civil Rights Division


*/s/ Angela Givens Williams*
ANGELA GIVENS WILLIAMS (#102469)
MITZI DEASE PAIGE (#6014)                   T. CHRISTIAN HERREN, JR. (AL 6671R63T)
Assistant U.S. Attorneys                    JOHN A. RUSS IV (CA 192471)
501 E. Court St.                            VICTOR J. WILLIAMSON (DC 495783)
Suite 4.430                                 J. ERIC RICH (MD 0012130218)
Jackson, MS  39201                          KAITLIN TOYAMA (CA 318993)
Phone: (601) 965-4480                       JOHN POWERS (DC 1024831)
Angela.Williams3@usdoj.gov                  ROBERT WEINER (DC 298133)
Mitzi.Paige@usdoj.gov                       Attorneys
                                            Civil Rights Division
                                            U.S. Department of Justice
                                            950 Pennsylvania Ave NW – 4CON
                                            Washington, D.C. 20530
                                            Phone: (800) 253-3931
                                            chris.herren@usdoj.gov
                                            john.russ@usdoj.gov
                                            j.rich@usdoj.gov
                                            victor.williamson@usdoj.gov
                                            kaitlin.toyama@usdoj.gov
                                            john.powers@usdoj.gov
                                            robert.weiner@usdoj.gov

8