IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL. | PLAINTIFFS |
| VS. | CASE NO. 3:23-cv-00272-HTW-LGI |
| TATE REEVES, in his official capacity As Governor of the State of Mississippi, ET AL. | DEFENDANTS |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO UNITED STATES' MOTION TO INTERVENE [DKT. #69]**

Defendants Sean Tindell, in his official capacity as Commissioner of the Mississippi Department of Public Safety, Bo Luckey, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police, and Lynn Fitch, in her official capacity as Attorney General of the State of Mississippi, (hereinafter collectively "the State Defendants") by and through counsel, file this their response in opposition to the United States' motion to intervene [Dkt. #69], and in support thereof would show unto the Court the following:

1.  The United States' motion to intervene should be denied because it is untimely. The United States has been aware of the partisan assault on H.B. 1020 since at least as early as February 2023, when Congressman Bennie Thompson (D-MS) discussed "possible civil rights concerns" relative to H.B. 1020 with the U.S. Department of Justice. The United States thereafter sat idly by while the NAACP and other plaintiffs sued multiple state officials—initiating an action that has to date spawned all of the following: extensive briefing by all parties on multiple motions; three lengthy court hearings on numerous issues; the consolidation of this case with a later-filed case challenging the constitutionality of 2023 S.B. 2343; and the defeat of Plaintiffs' efforts to

keep Chief Justice Mike Randolph in this case as an enjoinable defendant in connection with H.B. 1020's judicial appointment provision.

2. Only after all of the foregoing transpired and the principal issues were framed did the United States, on July 12, 2023, seek to intervene for what is effectively the sole purpose of doing what the Eleventh Amendment prohibits Plaintiffs from doing: suing the State of Mississippi in a naked attempt to circumvent this Court's dismissal of Chief Justice Randolph on judicial immunity grounds.

3. The United States' dilatory intrusion in this matter will do nothing to further this Court's consideration or efficient disposition of the issues before it. For all these reasons, the United States' motion to intervene is untimely. Therefore, the United States is not entitled to intervention of right pursuant to 42 U.S.C. § 2000h-2 or to permissive intervention, and its belated motion to intervene should be denied in its entirety.

4. Alternatively, the United States' motion should be denied to the extent it seeks to add the State of Mississippi as a defendant and to assert claims in its own right against the Attorney General. The United States lacks standing to sue the State of Mississippi or the Attorney General. Because the United States seeks relief that is different from that sought by Plaintiffs—namely, declaratory and injunctive relief *against the State*—it must, as a matter of law, establish Article III standing. The United States does not articulate any concrete and particularized, actual or imminent harm or injury to the federal government caused by H.B. 1020. Instead, the United States seeks only to vindicate Plaintiffs' personal claims. But as a matter of law, a sovereign does not acquire standing by litigating, as a volunteer, the personal claims of its citizens. Because the United States lacks standing to pursue relief against the State of Mississippi or the Attorney General, it may not seek such relief in this lawsuit.

5.      Further, the United States has no cause of action to enforce the Fourteenth Amendment against the State of Mississippi in connection with a crime-reduction statute like H.B. 1020. Consistent with the express terms of the Fourteenth Amendment, only Congress can create causes of action permitting the United States to sue the sovereign States over alleged Fourteenth Amendment violations. Congress has not authorized the United States to bring a Fourteenth Amendment enforcement action over a crime-reduction statute like H.B. 1020. Because the United States has no cause of action against the State of Mississippi in this context, it has no right to intervene for the purpose of suing the State, nor does it meet the requirements for permissive intervention for that purpose.

6.      While the United States seeks intervention of right pursuant to 42 U.S.C. § 2000h-2, that statute merely provides a vehicle by which the United States can, subject to certain requirements, intervene in pending Fourteenth Amendment equal protection cases. It does not confer upon the United States any substantive cause of action by which to enforce the Fourteenth Amendment against the State of Mississippi, in connection with H.B. 1020 or otherwise.

7.      The State Defendants adopt and incorporate by reference, as if fully and completely set forth herein, the arguments and authorities set forth in the *Memorandum of Authorities in Support of State Defendants' Response in Opposition to United States' Motion to Intervene [Dkt. #69]*, being filed contemporaneously herewith.

8.      On the basis of the grounds asserted herein and as further set forth in the aforementioned memorandum of authorities, the United States' motion to intervene should be denied outright as untimely. Alternatively, because the United States lacks standing, the motion should be denied to the extent the United States seeks to add the State of Mississippi as a defendant and to assert claims in its own right against the Attorney General. In the further alternative,

because the United States has no cause of action against the State of Mississippi, the motion should be denied to the extent it seeks to add the State as a defendant.

9. In further support of their motion, the State Defendants submit the following:

Exhibit 1     2/22/2023 WLBT article

**WHEREFORE, PREMISES CONSIDERED**, the State Defendants respectfully request that the Court make and enter its Order denying the United States' motion to intervene [Dkt. #69] in its entirety or, alternatively, denying the motion to the extent the United States seeks to add the State of Mississippi as a defendant and to assert claims in its own right against the Attorney General or, in the further alternative, denying the motion to the extent it seeks to add the State of Mississippi as a defendant.

THIS the 26th day of July, 2023.

Respectfully submitted,

SEAN TINDELL, in his official capacity as Commissioner of the Mississippi Department of Public Safety; BO LUCKEY, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi, DEFENDANTS

By:   LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

By:   s/Rex M. Shannon III
      REX M. SHANNON III (MSB #102974)
      Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220

Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov

ATTORNEYS FOR DEFENDANTS
SEAN TINDELL, in his official capacity as Commissioner
of the Mississippi Department of Public Safety; BO LUCKEY,
in his official capacity as Chief of the Mississippi
Department of Public Safety Office of Capitol Police;
and LYNN FITCH, in her official capacity as
Attorney General of the State of Mississippi

## CERTIFICATE OF SERVICE

    I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

    THIS the 26th day of July, 2023.

                                                                   s/Rex M. Shannon III
                                                                    REX M. SHANNON III