**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL., <br><br> *Defendants*. | Case No. 3:23-cv-272-HTW-LGI <br><br> **PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER TO RESTRAIN JOHN/JANE DOES 1-4 FROM ACCEPTING APPOINTMENT, TAKING THE OATH OF OFFICE, OR OTHERWISE ASSUMING OFFICE AS TEMPORARY SPECIAL JUDGES FOR THE HINDS COUNTY CIRCUIT COURT** |

For the reasons set forth below, Plaintiffs respectfully move for a temporary restraining order to be issued immediately, without a hearing, until a hearing on the motion can be scheduled. Plaintiffs respectfully request a TRO to restrain Defendants John/Jane Doe 1-4 from accepting appointment, taking the oath of office, or otherwise assuming office as temporary special judges for the Hinds County Circuit Court. The TRO (a draft of which is attached as Exhibit 2) should specify that it goes into effect (1) only if the current TRO restraining Chief Justice Randolph from making those appointments pursuant to H.B. 1020 is lifted, and (2) simultaneously with any lifting of the current TRO. This sequencing of orders is necessary so that if the current TRO is lifted, there will be a continuous and seamless prohibition on the appointed judges from taking the oath of office or otherwise assuming office. Such a continuous and seamless prohibition is necessary because, if the current TRO is lifted, H.B. 1020 will require the Chief Justice immediately to appoint and swear in the appointed judges, as the statutory deadline for the appointments has passed. A continuous and seamless prohibition is

further necessary to maintain the status quo and avoid possible irreparable harm from any violation of constitutional rights to equal protection of the law," as this Court has twice found in it orders restraining Defendant Randolph.  ECF No. 26 at 4; ECF No. 38 at 2.

Because of the urgency of this motion, Plaintiffs request a TRO, without a hearing, until a hearing on the motion can be scheduled.  As set forth in the declaration of Plaintiffs' attorney, Carroll Rhodes, Esq. (attached as Exhibit 1), it has not been possible to personally serve notice on Does 1-4 because their identity is not yet known to Plaintiffs.  Notice, however, will be attempted by publishing public notice of this motion in *The Clarion-Ledger*, a newspaper with statewide circulation.  Moreover, as the State Executive Defendants have noted, "Virtually all of the proceedings and developments in this matter have been the subject of widespread media attention."  ECF No. 74 at 7.  Thus, even without the publication of the motion that Plaintiff will undertake, there is a strong likelihood that Does 1-4 learn of the motion through the media's coverage of this case.  Notice has also given to the Chief Justice and the Attorney General's Office by filing this motion with the Court's CM/ECF system.  As soon as the identities of Does 1-4 are known, Plaintiffs will substitute the actual individuals for Does 1-4 and serve them personally.

If the Court grants the TRO against the appointees before their identities are known, Plaintiffs nonetheless will attempt to provide notice of that order in two ways.  First, they will publish public notice of the TRO in a newspaper of general circulation, which is a permitted means of providing legal notice in Mississippi if this Court so orders.  Miss. Code § 13-3-31. And again the appointees are likely to learn of the order through media coverage of these proceedings.  Second, as an additional step to insure that Does 1-4 know of the TRO before they take the oath of office, Plaintiffs ask that the TRO direct Greg Snowden, the Director of the

Administrative Office of Courts (who also is being added as a defendant through the proposed amendment), to give a copy of the TRO to each of the appointees before they take the oath of office.

This motion is supported by Plaintiffs' Memorandum in Support, the prior record cited therein, the Declaration of Carroll Rhodes, and the previously filed Second Declaration of Charles Taylor (ECF No. 40-1), Second Declaration of Nsombi Lambright-Haynes (ECF No. 40-2), Declaration of the Hon. Tomie Green (ECF No. 40-3), Declaration of Professor Jed Handelsman Shugerman (ECF No. 40-4), and Declaration of Representative Edward Blackmon, Jr. (ECF No. 40-5).  Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for a Temporary Restraining Order to maintain the status quo and set a hearing on this motion.

Respectfully submitted this 3rd day of August, 2023.

*/s/ Mark H. Lynch*
Eric H. Holder, Jr. ,* DC Bar # 303115
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com

*Counsel for NAACP*

*Pro Hac Vice
**Pro Hac Vice* pending

*/s/ Carroll Rhodes*
Carroll Rhodes, MS Bar # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net

Joe R. Schottenfeld,* DC Bar # 1735796
Evan Walker-Wells,** NY Bar # 6050645
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350
jschottenfeld@naacpnet.org
ewells@naacpnet.org

*Counsel for All Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2023, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Carroll Rhodes*
Carroll Rhodes

4