# **EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL.,<br><br>*Plaintiffs*,<br><br>v.<br><br>TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL.,<br><br>*Defendants*. | Case No. 3:23-cv-272-HTW-LGI<br><br>**DECLARATION OF CARROLL RHODES, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER TO RESTRAIN JOHN/JANE DOES 1-4 FROM ACCEPTING APPOINTMENT, TAKING THE OATH OF OFFICE, OR OTHERWISE ASSUMING OFFICE AS TEMPORARY SPECIAL JUDGES FOR THE HINDS COUNTY CIRCUIT COURT** |

I, Carroll Rhodes, hereby submit this declaration pursuant to 28 U.S.C. 1746 and declare as follows:

1.      I am one of the counsel for Plaintiffs in the above-captioned action.

2.      I submit this declaration to set forth the factual bases for (a) Plaintiffs' Motion for a Temporary Restraining Order to Restrain John/Jane Does 1-4 from Accepting Appointment, Taking the Oath of Office, or Otherwise Assuming Office as Temporary Special Judges for the Hinds County Circuit Court, and (b) why the motion should be granted without notice and without a hearing until one can be scheduled.  The legal bases for this motion are set forth in the accompanying Memorandum in Support of the Motion.

3.      Plaintiffs have moved this day for leave to file a First Amended Complaint ("FAC") that adds, *inter alia*, alternative defendants from whom Plaintiffs can obtain relief if the Court lifts the order restraining the Chief Justice from appointing four temporary special judges

1

to the Hinds County Circuit Court pursuant to H.B 1020.  ECF Nos. 26, 38.  Specifically, the proposed FAC adds John/Jane Does 1–4, who are the individuals whom Chief Justice Randolph will appoint pursuant to H.B. 1020 § 1 if the current order restricting Defendant Randolph from making those appointments is lifted.  Their actual identities are currently unknown to Plaintiffs, but will become known when the Chief Justice announces their appointments, and Plaintiffs at that time will promptly substitute the actual individuals for Does 1-4.

4. Plaintiffs have moved for a temporary restraining order to be issued immediately and without a hearing, until a hearing on the motion can be scheduled.  The requested TRO would restrain Defendants Does 1-4 from accepting appointment, taking the oath of office, or otherwise assuming office as special temporary judges for the Hinds County Circuit Court.  Section 155 of the Mississippi Constitution requires that state judges take the prescribed oath of office "before they proceed to execute the duties of their respective offices."  The requested TRO (a draft of which is attached to the motion) would specify that it goes into effect (1) only if the current TRO restraining Chief Justice Randolph from making those appointments pursuant to H.B. 1020 is lifted, and (2) simultaneously with the lifting of the current TRO.

5. This sequencing of orders is necessary so that if the current TRO is lifted, there will be a continuous and seamless prohibition on the appointed judges from assuming office.  Such a continuous and seamless prohibition is necessary because, if the current TRO is lifted, H.B. 1020 will require the Chief Justice immediately to appoint and swear in the appointed judges.  H.B. 1020 § 1(2) directed the Chief Justice of the Mississippi Supreme Court to appoint four temporary special judges to the Hinds County Circuit Court within 15 days of passage of the act.  The bill was signed into by the Governor on April 21, 2023.  This Court, however, has restrained the Chief Justice from making the appointments.  ECF Nos. 26, 38.  Because the

statutorily mandated time to make the appoints has already passed, the Chief Justice can reasonably be expected to make the appointments immediately if the current restraining order is lifted.

6.     A continuous and seamless prohibition is further necessary "to maintain the status quo and avoid possible irreparable harm from any violation of constitutional rights to equal protection of the law," as this Court has twice found in it orders restraining Defendant Randolph. ECF No. 26 at 4; ECF 38 at 2.  Once the appointed judges take the oath of office, assume office, and begin to take judicial action, the harm to Plaintiffs' constitutional rights will be on-going and irreparable because the judicial actions of the appointed judges cannot be undone.

7.     It has not been possible to personally serve notice of the motion for a TRO on Does 1-4 because their identities are not yet known to Plaintiffs.  Notice of the motion, however, will be attempted by publishing public notice of the motion, promptly after it is filed, in *The Clarion Ledger*, a newspaper with statewide circulation.  The draft of that public notice is attached here as Exhibit A.  Proof of publication of the public notice will be filed with the Court after it has been made.  Moreover, as the State Executive Defendants have noted, "Virtually all of the proceedings and developments in this matter have been the subject of widespread media attention." ECF No. 74 at 7.  Thus, even without the publication of the TRO that Plaintiff will undertake, there is a strong likelihood that Does 1-4 learn of such an injunction through the media's coverage of this case.

8.     Notice has also given to the Chief Justice and the Attorney General's Office by filing the motion for a TRO with the Court's CM/ECF system.

9.     If the Court grants the TRO against the appointees before their identities are known, Plaintiffs nonetheless will attempt to provide notice of that order in two ways.  First,

they will publish public notice of the TRO in *The Clarion Ledger*, a newspaper of general circulation, which is a permitted means of providing legal notice in Mississippi if this Court so orders. Miss. Code § 13-3-31. Second, as an additional step to insure that Does 1-4 know of the TRO before they take the oath of office, Plaintiffs ask that the TRO direct Greg Snowden, the Director of the Administrative Office of Courts (who also is being added as a defendant through the proposed amendment), to give a copy of the TRO to each of the appointees before they take the oath of office.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY ABILITY.

Respectfully Submitted and Executed this 2nd day of August, 2023.

_____
CARROLL RHODES

# **EXHIBIT 1-A**

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
#### NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., <br><br>                              *Plaintiffs*, <br><br> v. <br><br> TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL., <br><br>                              *Defendants*. | Case No. 3:23-cv-272-HTW-LGI <br><br> **[DRAFT] NOTICE TO ANY PERSON CONSIDERING ACCEPTING AN APPOINTMENT AS A TEMPORARY SPECIAL CIRCUIT JUDGE ON THE HINDS COUNTY CIRCUIT COURT** |

**TO:   JOHN/JANE DOES 1–4, in their individual capacities as pending appointees as temporary special judges of the Seventh Circuit District Court for the State of Mississippi**

You have been named as a defendant in Plaintiffs' proposed First Amended Complaint in the above-captioned case.

Recently enacted legislation, H.B. 1020, directs the Chief Justice of the Mississippi Supreme Court to appoint four temporary special judges to the Hinds County Circuit Court. The above-captioned lawsuit is challenging this statute as a violation of equal protection of the law because it deprives citizens of Hinds County residents of the right, secured by the Mississippi Constitution and enjoyed by all other citizens of Mississippi, to elect their judges. Thus far, the Court has temporarily enjoined the Chief Justice from making the appointments, but the Chief Justice and the Attorney General of Mississippi have asked to Court to lift that temporary restraining order.

On August 3, 2023, the Plaintiffs filed a motion asking the Court, if it lifts the restraining order against the Chief Justice, to enjoin you from accepting appointment, taking the oath of

office, or otherwise assuming office as a temporary special judge of the Hinds County Circuit Court.  Because Plaintiffs do not yet know your identity, they have asked the Court to issue the new restraining order against John/Jane Does 1-4 and to add them as defendants in the case, with your name to be substituted when your identity becomes known.  A copy of the motion for a temporary restraining order is available online at: _____.  Further information about the pending proceedings is available from the publicly accessible electronic filing system of the United States District Court for the Southern District of Mississippi under the name and number of the case set forth above.

      You should take any action you deem appropriate, which may include appearing and defending against Plaintiffs' proposed First Amended Complaint and motion for a temporary restraining order.


/s/ CARROLL RHODES
Carroll Rhodes, Esq., MS Bar # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net