IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL., <br><br> *Defendants*. | Case No. 3:23-cv-272-HTW-LGI <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER TO RESTRAIN JOHN/JANE DOES 1-4 FROM ACCEPTING APPOINTMENT, TAKING THE OATH OF OFFICE, OR OTHERWISE ASSUMING OFFICE AS TEMPORARY SPECIAL JUDGES FOR THE HINDS COUNTY CIRCUIT COURT** |

This Court continues to be the only thing keeping the Hinds County Circuit Court from being packed with four judges who are unelected and unaccountable to the County's majority-Black population. As demonstrated in Plaintiffs' pending Motion for Preliminary Injunction papers (ECF Nos. 41 and 57), which are incorporated by reference herein, Plaintiffs are likely to show the appointment provision of H.B. 1020 § 1 denies the residents of Hinds County (who are overwhelmingly Black) equal protection of the laws, and the irreparable harm caused by denial of this constitutional right will begin immediately upon the appointments. Both the constitutional violation and the irreparable harm arise from the fact that this statute treats the residents of Hinds County differently than the citizens of every other county in Mississippi and deprives the citizens of Hinds County of the benefits of elected judges, as guaranteed by Mississippi law.

For their demonstration of likelihood of success on the merits and other factors, Plaintiffs rely on their prior briefing. *See* ECF No. 41 at 9-28; ECF No. 57 at 2-10. The instant motion,

1

however, relies on a different pathway to relief against different defendants. Here, Plaintiffs seek to restrain the individuals whom the Chief Justice of the Mississippi Supreme Court will appoint pursuant to H.B. 1020 § 1—designated as defendants John/Jane Does 1-4—from accepting appointment, taking the oath of office, or otherwise assuming office as temporary special judges for the Hinds County Circuit Court. Furthermore, Plaintiffs ask that the requested TRO be issued immediately, without a hearing, until a hearing on the motion can be scheduled, but that it take effect only if the Court lifts the current TRO that restrains the Chief Justice from making the appointments and that the new TRO go into effect simultaneously with the lifting of the current TRO.

This sequencing of orders is necessary so that if the current TRO is lifted, there will be a continuous and seamless prohibition on the appointed judges from taking the oath of office or otherwise assuming office. Such a continuous and seamless prohibition is necessary because the statutory deadline for the appointments has passed, and if the current TRO is lifted, H.B. 1020 will require the Chief Justice immediately to appoint and swear in the appointed judges. A continuous and seamless prohibition is further necessary "to maintain the status quo and avoid possible irreparable harm from any violation of constitutional rights to equal protection of the law," as this Court has twice found in it orders restraining Defendant Randolph. ECF No. 26 at 4; ECF No. 38 at 2.

Because of the likelihood that the appointees will take the oath of office and assume office immediately upon their appointment, it is necessary to enjoin them before they take the oath of office.[1] Unless and until they take the oath of office, they are private citizens who have

---

[1] Section 155 of the Mississippi Constitution requires that state judges take the prescribed oath of office "before they proceed to execute the duties of their respective offices."

2

not yet performed any judicial act for which they might attempt to assert judicial immunity.  As this Court has recognized, the point of judicial immunity is that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."  ECF 45 at 11 (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)).  This policy underlying judicial immunity does not, by definition, come into play before an individual assumes judicial office and performs judicial duties.  Accordingly, no judicial immunity issue will arise if Does 1-4 are enjoined from taking office before they take the oath of office.

There also is no obstacle to issuing a TRO against Does 1-4 before they are served with process.  Even a preliminary injunction—much less a TRO—can be issued against an individual before the individual becomes a party to the suit.  As the Fifth Circuit has explained:

> It is not grounds for reversal that the trial court's interlocutory order was issued prior to the time that appellant was made a party by substitute service of process.  Rule 65(a) does not require service of process.

*Corrigan Dispatch Co. v. Casa Guzman, S.A.,* 599 F.2d 300, 302 (5th Cir. 1978).  And Rule 65(b) goes further to provide that on a proper showing TROs can be issued without notice.

Notice, however, will be attempted by publishing public notice of this motion in *The Clarion Ledger,* a newspaper with statewide circulation.  Moreover, as the State Executive Defendants have noted, "Virtually all of the proceedings and developments in this matter have been the subject of widespread media attention."  ECF No. 74 at 7.  Thus, even without the publication of the TRO that Plaintiff will undertake, there is a strong likelihood that Does 1-4 learn of this motion an any order through the media's coverage of this case.  Notice has also given to the Chief Justice and the Attorney General's Office by filing this motion with the

Court's CM/ECF system. As soon as the identities of Does 1-4 are known, Plaintiffs will substitute the actual individuals for Does 1-4 and serve them personally.

If the Court grants the TRO against the appointees before their identities are known, Plaintiffs will attempt to provide notice in two ways. First, they will publish public notice of the TRO in a newspaper of general circulation, which is a permitted means of providing legal notice in Mississippi if this Court so orders. Miss. Code § 13-3-31. And again the appointees are likely to learn of the order through media coverage of these proceedings. Second, as an additional step to insure that Does 1-4 know of the TRO before they take the oath of office, Plaintiffs ask that the TRO direct Greg Snowden, the Director of the Administrative Office of Courts (who also is being added as a defendant through the proposed amended complaint, ECF No. 80-1), to give a copy of the TRO to each of the appointees before they take the oath of office.

Furthermore, Does 1-4 may be sued under 42 U.S.C. § 1983 even though they are currently private citizens. "For a plaintiff to state a viable claim under § 1983 against any private defendant . . . , the conduct of the private defendant that forms the basis of the claimed constitutional deprivation must constitute state action under color of law." *Pikaluk v. Horseshoe Ent., L.P.*, 810 F. App'x 243, 246 (5th Cir. 2020) (cleaned up). One of the "[several] tests for deciding whether a private actor's conduct can be fairly attributable to the State" is whether the private actors "are 'willful participant[s] in joint action with the State or its agents.'" *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549–50 (5th Cir. 2005) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)); *see Hollins v. City of Jackson*, 145 F. Supp. 2d 750, 761 (S.D. Miss.) (Wingate, J.), *aff'd*, 245 F.3d 790 (5th Cir. 2000) ("In order for a private party to 'act under color of state law' . . . [t]he government and private actor must be willing participants in joint activity"). Here, by first considering an offer from the Chief Justice to accept an appointment pursuant to H.B.

1020 and then by accepting the offer, Does 1-4 become willing participants in the State's unlawful plan to place appointed judges on the Hinds County Circuit Court, and they may be sued under § 1983 to prevent them from assuming office and taking the oath of office.[2]

As further explained in Plaintiffs' Memorandum in Support of Motion for Leave to File First Amended Complaint, the proposed defendants Does 1-4 have no defense of standing or sovereign immunity that would prevent this Court from reaching the merits of Plaintiffs' claims. *See* ECF No. 81 at 12-15.  The challenged law will imminently deprive Plaintiffs of the right to elect their judges—a right that is available in every other county in Mississippi—and impair Plaintiffs' rights as voters and interests as residents by "depriv[ing]" and "dilut[ing]" their voting rights, stigmatizing them "as less worthy participants in the political community."  ECF No. 41 at 5-8 (citations omitted).  This injury is directly traceable to Does 1-4's acceptance of an appointment, and the injury can be redressed by an order preventing them from accepting the appointment, taking the oath of office or otherwise assuming office.  And Eleventh Amendment sovereign immunity does not apply to private citizens who are being sued solely in their individual capacities for the purpose of enjoining them from assuming office.

Plaintiffs have shown that they are likely to succeed on the merits of their equal protection challenge to H.B. 1020 § 1's appointment provision.  *See* ECF No. 41 at 9-25; ECF No. 57 at 2-10.  Plaintiffs have also shown a threat of irreparable injury, for which there is no

---

[2] *See Dennis*, 449 U.S. at 27-28 ("Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions.").  Also instructive is that the state actor in *Dennis* was a judge who was held to have judicial immunity for his role in the joint action with the private parties.  The Supreme Court ruled that "it is of no consequence in this respect that the judge himself is immune from [suit]." *Id.* at 28.  The Court also rejected the private party's argument that "unless he is held to have an immunity derived from that of the judge, the latter's official immunity will be seriously eroded." *Id.* at 29.

adequate remedy at law, if the appointments are not enjoined before the Circuit Court before the appointees assume office. *See* ECF No. 41 at 25-26.

Plaintiffs have further shown that the public interest will be served by enjoining the appointees from assuming office. First, "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 458 n.9 (5th Cir. 2014) (citation omitted). Second, vacating these state-court appointments after the fact would be more disruptive to the Hinds County Circuit Court and litigants before it than temporarily enjoining the appointments while the parties litigate this case. *See* ECF No. 41 at 26-28; ECF No. 57 at 11-12.[3] In addition to the disruption caused by the departure of a sitting judge, the rulings made by the appointed judges are likely to remain in effect even if their appointments are nullified after they assume office, and that harm could not be undone. Mississippi state law provides that a judicial appointee's rulings are valid even if a court later holds that the judge was appointed in violation of the constitution, because "[t]he official acts of any person in possession of a public office and exercising the functions thereof shall be valid and binding as official acts in regard to all persons interested or affected thereby, whether such person be lawfully entitled to hold the office or not and whether such person be lawfully qualified or not." Miss. Code. § 25-1-37; *see also Barton v. Barton*, 726 So. 2d 163, 166 (Miss. 1998) ("[J]udges with color of authority act as de facto judges and their rulings are valid."); *Bird v. State*, 122 So. 539, 540 (Miss. 1929) (same); *Powers v. State*, 36 So. 6, 8 (Miss. 1904)

---

[3] The threatened injuries to Plaintiffs far outweigh any harm to the proposed defendants John/Jane Does 1-4 for the same reasons that those injuries outweighed any harm to Defendant Randolph. *See* ECF No. 41 at 26 (citing *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981), holding that a defendant cannot be harmed by being prevented from violating the Constitution).

(holding that judicial acts are valid and binding "even [if] it [is] judicially determined that the law under which he was appointed or selected was unconstitutional.").[4] This doctrine, however, will not stop disgruntled litigants—especially criminal defendants—from challenging the rulings of appointed judges if those appointments violated the Equal Protection Clause.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court issue a temporary restraining order prohibiting the proposed defendants John/Jane Does 1-4 from accepting appointment, taking the oath of office, or otherwise assuming office as temporary special judges for the Hinds County Circuit Court.

---

[4] Plaintiffs are unaware of any cases challenging or invalidating Miss. Code. § 25-1-37 or the cited line of cases, which validate rulings by legally invalid judges.  Even so, Plaintiffs reserve the right to challenge this law if they are adversely affected by it.

Respectfully submitted this 3rd day of August, 2023.

/s/ *Mark H. Lynch*
Eric H. Holder, Jr. ,* DC Bar # 303115
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com

*Counsel for NAACP*

*Pro Hac Vice
**Pro Hac Vice* pending

/s/ *Carroll Rhodes*
Carroll Rhodes, MS Bar # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net

Joe R. Schottenfeld,* DC Bar # 1735796
Evan Walker-Wells,** NY Bar # 6050645
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350
jschottenfeld@naacpnet.org
ewells@naacpnet.org

*Counsel for All Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2023, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Carroll Rhodes*
Carroll Rhodes