IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

National Association for the
Advancement of Colored People,
et al.                                                                                                    Plaintiffs

vs.                                                             Case No. 3:23-cv-272-HTW-LGI

Tate Reeves, in his official capacity
as Governor of the State of Mississippi;
et al.                                                                                                    Defendants

**Response to Plaintiffs' Motion for Leave**
**To File First Amended Complaint Against Dismissed Party**

Michael K. Randolph, in his official capacity as the Chief Justice of the Mississippi Supreme Court ("Chief Justice"), files this Response to the Plaintiffs' Motion for Leave to File First Amended Complaint Against a Dismissed Party (Dkt. 80), and urges the denial of the motion for the following reasons:

This matter continues to unnecessarily linger, despite the fact that no action like it has ever succeeded in the history of our country. Plaintiffs continue to disrespect and challenge the rulings of this Court. On June 1st, the Court unambiguously dismissed the Chief Justice as a party. (Dkt. 45). By filing a motion not authorized by any rule or provision of the Federal Rules of Civil Procedure, Plaintiffs have allowed the time to lapse for a Rule 59 or 60 motion. (Dkt. 51). Instead, Plaintiffs have obstinately proceeded in this Court in an attempt to avoid appellate review. (Dkt. 47, 51, 52, 63, 65, and 67). This is in direct contravention of the scope and purpose of the Federal Rules of Civil Procedure that are to be

"construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Chief Justice eagerly awaits a ruling on his Motion for Certification of Appealability (Dkt. 54). This relentless and continuous barrage of motions are frivolous and delay a just, speedy, and inexpensive determination of the action within the meaning of Rule 1.

As of today, it has been seventy-four (75) days since the Chief Justice was dismissed. (Dkt. 45). Plaintiffs have previously framed six (6) baseless challenges to the Order dismissing him. (Dkt. 47, 51, 52, 63, 65, and 67). Plaintiffs' Motion to Clarify was briefed, argued, and has been before the Court since June 16th. Plaintiffs are now making their seventh attempt to ensnare the Chief Justice in litigation from which he has already been dismissed. (Dkt. 80-1). This Court's Order needs no explaining, it is clear and unambiguous. Plaintiffs have the audacity to contend that the Chief Justice is a current party. (Dkt. 80-1). That contention is a sham. Further, the proposed amended complaint repeats the same allegations against the dismissed Chief Justice as the original complaint. (Dkt. 1). The Plaintiffs continue to disregard this Court's ruling.

## Arguments

The Plaintiffs' proposed amended complaint is futile as the allegations against the Chief Justice have previously been disposed of by this Court. "An amendment to a complaint will be 'futile' if it cannot withstand a motion to dismiss." *O'Ferrell v. United States*, 174 F.R.D. 108, 109 (M.D. Ala. 1997);

See *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993); *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). The Chief Justice has already been dismissed from the original complaint, and this civil action altogether. (Dkt. 45). The proposed amended complaint contains the same allegations against the Chief Justice as the original complaint, and these allegations have already been considered and rejected by this Court. "A court may properly deny leave to amend if amendment would prove futile. Futility might warrant denial of leave to amend if the amended complaint would be subject to dismissal." *Phelps v. Hamilton*, 166 F.R.D. 489, 490 (D. Kan. 1996). Accordingly, this Court should not consider any pleading which purports to include the Chief Justice as a Defendant and should deny the Motion for Leave.

There are a number of motions before the Court that should be addressed first. Specifically, before the Court is the United States of America's Motion to Intervene as a Plaintiff. (Dkt. 69). Of special import, the United States' Complaint in Intervention does not name the Chief Justice as a party and makes no allegations or requests relief against the Chief Justice (Dkt. 69-2). The Chief Justice's Motion for Certification of Appealability (Dkt. 54) is also before the Court.

The Chief Justice respectfully suggests that the Court first determine what role, if any, the Chief Justice must serve in this litigation moving forward as he is no longer a party. If the Court denies the Plaintiffs' Motion for Clarification, the Court's Order is affirmed, and the Amended Complaint is irrelevant as to the Chief Justice. Likewise, if the Court grants the Chief Justice's Motion for Certificate of

Appealability (Dkt. 54), the Plaintiffs may seek a remedy with the Fifth Circuit Court of Appeals.

As it relates to motion practice, the Federal Rules of Civil Procedure contemplates four filings: the motion itself, a memorandum brief in support of the motion, a response by the non-moving party, and a rebuttal. See L.U. Civ. R. 7. In this matter, Plaintiffs have filed no less than six pleadings relative to the Chief Justice, all after the Court dismissed him. Plaintiffs now bring their seventh filing by their Motion for Leave. Since being dismissed, the Chief Justice has been held in limbo, at the mercy of incessant, petulant litigants.

"[T]he Court cautions that any litigant considering bringing a motion to reconsider … should evaluate whether what may seem to be a clear error of law is in fact **simply a point of disagreement between the Court and the litigant**." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626. (S.D. Miss. 1990). The Court's docket recognizes that the Chief Justice was "TERMINATED" as a party. (CM/ECF Docket Report). The day after the Court entered its Order, the Court authorized the following email communication to counsel:

> Please see the below message from Judge Wingate –
>
> On yesterday, June 1, 2023, this court entered its Order re: Judicial Immunity and **dismissed Defendant Chief Justice Randolph from this litigation**….

(Dkt. 46-2 at p. 1)(emphasis added). The Chief Justice's Counsel was not included as recipient of the aforementioned email. This exclusion demonstrates the fact that as

of June 1st, the Court did not consider the Chief Justice as a party. In *Atkins*, the Southern District found that a Motion for Reconsideration "not filed pursuant to any ascertainable rule or provision" warranted the award of sanctions against the movant. *Atkins*, 130 F.R.D. at 626. On June 29th, Plaintiffs appeared before the Court on a matter wholly unrelated to the Chief Justice and argued ex parte for relief against the Chief Justice, whose counsel was not present.

The Plaintiffs' continuous barrage of filings are nothing more than a thinly veiled "disagreement between the Court and the litigant" and must be brought to an end. *Atkins,* 130 F.R.D. at 626. "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is **not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment**." *Browning v. Boral Bricks, Inc.*, 2012 U.S. Dist. LEXIS 17780, *3 Civil Action No. 2:11-cv-168-KS-MTP (S.D. Miss. Feb. 13, 2012) (emphasis added); quoting *Knight v. Kellogg Brown & Root Inc.*, 333 F. App'x 1, 8 (5th Cir. 2009); *see also Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Not only did the Plaintiffs fail to file a Rule 59 motion all together, they have resorted to hurling serial pleadings that have done nothing more than raise unfounded legal theories and arguments that could have been offered prior to entry of the Court's Order. This is precisely the type of motion practice rejected by the Court in *Browning* and others like it across our country.

## Conclusion

Plaintiffs' motion practice since the June 1st Order, has ignored this Court's Order. Now, their Motion for Leave directly contradicts the same Order by alleging that the Chief Justice is somehow still a viable defendant. Such disrespect of this Court's Orders should not be tolerated. Out of respect and deference to the Court the Chief Justice, a non-party, objects to the Plaintiffs' filing. Until the Court rules on the motions filed since its June 1st Order, the Chief Justice is without an alternative. The Chief Justice is left in the precarious position of defending himself and his office, in litigation in which he has been "TERMINATED" as a party.

The Chief Justice sought dismissal, was granted dismissal, and now Plaintiffs repeat their attempt to entangle the Chief Justice in a challenge of the constitutionality of an act of the Mississippi Legislature. This continued attack against the Chief Justice is untenable. Granting the Plaintiffs' Motion for Leave would require the determination or assumption that the Chief Justice remains a proper party. Not only would such an assumption be improper, but it would also require the Court to first grant the Plaintiffs' Motion for Clarification, a course of action that the Chief Justice adamantly opposes. (Dkt. 54, 55, and 66). For these reasons, the Chief Justice respectfully requests that the Court deny the Motion for Leave or strike the Chief Justice from the Amended Complaint. (Dkt. 80).

Respectfully submitted, this, the 15th day of August, 2023.

                                              Respectfully submitted,

                                              Michael K. Randolph, in his
official capacity as Chief Justice
of the Mississippi Supreme Court

                                          By: **/s/ Ned A. Nelson**
                                                 Ned A. Nelson, MB #105712

Of Counsel:

Mark A. Nelson, MB #3808
Ned A. Nelson, MB #105712
Nelson Law PLLC
7 Woodstone Plaza, Ste. 7
Hattiesburg, MS  39402
Telephone:  601.602.6031
Facsimile:  601.602.3251
mark@nelsonfirm.law
ned@nelsonfirm.law

## Certificate of Service

I, Ned A. Nelson, hereby certify that on this the 15th day of August, 2023, I electronically filed the foregoing with Clerk of the Court using the ECF system which will provide notice to all counsel of record.

                                              **/s/ Ned A. Nelson**
                                              Ned A. Nelson