IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL., <br><br> *Defendants*. | Case No. 3:23-cv-272-HTW-LGI <br><br> **PLAINTIFFS' REPLY TO DEFENDANT RANDOLPH'S OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Defendant Randolph's Response in Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint makes key omissions, rehashes prior bad arguments, and ignores the law.

1. Defendant Randolph's opposition brief is more significant for what it does not say than for what it says. Nowhere does Defendant Randolph dispute that the if current TRO is lifted, he will be constrained by H.B. 1020 to immediately appoint four temporary special judges to the Hinds County Circuit Court. One of the principal objectives of Plaintiffs' proposed amended complaint is to add John/Jane Does 1-4, who are the individuals who will be appointed to those positions. If the TRO is lifted, their addition to this suit will be necessary seamlessly to continue the judicial prohibition of these appointments by enjoining Does 1-4 from taking the oath of office or otherwise assuming office. As Plaintiffs have demonstrated, those appointments will cause irreparable harm to the citizens of Hinds County by depriving them of the opportunity—available to the citizens of every other county in Mississippi—to vote for their Circuit Court judges. Because the citizens of Hinds County are overwhelmingly Black, this deprivation will violate the Equal Protection Clause of the Fourteenth Amendment, and, as this Court has

1

recognized, deprivation of constitutional rights for even brief periods of time constitutes irreparable injury.  *See* ECF No. 26 at 4; ECF No. 38 at 2.  Defendant Randolph's silence on what he will do if the current TRO is lifted confirms the imperative need for the proposed amended complaint and the requested TRO against Does 1-4 if the current TRO is lifted.

    2. Defendant Randolph's opposition brief ignores that the proposed amended complaint cures the only supposed deficiencies he has raised with respect to Plaintiffs' declaratory judgment claims and CCID claim.  Defendant Randolph argued in opposition to Plaintiffs' Motion for Clarification that Plaintiffs' "preposterous" motion was "directly contradicted by the Complaint itself" because "[t]he Complaint seeks no declaratory judgment against the Chief Justice."  ECF No. 55 at 3-4.  At the time, he argued that "no reference is made to the Chief Justice at all, in the delineated Counts of the Complaint, nor the Prayer for Relief."  *Id.* at 4.  In response, the proposed amended complaint clarifies that Defendant Randolph is named as a defendant in Counts II and III (ECF No. 80-1, ¶¶ 141-53), and in the requests for injunctive relief (*id.* ¶¶ 145, 152; Prayers for Relief ¶¶ F, H, J, L) and declaratory relief (*id.* Prayers for Relief ¶¶ B-C).  Defendant Randolph cannot now flip-flop and pretend that "[t]he proposed amended complaint contains the same allegations against the Chief Justice as the original complaint, and these allegations have already been considered and rejected by this Court."  Opp. at 3.  As the Court knows, Defendant Randolph never challenged—and this Court never adjudicated—Plaintiffs' declaratory judgment claims, or Plaintiffs' injunctive relief claim regarding the CCID court (Count III).  *See* ECF No. 52.  Accordingly, ***regardless of whether the Court grants Plaintiffs' Motion for Clarification***, the amended complaint cures the only deficiencies Defendant Randolph belatedly claimed justify extending dismissal to Plaintiffs' claims for declaratory relief on Count II and for declaratory and injunctive relief on Count III.  *See Pearson*

*v. Sw. Mississippi Med. Ctr.*, No. 5:22-CV-74-DCB-FKB, 2023 WL 2668423, at *3 (S.D. Miss. Mar. 28, 2023) ("[W]hen it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a court must allow a plaintiff the opportunity to amend the Complaint." (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977))).

    3. There is nothing "obstinate[]" or "petulant" about contending that Defendant Randolph remains a proper party to this suit. Opp. at 1, 4. The law is clear that the judicial immunity language added to 42 U.S.C. § 1983 confers limited immunity from injunctive relief and not from prospective declaratory relief (or injunctive relief for actions by a judge that violate a declaratory order or where declaratory relief is not available). *See, e.g.*, ECF No. 65 at 1-2; ECF No. 67 at 1. Nor has Defendant Randolph attempted to demonstrate in any filing that the unprecedented appointment of the CCID judge is a normal judicial function that is covered by immunity. *See* ECF Nos. 19, 20, 35, 54, 55, 66, 86. Plaintiffs' contentions are not a sham—they remain a good-faith ground for litigation with Defendant Randolph as a nominal party. *See* ECF No. 67 at 1-2; *see also* ECF No. 52 at 4-5; ECF No. 63 at 8-10. Plaintiffs respectfully disagree with the Court's ruling that the appointment of temporary special judges to the Hinds County Circuit Court is a normal judicial function, but they are not attempting to re-ligate that issue.

    4. Defendant Randolph again asserts that Plaintiffs' Motion for Clarification of the Court's June 1 Order is not a motion authorized by the Federal Rules of Civil Procedure. *See* Opp. at 1. To the contrary, in the absence of an order directing the entry of a final judgment "as to one or more, but fewer than all, claims or parties, . . . any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and

3

liabilities." Fed. R. Civ. P. 54(b). The June 1 order clearly did not "adjudicate all the claims and all the parties' rights and liabilities." Indeed, Defendant Randolph recognized the non-final status of the June 1 order when he moved for a Rule 54(b) determination. *See* ECF No. 54. Thus, there is no basis for his complaint with Plaintiffs' Motion for Clarification, which sought clarification of the June 1 order, and was fully authorized by Rule 54(b). Indeed, the CM/ECF electronic filing system requires filers to identify the type of motion they are filing and "motion to clarify" is one on the types listed on the menu.

     5. Defendant Randolph's citation of case law addressing the proper function of a Rule 59(e) motion (Opp. at 5) is bewildering as that rule deals with motions to alter or amend a judgment, and here no judgment has been entered. Again, Defendant Randolph's pending motion for a Rule 54(b) partial final judgment underlines the point. *See* ECF No. 54.

     6. Defendant Randolph repeats the charge that counsel for Plaintiffs appeared before the Court on June 29 and "argued ex parte for relief against the Chief Justice, whose counsel was not present." Opp. at 5. That assertion wholly ignores the circumstances of that hearing. Counsel from the Attorney General's Office took the initiative to argue that the TRO against Defendant Randolph should be lifted, and, at the Court's invitation, counsel for Plaintiffs responded. This is hardly an improper ex parte communication with the Court.

## CONCLUSION

     For the reasons set forth above, the Court should grant Plaintiffs leave to file their proposed amended complaint.

Respectfully submitted this 17th day of August, 2023.

| | |
|---|---|
| <u>/s/ Mark H. Lynch</u><br>Eric H. Holder, Jr. ,* DC Bar # 303115<br>Megan A. Crowley,* DC Bar # 1049027<br>Gary S. Guzy,* DC Bar # 375977<br>Mark H. Lynch,* DC Bar # 193110<br>Brenden J. Cline,* DC Bar # 1021317<br>**COVINGTON & BURLING LLP**<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC 20001<br>Tel: (202) 662-6000<br>Fax: (202) 662-6291<br>eholder@cov.com<br>mcrowley@cov.com<br>gguzy@cov.com<br>mlynch@cov.com<br>bcline@cov.com<br><br>*Counsel for NAACP*<br><br>**Pro Hac Vice* | <u>/s/ Carroll Rhodes</u><br>Carroll Rhodes, MS Bar # 5314<br>**LAW OFFICES OF CARROLL RHODES**<br>POST OFFICE BOX 588<br>HAZLEHURST, MS 39083<br>Telephone: (601) 894-4323<br>Fax: (601) 894-1464<br>crhode@bellsouth.net<br><br>Joe R. Schottenfeld,* DC Bar # 1735796<br>Evan Walker-Wells,* NY Bar # 6050645<br>**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**<br>4805 Mt. Hope Drive<br>Baltimore, MD 21215<br>Tel: (410) 580-5777<br>Fax: (410) 358-9350<br>jschottenfeld@naacpnet.org<br>ewells@naacpnet.org<br><br>*Counsel for All Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2023, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>/s/ Brenden J. Cline</u>
Brenden J. Cline