IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE, ET AL.          PLAINTIFFS

VS.                                    CASE NO. 3:23-cv-00272-HTW-LGI

TATE REEVES, in his official capacity
As Governor of the State of Mississippi, ET AL.   DEFENDANTS

---

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF STATE DEFENDANTS'
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT [DKT. #80]**

---

**INTRODUCTION**

Plaintiffs' motion for leave to file an amended complaint [Dkt. #80] should be denied as futile because Plaintiffs lack standing. That defect is not cured by the proposed amended complaint. The motion should further be denied because the amendment sought will unfairly prejudice the State Defendants by unduly delaying resolution of the improper TRO that is indefinitely barring critical judicial appointments mandated by H.B. 1020. For these reasons and those set forth herein, Plaintiffs' motion should be denied, and the Court should proceed to (1) dissolve the pending TRO, deny Plaintiffs' motion for preliminary injunction without the necessity of further hearing, and dismiss Plaintiffs' judicial appointment claim; or (2) rule upon Plaintiffs' fully-briefed motion for preliminary injunction [Dkt. #39] without further delay.

**ARGUMENT**

**I. PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE DENIED AS FUTILE BECAUSE PLAINTIFFS LACK STANDING.**

1

While the district court "should freely give leave [to amend] when justice so requires," FED. R. CIV. P. 15(a)(2), this rule "is not a mechanical absolute." *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982) (internal quotation marks omitted). It is well settled that "[a] district court does not abuse its discretion in denying leave to amend [a plaintiff's complaint] when . . . amendment would be futile." *Crenshaw-Logal v. City of Abilene, Tex.*, 436 Fed. App'x 306, 310 (5th Cir. 2011) (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)). An amendment is futile where the proposed amended complaint would be subject to dismissal for lack of standing. *See Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017). *See also Kasprzak v. Am. Gen. Life & Accident Ins. Co.*, 942 F. Supp. 303, 307 (E.D. Tex. 1996) (denying motion for leave to file amended complaint as "an exercise in futility" where amended complaint "would not cure the plaintiffs' lack of standing" and would be "subject to dismissal for lack of standing").

As set forth in detail in the State Defendants' response in opposition to Plaintiffs' motion for preliminary injunction, Dkt. #50 at 11-18, which the State Defendants adopt and incorporate herein by reference, Plaintiffs lack standing to assert the judicial-appointment claim contained in their original complaint. Plaintiffs' lack of standing is not cured by the joinder of additional defendants contemplated by their proposed amended complaint. Furthermore, all of the arguments addressing standing that appear in the State Defendants' aforementioned response [Dkt. #50] apply with equal force to each of the claims sought to be asserted in Plaintiffs' proposed amended complaint. Because Plaintiffs' lack of standing is not cured by their proposed amended complaint, the proposed amended complaint would be subject to dismissal, rendering the proposed amendment futile. For this reason alone, the motion for leave to amend should be denied.

## II. PLAINTIFFS' MOTION SHOULD FURTHER BE DENIED BECAUSE THE PROPOSED AMENDMENT WILL UNFAIRLY PREJUDICE THE STATE DEFENDANTS BY UNDULY DELAYING RESOLUTION OF THE IMPROPER T.R.O. BARRING H.B. 1020 JUDICIAL APPOINTMENTS.

In addition to futility, a district court "may consider such factors as prejudice to the opposing party" and "undue delay" in denying a plaintiff's motion for leave to amend his/her complaint. *See Woods*, 687 F.2d at 121. *See also William J. v. BlueCross BlueShield of Tex.*, Civil Action No. 3:22-CV-1919-G, 2023 WL 3635640, at *9 (N.D. Tex. May 24, 2023) ("[w]hen exercising its discretion [in considering a motion to amend], the court may consider such factors as 'undue delay [and] undue prejudice'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In the case at bar, Plaintiffs' attempt to amend their complaint to name seven additional defendants and make "clarifying revisions," Dkt. #80 at 1, is emblematic of the piecemeal manner in which Plaintiffs have prosecuted this action to date. Plaintiffs' present effort is admittedly motivated by this Court's dismissal of Chief Justice Randolph on judicial immunity grounds. *See* Dkt. #81 at 2. However, nothing prevented Plaintiffs from naming anyone they deemed to be proper defendants in their original complaint—*before* moving this Court to preliminarily enjoin the judicial appointments mandated by H.B. 1020. Furthermore, nothing prevented Plaintiffs from seeking leave to amend over two months ago, when Chief Justice Randolph was dismissed as a defendant on judicial immunity grounds.

On May 12, 2023, this Court entered a TRO directed to Chief Justice Randolph, "temporarily restrict[ing] [him] from appointing judges pursuant to H.B. 1020." Dkt. #26 at 4. Following a lengthy hearing on May 22, 2023, this Court on May 23, 2023—over the State Defendants' objection—entered an order extending the aforementioned TRO "until such a time that this Court renders its ruling on the Plaintiffs' forthcoming Motion for Preliminary Injunction."

3

Dkt. #38 at 2.  Plaintiffs thereafter filed their motion for preliminary injunction, which has been fully briefed and ripe for ruling since June 9, 2023.  *See* Dkt. #39, #40, #41, #50, #57.

The parties have to date engaged in extensive briefing in connection with a multitude of motions, including the following:  Plaintiffs' motion and renewed motion for a TRO; Plaintiffs' motion for preliminary injunction; Governor Reeves's motion to dismiss; Chief Justice Randolph's motion to dismiss; Plaintiffs' motion for "clarification" regarding the Court's order dismissing Chief Justice Randolph; Chief Justice Randolph's motion for Rule 54(b) certification; and the *Jxn Undivided* plaintiffs' motion to consolidate a later-filed challenge to S.B. 2343 with the instant litigation.  Briefing on all of these motions is complete, and this case is presently consolidated with the S.B. 2343 case.  The Court has to date conducted three hearings of considerable length (on May 22, June 14, and June 29, 2023) to consider multiple pending motions.

On June 1, 2023, this Court entered its order dismissing Chief Justice Randolph as a defendant on judicial immunity grounds [Dkt. #45], leaving no defendant in this case who is susceptible to a federal injunction blocking the challenged judicial appointment provision of H.B. 1020.  Despite the requests of the State Defendants to dissolve the aforementioned TRO and dismiss Plaintiffs' judicial appointment claim for multiple legal reasons following Chief Justice Randolph's dismissal, the TRO presently remains in effect.  At the time of this filing, the TRO has been in place for 97 days and counting—*viz.*, 69 days longer than the 28-day period authorized by FED. R. CIV. P. 65(b)(2).

The State Defendants respectfully submit that the continued improper enjoinder of State crime-reduction legislation is unfairly prejudicial to the interests of the people of the State of Mississippi in living and working in a safer capital city.  Allowing Plaintiffs to amend their complaint to add seven new defendants at this juncture will almost certainly contribute to further

4

delay in resolving the de facto injunction that continues to bar critical judicial appointments mandated by duly-enacted state law. Plaintiffs' piecemeal and dilatory attempt at amendment will only serve to further complicate any resolution of this matter and should not be permitted.

## CONCLUSION

The State Defendants hereby adopt and incorporate by reference the arguments made *ore tenus* on their behalf at the motion hearings on May 22, June 14, and June 29, 2023. For all these reasons, Plaintiffs' motion for leave to amend their complaint should be denied, and the Court should proceed to (1) dissolve the pending TRO, deny Plaintiffs' motion for preliminary injunction without the necessity of further hearing, and dismiss Plaintiffs' judicial appointment claim; or (2) rule upon Plaintiffs' fully-briefed motion for preliminary injunction [Dkt. #39] without further delay.

THIS the 17th day of August, 2023.

    Respectfully submitted,

    SEAN TINDELL, in his official capacity as Commissioner of the Mississippi Department of Public Safety; BO LUCKEY, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi, DEFENDANTS

    By:    LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

    By:    s/Rex M. Shannon III
            REX M. SHANNON III (MSB #102974)
            Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION

Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov

ATTORNEYS FOR DEFENDANTS
SEAN TINDELL, in his official capacity as Commissioner
of the Mississippi Department of Public Safety; BO LUCKEY,
in his official capacity as Chief of the Mississippi
Department of Public Safety Office of Capitol Police;
and LYNN FITCH, in her official capacity as
Attorney General of the State of Mississippi

## CERTIFICATE OF SERVICE

    I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

    THIS the 17th day of August, 2023.

                                                   s/Rex M. Shannon III
                                                 REX M. SHANNON III