IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NATIONAL ASSOCIATION FOR THE**
**ADVANCEMENT OF COLORED PEOPLE, ET AL.**                    **PLAINTIFFS**

**VS.**                                                 **CASE NO. 3:23-cv-00272-HTW-LGI**

**TATE REEVES, in his official capacity**
**As Governor of the State of Mississippi, ET AL.**             **DEFENDANTS**

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR TEMPORARY RESTRAINING ORDER TO RESTRAIN
JOHN/JANE DOES 1-4 [DKT. #82]**

Defendants Sean Tindell, in his official capacity as Commissioner of the Mississippi Department of Public Safety, Bo Luckey, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police, and Lynn Fitch, in her official capacity as Attorney General of the State of Mississippi, (hereinafter collectively "the State Defendants") by and through counsel, file this their response in opposition to *Plaintiffs' Motion for a Temporary Restraining Order to Restrain John/Jane Does 1-4 from Accepting Appointment, Taking the Oath Office, or Otherwise Assuming Office as Temporary Special Judges for the Hinds County Circuit Court [Dkt. #82]*, and in support thereof would show unto the Court the following:

1.      Plaintiffs' motion for a TRO [Dkt. #82] should be denied because it is premature. Plaintiffs seek a TRO prohibiting as-yet unknown prospective judicial appointees "from accepting appointment, taking the oath of office, or otherwise assuming office as temporary special judges for the Hinds County Circuit Court." Dkt. #82 at 1. These prospective judicial appointees are not, nor have they ever been, parties to this action. *See* Dkt. #1. They will only become parties—even as fictitious John/Jane Doe defendants—if and when this Court grants Plaintiffs' motion for leave

to amend their complaint [Dkt. #80] to make them parties.[1]  Unless and until that occurs and Plaintiffs file their proposed amended complaint, there is no operative complaint by which this Court can assert personal jurisdiction over these prospective judicial appointees.  Accordingly, this Court presently has no authority to temporarily restrain any prospective judicial appointees pursuant to FRCP 65 or otherwise.  Any injunctive relief presently directed against such appointees—whether by name or as fictitious John/Jane Doe defendants—is accordingly premature, and Plaintiffs' motion should be denied.

2. Plaintiffs' motion for a TRO should further be denied for all the reasons set forth in detail in (a) the State Defendants' response [Dkt. #34] in opposition to Plaintiffs' "renewed necessitous and urgent" motion for a temporary restraining order; and (b) the State Defendants' response [Dkt. #50] in opposition to Plaintiffs' motion for preliminary injunction regarding appointment of judges.  Both of the aforementioned oppositional responses [*viz.*, Dkt. #34 and #50], as well as all exhibits thereto, are incorporated by reference as if fully and completely set forth herein.

3. On May 12, 2023, this Court entered a TRO directed to Chief Justice Randolph, "temporarily restrict[ing] [him] from appointing judges pursuant to H.B. 1020."  Dkt. #26 at 4.  Following a lengthy hearing on May 22, 2023, this Court on May 23, 2023—over the State Defendants' objection—entered an order extending the aforementioned TRO "until such a time that this Court renders its ruling on the Plaintiffs' forthcoming Motion for Preliminary Injunction."  Dkt. #38 at 2.  Plaintiffs thereafter filed their motion for preliminary injunction, which has been fully briefed and ripe for ruling since June 9, 2023.  *See* Dkt. #39, #40, #41, #50, #57.

---

[1] Concurrently with the filing of the instant oppositional response, the State Defendants are filing their response in opposition to Plaintiffs' motion for leave to file a first amended complaint [Dkt. #80].

4. On June 1, 2023, this Court entered its order dismissing Chief Justice Randolph as a defendant on judicial immunity grounds [Dkt. #45], leaving no defendant in this case who is susceptible to a federal injunction blocking the challenged judicial appointment provision of H.B. 1020. Despite the requests of the State Defendants to dissolve the aforementioned TRO and dismiss Plaintiffs' judicial appointment claim for multiple legal reasons following Chief Justice Randolph's dismissal, the TRO presently remains in effect. At the time of this filing, the TRO has been in place for 97 days and counting—*viz.*, 69 days longer than the 28-day period authorized by FED. R. CIV. P. 65(b)(2).

5. On the basis of the grounds asserted herein and as further set forth in Dkt. #34 and #50, Plaintiffs' motion for a TRO should be denied.

6. Because the arguments presented in the instant oppositional response are either axiomatic or were fully briefed previously, see Dkt. #34 and #50, the State Defendants request that the Court dispense with the filing of a separate memorandum of authorities.

**WHEREFORE, PREMISES CONSIDERED**, the State Defendants respectfully request that the Court (1) make and enter its order denying Plaintiffs' motion for a temporary restraining order [Dkt. #82]; and (2) proceed to (a) dissolve the pending TRO, deny Plaintiffs' motion for preliminary injunction without the necessity of further hearing, and dismiss Plaintiffs' judicial appointment claim, or (b) rule upon Plaintiffs' fully-briefed motion for preliminary injunction [Dkt. #39] without further delay.

THIS the 17th day of August, 2023.

Respectfully submitted,

SEAN TINDELL, in his official capacity as Commissioner of the Mississippi Department of Public Safety; BO LUCKEY, in his official capacity as Chief of the Mississippi Department of Public

Safety Office of Capitol Police; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi, DEFENDANTS

By:   LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

By:   s/Rex M. Shannon III
REX M. SHANNON III (MSB #102974)
Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov

ATTORNEYS FOR DEFENDANTS
SEAN TINDELL, in his official capacity as Commissioner
of the Mississippi Department of Public Safety; BO LUCKEY,
in his official capacity as Chief of the Mississippi
Department of Public Safety Office of Capitol Police;
and LYNN FITCH, in her official capacity as
Attorney General of the State of Mississippi

### CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 17th day of August, 2023.

s/Rex M. Shannon III
REX M. SHANNON III