IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL.,<br><br>*Plaintiffs*,<br><br>v.<br><br>TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL.,<br><br>*Defendants*. | Case No. 3:23-cv-272-HTW-LGI<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER TO RESTRAIN JOHN/JANE DOES 1-4 FROM ACCEPTING APPOINTMENT, TAKING THE OATH OF OFFICE, OR OTHERWISE ASSUMING OFFICE AS TEMPORARY SPECIAL JUDGES FOR THE HINDS COUNTY CIRCUIT COURT** |

As explained in Plaintiffs' Reply in Support of Motion for Leave to File First Amended Complaint, filed concurrently herewith, Defendants Tindell, Luckey, and Fitch (collectively the "Original State Defendants") are not proper parties to oppose Plaintiffs' motions concerning the amended complaint's *new* defendants.  But even if the Court considers the merits of the arguments the Original State Defendants improperly interpose for others, those arguments fail.

1. Citing no authorities, the Original State Defendants contend that the TRO Motion is premature because the Doe defendants are not yet parties to the action, and the Court "has no authority to temporarily restrain any prospective judicial appointees." Opp. at 2.  That is incorrect.  Plaintiffs have already demonstrated that the Fifth Circuit allows a court to issue emergency relief against a proposed defendant "prior to the time [it] was made a party."  Memo. at 3 (citing *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 599 F.2d 300, 302 (5th Cir. 1978)). Indeed, Rule 65(b) authorizes entry of a TRO without notice—*i.e.*, before service of process, and thus before a prospective defendant has been made a party.

2. The Original State Defendants argue that the TRO Motion should be denied for the reasons they opposed the previous motion for a TRO. Opp. at 2-3 (citing ECF No. 34). But the Court *granted* that motion over the Original State Defendants' objections. ECF No. 38. Now that Plaintiffs have brought their motion against defendants who can indisputably be enjoined, this motion is at least as meritorious as the first one was. In essence, the instant motion for a TRO is the same as the earlier motions for a TRO except the defendants have been changed to avoid suing a defendant whom the Court subsequently ruled is judicially immune.[1] The issues of likelihood of success on the merits, irreparable harm, balance of the equities, and the public interest are the same. The Court granted that TRO before it ruled that Chief Justice Randolph is judicially immune. Here, the Original State Defendants make no argument that the Doe defendants enjoy judicial immunity before they take the oath of office. The silence of the Original State Defendants on this issue concedes the Doe defendants are not immune from the instant TRO. Accordingly, the Court should grant the motion and once again reject the Original State Defendants' arguments set forth in ECF No. 34.

3. The Original State Defendants also argue that the TRO Motion should be denied for the reasons they opposed the previous motion for a preliminary injunction. Opp. at 2-3 (citing ECF No. 50). Plaintiffs' Motion incorporated by reference the pending Motion for Preliminary Injunction papers (ECF Nos. 41 and 57). Memo. at 1. The Court should thus reject the arguments set forth in ECF No. 50 as well.

4. Finally, the Original State Defendants again violate this Court's Local Rules by requesting relief without filing a proper motion. Local Rule 7(b) mandates that "[a]ny written

---

[1] The chronology of the relevant motions is set out in Plaintiffs' Reply in Support of Motion for Leave to File First Amended Complaint, and that chronology is incorporated by reference.

communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule." The Rule also requires that "counsel for movant must file a memorandum brief in support of the motion." L.U.Civ.R. 7(b)(4). For the avoidance of doubt, the Rule instructs litigants that "[a] response to a motion may not include a counter-motion in the same document." L.U.Civ.R. 7(b)(3)(C). Despite these clear commands, the Original State Defendants' response includes a litany of "respectful[] request[s]" for the Court to "[1] dissolve the pending TRO, [2] deny Plaintiffs' motion for preliminary injunction without the necessity of further hearing, and [3] dismiss Plaintiffs' judicial appointment claim," or "[4] rule upon Plaintiffs' fully-briefed motion for preliminary injunction [Dkt. #39] without further delay." Opp. at 3. In fact, the Original State Defendants have *moved* for *none* of this relief. And this is not their first time violating Local Rule 7(b). *See, e.g.*, ECF No. 46-1 (responding by letter to the Court's inquiry about the TRO and requesting that Count II "should be dismissed"); ECF No. 58 at 4 (same request in response to Plaintiffs' motion for clarification). Such improper requests clutter the Court's docket and overly complicate motions practice by tacking onto response briefs requests for relief that should be made by separate formal motion. Plaintiffs reserve the right to move to strike any future filings that likewise violate Local Rule 7(b).

## CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court issue a temporary restraining order prohibiting the proposed defendants John/Jane Does 1-4 from accepting appointment, taking the oath of office, or otherwise assuming office as temporary special judges for the Hinds County Circuit Court.

Respectfully submitted this 24th day of August, 2023.

<div style="columns:2">

*/s/ Mark H. Lynch*
Eric H. Holder, Jr.,* DC Bar # 303115
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
David Leapheart,* DC Bar # 1032122
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com
dleapheart@cov.com

*Counsel for NAACP*

**Pro Hac Vice*

*/s/ Carroll Rhodes*
Carroll Rhodes, MS Bar # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net

Joe R. Schottenfeld,* DC Bar # 1735796
Evan Walker-Wells,* NY Bar # 6050645
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350
jschottenfeld@naacpnet.org
ewells@naacpnet.org

*Counsel for All Plaintiffs*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2023, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Brenden J. Cline*
Brenden J. Cline