**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**NATIONAL ASSOCIATION FOR THE**
**ADVANCEMENT OF COLORED PEOPLE, ET AL.**                    **PLAINTIFFS**

**VS.**                                        **CASE NO. 3:23-cv-00272-HTW-LGI**

**TATE REEVES, in his official capacity**
**As Governor of the State of Mississippi, ET AL.**              **DEFENDANTS**

---

<u>**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO EXPEDITE DISCOVERY [ECF #91]**</u>

---

Defendants Sean Tindell, in his official capacity as Commissioner of the Mississippi Department of Public Safety, Bo Luckey, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police, and Lynn Fitch, in her official capacity as Attorney General of the State of Mississippi, (hereinafter collectively "the State Defendants") by and through counsel, file this their response in opposition to Plaintiffs' motion to expedite discovery [Dkt. #91], and in support thereof would show unto the Court the following:

1.      Plaintiffs' motion to expedite discovery should be denied because good cause is lacking for expedited discovery where numerous prospective defendants have not yet been joined, served, or afforded an opportunity to respond to this lawsuit.

2.      Pending before this Court are multiple preliminary motions that, if granted, could lead to *up to 10 additional defendants* being joined in this litigation.  To the extent that any or all of these prospective defendants are ultimately joined, they are entitled to evaluate Plaintiffs' claims and respond in due course pursuant to the *Federal Rules of Civil Procedure* before Plaintiffs commence discovery.  Expedited discovery at this juncture is accordingly premature.

3.      Relatedly, all five of the governing factors weigh against good cause for expedited discovery.  First, Plaintiffs assert that expedited discovery is needed to support their previously-filed motion for preliminary injunction as to Count II of their complaint and their yet-to-be-filed motion for preliminary injunction as to Counts III and IV.  However, Plaintiffs previously disclaimed any need for expedited discovery as to Count II, and there is no pending motion for preliminary injunction as to Counts III and IV to warrant expedited discovery.

4.      Second, Plaintiffs' requested discovery is non-specific and overly broad, there being no effort made to articulate any narrowly-tailored discovery directed at the existing defendants, any prospective defendant, or any third party.

5.      Third, Plaintiffs have shown no meritorious purpose for expedited discovery.  They have not previously advised of any need to conduct discovery to support their pending motion for preliminary injunction as to Count II, nor do they contend that their anticipated motion for preliminary injunction as to Counts III and IV will fail in the absence of expedited discovery.

6.      Fourth, because the issue of who will ultimately litigate this case in the role of defendants remains unresolved, the potential burden of ex parte discovery vis-à-vis prospective defendants militates against commencing discovery on an expedited basis.

7.      Finally, given the many unresolved issues regarding who will ultimately defend this case, any discovery—expedited or otherwise—is premature.

8.      The State Defendants adopt and incorporate by reference, as if fully and completely set forth herein, the arguments and authorities set forth in the *Memorandum of Authorities in Support of State Defendants' Response in Opposition to Plaintiffs' Motion to Expedite Discovery [ECF #91]*, being filed contemporaneously herewith.

9.     On the basis of the grounds asserted herein and as further set forth in the aforementioned memorandum of authorities, Plaintiffs' motion to expedite discovery should be denied.

**WHEREFORE, PREMISES CONSIDERED**, the State Defendants respectfully request that the Court make and enter its Order denying Plaintiffs' motion to expedite discovery [ECF #91] in its entirety.

THIS the 1st day of September, 2023.

Respectfully submitted,

SEAN TINDELL, in his official capacity as Commissioner of the Mississippi Department of Public Safety; BO LUCKEY, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi, DEFENDANTS

By:    LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

By:    s/Rex M. Shannon III
       REX M. SHANNON III (MSB #102974)
       Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov

ATTORNEYS FOR DEFENDANTS
SEAN TINDELL, in his official capacity as Commissioner
of the Mississippi Department of Public Safety; BO LUCKEY,

in his official capacity as Chief of the Mississippi
Department of Public Safety Office of Capitol Police;
and LYNN FITCH, in her official capacity as
Attorney General of the State of Mississippi

## **CERTIFICATE OF SERVICE**

      I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

      THIS the 1st day of September, 2023.

s/Rex M. Shannon III
REX M. SHANNON III
