**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE, ET AL.**                    **PLAINTIFFS**

**VS.**                                                      **CASE NO. 3:23-cv-00272-HTW-LGI**

**TATE REEVES, in his official capacity
As Governor of the State of Mississippi, ET AL.**           **DEFENDANTS**

---

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF STATE DEFENDANTS'
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION
TO EXPEDITE DISCOVERY [ECF #91]**

---

**INTRODUCTION**

Plaintiffs' motion to expedite discovery should be denied because good cause is lacking for expedited discovery where numerous prospective defendants have not yet been joined, served, or afforded an opportunity to respond to this lawsuit.  Pending before this Court are multiple preliminary motions that, if granted, could lead to *up to 10 additional defendants* being joined in this litigation.  To the extent that any or all of these prospective defendants are ultimately joined, they are entitled to evaluate Plaintiffs' claims and respond in due course pursuant to the *Federal Rules of Civil Procedure* before Plaintiffs commence discovery.  Expedited discovery at this juncture is accordingly premature.

Relatedly, all five of the governing factors weigh against good cause for expedited discovery.  First, Plaintiffs assert that expedited discovery is needed to support their previously-filed motion for preliminary injunction as to Count II of their complaint and their yet-to-be-filed motion for preliminary injunction as to Counts III and IV.  However, Plaintiffs previously

disclaimed any need for expedited discovery as to Count II, and there is no pending motion for preliminary injunction as to Counts III and IV to warrant expedited discovery.

Second, Plaintiffs' requested discovery is non-specific and overly broad, there being no effort made to articulate any narrowly-tailored discovery directed at the existing defendants, *viz.*, the Attorney General, the Commissioner of the Department of Public Safety, and the Capitol Police Chief (hereinafter collectively "Defendants"), any prospective defendant, or any third party.

Third, Plaintiffs have shown no meritorious purpose for expedited discovery.  They have not previously advised of any need to conduct discovery to support their pending motion for preliminary injunction as to Count II, nor do they contend that their anticipated motion for preliminary injunction as to Counts III and IV will fail in the absence of expedited discovery.

Fourth, because the issue of who will ultimately litigate this case in the role of defendants remains unresolved, the potential burden of ex parte discovery vis-à-vis prospective defendants militates against commencing discovery on an expedited basis.

Finally, given the many unresolved issues regarding who will ultimately defend this case, any discovery—expedited or otherwise—is premature.

For these reasons and those set forth herein, Plaintiffs' motion to expedite discovery should be denied.

## <u>STATEMENT OF PERTINENT FACTS</u>

On April 21, 2023, Plaintiffs filed their complaint against multiple State defendants, challenging the constitutionality of the following provisions of 2023 H.B. 1020:  (1) the expansion of the Capitol Police jurisdiction (Count I); (2) the appointment of temporary special circuit judges to Hinds County Circuit Court (Count II); (3) the creation of the Capitol Complex Improvement

District ("CCID") court (Count III); and (4) the appointment of prosecutors for the CCID court (Count IV).  Dkt. #1 at 46-50, ¶¶ 131-49.

Following Governor Tate Reeves's filing of a motion to dismiss asserting jurisdictional and immunity defenses [Dkt. #31], this Court on May 19, 2023, entered an *Order Staying Attorney Conference, Disclosure Requirements, and All Discovery Pursuant to L.U.Civ.R. 16(b)(3)* [Dkt. #36].  On May 31, 2023, Plaintiffs voluntarily dismissed their claims against Governor Reeves [Dkt. #44].  A June 2, 2023, e-mail from the Court's law clerk to counsel advised that Plaintiffs' dismissal of Governor Reeves served to render the aforementioned stay order moot.  *See* Dkt. #91-2.  However, Plaintiffs failed to notify the magistrate judge of this development and failed to submit a proposed order lifting the stay to the magistrate judge as required by L.U.Civ.R. 16(b)(3)(D).  Consequently, no order has been entered lifting the stay, and a Rule 16 initial order has not yet issued in this case.

Following lengthy hearings on multiple motions and issues on May 22, June 14, and June 29, 2023, the United States on July 12, 2023, filed a motion to intervene seeking—among other things—to add the State of Mississippi as a defendant [Dkt. #69].  Thereafter, on August 3, 2023, Plaintiffs filed a motion for leave to amend their complaint to add multiple additional known and unknown officials and individuals as defendants [Dkt. #80].  Both of these motions are opposed and await the Court's ruling.

Also pending before the Court are the following motions:  Plaintiffs' motion for preliminary injunction as to Count II [Dkt. #39]; Plaintiffs' motion for "clarification" of the Court's June 1, 2023, order dismissing Chief Justice Mike Randolph as a defendant [Dkt. #51]; Chief Justice Randolph's motion for Rule 54(b) certification [Dkt. #54]; and Plaintiffs' motion for a temporary restraining order to restrain prospective judicial appointees [Dkt. #82].  While the

Court previously granted (via a July 6, 2023, text-only order) a motion to consolidate a separate action filed by the *Jxn Undivided* plaintiffs (No. 23-cv-000351-TSL-RPM), the Court has not yet issued a written opinion addressing the manner in which discovery will proceed relative to the *Jxn Undivided* plaintiffs.  At the time of this filing, the TRO purporting to restrain Chief Justice Randolph from appointing temporary special circuit judges to the Hinds County Circuit Court (as mandated by H.B. 1020) has been in place for 112 days and counting—*viz.*, 84 days longer than the 28-day period authorized by Fed. R. Civ. P. 65(b)(2).

Notwithstanding the many unresolved preliminary issues in this case and the current uncertainty regarding who will actually litigate this case in the role of defendants, Plaintiffs now seek expedited discovery to support previously-filed and yet-to-be-filed motions for preliminary injunction.  Defendants file the instant response in opposition to Plaintiffs' motion.

## ARGUMENT

### I. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE GOVERNING FACTORS WEIGH AGAINST GOOD CAUSE FOR EXPEDITED DISCOVERY.

Pursuant to FRCP 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order." Fed. R. Civ. P. 26(d)(1).  While "[t]he Fifth Circuit has not expressly adopted a standard for district courts to use in determining when expedited discovery is appropriate," it is clear that "courts within the Fifth Circuit have largely coalesced around the 'good cause' standard."  *Jani-King of Miami, Inc. v. Leicht*, Civil Action No. 3:34-CV-0389-B, 2023 WL 2335658, at *2 (N.D. Tex. Mar. 2, 2023).  "The burden of showing good cause is on the party seeking the expedited discovery," and "the subject matter related to requests for expedited discovery should be narrowly tailored in scope."  *St. Louis Group, Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011). "[E]xpedited discovery is not the norm."  *Id.* (internal quotation marks omitted).

4

Under the "good cause" standard as applied in the Fifth Circuit, district courts should consider five factors in determining whether to order expedited discovery:  (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.  *Grimes v. Avis Budget Group, Inc.*, Civil Action No. 3:20-CV-0486-M-BH, 2020 WL 3510727, at *1 (N.D. Tex. June 29, 2020).  District courts should "examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances."  *Wilson v. Samson Contour Energy E & P, LLC*, Civil Action No. 14-0109, 2014 WL 2949457, at *2 (W.D. La. June 30, 2014) (internal quotation marks omitted).

In the case at bar, all five of the governing factors weigh against good cause for expedited discovery.

**A.   There is no pending preliminary injunction as to Counts III and IV, and Plaintiffs have implicitly disclaimed any need for discovery relative to their previously-filed motion for preliminary injunction as to Count II.**

"[T]he mere anticipation of a preliminary injunction motion does not satisfy the first factor."  *Amos v. Taylor*, No. 4:20-CV-7-DMB-JMV, 2020 WL 5809972, at *5 (N.D. Miss. Aug. 26, 2020) (finding that "first factor weigh[ed] against a finding of good cause" in absence of pending motion for preliminary injunction encompassing matters for which discovery was sought). *See also Acosta v. Williamson County, Tex.*, Civil No. 1-21-CV-615-LY, 2021 WL 4340514, at *3 (W.D. Tex. Sept. 23, 2021) (holding that plaintiff failed to show good cause to permit expedited discovery in absence of pending motion for preliminary injunction); *Stockade Companies, LLC v. Kelly Restaurant Group, LLC*, 1:17-CV-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017) (same).

In the case at bar, Plaintiffs assert that they "plan to use discovery from the State Defendants and certain non-parties to support a motion for preliminary injunction on the remaining provisions of H.B. 1020 at issue, which take effect on January 1, 2024." Dkt. #92 at 1.  Those "remaining provisions" are the subject of Counts III and IV of Plaintiffs' Complaint—namely, the provisions establishing the CCID court and providing for appointment of CCID prosecutors.  Dkt. #1 at 48-50, ¶¶ 140-49.  While Plaintiffs represent that they anticipate filing a motion for preliminary injunction as to Counts III and IV, they have not yet done so.  Therefore, pursuant to *Amos*, the first factor weighs against a finding of good cause for expedited discovery as to Counts III and IV.

As for Count II—which exclusively targets H.B. 1020's Hinds County Circuit Court judicial appointment provision—Plaintiffs assert only that expedited discovery is necessary "to supplement the briefing" previously filed in connection with Plaintiffs' motion for preliminary injunction addressing Count II [Dkt. #40] "as may be necessary."  Dkt. #92 at 6.  However, Plaintiffs fail to show *why* expedited discovery is necessary in support of that motion.  In that motion, which Plaintiffs filed on May 24, 2023, and have not previously sought to supplement, Plaintiffs represented that they "have shown that they are likely to succeed on the merits of their equal protection challenge to H.B. 1020's judicial appointment provision." Dkt. #40 at 1-2.  While Defendants dispute that Plaintiffs have made the requisite showing of a likelihood of success on the merits, Plaintiffs should not be heard to claim a need for discovery to support a showing they previously claimed to have already made.  While Plaintiffs may desire to attempt to bolster their motion through the discovery process, "a statement of want" does not equate to "a showing of need" and fails to establish good cause for expedited discovery.  *See Talon Transaction Techs., Inc. v. Stoneeagle Servs., Inc.*, No. 3:13-cv-902-P, 2013 WL 12172925, at *3 (N.D. Tex. May 14,

2013) (denying plaintiffs' motion for expedited discovery where plaintiffs "failed to demonstrate a real need for their proposed discovery to obtain evidence that Plaintiffs believe is required to prevail on their preliminary injunction motion").

For all these reasons, the first factor weighs against good cause for expedited discovery.

**B.** **Plaintiffs' requested discovery is non-specific and overly broad.**

As set forth *supra*, "the subject matter related to requests for expedited discovery should be narrowly tailored in scope." *St. Louis Group, Inc.*, 275 F.R.D. at 240.  To satisfy this narrow-tailoring requirement, a plaintiff cannot rely on "cursory arguments that expedited discovery will shed light on [additional facts or] unearth . . . evidence of Defendants' wrongdoing." *See DIRECTV, LLC v. WNK Assocs., Inc.*, Civil Action No. 6:22-CV-0423-JDK, 2022 WL 17823677, at *2 (E.D. Tex. Dec. 20, 2022).  Rather, a plaintiff seeking expedited discovery from defendants must "specif[y] what type of discovery they would be seeking from Defendants, and for what purpose." *See Francis v. API Technical Servs., LLC*, Case No. 4:13-CV-627, 2013 WL 12222464, at *1 (E.D. Tex. Nov. 14, 2013).  Similarly, a plaintiff seeking expedited discovery from third parties must "specifically identify what information it intends to seek from . . . third parties and how it intends to discover this information." *See DIRECTV, LLC*, 2022 WL 17823677 at *2.

In the case at bar, Plaintiffs assert that they require expedited discovery to obtain "certain evidence—in particular what input in the legislative process, if any, came from stakeholders and what information legislators relied on in passing H.B. 1020." Dkt. #92 at 9.  Plaintiffs further assert that such discovery will be "reasonably related only to the background, process, substance, and legislative history of the appointment provisions." *Id.* at 10.  They "anticipate needing no more than five depositions of city, state, or CCID officials in expedited discovery." *Id.* at 9-10.

Setting aside the fact that Defendants (none of whom is a legislator) had nothing to do with the legislative process in enacting H.B. 1020, Plaintiffs have not identified any of the following: (1) the specific current or prospective defendants to whom they intend to direct written discovery requests; (2) the specific written discovery requests that they intend to serve on any of the current or prospective defendants; (3) the specific third parties upon whom they intend to serve subpoenas for documents and/or testimony; (4) the specific information to be sought by any third-party subpoenas; or (5) the specific individuals they seek to depose.

In essence, Plaintiffs seek discovery from unspecified defendants and unspecified third parties of any and all information that may be probative of the so-called *Arlington Heights* factors, without limitation. *See id.* at 9. Such expansive discovery is not proper on an expedited basis under any fair reading of the governing case law. Plaintiffs have not shown otherwise, and their requested discovery is overly broad.

For all these reasons, the second factor weighs against good cause for expedited discovery.

**C.** **Plaintiffs have shown no meritorious purpose for expedited discovery.**

Plaintiffs assert that they "are requesting expedited discovery for the limited purpose of supporting motions for preliminary injunction related to the Hinds County Circuit Court judicial appointments and CCID claims *only*." *Id.* at 9 (italics in original). In a footnote to this statement, Plaintiffs hasten to add that "the requested discovery will also be relevant to [the] ultimate resolution [of this case], whether by dispositive motion or by trial seeking a final declaratory judgment that the challenged statutory provisions are unconstitutional." *Id.* at 9 n.3.

As set forth *supra*, Plaintiffs have not previously advised of any need to conduct discovery to support their pending motion for preliminary injunction as to Count II [Dkt. #40]. Nor do they contend that their anticipated motion for preliminary injunction as to Counts III and IV will fail in

8

the absence of expedited discovery.  At best, the expedited discovery that Plaintiffs seek *may* serve

to facilitate a speedier resolution of this matter on the whole.  But even where expedited discovery

"may help in a 'speedy' resolution, that reason alone does not constitute good cause.  If it did, then

expedited discovery would be the norm instead of the exception, and there would be no substantive

purpose for Federal Rule 26(d)(1)."  *St. Louis Group, Inc.*, 275 F.R.D. at 242 (where prospect of

speedy resolution was sole purpose for expedited discovery, party seeking expedited discovery

failed to "present[] the Court with a compelling reason to deviate from the normal course of

discovery by ordering one-sided discovery to begin just prior to the commencement of formal

discovery").  *See also Wilson*, 2014 WL 2949457 at *4 (reaffirming that "speedy resolution alone

does not constitute good cause" for expedited discovery).

      For all these reasons, the third factor weighs against good cause for expedited discovery.

    **D.** **Because the issue of who will ultimately litigate this case in the role of defendants**
**remains unresolved, the potential burden of ex parte discovery vis-à-vis prospective**
**defendants militates against commencing discovery on an expedited basis.**

      Plaintiffs have filed a motion seeking to amend their Complaint to add multiple defendants,

as follows:  Greg Snowden, in his official capacity as Director of the Mississippi Administrative

Office of Courts; Liz Welch, in her official capacity as Executive Director of the Mississippi

Department of Finance and Administration; John/Jane Does 1-4, as prospective judge appointees

to the Hinds County Circuit Court, individually or officially; John/Jane Doe 5, as prospective

CCID judge, individually or officially; and John/Jane Does 6-7, as prospective CCID prosecutors,

individually or officially.  *See* Dkt. #80, #80-1.  Additionally, the United States, by and through

the U.S. Department of Justice, has moved to intervene and join the State of Mississippi as a

defendant.  *See* Dkt. #69, #69-2.  Both motions are opposed and await ruling.

Additionally, despite the Court's order dismissing Chief Justice Randolph [Dkt. #45], Plaintiffs have filed a "motion for clarification" [Dkt. #51] seeking to keep Chief Justice Randolph in this case as a "nominal party." *See* Dkt. #92 at 3. The Court has not yet ruled on this motion or on Chief Justice Randolph's pending "motion for Rule 54(b) certification" [Dkt. #54].

Further, although the Court granted a motion to consolidate an action subsequently filed by the *Jxn Undivided* plaintiffs with the instant action, the Court has not yet addressed the manner in which discovery will proceed relative to the consolidated *Jxn Undivided* case.

Given all of the foregoing, it is presently unknown who all will ultimately litigate this case in the role of defendants. If the Court allows the joinder of any additional defendants, those defendants must be served with process and afforded an opportunity to answer or otherwise respond in due course pursuant to the *Federal Rules of Civil Procedure*. To the extent Plaintiffs intend to seek expedited discovery against any yet-to-be-joined defendants, Plaintiffs have "not shown why expedited discovery should be granted without [such defendants] having notice or an opportunity to be heard on the motion for expedited discovery." *Alamo Area Mut. Housing Ass'n, Inc. v. Lazenby*, No. 5:17-CV-634-DAE, 2017 WL 7052289, at *4 (W.D. Tex. July 19, 2017). This Court is not presently in a position to determine the reasonableness/burden of any expedited discovery when the pleadings are not yet closed and additional defendants may yet be joined. *See Francis*, 2013 WL 12222464 at *1 (denying plaintiffs' request for expedited discovery where defendants had "not yet been served with notice of th[e] suit" and hence court could not "determine the reasonableness of Plaintiffs' requests in light of the current circumstances").

For all these reasons, the fourth factor weighs against good cause for expedited discovery.

**E.  Given the many unresolved issues regarding who will ultimately defend this case, any discovery—expedited or otherwise—is premature.**

Plaintiffs imply that "[u]nder the target dates set out by the Federal Rules," discovery should be "well underway by now."  *See* Dkt. #92 at 11.  But that is not necessarily true.  As set forth above, Plaintiffs are seeking to join multiple additional parties as defendants in this case.  Similarly, the United States is seeking to add the State of Mississippi as a defendant.  Pending rulings from the Court on unresolved motions, none of these prospective defendants has yet been named in an operative complaint, and hence none of them has yet been served.  Even if a Rule 16 initial order had already been entered in this case, there was—and is—a strong argument to be made that discovery should not commence until all parties who will ultimately litigate this matter have been joined and served, and have filed their responsive pleadings framing the issues for discovery.  *See Amos*, 2020 WL 5809972 at *10 (finding that fifth factor weighed against good cause where "defendants have not yet answered the complaint" and "need not do so until the Court resolves" a pending motion).

Given multiple unresolved issues surrounding *who will actually defend this case* on the merits, Plaintiffs cannot demonstrate that discovery should have already commenced in due course.  Consistent with local practice, it is just as likely that the magistrate judge, had she previously entered a Rule 16 order, would have thereafter stayed discovery until pending motions to amend and intervene have been ruled upon and all defendants have been served and afforded time to file responsive pleadings.  Given the current posture of this case, any discovery—expedited or otherwise—is premature.

For all these reasons, the fifth factor weighs against good cause for expedited discovery.

Because all five of the governing factors weigh against good cause for expedited discovery, Plaintiffs' motion to expedite discovery should be denied.

11

## II. PLAINTIFFS' PROPOSED BRIEFING SCHEDULE SHOULD BE REJECTED AS UNREASONABLE.

In their motion for expedited discovery, Plaintiffs advise that they "intend to file a second (and final) preliminary injunction motion to prevent formation of the CCID Court and appointment of its prosecutors effective January 1, 2024."  Dkt. #92 at 7-8.  Plaintiffs' propose the following briefing schedule relative to their anticipated second motion for preliminary injunction:

- Plaintiffs' Motion – due November 13, 2023

- Defendants' Opposition – due November 27, 2023

- Plaintiffs' Reply – due December 4, 2023

- Hearing on Preliminary Injunction – As soon after December 4th as the Court's schedule permits

*Id.* at 8.

Defendants object to Plaintiffs' proposed briefing schedule to the extent that Defendants' 14-day response period encompasses the Thanksgiving holiday.  Defendants propose the following alternative briefing schedule, which ensures that neither Plaintiffs nor Defendants are unfairly prejudiced by deadlines running over the course of the Thanksgiving holiday or a hearing occurring during the Christmas holidays:

- Plaintiffs' Motion – due October 27, 2023

- Defendants' Opposition – due November 10, 2023

- Plaintiffs' Reply – due November 17, 2023

- Hearing on Preliminary Injunction – As soon as convenient for the Court between December 1 and December 22, 2023

Plaintiffs have had months to seek injunctive relief relative to Counts III and IV, yet they continue to litigate this matter in a piecemeal fashion that is not conducive to the efficient use of judicial resources.  Defendants object to any tactical maneuver that would serve to unnecessarily jam the Court, Court staff, Defendants, or defense counsel during the Thanksgiving or Christmas holidays.  If the Court is inclined to issue a briefing and/or hearing schedule on any anticipated second motion for preliminary injunction, Defendants respectfully submit that the Court should adopt the aforementioned reasonable and orderly briefing/hearing schedule proposed by Defendants.

## **CONCLUSION**

For all these reasons, Plaintiffs' motion to expedite discovery should be denied.

THIS the 1st day of September, 2023.

Respectfully submitted,

SEAN TINDELL, in his official capacity as Commissioner of the Mississippi Department of Public Safety; BO LUCKEY, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi, DEFENDANTS

By:     LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

By:     s/Rex M. Shannon III
        REX M. SHANNON III (MSB #102974)
        Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184

Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov

ATTORNEYS FOR DEFENDANTS
SEAN TINDELL, in his official capacity as Commissioner
of the Mississippi Department of Public Safety; BO LUCKEY,
in his official capacity as Chief of the Mississippi
Department of Public Safety Office of Capitol Police;
and LYNN FITCH, in her official capacity as
Attorney General of the State of Mississippi

<u>**CERTIFICATE OF SERVICE**</u>

I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 1st day of September, 2023.

<u>s/Rex M. Shannon III</u>
REX M. SHANNON III