IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., *Plaintiffs*, v. TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL., *Defendants*. | Case No. 3:23-cv-272-HTW-LGI **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXPEDITE DISCOVERY** |

Despite this Court's June 2, 2023 message lifting the discovery stay in this case, and the failure of any Defendant to follow the Court's direction that "any party [that] requests a stay of this matter … is instructed to file the proper motion on ECF," State Defendants argue that "any discovery—expedited or otherwise—is premature." Op. to Mot. for Expedited Discovery (hereinafter "Op."), ECF No. 97, at 2. They arrive at this conclusion by arguing (1) that somehow, *both pending and forthcoming* preliminary injunctions weigh against expediting discovery; (2) that they do not have the specifics of the discovery requests—despite the State's *refusal to meet with counsel* on that very topic; and (3) by overstating the effect of the pending motion to amend the complaint—which will have no impact on the discovery sought from the three existing State Defendants. For the reasons that follow, this Court should reject the State's arguments and grant NAACP Plaintiffs' motion to expedite discovery.

I.      **The State Defendants' Statement of Pertinent Facts is Materially Incomplete.**

The State Defendants attempt to blame Plaintiffs for the fact that no discovery has yet taken place. But this argument rests on an incomplete account of what has happened in this case. *See* Op. at 3. The State Defendants correctly note, *id*, that following Governor Reeves' motion

to dismiss on jurisdictional and immunity grounds, ECF No. 31, the Court entered an order staying the attorney conference, disclosure requirements, and discovery pursuant to Local Rule 16(b)(3). Then, as a result of Plaintiffs' voluntary dismissal of Governor Reeves, the Court, through an email from the law clerk, advised the parties that the discovery stay was moot. ECF No. 91-2 at 2. The State Defendants fail to note what else that email said: "If any party requests a stay of this matter, said party is instructed to file the proper motion on ECF." *Id.*

This instruction clearly placed on Defendants the burden of seeking a stay of discovery procedures, but none of them filed the requisite motion. With the burden on Defendants, it is of no consequence that Plaintiffs did not submit to the magistrate judge a proposed order lifting the stay—the Court had already informed the parties that the stay order was moot. Yet the State Defendants treated the Court's direction as a nullity[1] and refused to meet and confer concerning discovery, on the flimsy basis that no order had been entered. ECF No. 91-1. That refusal was the reason for the instant motion to expedite discovery.

**II.     Both the Pending and Forthcoming Preliminary Injunction Motions Weigh in Favor Expedited Discovery.**

Courts across the country have confirmed that a pending motion for a preliminary injunction weighs in favor of expedited discovery.[2] As of this writing, a preliminary injunction ("PI") motion is pending with respect to the appointments to the Hinds County Circuit Court, so Plaintiffs satisfy this element. But the State Defendants argue that Plaintiffs "implicitly

---

[1] It should be noted that, in fact, *State Defendants* placed the Court's email order mooting the stay on the docket. *See* Ex. 2 to State Defendants' June 6 Letter, ECF No. 46-2.

[2] *See, e.g., Amos v. Taylor*, 2020 WL 5809972, at *4 (N.D. Miss. Aug. 26, 2020); *Midwest Sign & Screen Printing Supply Co. v. Dalpe*, 386 F. Supp. 3d 1037, 1057 (D. Minn. 2019); *St. Louis Grp., Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 239–40 (S.D. Tex. 2011); *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 142 (D.D.C.2005) (each listing a pending motion for PI as a factor in favor of expedited discovery)

2

disclaimed any need for discovery" with respect to the pending PI motion by arguing in that PI motion that they "have shown that they are likely to succeed on the merits of their equal protection challenge to H.B. 1020's judicial appointment provision." Op. at 5-6 (quoting Mot. for Prelim. Injunction, ECF No. 40 at 1-2).

This perverse argument would mean that anytime a Plaintiff asserts that it has enough evidence to support a PI motion, it is foreclosing itself from discovering more evidence. But that is not the law: PIs are entered on a "likelihood" —not a certainty—of success. *ICEE Distributors, Inc. v. J&J Snack Foods Corp.*, 325 F.3d 586, n.34 (5th Cir. 2003) ("The standard for a preliminary injunction [requires] that the plaintiff must show a likelihood of success on the merits rather than actual success." (quoting *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, n. 12 (1987)). Such injunctions are "preliminary" because they are often entered on a record that is less complete than the record that will be submitted in support of a permanent injunction. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits."). Nor is there any prohibition on gathering additional evidence while a PI motion is pending, as the cases cited *supra* note 2 demonstrate. Indeed, the principle that a pending PI motion justifies expedited discovery rests on the principle that a plaintiff can seek additional discovery while the motion is pending and the plaintiff has already made the necessary assertion that it has a likelihood of success on the merits. *See Amos v. Taylor*, 2020 WL 5809972, at *4 ("The purpose of expedited discovery in the context of a temporary restraining order or preliminary injunction is for ***further development*** of the record before the preliminary injunction hearing, which better enables the court to judge the parties' interests and respective chances for success on the merits." (*quoting Midwest Sign & Screen Printing Supply Co. v.*

*Dalpe*, 386 F. Supp. 3d 1037, 1057 (D. Minn. 2019) (internal quotation marks omitted, emphasis added)).

Setting aside the pending PI motion, Plaintiffs also will move for a preliminary injunction against the CCID judicial and prosecutorial appointments which, under H.B. 1020, are due to be made by January 1, 2024. Indeed, if the Court grants Plaintiffs' pending motion to amend their complaint to include John Doe CCID-court appointees, ECF Nos. 80-81, the accompanying motion for a temporary restraining order (TRO) against those appointments, ECF No. 83, will be ripe, and the pendency of a second motion for injunctive relief will weigh in favor of beginning discovery. The imminence of TRO and PI litigation with respect to the CCID appointments weighs in favor of expedited discovery. This imminent litigation is not the type of vague and distant anticipation that weighs against expedited discovery.

State defendants argue that "[w]hile Plaintiffs . . . anticipate filing a motion for preliminary injunction as to Counts III and IV, they have not yet done so. Therefore, pursuant to *Amos*, the first factor weighs against a finding of good cause for expedited discovery." Opp. at 6. The State Defendants rely on *Amos v. Taylor* for the argument that a forthcoming PI motion does not support expedited discovery. 2020 WL 5809972. But this factor was not dispositive in *Amos*, and the State overestimates its value as applied in that case. In *Amos*, as here, the Plaintiffs had already filed one preliminary injunction, which had been considered by the court (and in *Amos*, ultimately rejected). *Amos v. Taylor*, 2020 WL 5809972 at *1. In that case, as here, the Plaintiffs later moved for expedited discovery because they anticipated filing another preliminary injunction. *Id.* True enough, the court found that the forthcoming preliminary injunction did not necessarily weigh in favor of expedited discovery. *Id.* But despite this finding, the Court still found that, on balance, expedited discovery was appropriate.

4

*Id.* at *10. In the event that the Court finds that the pending PI motion on the Hinds County Circuit Court appointments and the forthcoming TRO and PI motion on the CCID appointments do not satisfy the first factor (as the State Defendants argue), the Court should still grant expedited discovery based on the remaining factors: the narrowness of the expedited discovery, the purpose of expedited discovery, the minimal burden to comply with the requests, and the fact that the expedited discovery is not requested far in advance of typical discovery the request is made. *Amos,* 2020 WL 5809972 at *5.

**III.     Discovery Requests are for the Narrow Purpose of Providing Information Relevant to the *Arlington Heights* Factors.**

State Defendants also argue that expedited discovery should not be granted because NAACP Plaintiffs have not identified "the specific written discovery requests they intend to serve." Op. at 8. State Defendants omit that on two occasions Plaintiffs have reached out to Defendants to discuss discovery with more specificity, and on both occasions, the State refused to engage in any discussion. *See* Email Correspondence, ECF No. 91-1.

Further, the State fails to cite a single case for the proposition that the Court must analyze the specific discovery requests that a plaintiff seeks to serve, or the specific deponents. Even so, the State seems to acknowledge that Plaintiffs have in fact provided the topics of discovery sought: "in particular what input in the legislative process, if any, came from stakeholders and what information legislators relied on in passing H.B. 1020" and that such discovery "will be 'reasonably related only to the background, process, substance, and legislative history of the appointment provisions.'" such as to provide information relevant to the *Arlington Heights* factors. Op. at 7-8 (*quoting* Pl.'s Mot., ECF 92 at 9). Such discovery is entirely appropriate. Moreover, it should be restated that the Court need not parse the discovery requests to grant expedited discovery—if there is a concern as to the breadth, purpose, or burden of the requests,

5

the Court may put in place an expedited briefing schedule for all disputes, such that those concerns may be addressed in the normal course. *Amos*, 2020 WL 5809972, at *9.

IV. **The Pending Motions on the Status of Chief Justice Randolph and the Addition of New Defendants Have no Bearing on Discovery of the Existing State Defendants and Should not Inform the Analysis of Whether Expedited Discovery is Appropriate.**

The State Defendants also argue that discovery is premature at this point in the litigation and would be overly burdensome, because there are pending motions that may impact which parties are in this lawsuit. Op. at 9-11. But this argument greatly overstates the effect of the pending motions. As Defendants know, the pending motions to add Doe defendants and to clarify Chief Justice Randolph's involvement in the case are for the sole purpose of ensuring that relief may be granted against a party who can prevent the judicial appointments complained of in this case. *See* Reply Mot. for Clarification, ECF No. 63, at 11-12 ("Plaintiffs would not seek discovery against Chief Justice Randolph"); Memo. in Support of Mot. to Amend. Compl., ECF No. 81, at 7 (Does are added to the Complaint so that Plaintiffs can "temporarily restrain Does 1-4 from accepting appointment to the Hinds County Circuit Court and from taking the oath of office"). To be sure, the proposed amended complaint adds two new state officials from whom discovery may be sought in due course, but this is not a reason to delay discovery against the State defendants who are already in the case.

Likewise, while the U.S. Department of Justice ("DOJ") has filed a motion to intervene, Plaintiffs agree with the statements of the DOJ lawyer during the September 5 hearing, that they could work with the Department to avoid any issues or inefficiencies with respect to discovery. Likewise, the Department of Justice indicated at the September 5 hearing that it did not oppose the motion to expedite discovery, and would not cause any undue delay by its intervention.

Moreover, the Local Rules expressly allow for discovery to continue while motions like those at issue here are still pending. Local Rule 16(b)(3)(B) states that "whether to permit any

portion of the case to proceed pending resolution of [a jurisdictional or immunity] motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief." And, as demonstrated above, the Court put the burden of seeking any further stay on the party seeking the stay.  ECF 91-2 at 2.  State Defendants have not done so.

## CONCLUSION

For the reasons above, Plaintiffs have shown "the need for expedited discovery in consideration of the administration of justice." *St. Louis Grp., Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 239–40 (S.D. Tex. 2011).  And though State Defendants have argued against good cause, they have failed to argue that they would suffer *any prejudice* by beginning discovery now, five months into this litigation. Accordingly, they have failed to demonstrate that the good cause shown is "outweigh[ed by] the prejudice to the responding party." *Id.*  The Court therefore should grant the motion to expedite discovery.

Respectfully submitted this 8th day of September, 2023.

/s/ *Mark H. Lynch*
Eric H. Holder, Jr.,* DC Bar # 303115
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
David Leapheart,* DC Bar # 1032122
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com
dleapheart@cov.com

*Counsel for NAACP*

**Pro Hac Vice*

/s/ *Carroll Rhodes*
Carroll Rhodes, Esq. MS Bar # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net


Joe R. Schottenfeld,* DC Bar # 1735796
Evan Walker-Wells,* NY Bar # 6050645
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350
jschottenfeld@naacpnet.org
ewells@naacpnet.org

*Counsel for All Plaintiffs*

**Pro Hac Vice*

8

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2023, I electronically filed the foregoing Plaintiffs' Reply in Support of Motion for Expedited Discovery with the Clerk of the Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

／s／ *Brenden J. Cline*
Brenden J. Cline