# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

National Association for the
Advancement of Colored People,
et al                                                                                          Plaintiffs

vs.                                                              Case No. 3:23-cv-272-HTW-LGI

Tate Reeves, in his official capacity
as Governor of the State of Mississippi;
et al                                                                                          Defendants

## Response to Motion to Stay

    Comes now, Michael K. Randolph, in his official capacity as Chief Justice of the Mississippi Supreme Court, and files this, his Response in Opposition to the Plaintiffs' Motion to Stay. (Doc. 100).

    The Plaintiffs' motion for a stay operates as a request for an injunction pending appeal. Further, Plaintiffs seek an injunction against a dismissed party that is immune from this civil action. Twice this Court has held that the Chief Justice is immune from this suit. (Doc. 45). Just this month, the Court ruled that there exists no case or controversy at stake and thus the Court maintains no jurisdiction over the claims concerning Section 4 of HB 1020. Moreover, the State Trial Court also ruled that the Chief Justice is immune. The Mississippi Supreme Court declared Section 1 of HB 1020 unconstitutional and ruled that the Chief Justice is immune from suit when it affirmed the trial court's grant of the Chief Justice's Motion to Dismiss. (Doc. 102-1).

Enough is enough and the Court should summarily deny the motion for stay. The motion is moot, frivolous and vexatious.

The motion for a stay is moot as are the totality of the plaintiffs' claims for immediate, emergency relief. Plaintiffs rely on appointments contemplated by Section 1 of HB 1020 as the justification for their emergency stay pending appeal. (Doc. 100). Those provisions of HB 1020 were found to be unconstitutional by the Mississippi Supreme Court. (Doc. 102-1). Plaintiffs' concerns regarding Section 4 of HB 1020, addressing the creation of the CCID Court and appointments to it, do not take effect for months. Rule 62 provides that in an action for injunction, the order is not stayed unless the Court orders otherwise. Fed.R.Civ.P. 62(c)(1). There exists no exigent or emergency circumstances that support a grant of Plaintiffs' motion for stay pending appeal. (Doc. 100).

Continuing any restraining order entered by this Court is not authorized by the Rules. Rule 65 only contemplates a 14-day restraining order and a 14-day extension. On May 12th the Court entered its Order temporarily restricting the Chief Justice Randolph from appointing judges pursuant to HB 1020. (Doc. 26 at 4). Eleven days later, on May 23rd, the Court entered an Order extending the temporary restriction on Chief Justice Randolph. (Doc. 38). The May 23rd Order noted that the temporary restriction on Chief Justice Randolph was "until such a time that this Court had conducted the Hearing and rendered its ruling on the Chief Justice's Judicial Immunity defense." (Doc 38 at n. 1). On June 1st, the Court entered its Order granting the Chief Justice's Motion to Dismiss. (Doc. 45).

Separately, by Operation of the Federal Rules of Civil Procedure, the Court's restriction on the Chief Justice lapsed 28 days after entry, or June 9th.

The plaintiffs fail to demonstrate a substantial case on the merits to be stayed pending appeal. Indeed, the Fifth Circuit observed that "A stay, …, 'is an intrusion into the ordinary processes of administration and judicial review' and a party is not entitled to a stay as a matter of right." *Campaign for S. Equality v. Bryant*, 773 F.3d 55, 57(5th Cir. 2014).

The only part of HB 1020 to survive the Supreme Court's ruling is Section 4 which takes effect after January 1, 2024. The Mississippi Supreme Court held Section 1 of HB 1020 unconstitutional. Section 1 is the part of the statute that the plaintiffs sought to temporarily restrain. As the U.S. Supreme Court stated:

> At the same time, a reviewing court may not resolve a conflict between considered review and effective relief by reflexively holding a final order in abeyance pending review. A stay is an "intrusion into the ordinary processes of administration and judicial review," *Virginia Petroleum Jobbers Assn.* v. *FPC*, 104 U.S. App. D.C. 106, 259 F.2d 921, 925 (CADC 1958) (*per curiam*), and accordingly "is not a matter of right, even if irreparable injury might otherwise result to the appellant," *Virginian R. Co.* v. *United States*, 272 U.S. 658, 672, 47 S. Ct. 222, 71 L. Ed. 463 (1926). The parties and the public, while entitled to both careful review and a meaningful decision, are also generally entitled to the prompt execution of orders that the legislature has made final.

*Nken v. Holder*, 556 U.S. 418, 427-428 (U.S. 2009) (stay of immigration deportation granted). Plaintiffs' case concerning Section 4 is weak at best.

The entire case for relief under Section 1 of HB 1020 is subject to dismissal as moot. Thus, there is no showing that the movants have a likelihood of success on the merits. The Plaintiffs' Section 1 claims are due to be dismissed as the

4 | P a g e

Mississippi Court has declared that provision unconstitutional.  So, the movants cannot show irreparable injury from a statute that has been declared unconstitutional by the Mississippi Supreme Court.  That section is no longer the law of Mississippi and comity should lead this Court to deny the stay.  No harm can be done to plaintiffs if the stay is denied. The public interest is served in terminating these proceedings, not prolonging them. No equities support the stay of a statue that is no longer the rule of law. There remains only the tempest in the teapot, which is the plaintiffs' case against the Chief Justice.

      For these reasons, the Plaintiffs' Motion for Stay (Doc. 100) should be denied.

      Respectfully submitted, this the 28th day of September, 2023.

                                          Respectfully submitted,

                                          Michael K. Randolph, in his
                                          official capacity as Chief Justice
                                          of the Mississippi Supreme Court

                                          ***/s/ Mark A. Nelson***

                                        By:_____
                                            Mark A. Nelson, MB #3808

Of Counsel:

Mark A. Nelson, MB #3808
Ned A. Nelson, MB #105712
Nelson Law PLLC
7 Woodstone Plaza, Ste. 7
Hattiesburg, MS  39402
Telephone:  601.602.6031
Facsimile:  601.602.3251
mark@nelsonfirm.law
ned@nelsonfirm.law

## Certificate of Service

I, Mark A. Nelson, hereby certify that on this the 28th day of September, 2023, I electronically filed the foregoing with Clerk of the Court using the ECF system which will provide notice to all counsel of record.

*/s/ Mark A. Nelson*
_____
Mark A. Nelson