IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE, ET AL.  **PLAINTIFFS**

VS.  **CASE NO. 3:23-cv-00272-HTW-LGI**

TATE REEVES, in his official capacity
As Governor of the State of Mississippi, ET AL.  **DEFENDANTS**

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION TO STAY THE FORTHCOMING ORDER LIFTING THE TRO AGAINST
DEFENDANT RANDOLPH PENDING APPEAL [DKT. #100]**

Defendants Sean Tindell, in his official capacity as Commissioner of the Mississippi Department of Public Safety, Bo Luckey, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police, and Lynn Fitch, in her official capacity as Attorney General of the State of Mississippi, (hereinafter collectively "the State Defendants") by and through counsel, file this their response in opposition to Plaintiffs' "Motion to Stay the Forthcoming Order Lifting the TRO Against Defendant Randolph Pending Appeal" [Dkt. #100], and in support thereof would show unto the Court the following:

1. Plaintiffs' motion to stay any order lifting the TRO against Chief Justice Mike Randolph [Dkt. #100] should be denied as moot because the Mississippi Supreme Court has declared Section 1 of H.B. 1020 to be unconstitutional, thereby mooting the claim upon which the instant TRO was exclusively predicated. Simply stated, there is no longer any justiciable claim or controversy regarding Section 1 of H.B. 1020.

2. On April 28, 2023, Plaintiffs filed a "necessitous and urgent motion" for a "temporary restraining order immediately enjoining Defendants from appointing judges to the

Hinds County Circuit Court." Dkt. #11 at 2. On May 11, 2023, Plaintiffs filed a "renewed necessitous and urgent motion for a temporary restraining order" seeking the same relief "before the Circuit Court is packed." *See* Dkt. #24 at 3.

3. On May 12, 2023, this Court entered a TRO directed to Chief Justice Randolph, "temporarily restrict[ing] [him] from appointing judges [to the Hinds County Circuit Court] pursuant to H.B. 1020." Dkt. #26 at 4. Following a lengthy hearing on May 22, 2023, this Court on May 23, 2023—over the State Defendants' objection—entered an order directing that "Defendant Chief Justice Michael K. Randolph hereby still is temporarily restricted from appointing special judges [to the Hinds County Circuit Court] pursuant to H.B. 1020, until such a time that this Court renders its ruling on the Plaintiffs' forthcoming Motion for Preliminary Injunction." Dkt. #38 at 2.

4. On June 1, 2023, this Court entered its order dismissing Chief Justice Randolph as a defendant on judicial immunity grounds. Dkt. #45.

5. Plaintiffs thereafter filed a motion for leave to amend their complaint to—among other things—join the four prospective appointees to the Hinds County Circuit Court as Defendants "John/Jane Does 1-4." *See* Dkt. #80. Plaintiffs also filed a motion for a TRO to prevent these prospective appointees "from accepting appointment, taking the oath of office, or otherwise assuming office as temporary special judges for the Hinds County Circuit Court." Dkt. #82 at 1. The State Defendants opposed both motions, which are fully briefed and were argued at a hearing on September 5, 2023.

6. At a subsequent hearing on September 13, 2023, this Court issued a verbal bench ruling affirming its dismissal of Chief Justice Randolph and announcing that rulings on other pending motions would be forthcoming.

7.  Plaintiffs thereafter filed the instant "Motion to Stay the Forthcoming Order Lifting the TRO Against Defendant Randolph Pending Appeal" on September 20, 2023. Dkt. #100. The following day—September 21, 2023—the Mississippi Supreme Court issued its ruling in *Saunders v. State*, No. 2023-CA-00584-SCT, 2023 WL 6154416 (Miss. Sept. 21, 2023), the case involving the state-law challenge to H.B. 1020. The Supreme Court's opinion in *Saunders* is filed on this Court's docket as Dkt. #102-1. In *Saunders*, the Mississippi Supreme Court declared that Section 1 of H.B. 1020—*viz.*, the portion of H.B. 1020 directing the Chief Justice to appoint four temporary special circuit judges to the Hinds County Circuit Court—"and Section 1 only—is unconstitutional and thus void." *Saunders*, 2023 WL 6154416 at *15.

8.  Because the Mississippi Supreme Court has declared Section 1 of H.B. 1020 to be unconstitutional and void (as violating the Mississippi Constitution), the Chief Justice is prohibited by state law from making the four judicial appointments to the Hinds County Circuit Court under H.B. 1020. While the Mississippi Supreme Court rejected the *Saunders* plaintiffs' concurrent challenge to the Chief Justice's emergency appointment power conferred by MISS. CODE ANN. § 91-1-105(2), see *id.*, Plaintiffs here do not challenge § 9-1-105(2).

9.  In the case at bar, the TRO that Plaintiffs seek to keep in place is predicated exclusively on Count II of Plaintiffs' complaint, which challenges the constitutionality of H.B. 1020's judicial appointment provisions relative to the Hinds County Circuit Court. *See* Dkt. #1 at 47. The only conduct that Plaintiffs sought to restrain—and that this Court did restrain—by virtue of the TRO entered in this case was the Chief Justice's appointment of four temporary special circuit judges to the Hinds County Circuit Court pursuant to Section 1 of H.B. 1020. *See supra*.

10. Since Section 1 of H.B. 1020 has now been declared unconstitutional and void by the Mississippi Supreme Court, Plaintiffs no longer face any alleged threatened harm from

prospective judicial appointments to the Hinds County Circuit Court pursuant to H.B. 1020. Therefore, their Section 1 judicial-appointment claim and this Court's TRO issued in connection with that claim are now moot.

11. It is well settled that "mootness is a threshold jurisdictional inquiry." *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (internal quotation marks omitted). The question of mootness "strike[s] at the very heart of federal subject matter jurisdiction" and "cannot be avoided." *Matter of Commonwealth Oil Refining Co.*, 805 F.2d 1175, 1180 (5th Cir. 1986) (internal quotation marks omitted).

12. Mootness applies when, as a result of intervening circumstances, "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," rendering the court "no longer capable of providing meaningful relief to the plaintiff." *Ermuraki*, 987 F.3d at 386 (internal quotation marks omitted).

13. The Fifth Circuit has characterized mootness as "the doctrine of standing set in a time frame," such that "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338, 344 (5th Cir. 2013) (parentheticals in original, internal quotation marks omitted). If a claim is moot, "it 'presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents.'" *Id.* (internal quotation marks omitted).

14. "[A]ny set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013) (internal quotation marks omitted).

15. In the case at bar, the TRO made the subject of Plaintiffs' instant motion [Dkt. #100] is rendered moot by the Mississippi Supreme Court's September 21, 2023, ruling declaring Section 1 of H.B. 1020 unconstitutional and void.

16. Based on the foregoing, Plaintiffs' H.B. 1020 Section 1 claim (Count II) is now moot and should therefore be dismissed, and the Court should deny Plaintiffs' instant motion to stay the lifting of the previously-entered TRO against Chief Justice Randolph. For the same reason, the Court should further deny as moot the following: (1) Plaintiffs' separately-filed motion for leave to amend their complaint [Dkt. #80] to the extent Plaintiffs seek to (a) join John/Jane Does 1-4 as additional defendants, and (b) reassert any claim predicated on Section 1 of H.B. 1020; and (2) Plaintiffs' separately-filed motion for a TRO directed to John/Jane Does 1-4 [Dkt. #82].

17. Because the arguments presented in the instant oppositional response are straightforward and rest on (1) the incontrovertible holding of the Mississippi Supreme Court and (2) well-settled principles of federal justiciability, the State Defendants request that the Court dispense with the filing of a separate memorandum of authorities.

**WHEREFORE, PREMISES CONSIDERED**, the State Defendants respectfully request that the Court make and enter its Order denying as moot (1) Plaintiffs' motion to stay any order lifting the TRO against Chief Justice Randolph [Dkt. #100]; (2) Plaintiffs' motion for leave to amend their complaint [Dkt. #80] to the extent Plaintiffs seek to (a) join as additional defendants "John/Jane Does 1-4," individually or in their official capacities as actual or prospective judicial appointees to the Hinds County Circuit Court, or (b) (re)assert any claim predicated on Section 1 of H.B. 1020; and (3) Plaintiffs' motion for a TRO to restrain the aforementioned John/Jane Does 1-4 [Dkt. #82]. There being no justiciable case or controversy in connection with Section 1 of

H.B. 1020 given the Mississippi Supreme Court's holding in *Saunders*, *supra*, this Court should further proceed to dismiss as moot Count II of Plaintiffs' complaint.

    THIS the 4th day of October, 2023.

                                                  Respectfully submitted,

                                                  SEAN TINDELL, in his official capacity as Commissioner of the Mississippi Department of Public Safety; BO LUCKEY, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi, DEFENDANTS

                                                  By:    LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

                                                  By:    <u>s/Rex M. Shannon III</u>
                                                            REX M. SHANNON III (MSB #102974)
                                                            Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov

ATTORNEYS FOR DEFENDANTS
SEAN TINDELL, in his official capacity as Commissioner
of the Mississippi Department of Public Safety; BO LUCKEY,
in his official capacity as Chief of the Mississippi
Department of Public Safety Office of Capitol Police;
and LYNN FITCH, in her official capacity as
Attorney General of the State of Mississippi

**CERTIFICATE OF SERVICE**

    I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

    THIS the 4th day of October, 2023.

s/Rex M. Shannon III  
REX M. SHANNON III
