IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL.,<br><br>*Plaintiffs*,<br><br>v.<br><br>TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL.,<br><br>*Defendants*. | Case No. 3:23-cv-272-HTW-LGI<br><br>**PLAINTIFFS' REPLY TO RESPONSES TO STAY MOTION AND STATUS REPORT ON REMAINING PENDING MOTIONS** |

Plaintiffs agree with Defendants' responses to Plaintiffs' motion for a stay pending appeal that "the motion is moot" (Dkt. 104 at 2) and it "should be denied as moot" (Dkt. 107 ¶ 1). The Mississippi Supreme Court's decision in *Saunders v. State of Mississippi*, No. 2023-CA-00584-SCT (Miss. 2023) (Dkt. 102-1)—issued ***after*** the motion to stay had been filed (Dkt. 100)—struck down the object of that motion, H.B. 1020 § 1. While Plaintiffs agree that the motion is now moot, they emphatically disagree with Defendant Randolph's assertion that the motion was "frivolous and vexatious" when it was filed. This Court's restraining order, which the stay motion sought to keep in place until Plaintiffs could seek relief from the Fifth Circuit, prevented Defendant Randolph from making what the Mississippi Supreme Court has now found would have been unlawful appointments and played a critical role in preserving the rights of the citizens of Hinds County.

Given the Court's October 2, 2023 cancellation of the status conference due to scheduling conflicts, Plaintiffs respectfully submit their positions on the status of all other pending motions below in light of the *Saunders* decision. In short, Plaintiffs believe that many of the prior filings are now moot in whole or in part.

1. The Court can now **dissolve** the orders temporarily restricting the Chief Justice from appointing special circuit judges pursuant to H.B. 1020 § 1 (Dkts. 26, 38).

2. Plaintiffs' motion for clarification of the June 1, 2023 order on judicial immunity (Dkt. 51) can be **denied** as moot because the underlying order regarding § 1 is now moot.[1]

3. Plaintiffs' motion for a temporary restraining order to restrain John/Jane Does 1-4 regarding § 1 (Dkt. 82) can be **denied** as moot.[2]

4. Likewise, Plaintiffs' motion for a preliminary injunction regarding § 1 (Dkt. 40) can be **denied** as moot. Plaintiffs' unopposed motion for leave to exceed the page limit for the reply brief (Dkt. 56) can also be **denied** as moot.

5.a. Plaintiffs' motion for leave to file a first amended complaint (Dkt. 80) can be **denied in part** as moot as to the proposed amendments regarding § 1. These include the proposed addition of defendants John/Jane Does 1-4 and clarifications regarding the Chief Justice on § 1.[3]

5.b. Plaintiffs' motion for leave to amend should be **granted in part**, however, to allow Plaintiffs to add defendants who enjoy no immunity from Plaintiffs' claims on § 4 and § 5 of H.B. 1020 and against whom varying degrees of relief can be granted on those claims: Greg Snowden, Director of the Mississippi Administrative Office of Courts; Liz Welch, Executive Director of the Mississippi Department of Finance and Administration; John/Jane Doe 5, the future CCID judge; and John/Jane Does 6-7, the future CCID prosecutors. *See* Dkt. 81 at 11-14.

---

[1] Plaintiffs continue to maintain that the Chief Justice does not enjoy judicial immunity on the § 4 claim, and that position has been strengthened by *Saunders* decision, as explained below in Paragraph 5.c.

[2] The State Defendants agree this TRO motion can be denied as moot. *See* Dkt. 107 ¶ 16.

[3] The State Defendants agree this motion for leave to amend can be denied in part as moot. *See* Dkt. 107 ¶ 16. Once the Court grants this motion in part, as explained in Paragraphs 5.b and 5.c, Plaintiffs will lodge their amended complaint to be consistent with the Court's order, including omitting § 1 (Count II). The Court therefore need not take the additional step that the State Defendants suggest of dismissing as moot Count II of Plaintiffs' original complaint. *See id.*

5.c.  Plaintiffs also respectfully submit that *Saunders* effectively undermined the Court's September 13, 2023 preliminary oral ruling regarding the Chief Justice's judicial immunity for § 4 appointments.  This Court had concluded that the CCID court appointment satisfies the judicial immunity test because that court functions as a "municipal-hybrid court," "not a traditional municipal court."  Hearing Tr., Ex. A at 12:10-12.  *Saunders* rejected this reasoning, holding that the CCID court is in fact the "functional equivalent" of a municipal court.  Dkt. 102-1 ¶ 48; *see also id.* ¶¶ 44, 52.  Pursuant to the reasoning of *Saunders*, Defendant Randolph does not enjoy judicial immunity under federal law with respect to the appointment of the CCID judge because that is not a normal judicial function of the Chief Justice; in jurisdictions with over 10,000 people, municipal judges "shall be appointed by the governing authorities of the municipality."  Miss. Code § 21-23-4.  Appointment of the "functional equivalent" of a municipal court judge therefore fails the Fifth Circuit's test for judicial immunity.  *See Daves v. Dallas County*, 22 F.4th 522, 539 (5th Cir. 2022) (en banc); *see also* Order, Dkt. 45 at 17 (citing *Daves* test).[4]  Accordingly, Plaintiffs' motion for leave to amend should also be **granted in part** to allow Plaintiffs to name the Chief Justice on the § 4 claim.

6.  If the Court rejects Chief Justice Randolph's affirmative defense of judicial immunity on Plaintiffs' § 4 claim, then his motion for Rule 54(b) certification of his dismissal (Dkt. 54) should be **denied** because the Chief Justice will remain a party to this suit on § 4 and the Court's June 1 ruling on judicial immunity for § 1 appointments (Dkt. 45) is moot because of *Saunders*.

---

[4] The Chief Justice points out that *Saunders* affirmed the Chancery Court's judicial immunity dismissal (Dkt. 104 at 1), but the Court has already held that "[t]his Court [] must apply federal law to the matter at hand, even though the Mississippi Chancery Court has now dismissed Defendant Randolph under Mississippi law."  Dkt. 26 at 3 (citing *Duncan v. Mississippi Bd. of Nursing*, 982 F. Supp. 425, 434 (S.D. Miss.) (Wingate, J.)).

If, however, the Court dismisses the § 4 claim against the Chief Justice, Plaintiffs would join in his request that a final judgment as to the Chief Justice pursuant to Rule 54(b) be **entered**.

7. Regardless of the status of the Chief Justice, Plaintiffs intend to move for a preliminary injunction to enjoin the proposed new defendants and existing Defendant Lynn Fitch from making, accepting and/or implementing the CCID appointments pursuant to § 4 and § 5.[5] To ensure an orderly briefing and hearing process before those provisions go into effect on January 1, 2024, Plaintiffs will file this motion no later than **October 27, 2023**, which is the date the Mississippi Attorney General's Office proposed for Plaintiffs to file this motion. *See* Dkt. 97 at 12. Plaintiffs respectfully request the Court to rule on Plaintiffs' fully briefed and argued motion for leave to amend (Dkt. 80) in advance of that date so that they can move forward with their motion for a preliminary injunction as to § 4 and § 5 on Defendants' proposed schedule.

8. Plaintiffs' motion to expedite discovery (Dkt. 91) can be **denied in part** as moot with respect to the request for discovery on the § 1 claim (Count II), but should be **granted in part** as to the § 4 claim (Count III) and § 5 claim (Count IV), and the Court should issue the Initial Order to require a Rule 26(f) conference and promptly begin discovery in this case overall.

9. Plaintiffs continue to consent to the United States' July 12 motion to intervene (Dkt. 69), which proposed challenging H.B. 1020 § 1, § 4, and § 5 as violating the U.S. Constitution.

## CONCLUSION

As set forth above, the Court should resolve the existing TRO and all pending motions consistent with the Mississippi Supreme Court's decision in *Saunders v. State of Mississippi*, No. 2023-CA-00584-SCT (Miss. 2023).

---

[5] If the Court rejects Chief Justice Randolph's affirmative defense of judicial immunity on Plaintiffs' § 4 claim (as explained in Paragraph 5.c), then Plaintiffs will also include him as a defendant in this motion for a preliminary injunction as to § 4 and § 5.

Respectfully submitted this 5th day of October, 2023.

/s/ Mark H. Lynch
Eric H. Holder, Jr.,* DC Bar # 303115
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
David Leapheart,* DC Bar # 1032122
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com
dleapheart@cov.com

*Counsel for NAACP*

*Pro Hac Vice

/s/ Carroll Rhodes
Carroll Rhodes, MS Bar # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net

Joe R. Schottenfeld,* DC Bar # 1735796
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350
jschottenfeld@naacpnet.org

*Counsel for All Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Brenden J. Cline
Brenden J. Cline