IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL. | PLAINTIFFS |
| VS. | CASE NO. 3:23-cv-00272-HTW-LGI |
| TATE REEVES, in his official capacity As Governor of the State of Mississippi, ET AL. | DEFENDANTS |

**STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION RE H.B. 1020 § 4 AND § 5 [ECF #110]**

Defendants Sean Tindell, in his official capacity as Commissioner of the Mississippi Department of Public Safety, Bo Luckey, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police, and Lynn Fitch, in her official capacity as Attorney General of the State of Mississippi, (hereinafter collectively "the State Defendants") by and through counsel, pursuant to Rules 6(b) and 7, *Federal Rules of Civil Procedure*, file this their motion for extension of time to respond to *Plaintiffs' Motion for a Preliminary Injunction re H.B. 1020 § 4 and § 5* [ECF #110], and in support thereof would show unto the Court the following:

1.  Due to the intervening Thanksgiving holiday that falls within the 14-day response time permitted by the *Local Rules*, as well as the nature of the motion and extensive exhibits filed by Plaintiffs—avoidably—at the eleventh hour, the Court should extend the State Defendants' deadline to respond to Plaintiffs' motion by 10 days, making the State Defendants' response due on or before December 7, 2023.

2.  This is a § 1983 action challenging the constitutionality of portions of 2023 Mississippi House Bill 1020 on Fourteenth Amendment equal protection grounds. The Court has

1

conducted numerous hearings in this matter previously and is well acquainted with the nature of Plaintiffs' claims.

3. Plaintiffs filed their Complaint challenging §§ 4 and 5 (among other provisions) of H.B. 1020 on April 21, 2023. ECF #1. Section 4 of H.B. 1020 provides for the creation of the Capitol Complex Improvement District inferior court ("the CCID Court") and the appointment of a judge for that court by the Chief Justice of the Mississippi Supreme Court. H.B. 1020, § 4. Section 5 of H.B. 1020 provides for the designation of two prosecuting attorneys for the CCID Court by Mississippi's Attorney General. *Id.* § 5. All of the challenged provisions of §§ 4 and 5 of H.B. 1020 take effect January 1, 2024. *See id.* § 4(1)(a). Plaintiffs have not previously sought injunctive relief regarding §§ 4 and 5.

4. On August 18, 2023, Plaintiffs advised of their "inten[t] to file a second (and final) preliminary injunction motion to prevent formation of the CCID Court and appointment of its prosecutors effective January 1, 2024." ECF #92 at 7-8. At that time, Plaintiffs proposed a briefing schedule that would require Plaintiffs to file their second preliminary injunction motion by November 13, 2023, and the State Defendants to file their response 14 days later, by November 27, 2023—the Monday after Thanksgiving. *Id.* The State Defendants objected to this proposal and proposed alternative filing deadlines of October 27, 2023, for Plaintiffs' second preliminary injunction motion and November 10, 2023, for the State Defendants' response (with Plaintiffs' reply being due November 17, 2023). ECF #97 a 12. Defendants' alternative proposal would ensure that no party was unfairly prejudiced by deadlines running over the Thanksgiving holiday.

5. On October 5, 2023, Plaintiffs represented in a reply brief filed in this case that "[t]o ensure an orderly briefing and hearing process before [§§ 4 and 5 of H.B. 1020] go into effect on January 1, 2024, Plaintiffs will file [their second] motion [for preliminary injunction] no later

than **October 27, 2023**, which is the date the Mississippi Attorney General's Office proposed for Plaintiffs to file this motion." ECF #108 at 4, ¶ 7 (emphasis in original). However, in a Zoom status conference with the Court on October 18, 2023, Plaintiffs reneged on this representation and—over the State Defendants' opposition—advised the Court that they would not file their second motion for preliminary injunction until November 13, 2023.

6. At or around 11:35 p.m. on November 13, 2023, Plaintiffs filed their second motion for preliminary injunction—challenging H.B. 1020 § 4 and § 5—along with a 25-page memorandum of authorities and over 1,300 pages of exhibits. ECF #110, #111. Plaintiffs' motion asks the Court to preliminarily enjoin the creation of the CCID Court. *See* ECF #110 at 1; #111 at 2, 24-5. Pursuant to the 14-day response time established by the *Local Rules*, the State Defendants' response is presently due November 27, 2023—i.e., the Monday after Thanksgiving.

7. Plaintiffs have had well over six months to prepare and file their motion for preliminary injunction targeting §§ 4 and 5 of H.B. 1020. Their refusal to do so until November 13—such that the State Defendants' response would be due the day after the Thanksgiving weekend—can only be viewed as a tactical maneuver designed to unfairly prejudice the State Defendants in the preparation of their oppositional response. As a consequence of Plaintiffs' attempt to manufacture an emergency at the eleventh hour, this Court and its staff will also be forced to contend with Plaintiffs' second preliminary injunction motion in the midst of the Thanksgiving and Christmas holiday season.

8. By proclamation of the Governor of Mississippi, State offices will be closed on Thursday, November 23, 2023, and Friday, November 24, 2023, in observance of the Thanksgiving holiday. *See* Governor's Proclamation (Ex. "A"). Notwithstanding office closures and absences associated with the Thanksgiving holiday—which by itself is enough to warrant the

3

requested 10-day extension—Plaintiffs' motion will also necessitate defense counsel's review of well in excess of a thousand pages of exhibits filed with the motion. Plaintiffs' extensive submissions, coupled with the nature of the relief sought, independently warrant affording the State Defendants additional time to evaluate Plaintiffs' motion and related submissions, marshal any relevant responsive submissions, and prepare their response to Plaintiffs' second motion for preliminary injunction.

9. In response to defense counsel's request to represent that the 10-day extension sought herein is unopposed, Plaintiffs' counsel advised that "Plaintiffs would not oppose Defendants' request for a 10-day extension of time to respond to Plaintiffs' second preliminary injunction motion, on the assumption that the parties will still be able to find a mutually agreeable date for a hearing in December after the close of briefing (i.e., after Plaintiffs' replies would be due on Thursday, December 14)." 11/14/2023 E-mail from Mr. Cline to Mr. Shannon and Mr. Nelson (Ex. "B"). In reply, defense counsel advised Plaintiffs' counsel that while it remains the State Defendants' position that Plaintiffs' motion should be heard upon the conclusion of briefing and on or before December 22, 2023, it is the Court—and not the parties—that will set the hearing date, and that the State Defendants cannot consent to a condition over which they have no control. 11/14/2023 E-mail from Mr. Shannon to Mr. Cline (Ex. "C"). As of the time of filing of the instant motion, Plaintiffs have refused to advise unconditionally that the relief sought herein is unopposed.

10. This motion is not interposed for delay or other improper purpose. Given the straightforward nature of the relief requested, the State Defendants request that the Court dispense with the filing of a separate memorandum of authorities.

11. In further support of their motion for extension of time, the State Defendants submit the following:

Exhibit "A"   Governor's Proclamation

Exhibit "B"   11/14/2023 E-mail from Mr. Cline to Mr. Shannon and Mr. Nelson

Exhibit "C"   11/14/2023 E-mail from Mr. Shannon to Mr. Cline

**WHEREFORE, PREMISES CONSIDERED**, the State Defendants respectfully request that the Court make and enter its Order granting their motion for a 10-day extension of time to respond to Plaintiffs' second motion for preliminary injunction [ECF #110], such that the State Defendants' response will be due on or before Thursday, December 7, 2023.

THIS the 15th day of November, 2023.

Respectfully submitted,

SEAN TINDELL, in his official capacity as Commissioner of the Mississippi Department of Public Safety; BO LUCKEY, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi, DEFENDANTS

By:   LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

By:   s/Rex M. Shannon III
REX M. SHANNON III (MSB #102974)
Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov

ATTORNEYS FOR DEFENDANTS

SEAN TINDELL, in his official capacity as Commissioner
of the Mississippi Department of Public Safety; BO LUCKEY,
in his official capacity as Chief of the Mississippi
Department of Public Safety Office of Capitol Police;
and LYNN FITCH, in her official capacity as
Attorney General of the State of Mississippi

## CERTIFICATE OF SERVICE

    I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

    THIS the 15th day of November, 2023.

                                                     s/Rex M. Shannon III
                                                   REX M. SHANNON III