IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

National Association for the
Advancement of Colored People,
et al                                                                                                                    Plaintiffs

vs.                                                                Case No. 3:23-cv-272-HTW-LGI

Tate Reeves, in his official capacity
as Governor of the State of Mississippi;
et al                                                                                                                    Defendants

### Brief in Support of Defendant Chief Justice Randolph's Motion to Strike Redundant, Immaterial, Impertinent, and Scandalous Matters

This brief is respectfully submitted in support of "The Chief Justice's" Motion to Strike. The Motion (Doc. 110), three affidavits (Docs. 110-1, 110-2, and 110-3), and Brief (Doc. 111) should be stricken for the reasons below.

The affidavits and pleadings disgracefully state, infer and imply that the Chief Justice will conduct himself in a racist manner that intentionally denies equal protection under the law to the Plaintiffs. The Plaintiffs redundantly seek relief enjoining The Chief Justice after the Court has previously declared the Chief to be judicially immune. To once more aver that the Chief Justice will intentionally violate the constitutional rights of the black citizens of Jackson is redundant, impertinent, and scandalous.

The Affidavits of the plaintiffs were most assuredly drafted by counsel. As such the affidavits have little probative weight. But the Affidavits and pleadings

are part of the public record and draw unfavorable attention to The Chief Justice. The affidavits, motion and brief improperly cast The Chief Justice as performing his duties as Chief Justice in a racially prejudicial manner. Likewise, the Complaint in this action and proposed Amended Complaint defame, libel and damage The Chief Justice by falsely alleging intentional conduct to harm the Plaintiffs. The purported testimony of the plaintiffs is odious and vile.  As such, the affidavits and the pleadings should be stricken from the record as they detract from the dignity of the Court.

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may on its own initiative, or on motion made by a party, strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court has considerable discretion to strike such material, *G.L.M. Sec. & Sound, Inc. v. LoJack Corp.*, 2012 U.S. Dist. LEXIS 142549, (E.D. N.Y. 2012).

Even when the matter in a pleading is relevant to the controversy, it may nevertheless be stricken if it is scandalous. *Gleason v. Chain Serv. Rest.*, 300 F. Supp. 1241, 1257 (S.D. N.Y. 1969) (an entire pleading may be stricken). An allegation is scandalous if it "reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court." *Wermann v. Excel Dentistry, P.C.*, 2014 U.S. Dist. LEXIS 29091, (S.D. N.Y. 2014). "Even when matter in a pleading is relevant to the controversy, it may nevertheless be stricken if it is scandalous." *Eng v. Casey*, 2014 U.S. Dist. LEXIS 157809, *1-2 (S.D. N.Y. 2014).

The affidavits should be stricken "because they are legally irrelevant." The affidavits are scandalous under Rule 12(f) in that they unjustifiably portray The Chief Justice as personally biased.

The affidavits and pleadings aver a potential discriminatory basis for The Chief Justice's future actions. Importantly, this false and inflammatory supposition is not the basis for this Court findings so the statements are immaterial. Only well-supported, relevant arguments have a place in a legal pleading or brief. *Pigford v. Veneman*, 215 F.R.D. 2, 4-5 (D. D.C. 2003) (striking filings that accused opposing counsel of exhibiting a "racist attitude" without support in facts or evidence, as "scandalous" under Rule 12(f)); *Mallory v. City of Riverside*, 35 F. Supp. 3d 910, 941 (S.D. Ohio 2014). Accusations of racism unsupported by facts or evidence are harassment and scandalous. *Pigford, at §7*.

Allegations of racist behavior or racist disposition are so serious that trumped-up allegations of racism, unsupported by evidence, are particularly invidious. A lawyer's role as advocate and counselor is not only to listen to a client's perspective, but to distill facts from emotion and advise the client of applicable legal standards and why compliance with those standards is necessary before bringing baseless allegations. *See Doss v. Norhardt Crossing Condo. Ass'n (In re Doss),* 2018 Bankr. LEXIS 3944, n. 5 (Bankr. E.D. Wis. 2018).

The Court should strike the allegations that The Chief Justice will not apply equal protection under law as void of any evidentiary support. *See Pigford,* 215 F.R.D. at 4-5. The Court should strike the filings that accused The Chief Justice of

exhibiting "racist attitudes" without support in facts or evidence, and thus "scandalous" per se under 12(f). *In re Johnson,* 236 B.R. 510, 523 (D. D.C. 1999) (Court struck a bankruptcy debtor's ad hominem allegations that the Trustee was a "liar").

Although the action of striking a pleading is a "drastic remedy" the court should exercise its discretion and strike these pleadings. *Handshoe v. Perret*, 2018 U.D. Dist. Lexis 237699 (S.D. Miss. 2012)(Ozerden, D.J.)(pleading not scandalous). Despite the foregoing, however, "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations[,] and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the person who is the subject of the allegations." 5 C Charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure § 1382 (3d ed.), quoted by, *In re Pioneer Health Servs.*, 2018 Bankr. LEXIS 3082, *32 (S.D. Miss. Bnkr. 2012)  In the *Pioneer Health* the Court found allegations of ethical breaches by counsel were scandalous as "unsubstantiated and unsupported." *Id*. at *34.

Statements are to be stricken as "scandalous" when they contain allegations that unnecessarily reflect on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court. *In re 2 TheMart.co, Inc.,* Secs. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) ("scandalous" includes allegations that cast "a cruelly derogatory light on a party or other person"). The scandalous and defamatory false allegations are so devoid of the necessary evidence to sustain them that they amount to little more than name-calling. The district

court rules on a Motion to Strike by exercising its discretion. *U.S. v. Coney,* 690 F.3d 361, **35-36 (5th Cir. 2012).

For these reasons, the Affidavits attached as Exhibits 110-1, 110-2, and 110-3 should be stricken from the record, or alternatively those portions of the Affidavits that are offensive should be stricken. The Motion (Doc. 110) and Brief (Doc. 111) should likewise be stricken.

Respectfully submitted, this 16th day of November, 2023.

                                    Respectfully submitted,

                                    Michael K. Randolph, in his
                                    official capacity as Chief Justice
                                    of the Mississippi Supreme Court

                                    By:    ***/s/ Mark A. Nelson***
                                                Mark A. Nelson, MB #3808

Of Counsel:

Mark A. Nelson, MB #3808
Nelson Law PLLC
7 Woodstone Plaza, Ste. 7
Hattiesburg, MS  39402
Telephone:  601.602.6031
Facsimile:  601.602.3251
mark@nelsonfirm.law

## Certificate of Service

I, Mark A. Nelson, hereby certify that on this the 16th day of November, 2023, I electronically filed the foregoing with Clerk of the Court using the ECF system which will provide notice to all counsel of record.

*/s/ Mark A. Nelson*
Mark A. Nelson