IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

National Association for the
Advancement of Colored People,
et al                                                                                                              Plaintiffs

vs.                                                                  Case No. 3:23-cv-272-HTW-LGI

Tate Reeves, in his official capacity
as Governor of the State of Mississippi;
et al                                                                                                              Defendants

**Response in Opposition to Plaintiffs' Motion for
Preliminary Injunction RE: H.B. 1020 § 4 and § 5**

  Comes now, Michael K. Randolph, in his official capacity as Chief Justice of the Mississippi Supreme Court (Herein, "Chief Justice"), and files this, his Response in Opposition to the Plaintiffs' Motion for Preliminary Injunction RE: H.B. 1020 § 4 and § 5 (Doc. 110).

**Argument**

  Plaintiffs have repeatedly ignored the rulings and opinions of this Court declaring that the Chief Justice is immune and therefore, dismissed. On June 1, 2023, this Court granted the Chief Justice's Motion to Dismiss. (Doc. 45). Since that ruling, the Court has conducted multiple hearings, where Plaintiffs have made extensive and repetitive arguments about the Chief Justice's continuing involvement in the action. The Court has orally affirmed the Chief Justice's dismissal and expressed that a written Order would be forthcoming. The Court's bench rulings have confirmed that the June 1, 2023, Order dismissed the Chief

Justice as a party from the action. As it relates to the Plaintiffs' claims for declaratory relief, the Court ruled from the bench that there is no case or controversy and, therefore, no Article III jurisdiction over the Chief Justice. The Court also ruled that the Chief Justice was dismissed for all purposes, including H.B. 1020 §§ 4 and 5. Despite these rulings, Plaintiffs bring the current Motion, seeking to enjoin the Chief Justice from making appointments pursuant to H.B. 1020 § 4. (Doc. 110).

The Chief Justice has made every attempt to preserve his neutrality throughout these proceedings. His fidelity to the Supreme Court prohibits him from commenting on the merits of these proceedings. To that end, the Chief Justice takes no position on the merits of the Plaintiffs' claim(s), the substantive issues raised by Plaintiffs' most recent Motion for Preliminary Injunction (Doc. 110 and 111), or on H.B. 1020, itself. This response is limited to adamantly oppose the Chief Justice's further inclusion as a party in the action; To object to the Plaintiffs' request for an injunction against him; And, to object to the Plaintiffs' refusal to recognize the law-of-the-case as repeatedly announced by the Court. (Doc. 45).

I. **Plaintiffs' Disregard for the Court.**

As recently as October 18, 2023, the Court reassured the parties that an Order affirming the Chief Justice's dismissal would be forthcoming. Plaintiffs again seek to circumvent or ignore this Court's rulings with the Motion for Preliminary Injunction. (Doc. 110 and 111). By their Motions, Plaintiffs make clear that they

have no intention of honoring this Court's ruling(s) and obstinately continue to seek an injunction against the Chief Justice.[1]

Importantly, the Plaintiffs acknowledge the Court's prior rulings but disregard them nonetheless when their motion states:

> **Because the Court has not** yet ruled on the motion for leave to amend the complaint, issued a written decision expanding its judicial immunity ruling (Dkt. 45) to the appointment of the CCID Inferior Court judge, or **entered a final judgment dismissing Defendant Randolph from this claim, Plaintiffs have included him in this motion** on the understanding that the Attorney General's Office will continue to defend the law without the need for Defendant Randolph's participation in this case.

(Doc. 110, at n. 1)(Emphasis Added). In essence, Plaintiffs intend to harass the Chief Justice with continual motions seeking relief until the Court forces otherwise. Failure to enter a final Order of dismissal prejudices the Chief Justice. It is time that the Court entered its final Order on the Chief Justice.

### II.     The Law-of-the-Case Compels the Denial of Plaintiffs' Motion.

As the Court ruled, the Chief Justice is immune and there is no case or controversy between Plaintiffs and the Chief Justice, and this Court thus lacks subject matter jurisdiction over him. That is the law of the case which should bar the Plaintiffs request for relief against the Chief Justice. "The law-of-the-case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case." *W.J. v. Paley*, 81 F.4d 330, 452 (5th Cir. 2023) quoting, *Lindquist v. City of Pasadena*, 669 F.3d 225, 238-239 (5th Cir. 2012). Plaintiffs' obstinate motion practice

---

[1] Plaintiffs' have separately filed a Motion for Leave to File First Amended Complaint (Doc. 80) which includes the Chief Justice as a Defendant. That Motion should likewise be denied as far as it names the Chief Justice, contrary to the Court's ruling(s).

is in direct contradiction of this Court's written and oral rulings, violative of the law of the case doctrine, and must be brought to an end.

The Fifth Circuit holds that "The rationale on which the doctrine is based is the same as *stare decisis*: a court will follow a ruling previously made unless the prior ruling was erroneous, is no longer sound, or would work an injustice." *Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983). In *Loumar*, the Fifth Circuit noted that while discretionary with the Court, the law of the case doctrine is a nonetheless a "rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." *Id.*, citing, *United States v. United States Smelting Refining & Mining Co.*, 339 U.S. 186, 198 (1950).

On September 5, 2023, the Court conducted an extensive hearing wherein it announced that a final ruling on the Chief Justice would be forthcoming when it stated:

> Now, then, with regard to these matters that we have heard today, this Court intends to write an opinion as fast as possible. **The opinion is going to be released on or before Wednesday week. …. -- the first thing I want to start with will be the status of the Chief Justice in this lawsuit**. I have some determinations that I have rendered that I'm writing up that's going to address his presence in this lawsuit for all purposes, and I then will make that known at the next time we meet. If it is Wednesday by our calendar, that is fine. I can't do it Tuesday, but if there's some conflict with all of these schedules, then we will find some time to do it, but I would like to do it as fast as possible.

(Exhibit 1, at p. 155, 9/5/23 Transcript)(Emphasis Added).

On September 13, 2023, the Court reconvened and issued its bench ruling.[2] The Court stated the following concerning its June 1, 2023, Order dismissing the Chief Justice, the Court stated:

> **First, this Court notes that its previous order dismissing the Chief Justice did not limit its dismissal to a specific claim by the plaintiffs. Rather, this Court found that judicial immunity shielded the Chief Justice from this litigation in its entirety.**

(Exhibit 2, at p. 10, 9/13/23 Transcript)(emphasis added). This ruling alone nullifies any and all arguments made by the Plaintiffs concerning the Chief Justice's continued involvement in the litigation. Since September 13th, Plaintiffs have made several filings relative to the Chief Justice, namely, Doc. 100, 101, 108, 110, and 111. Plaintiffs repeatedly contradict the Court's rulings without hesitation. The instant Motion specifically seeks an injunction against the Chief Justice. (Doc. 110 at p.1). During the same hearing on September 13th, the Court went on to state:

> **A judge acting purely in his adjudicative capacity is not a proper party to a lawsuit challenging a state law**, explained the Court, because the judge, unlike the legislature or State Attorney General, has no personal interest in defending the law. Indeed, in the matter here before the Court, the Chief Justice has constantly intoned that he has no personal interest in defending the law under attack here, that he is a part of this lawsuit because the plaintiffs brought him into the lawsuit because the law commands him to perform certain functions. But that **command to perform functions does not make him a -- an interested party**.

(Ex. 2, at p. 13)(Emphasis Added). This ruling establishes that there exists no case or controversy between the Plaintiffs and the Chief Justice. Since there is no Article III jurisdiction, the Chief Justice is not a proper party to the action.

> So, then, in summary, this Court in this abbreviated opinion states that, one, it adheres to its prior ruling according to Chief Justice judicial immunity

---

[2] The Court expressed that its bench ruling was not appealable and that a "full opinion will be out shortly …." (Ex. 1 at p. 6).

relative to injunctive matters under Section 1. **This Court adheres to its prior ruling excusing the Chief Justice from this lawsuit in toto. This Court enlarges its prior opinion to embrace the same rulings for Section 4 for the same reasons** ….

(Ex. 2, at p. 13-14)(Emphasis Added).

There is no ambiguity concerning the Court's dismissal of the Chief Justice from the lawsuit "in toto." *Id*. No clarification is needed concerning where that leaves the Plaintiffs' claims against the Chief Justice. Addressing the declaratory relief claims against the Chief Justice, the Court stated:

> **The Court then dismisses plaintiffs' declaratory relief claims in both Section 1 and Section 4 because the Chief Justice is not a proper party, as I stated before.**

(Ex. 1, at 14)(Emphasis Added). This ruling was in reference to Fifth Circuit precedent on the lack of case or controversy between a Plaintiff challenging a state law and a judge acting pursuant to the challenged statute. That argument was raised by the Chief Justice's May 4, 2023, Motion to Dismiss (Doc. 19) and disposed of by the Court's Order granting the Motion. (Doc. 45). "The law of the case doctrine is closely related to the principle of *res judicata*. The latter prevents collateral attack on the result of a completed lawsuit between the same parties; **the former prevents collateral attacks against the court's rulings during the pendency of a lawsuit**." *Smith*, 698 F. 2d at 762 (emphasis added). Plaintiffs' motions are nothing more than "collateral attacks against the court's ruling," scorned by the Fifth Circuit. *Id*.

### III. The Need for the Court's Intervention.

On October 18, 2023, the Court again held a status conference via Zoom wherein the Court stated, "So I will submit my opinion in the next few days, but I don't need any more arguments on these matters." (Exhibit 3, at p. 19, 10/18/23 Transcript). The Chief Justice has endured extensive motion practice, hundreds of pages of briefing and multiple rounds of oral argument, all after being dismissed from the litigation. (Doc. 45) Only the Court's forthcoming final Opinion affirming the Chief Justice's dismissal from the case will bring an end to this motion practice.

The Amicus Curiae brief of the United States (Doc. 119) highlights the urgent need for the Court to issue rulings on a number of matters that, in all fairness, should be decided prior to the Plaintiffs' Motion for Preliminary Injunction re HB 1020 § 4 and § 5 (Doc. 110 and 111). The Court has orally ruled that the Chief Justice is immune from suit for all purposes and is dismissed from the litigation "in toto." (Ex. 1). As it relates to the Chief Justice, this bench ruling moots or resolves a number of Plaintiffs' filings. (Doc. 47, 51, 65, 80, 81, 82, 83, 91, 92, 100, and 101).

To the extent the instant Motion seeks to enjoin the Chief Justice, the Court's bench ruling(s) bar the Plaintiffs' requested relief against the Chief Justice. Until the Court confirms its bench ruling(s) in a written Order, the parties are left making disjointed arguments, seeking relief in the alternative, and filing Amicus Curiae pleadings. Plaintiffs themselves recognize the precarious posture this leaves the parties. (Doc. 110 at Fn. 1). Due to the Chief Justice's neutrality, he does not take a position on the merits of the United State's position. The Chief Justice

respectfully requests that, prior to ruling on the Plaintiffs Motion (Doc. 110), the Court enter its Order affirming his dismissal from the litigation, "in toto." (Ex. 1).

## IV. Conclusion

The Court was clear and unambiguous when it dismissed the Chief Justice. The Plaintiffs have proven however, that they have no intention of honoring the Court's oral or written rulings. This practice is an affront to the Court and must be brought to an end. Until the Court renders its written Order, the Chief Justice is left defending himself against the baseless claims of Plaintiffs.

For these reasons, the Chief Justice prays that the Plaintiffs' Motion for Preliminary Injunction (Doc. 110 and 111), be denied as it concerns him, and the Court render its final Order of Dismissal and declare that Order appealable by granting the Chief Justice's Motion for Certification of Appealability. (Doc. 54).

Respectfully submitted, this the 7th day of December, 2023.

Respectfully submitted,

Michael K. Randolph, in his
official capacity as Chief Justice
of the Mississippi Supreme Court

By: */s/ Ned A. Nelson*
         Ned A. Nelson, MB #105712

Of Counsel:

Mark A. Nelson, MB #3808
Ned A. Nelson, MB #105712
Nelson Law PLLC
7 Woodstone Plaza, Ste. 7
Hattiesburg, MS  39402
Telephone:  601.602.6031
Facsimile:  601.602.3251
mark@nelsonfirm.law
ned@nelsonfirm.law

## Certificate of Service

I, Ned A. Nelson, hereby certify that on this the 7th day of December, 2023, I electronically filed the foregoing with Clerk of the Court using the ECF system which will provide notice to all counsel of record.

*/s/ Ned A. Nelson*
Ned A. Nelson