

EXHIBIT
J

# Clarion Ledger

**NEWS**

# DA Robert Shuler Smith slams judge on capital murder case bonds



**Harold Gater**
Mississippi Clarion Ledger

Published 11:53 a.m. CT Aug. 7, 2018 | Updated 3:25 p.m. CT Aug. 7, 2018

Hinds County District Attorney Robert Shuler Smith issued a news release criticizing Hinds County Judge Tomie Green for releasing suspects accused of murder and other violent crimes without notifying prosecutors.

According to Smith, Green reduced the bond for capital murder suspect Crystal Marshall on July 31. However, the indictment released by Smith is for a Crystal Hawkins. Marshall, who is 14, is also known as Crystal Hawkins and Tussy MacMade, Smith says, and is charged in the death of Joseph Baker in February.

Green reduced Crystal Hawkins' bond to $25,000 citing that she has not been indicted as a cause, Smith said in the statement. Smith also cited the release of Nicholas Coats who is charged in the 2017 fatal shooting of 23-year-old Chelsie Lynn Kirschten.

In January, Coats was released from jail after the district attorney's office failed to return an indictment against him before a 90-day deadline set by Judge William Skinner. Coats, 21, was booked back into the Hinds County Detention Center after he and two other men were charged.

Smith said motions have been filed with the Mississippi Supreme Court asking that Green be required to give prosecutors the opportunity to be heard before deciding bond for suspects in custody accused of violent crimes.

Green said the Sheriff's Department and court records for Crystal Marshall have a different Social Security number from the one for Crystal Hawkins whose name on the indictment..

She said a notification is sent out by email when there is a hearing. She said Mississippi Supreme Court rule 8.5(c) requires the senior circuit judge to review the "conditions of

release for every felony defendant who is eligible for bail and has been in jail for more than 90 days."

Under the Constitution people are innocent until proven guilty and bonds are not meant to be punitive, Green said. She added that Crystal Marshall was never released from jail because she could not afford the $25,000 bond. She said the district attorney should not even be discussing the case.

"Mr. Smith has his job to do, and I have mine," Judge Green said.

## Read Procedure for Determination of Release Conditions:

> (c) Review by Circuit Court. No later than seven (7) days before the commencement of each term of circuit court in which criminal cases are adjudicated, the official(s) having custody of felony defendants being held for trial, grand jury action, or extradition within the county (or within the county's judicial districts in which the court term is to be held) shall provide the presiding judge, the district attorney, and the clerk of the circuit court the names of all defendants in their custody, the charge(s) upon which they are being held, and the date they were most recently taken into custody. The senior circuit judge, or such other judge as the senior circuit judge designates, shall review the conditions of release for every felony defendant who is eligible for bail and has been in jail for more than ninety (90) days.
>
> Comment
>
> Rule 8.5 establishes a mechanism for setting bail, and for periodically reviewing bail which has been set but has not been posted. These notice and review requirements should enhance the procedure for ensuring speedy trials or other timely dispositions of criminal cases, and should help avoid the possibility that a person in detention is overlooked by those having custody of that person.
>
> The conditions of release will usually be set on the arrest warrant at the time of its issuance, pursuant to Rule 3.2(a). If not, or if the defendant cannot meet the conditions, the defendant will be afforded a release hearing at the initial appearance as provided by Rules 5.1 and 5.2. Thereafter, under section (b), the conditions can be modified, to be made either more or less stringent, depending on the circumstances. Section (c) is particularly important in requiring that the court and other interested personnel in the judicial system receive notice prior to each court term of the identities of those being held in custody, either without bail or without the ability to

post bail. The clerk of the circuit court shall maintain the lists required by section (c). Section (c) also requires a review of the detention or bail status of those who have remained in custody for more than ninety (90) days.