IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; JACKSON CITY BRANCH OF THE NAACP; DERRICK JOHNSON; FRANK FIGGERS; CHARLES TAYLOR; MARKYEL PITTMAN; CHARLES JONES; and NSOMBI LAMBRIGHT-HAYNES | PLAINTIFFS |
| vs. | CIVIL ACTION No.: 3:23-CV-272-HTW-LGI |
| TATE REEVES, in his official capacity as Governor of the State of Mississippi; SEAN TINDELL, in his official capacity as Commissioner of Public Safety; BO LUCKEY, in his official capacity as Chief of Mississippi Department Public Office of Capitol Police; MICHAEL K. RANDOLPH, in his official Capacity as Chief Justice of the Mississippi Supreme Court; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi | DEFENDANTS |

**ORDER**

On September 21, 2023, the Mississippi Supreme Court rendered a ruling in *Saunders v. State*, No. 2023-CA-00584-SCT, 2023 WL 6154416 (Miss. Sept. 21, 2023), wherein individual plaintiffs challenged two provisions of Mississippi House Bill 1020: Section 1 and Section 4[1] [See Docket no. 102-1]. Section 1 of H.B. 1020 directs the Mississippi Supreme Court's Chief Justice to appoint four special temporary judges to the Seventh Circuit Court District, the district

---

[1] This court addresses only Section 1 of H.B. 1020 in its Order *sub judice*.

1

encompassing all of Hinds County, Mississippi, and the City of Jackson, Mississippi[2].

The *Saunders* Court struck down Section 1 of H.B. 1020 as unconstitutional under the Mississippi Constitution. The Court reasoned that:

> ….Section 1's creation of four new appointed "temporary special circuit judges" in the Seventh Circuit Court District for a specified, almost four-year term violates [the Mississippi] Constitution's requirement that circuit judges be elected for a four-year term[3]….

[Docket no. 102-1, p. 8, ¶7].

The United States Court of Appeals for the Fifth Circuit characterizes mootness as "the doctrine of standing set in a time frame," such that "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338, 344 (5th Cir. 2013) (parentheticals in original, internal quotation marks omitted). The Fifth Circuit instructs this court that "[a]ny set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013) (internal quotation marks omitted). Mootness, then, applies when, as a result of intervening circumstances, "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," rendering the court "no longer capable of providing meaningful relief to the plaintiff." *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (internal quotation marks omitted).

The Temporary Restraining Orders entered in this case [Docket nos. 26 and 38] enjoined the Chief Justice's appointment of four temporary special circuit judges to the Hinds County Circuit Court pursuant to Section 1 of H.B. 1020. Section 1 of H.B. 1020 has now been declared unconstitutional and void by the Mississippi Supreme Court; therefore, Plaintiffs no longer face

---

[2] H.B. 1020, Reg. Sess., 2023 Miss. Laws ch. 546, §1.

[3] Miss. Const. art. 6 § 153.

any alleged threatened harm from prospective judicial appointments to the Hinds County Circuit Court pursuant to H.B. 1020.

This court, accordingly, hereby dissolves the Temporary Restraining Orders currently in place [Docket nos. 26 and 38] and dismisses as moot all judicial appointment claims and related matters brought by the Plaintiffs under H.B. 1020 §1, to wit: Plaintiffs' motions for temporary restraining orders against the Chief Justice [Docket nos. 11 and 24]; Plaintiffs' motion for a preliminary injunction regarding Section 1 of H.B. 1020 [Docket no. 40]; Plaintiffs' motion for a temporary restraining order to restrain John/Jane Does 1-4 [Docket no. 82]; and Plaintiffs' motion to Stay this court's Order lifting the temporary restraining orders in place against the Chief Justice [Docket no. 100].

Further, on December 20, 2023, this court entered its Order [Docket no. 126] dismissing Defendant Chief Justice Michael K. Randolph from this lawsuit, with prejudice, and for all purposes. The Chief Justice of the Mississippi Supreme Court is fully and finally dismissed from this lawsuit. This declaration is not limited to any specific provision of Mississippi House Bill 1020; instead, it encompasses each task assigned to the Chief Justice by the Mississippi State Legislature.

In light of the Chief Justice's dismissal from this lawsuit, Plaintiffs' motion for clarification of this court's June 1, 2023, Order [Docket no. 51]; and the Chief Justice's motion for a certificate of appealability [Docket no. 54] are also dismissed as moot.

In light of the Chief Justice's dismissal and for the reasons stated *supra*, the following outstanding motions are **DISMISSED AS MOOT** at this juncture:

- Motion for Temporary Restraining Order **[Docket no. 11]**
- Second Motion for Temporary Restraining Order **[Docket no. 24]**
- Motion for Preliminary Injunction re: Appointment of Judges **[Docket no. 40]**

3

- Motion to Clarify June 1, 2023, Order on Judicial Immunity **[Docket no. 51]**

- Motion for Certificate of Appealability **[Docket no. 54]**

- Unopposed Motion for Leave to File Excess Pages **[Docket no. 56]**

- Motion for Temporary Restraining Order restraining John/Jane Does 1-4 **[Docket no. 82]** and

- Motion to Stay Proceedings re: Forthcoming Order Lifting TRO Against Defendant Randolph Pending Appeal **[Docket no. 100]**

**SO ORDERED this the 21st day of December, 2023.**

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**