IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL.,<br><br>*Plaintiffs*,<br><br>v.<br><br>TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL.,<br><br>*Defendants*. | Case No. 3:23-cv-272-HTW-LGI<br><br>**PLAINTIFFS' MOTION FOR TRO OR INJUNCTION PENDING APPEAL**<br><br>**RELIEF REQUESTED BY THE END OF THE DAY ON THURSDAY, DECEMBER 28, 2023** |

This motion is occasioned by the imminence of the January 1, 2024 date on which the new CCID Inferior Court comes into existence. Absent relief from this Court by the end of the day on Thursday, December 28, Plaintiffs will be constrained to seek emergency appellate relief on Friday, December 29, which the last working day before January 1. There are two ways in which this Court can provide relief.

First, if the Court is not able to issue a ruling on Plaintiffs' motion for a preliminary injunction regarding H.B. 1020 § 4(2) and § 5(1) (Dkt. 110) by the end of the day on Thursday, December 28, Plaintiffs respectfully request that the Court issue a temporary restraining order to preserve the status quo and prevent irreparable harm pending this Court's adjudication of that motion. As specified in Plaintiffs' preliminary injunction motion, that relief would prevent Attorney General Lynn Fitch from appointing the CCID Inferior Court prosecutors under H.B. 1020 § 5(1), and either (i) prevent Chief Justice Michael Randolph from appointing the CCID Inferior Court judge under § 4(2), or (ii) if the Court will grant Plaintiffs' pending motion for leave to amend the complaint, the Court can instead enjoin the proposed alternative defendants John/Jane Doe 5 from accepting appointment as the CCID Inferior Court judge, and/or Greg

Snowden and Liz Welch from taking any actions to compensate that judge or provide a location for the CCID Inferior Court judge to hold court.

In the alternative, if the Court denies Plaintiffs' motion for a preliminary injunction, Plaintiffs respectfully request the Court to enter an injunction pending appeal pursuant to Fed. R. Civ. P. 62(d), also by the end of the day on December 28.

Absent one of these forms of relief from this Court to maintain the status quo by the end of the day on Thursday, December 28, Plaintiffs will be constrained to seek an emergency administrative injunction from the Court of Appeals on Friday, December 29, which is the last working day before the CCID Court comes into existence. Fed. R. App. P. 8(a)(1), which provides for such relief, requires that a party "must ordinarily move first in the district court." Given the urgency of these matters, if the Court does not issue a decision on this motion or Plaintiffs' underlying preliminary injunction motion (Dkt. 110) by the end of day Thursday, December 28, Plaintiffs will understand the motions to have been constructively denied.

As explained in the memorandum filed herewith, a TRO or injunction pending appeal is necessary "[t]o maintain the status quo and to avoid possible irreparable harm from any violation of constitutional rights to equal protection of the law," as this Court twice found in issuing and then renewing the prior TRO temporarily enjoining the H.B. 1020 § 1 appointment. Dkts. 26, 38. For the same reasons here, Plaintiffs will suffer irreparable harm absent the requested equitable relief temporarily enjoining the § 4 and § 5 appointments; such relief will not harm Defendants; and that relief would be in the public interest.

The CCID Inferior Court comes into existence on January 1, 2024, in only five days. If no preliminary injunction, TRO pending this Court's adjudication, or temporary injunction pending appeal is in place, the Mississippi Attorney General and Chief Justice will be required to

2

appoint the CCID Inferior Court prosecutors and judge under § 4(2) and § 5(1) before the constitutionality of those appointments can be considered. Action by this Court in granting Plaintiffs' preliminary injunction or the instant motion for a TRO or temporary injunction is thus needed to preserve the status quo and avoid irreparable harm to Plaintiffs' constitutional rights. Each of the equitable factors favors issuing a TRO pending this Court's adjudication or temporary injunction pending appeal. Plaintiffs' preliminary injunction motion and the Court's dismissal of Chief Justice Randolph involved serious and difficult legal questions that warrant the opportunity for appellate review.

Respectfully submitted this 27th day of December, 2023.

*/s/ Mark H. Lynch*
Eric H. Holder, Jr.,* DC Bar # 303115
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
David Leapheart,* DC Bar # 1032122
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com
dleapheart@cov.com

*Counsel for NAACP*

*Pro Hac Vice

*/s/ Carroll Rhodes*
Carroll Rhodes, MS Bar # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net

Joe R. Schottenfeld,* DC Bar # 1735796
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350
jschottenfeld@naacpnet.org

*Counsel for All Plaintiffs*