**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL., <br><br> *Defendants*. | Case No. 3:23-cv-272-HTW-LGI <br><br> **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR TRO OR INJUNCTION PENDING APPEAL** <br><br> <u>**RELIEF REQUESTED BY THE END OF THE DAY ON THURSDAY, DECEMBER 28, 2023**</u> |

Without action from this Court, H.B. 1020 § 4(2) and § 5(1) will come into effect in only five days, the last three of which are a holiday weekend. Given this exigency, Plaintiffs respectfully make two alternative requests to preserve the status quo and prevent irreparable harm pending adjudication of Plaintiffs' preliminary injunction motion (Dkt. 110).

First, if the Court is not able to rule on the preliminary injunction by the end of the day on December 28, it can enter a TRO against the appointments pursuant to Fed. R. Civ. P. 65(b). Alternatively, if the Court denies the motion for a preliminary injunction, Plaintiffs respectfully request an injunction pending appeal pursuant to Rule 62(d), also by the end of the day on Thursday, December 28. In the event the motion for a preliminary injunction is denied, Plaintiffs intend to seek both an emergency motion for an injunction pending appeal and a temporary administrative injunction pending consideration of the motion for an injunction pending appeal.[1] Fed. R. App. P. 8(a)(1), which authorizes such relief, requires that a party "must ordinarily move first in the district court." Because December 29 is the last working day before January 1,

---

[1] *See, e.g., United States v. Abbott,* 87 F.4th 616, 621 (5th Cir. 2023); *Richardson v. Tex. Sec'y of State,* 978 F.3d 220, 227 (5th Cir. 2000).

Plaintiffs will be constrained to seek appellate relief no later than that day.  Plaintiffs therefore

respectfully request that the Court rule on this motion by no later than Thursday, December 28.

To warrant a temporary injunction pending a district court's or an appellate court's

consideration of a preliminary injunction motion, a party must show (1) a strong likelihood of

success on the merits; (2) irreparable injury without an injunction; (3) that the balance hardships

supports an injunction; and (4) that the public interest favors such relief.  *Whole Woman's Health*

*v. Jackson*, 13 F.4th 434, 441 (5th Cir. 2021).  The considerations regarding the second, third,

and fourth factors are the same that this Court considered in granting the TRO to provide time to

consider the merits of Plaintiffs' first motion for a preliminary injunction with respect to § 1 of

H.B. 1020.  The rationale for that first TRO applies equally to the instant motion for an

injunction pending appeal.  *See* Order, Dkt. 38 (granting TRO "[t]o maintain the status quo and

to avoid possible irreparable harm from any violation of constitutional rights to equal protection

of the law"); *see also, e.g.*, *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 458 n.9 (5th

Cir. 2014) ("It is always in the public interest to prevent the violation of a party's constitutional

rights."); *Church at Jackson v. Hinds County*, 2021 WL 4344886, at *6 (S.D. Miss. Sept. 23,

2021) (Wingate, J.) (where a party alleges the deprivation of a constitutional right, "no further

showing of irreparable injury is necessary").

Plaintiffs "need only present a substantial case on the merits when a serious legal

question is involved and show that the balance of equities weighs heavily in favor" of the

administrative relief.  *Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (quoting

*United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983)); *see also Laurenzo v.*

*Miss. High Sch. Activities Ass'n, Inc.*, 708 F.2d 1038, 1042 (5th Cir. 1983) (analyzing this

standard for a "stay or injunction pending appeal").  A serious legal question is one with "far-

reaching effects" or which raises "public concerns" that extend beyond the parties to the case. *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 24-25 (5th Cir. 1992).

Plaintiffs' preliminary injunction motion raised such serious legal questions. Plaintiffs' challenge presents significant Fourteenth Amendment questions concerning the disparate and discriminatory treatment of the overwhelmingly Black citizens of Jackson. Those citizens will be the only Mississippians to be stripped of their right to be served by municipal court prosecutors and judges who are selected by officials who are locally elected and accountable. *See* Dkt 111 at 8-20. Furthermore, Plaintiffs raise significant First Amendment concerns around H.B. 1020's speech-chilling effects near the State Capitol. Under H.B. 1020's appointment provisions, politically active citizens in Jackson charged with misdemeanor disturbance of the peace now face the threat of felony punishments and the loss of the ability to run for office or serve on a jury due to the decisions of prosecutors and a judge who are selected by state level officials rather than by locally elected and accountable officials. *See id.* at 5, 14-15.[2] The resolution of these issues will affect the constitutional rights of over 100,000 Black residents of Jackson. And considering H.B. 1020's "stark departure" from traditional Mississippi legal principles, *see id.* at 12, these serious questions warrant an answer before the discriminatory appointment provisions are allowed to take effect.

Plaintiffs' appeal also presents serious legal questions as to whether Plaintiffs' constitutional claim can be defeated by the doctrine of judicial immunity. Plaintiffs will argue on appeal that judicial immunity applies only to adjudicative acts and not to the administrative

---

[2] As we have demonstrated, there is no merit in the argument of the State Executive Defendants that appellate review by an elected Circuit Court judge is an adequate substitute for locally accountable prosecutors and judges at the first level of the criminal justice system. *See* Dkt. 123 at 3-4.

act of the Chief Justice in appointing a municipal court judge, an appointment that he has never made before.  This consequential issue could determine whether Plaintiffs and others may vindicate their constitutional rights in this case and others that may arise in the future in which there is any "task assigned to the Chief Justice by the Mississippi State Legislature," given the scope of the Court's ruling.  Dkt. 127 at 3.  Even if judicial immunity applies here, Plaintiffs' motion for leave to file an amended complaint (Dkt. 80) proposed alternative defendants who have no judicial immunity and are thus amenable to an injunction—John/Jane Doe 5, the individual whom the Chief Justice will select under H.B. 1020 § 4(2); Greg Snowden, who, as Director of the Mississippi Administrative Office of Courts, is responsible for compensating the CCID Inferior Court judge under § 4(3) and designating a location for the CCID Inferior Court under § 7; and Liz Welch, who, as Executive Director of the Mississippi Department of Finance and Administration, shares this responsibility for designating a location for the CCID Inferior Court to hold court under § 7.

All of the foregoing serious legal questions in this case have been hotly litigated to date, and deserve appellate review before the status quo is changed in violation of Plaintiffs' constitutional rights.  Plaintiffs filed their Complaint on April 21, 2023—the same day H.B. 1020 was signed into law—and promptly moved for a TRO and preliminary injunction on the first provision of H.B. 1020 to take effect, § 1.  Since then, several rounds of briefing have been exchanged and hearings held on the merits of Plaintiffs' Equal Protection claim, the status of the Chief Justice as an *Ex parte Young* defendant, and the amendment of the complaint to add alternative defendants who would be amenable to an injunction.  *See* Dkts. 20, 25, 35, 52, 55, 63,

65, 66, 67, 108, 115, 118.[3]  In addition, Defendants refused to provide any discovery and forced

Plaintiffs to move for expedited discovery to support their preliminary injunction motion on H.B.

1020 § 4 and § 5 (Dkt. 91); that discovery motion was fully briefed by September 8, 2023 but

was not resolved before Plaintiffs had to file their preliminary injunction motion.

As for the remaining considerations, all the factors that persuaded the Court to enter and

maintain a TRO with respect to § 1 of H.B. 1020 apply equally to § 4 and § 5, with the addition

of an additional weighty factor.  The State Executive Defendants have argued that there is an

urgent public interest in allowing the CCID Inferior Court begin operations on January 1.  But

the Legislature's approach to the CCID belies any such urgency.  In contrast to the appointments

to the Hinds County Circuit Court, which the Legislature required to be made within 15 days of

enactment of H.B. 1020, the Legislature did not provide for the CCID Inferior Court to come

into existence until more than eight months after enactment—*i.e.*, on January 1, 2024.  Thus,

there is even more justification for the Court to enjoin  § 4 and § 5 pending the Court of Appeals'

expedited consideration whether to enjoin those sections pending appeal than there was for the

Court's decision to enjoin § 1 for six months prior to the Mississippi Supreme Court's ruling that

section § 1 is unconstitutional.  Furthermore, all of the purported benefits of the CCID Inferior

Court can be promptly realized if the Legislature in the upcoming session convening on January

8, 2024 simply provides that the judge and prosecutors for that court be selected in the same

manner as all other municipal court judges and prosecutors are selected—by officials who are

locally elected and accountable.

---

[3] In addition to these issues having been litigated in the context of Plaintiffs' challenge to § 4 and
§ 5 of H.B. 1020,  they were thoroughly litigated in the context of Plaintiffs' challenge to § 1
before the Mississippi Supreme Court mooted that challenge by ruling that the temporary
appointments to the Hinds County Circuit Court violated the Mississippi Constitution.

For the reasons above, the Court should preserve the status quo pending this Court's or appellate review of the serious questions plaintiffs have raised, by temporarily enjoining Attorney General Fitch from appointing the CCID Inferior Court prosecutors under H.B. 1020 § 5(1), and temporarily enjoining either (i) Chief Justice Randolph from appointing the CCID Inferior Court judge under H.B. 1020 § 4(2), (ii) John/Jane Doe 5 from accepting appointment as the CCID Inferior Court judge, and/or (iii) Liz Welch and Greg Snowden from taking any action to compensate the new CCID Inferior Court judge.

Respectfully submitted this 27th day of December, 2023.

*/s/ Mark H. Lynch*
Eric H. Holder, Jr.,* DC Bar # 303115
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
David Leapheart,* DC Bar # 1032122
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com
dleapheart@cov.com

*Counsel for NAACP*

**Pro Hac Vice*

*/s/ Carroll Rhodes*
Carroll Rhodes, MS Bar # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net

Joe R. Schottenfeld,* DC Bar # 1735796
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350
jschottenfeld@naacpnet.org

*Counsel for All Plaintiffs*