IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>          Plaintiffs,<br><br>          v.<br><br>TATE REEVES, in his official capacity as Governor of the State of Mississippi, *et al.*,<br><br>          Defendants. | No. 3:23-cv-272-HTW-LGI |

**UNITED STATES' REPLY IN SUPPORT OF ITS STATEMENT OF INTEREST**

The United States respectfully submits this reply in support of its Statement of Interest, ECF No. 119, and in response to Defendants' opposition to the Statement of Interest. ECF No. 124. This reply is submitted pursuant to the Court's invitation at the December 19, 2023, preliminary injunction hearing.

Statements of interest under 28 U.S.C. § 517 are a routine mechanism for the United States to attend to its interests at the discretion of the Attorney General, and the statute authorizing such filings contains no limitations on the interests that they may advance or the stages of litigation when they may be filed. The statute also does not provide any role for another litigant to second-guess the United States' interests in filing. The United States' Statement of Interest here was timely, appropriate, and in keeping with the Attorney General's broad discretion under 28 U.S.C. § 517. And Defendants have already filed a response to the Statement of Interest, addressing both the legal and merits arguments contained therein.

Furthermore, the other grounds on which Defendants urge this Court to "disregard" the

Statement of Interest are simply merits arguments, and none is persuasive.

> **I.** **The Statement of Interest Was a Routine and Proper Exercise of the Attorney General's Authority to Attend to Any Interest of the United States.**

The Attorney General, under 28 U.S.C. § 517, has "broad discretion" to "dispatch

government lawyers 'to attend to . . . *any* interest of the United States.'"  *Hall v. Clinton*, 285

F.3d 74, 80 (D.C. Cir. 2002) (quoting 28 U.S.C. § 517) (alteration and emphasis in original).

"The Government need not be a party in [the] case to assert its interests."  *Creedle v. Jimenez*,

No. 17-22477, 2017 WL 5159602, at *2 (S.D. Fla. Nov. 7, 2017).  Courts have interpreted

Section 517 "broadly," recognized that it "contains no time limitation and does not require the

Court's leave," and "generally denied motions to strike statements of interest."  *Gil v. Winn Dixie

Stores, Inc.*, 242 F. Supp. 3d 1315, 1317 (M.D. Fla. 2017); *see also*, Order, ECF No. 122,

*Vote.org v. Byrd*, No. 4:23-cv-00111 (N.D. Fla. July 19, 2023) (denying motion to strike United

States' statement of interest, while affording defendant a chance to file a response); *Alvey v.

Gualtieri*, No. 15-1861, 2016 WL 6071746, at *2 (M.D. Fla. Oct. 17, 2016) (denying motion to

strike United States' statement of interest because it was timely, not redundant, and provided the

"valuable perspective" of the DOJ); *Ferrand v. Schedler*, No. 11-926, 2012 WL 1247215, at *1-

2 (E.D. La. April 13, 2012) (denying motion to strike United States' statement of interest and

noting that "the United States has broad discretion to attend to any interests of the United

States"); *Roeder v. Islamic Republic of Iran*, 195 F. Supp. 2d 140, 157-58 (D.D.C. 2002) (stating

that "[n]othing in the language of § 517 limits the United States' participation in any way") *aff'd*,

333 F.3d 228 (D.C. Cir. 2003).

The United States routinely files statements of interest in federal district courts around

the country (and state courts on occasion), as well as amicus briefs in the Courts of Appeals and

the Supreme Court, in voting rights cases and many other types of cases arising under federal laws and the U.S. Constitution.  *See, e.g.*, Civil Rights Division | Voting Section Litigation (justice.gov), Civil Rights Division | Appellate Section – Voting (justice.gov).  The United States routinely files these statements of interest and amicus briefs in cases in which it is not a party, and in cases at every procedural stage of litigation.  The purpose of such briefs is to provide courts with the United States' views as to proper interpretation of federal law.

Interests advanced by the United States in such statements include the proper interpretation of constitutional provisions.  *See, e.g.*, *Exodus Refugee Immigration, Inc. v. Pence*, 165 F. Supp. 3d 718, 727 n.2 (S.D. Ind. 2016) (statement of interest supporting preliminary injunction in Equal Protection Clause challenge); Statement of Interest of the U.S., ECF No. 31, *Voe v. Mansfield*, No. 1:23-cv-00864-LCB-LPA (M.D.N.C. Oct. 27, 2023) (same).  And interests advanced by the United States in such statements also include the proper disposition of motions before the court.  *See, e.g.*, Statement of Interest of the U.S., ECF No. 118, *Vote.Org v. Byrd*, No. 4:23-cv-111 (N.D. Fla. July 10, 2023); Statement of Interest of the U.S., ECF No. 229, *Pa. State Conf. of the NAACP v. Schmidt*, No. 1:22-cv-339 (W.D. Pa. Feb. 3, 2023); Statement of Interest of the U.S., ECF No. 304, *Fla. State Conf. of the NAACP v. Lee*, No. 4:21-cv-187 (N.D. Fla. Dec. 1, 2021).

A review of the published opinions of courts in the Fifth Circuit over the past two years reflects the breadth of issues the United States has addressed in statements of interest and its ability to do so at various stages of litigation.  *See Portee v. Morath*, No. 1:23-cv-551, 2023 WL 8040763, at *3 (W.D. Tex. Nov. 20, 2023) (Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.*); *United States ex rel. Jackson v. Ventavia Rsch. Grp., LLC*, No. 1:21-cv-00008, 2023 WL 2744394, at *1 (E.D. Tex. Mar. 31, 2023) (False Claims Act), *appeal dismissed sub nom. United*

*States ex rel. Jackson v. Ventavia Rsch. Grp., L.L.C.*, No. 23-40278, 2023 WL 7318489 (5th Cir.

Sept. 27, 2023); *Harrison by Harrison v. Young*, No. 3:19-cv-1116, 2023 WL 1769203, at *3

(N.D. Tex. Feb. 3, 2023) (Americans with Disabilities Act); *United States ex rel. Est. of Turner*

*v. Gardens Pharmacy, LLC*, No. 1:18-cv-338, 2022 WL 17824009, at *3 (S.D. Miss. Dec. 20,

2022) (False Claims Act); *League of United Latin Am. Citizens v. Abbott*, 604 F. Supp. 3d 463,

480 (W.D. Tex. 2022) (Voting Rights Act).

In the face of this broad and well-recognized statutory right, Defendants assert the Court

should "refuse to consider" the Statement of Interest on several procedural grounds, none of

which is persuasive.  <u>First</u>, Defendants express their view that the Statement of Interest is

improper because it does not "articulate what" the "interests of the United States" are "in this

litigation."  Defs.' Resp. 2, ECF No. 124.  But it does.  Repeatedly.  Setting aside the fact that it

is the role of the Attorney General and not any other litigant to determine the United States'

interests and how and when they will be protected, the Statement of Interest itself and its

reference to other filings and statements made by the United States spell out the United States'

well-articulated interest in this case.  For example:  the proper interpretation of the applicable

standards for demonstrating intentional discrimination under the *Arlington Heights* framework,

evident throughout the brief; note 3 notifying this Court that the United States intends to file a

preliminary injunction motion of its own, should intervention be granted; and reference to the

Attorney General certifying this matter as one of general public importance, a necessary step in

the United States intervening in such a case.  And Defendants cite no support—there exists

none—for their assertion that statements of interest must be limited only to those cases where the

United States has an "independent cause of action."  *See* Defs.' Resp. 2.  While moving to

intervene is certainly not required to demonstrate interest in a case, the fact that the United States

here has done so, on the basis of the Attorney General's certification that this is a case of general

public importance, itself should suffice to so demonstrate.  Defendants' arguments suggesting

otherwise are incorrect, they are inconsistent with prior statement of interest practice, and they

contradict the plain text of 28 U.S.C. § 517.

Second, Defendants incorrectly characterize the Statement of Interest here as presenting

"improper amicus arguments."  In doing so, they suggest that not only may a statement of

interest not "advance or expand arguments not presented by the parties," Defs.' Resp. 2, but also

that it should be disregarded if it reiterates or "repackages" Private Plaintiffs' arguments, *id.* at

4—an unworkable standard that would undercut the Attorney General's statutory authority and

discretion to identify the interests of the United States.  Section 517 does not limit the United

States' ability to make arguments in this manner.  Moreover, Defendants overstate the surprise

here, because the Statement of Interest fits well within the pleadings, motions, and arguments

raised in this case:  it articulates the equal protection standard applicable to the analysis of H.B.

1020's provisions challenged by Plaintiffs, ECF No. 119 at 14-33, and advanced by Plaintiffs in

their preliminary injunction motion, ECF Nos. 110, 111 at 8-10.  The United States brings an

expertise to this case, broadly in the civil rights context, and specifically in the questions of law

at hand—namely the legal standards applicable to Plaintiffs' claims alleging intentional

discrimination as evaluated under *Arlington Heights*.  *See, e.g.*, ECF Nos. 69-70, 119.

Defendants' reliance on the wrong legal standard for evaluating Plaintiffs' claims demonstrates

the importance of the United States' perspective in these proceedings.  *See*, Statement of Interest

15-18; *cf.* Mem. in Supp. of Defs.' Resp. in Opp. to Prelim. Inj. 15-16, ECF No. 122.

Defendants' arguments about the "proper" role of the United States when filing

statements of interest rely principally on authority from False Claims Act *qui tam* cases, which

involve unique considerations not present in other contexts.  *See* Defs.' Resp. 2, 4.  In *qui tam*

actions, the United States has a "a lengthy opportunity to consider whether to become involved,"

and "retains certain rights" even if it does not become involved, "such as:  the right to be served

with copies of papers, the right to share in any proceeds, and certain rights with respect to

settlements."  *United States ex rel. Paulos v. Stryker Corp.*, No. 11-41, 2013 WL 9557750, at *1

(W.D. Mo. May 28, 2013).  The mere fact that the United States has filed statements of interest

in *qui tam* cases does not undermine the distinction of considerations identified here.  Rather, the

unique nature of the United States' status in a *qui tam* action makes these cases inapplicable to

an analysis of its general authority to file statements of interest under Section 517.

      Third, Defendants suggest that the United States "presumes party status."  Defs.' Resp. 3.

This is simply incorrect, as the United States acknowledged in the first paragraph of the

Statement of Interest that it is not yet a party.  *See* Statement of Interest 1-2 & nn. 1, 3.  Given

that the United States' motion to intervene is still pending, filing a statement of interest was the

appropriate option for the United States to make its views known to the court in this case.

Nothing in 28 U.S.C. § 517 makes the United States' ability to file a statement of interest turn on

"party status" either way—the United States routinely files statements of interest in cases where

it is not a party.

      Finally, Defendants argue the Statement of Interest is "untimely," despite its being filed

just three weeks after Plaintiffs' motion for a preliminary injunction, and before Defendants'

response was due.  In the posture of this case, the United States was responding to Plaintiffs'

motion and did so within an appropriate time following the filing.  It is routine in cases for the

United States to file a statement of interest or amicus brief in between the briefing of opposing

parties.  The United States' response time here was far shorter than in the other cases cited by

Defendants.  *See, e.g.*, *LSP Transmission Holdings, LLC v. Lange*, 329 F. Supp. 3d 695, 703 (D. Minn. 2018), *aff'd sub nom. LSP Transmission Holdings, LLC v. Sieben*, 954 F.3d 1018 (8th Cir. 2020) ("[R]oughly two and one-half months after briefing was completed" and without explanation of cause for delay); *Fair Hous. Ctr. of Cent. Indiana, Inc. v. Rainbow Realty Grp., Inc.*, No. 117-cv-01782, 2022 WL 6158365, at *4 (S.D. Ind. Oct. 7, 2022) ("[M]ore than four months after briefing on the Cross-Motions for Summary Judgment concluded and only after the Court issued its decision on the Cross-Motions.").  Moreover, Defendants here have already filed a response to the Statement of Interest addressing both the legal and merits arguments contained therein.  Defs.' Resp., ECF No. 124.

Defendants' additional claim of prejudice is similarly unfounded.  Defendants refer to a map and certain census data, *see* Defs.' Resp. 4, but census data represented on maps are subject to judicial notice pursuant to Federal Rule of Evidence 201.  *See* Statement of Interest 5 n.6 (citation omitted).  In authorizing the Attorney General to attend to the interests of the United States, 28 U.S.C. § 517 does not contain any limitation on presenting facts.  And the map reflected factual allegations described in the Private Plaintiffs' Complaint.  *See* Compl. ¶¶ 6-7, ECF No. 1.  Defendants have wide resources available to evaluate and respond to census and mapping information.  *See, e.g.*,  Mississippi GIS (ms.gov); The Mississippi Standing Joint Reapportionment Committee (state.ms.us).  Further, the Defendants have not, to date, disputed the map's accuracy.[1]

---

[1] Alternatively, to the extent the Court concludes it cannot consider the map at this stage, that determination should not affect its consideration of the remainder of the Statement.

## II.      Defendants Offer No Reason to "Disregard" the Statement of Interest.

Defendants alternatively ask the Court to "disregard" the Statement of Interest because of merits disagreements with the United States' arguments. *See* Defs.' Resp. 4-8.  Obviously, the weight that the court assigns to the merits of the United States' arguments is a matter within the discretion of the court. *See Presbyterian Church of Sudan v. Talisman Energy, Inc.*, No. 01-9882, 2005 WL 2082846, at \*3-4 (S.D.N.Y. Aug. 30, 2005) (noting that "courts have assigned varying weight to statements of interest by the United States Government according to the circumstances," which include the strength of the United States' interest).  However, the fact that Defendants have recognized so many merits questions relevant to the disposition of the pending motion in the Statement of Interest only underscores that the filing was appropriate.  And none of Defendants' responses has merit.

First, Defendants are incorrect in their representation that Jackson is not "similarly situated" to other large Mississippi municipalities for purposes of municipal-level court appointments.  Mississippi law predating H.B. 1020 provides that "all municipalities" of Mississippi shall have a municipal court, Miss. Code § 21-23-1, and that every municipality "having a population of ten thousand (10,000) or more" shall have at least one municipal judge and prosecuting attorney "who shall be appointed by the governing authorities of the municipality," *id.* § 21-23-3.  State law predating H.B. 1020 draws no other relevant distinction between municipalities with respect to local appointment power over municipal-level court officials, nor does the record reflect any other relevant distinction in practice.

Second, Defendants assert that "the challenged CCID Court provisions are rationally related to multiple legitimate state interests," Defs.' Resp. 5, but fail to connect any of the interests they assert to denying appointment power to Jackson's municipal officials.  Close

examination reveals that each interest they assert rationally relates only to providing additional municipal-level judicial resources.  None explains, or even attempts to explain, an interest in treating Jackson differently with respect to appointment of municipal-level judges and prosecutors.

Third, the crux of the equal protection violation in *City of Greensboro* was that there was "no evidence of a legitimate state interest that is protected by treating the City of Greensboro and its voters differently from all other municipalities and municipal voters in the State, and Greensboro voters are disadvantaged by the State's classification of them as unentitled to the referendum protections given to other municipal voters." *City of Greensboro v. Guilford Cnty. Bd. of Elections*, 120 F. Supp. 3d 479, 488 (M.D.N.C. 2015).  This harm does not turn on direct elections of a particular body of representatives, but rather the unequal treatment of a municipality and its citizens with respect to control over their local affairs compared with other municipalities and citizens in the same state.  In this regard, *City of Greensboro* is indistinguishable from this case.

Finally, the claim that the CCID Court is different in kind from existing municipal courts lacks merit.  The bill itself defines the powers and substantive jurisdiction of the CCID officials by directly incorporating the powers of existing municipal courts.  *See* Statement of Interest 8. The differences between the CCID Court and existing Jackson municipal courts are its gerrymandered geographical jurisdiction and its appointment by statewide instead of local officials.  *Id.*  But these are precisely the forms of unequal treatment that violate the equal protection clause here, not grounds for distinguishing the CCID Court in kind.

## CONCLUSION

For the foregoing reasons, the Court may properly consider the United States' Statement

of Interest, and, considering the arguments set forth in the Statement of Interest and Plaintiffs'

supporting arguments, the Court should grant Plaintiffs' motion for a preliminary injunction.

Dated:  December 27, 2023

Respectfully submitted,

TODD W. GEE                                        KRISTEN CLARKE
United States Attorney                             Assistant Attorney General
Southern District of Mississippi                   Civil Rights Division


*/s/ Angela Givens Williams*                       */s/ Victor J. Williamson*
ANGELA GIVENS WILLIAMS (#102469)                   T. CHRISTIAN HERREN, JR. (AL 6671R63T)
MITZI DEASE PAIGE (#6014)                          JOHN A. RUSS IV (CA 192471)
Assistant U.S. Attorneys                           VICTOR J. WILLIAMSON (DC 495783)
501 E. Court St.                                   J. ERIC RICH (MD 0012130218)
Suite 4.430                                        KAITLIN TOYAMA (CA 318993)
Jackson, MS  39201                                 JOHN POWERS (DC 1024831)
Phone: (601) 965-4480                              ROBERT WEINER (DC 298133)
Angela.Williams3@usdoj.gov                         Attorneys
Mitzi.Paige@usdoj.gov                              Civil Rights Division
                                                   U.S. Department of Justice
                                                   950 Pennsylvania Ave NW – 4CON
                                                   Washington, D.C. 20530
                                                   Phone: (800) 253-3931
                                                   chris.herren@usdoj.gov
                                                   john.russ@usdoj.gov
                                                   j.rich@usdoj.gov
                                                   victor.williamson@usdoj.gov
                                                   kaitlin.toyama@usdoj.gov
                                                   john.powers@usdoj.gov
                                                   robert.weiner@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2023, I electronically filed the foregoing with the

clerk of the court using the Court's ECF system, which will send notification of this filing to

counsel of record.

/s/ Victor J. Williamson
VICTOR J. WILLIAMSON
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice