IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

National Association for the
Advancement of Colored People,
et al                                                                                            Plaintiffs

vs.                                        Case No. 3:23-cv-272-HTW-LGI

Tate Reeves, in his official capacity
as Governor of the State of Mississippi,
et al                                                                                      Defendants

**Response in Opposition to Plaintiffs' Motion
for TRO or Injunction Pending Appeal (Doc. 128, 129)**

      The Chief Justice Michael K. Randolph (Herein, "Chief Justice"), through counsel, files this Response in Opposition to the Plaintiffs' Motion for TRO or Injunction Pending Appeal (Doc. 128) and the accompanying Memorandum in Support of the Motion (Doc. 129).

      Plaintiffs' Motion is delinquent, procedurally flawed, and a baseless attempt to circumvent the Court's rulings, namely; the June 1, 2023 Order (Doc. 45) granting The Chief Justice's Motion to Dismiss (Doc. 19 and 20); and the December 20th Order reaffirming the dismissal of The Chief Justice. (Doc. 126). The Court also dismissed the Chief Justice "in toto" from this litigation in two (2) bench rulings; September 5, and September 13, 2023 (Doc. 120, 120-1, 120-2).

      The Court previously ruled that there exists no case or controversy between Plaintiffs and The Chief Justice and thus, there is no subject matter jurisdiction. *Id*.

(*See* Doc. 66 and 86). Plaintiffs now plead an emergency and seek to enjoin or restrain The Chief Justice pending appeal.

Seven days have passed since the Court entered its Order finding that "The Chief Justice Michael K. Randolph, should be dismissed with prejudice for all purposes." (Doc. 126). The Court's Orders of December 20 and December 21 further denied the Plaintiffs' request for injunctive relief (and all forms of relief) against The Chief Justice. (Doc. 126 and 127).

Plaintiffs delayed seeking relief pending appeal and now decry the "exigency" of the impending effective date of §§ 4 and 5 of H.B. 1020. (Doc. 129 at 1). They demand immediate rulings on their Motion for Preliminary Injunction (Doc. 110), filed November 13th, some seven months after the litigation was initiated. The exigency that Plaintiffs complain is of their own doing, and is nothing but re-litigation of previously denied relief.

This Court first ruled that Judicial Immunity shields The Chief Justice from suit for judicial appointments made pursuant to state law. (Doc. 19, 20 and 45). Second, the Court ruled on September 13 that Judicial Immunity specifically applies to appointments made pursuant to § 4 of H.B. 1020. (Doc. 120-2 at 14). Third, based on sound Fifth Circuit precedent, the Court held that there exists no case or controversy between the Plaintiffs and The Chief Justice. *Id*. Fourth, the Court dismissed The Chief Justice "with prejudice for all purposes." (Doc. 126). Fifth, the Court reiterated this ruling when it found:

> The Chief Justice of the Mississippi Supreme Court is fully and finally dismissed from this lawsuit. **This declaration is not limited to any**

**specific provision of Mississippi House Bill 1020; instead, it encompasses each task assigned to the Chief Justice by the Mississippi State Legislature**.

(Doc. 127 at 3).[1]

Without a case or controversy, the Court lacks subject matter jurisdiction. The current motion, however, seeks to enjoin an immune, previously dismissed party over which the Court has no jurisdiction. (Doc. 120-2 at 14.)

## Conclusion

Plaintiffs again seek extraordinary relief in the ninth hour to avoid this Court's ruling(s) in order to "preserve the status quo." (Doc. 128). The status quo is that The Chief Justice is dismissed and injunctive relief pending appeal has been denied. The "status quo" has involved Plaintiffs mounting repeated and baseless filings for "procedural opportunities." This practice is shameful and should not be tolerated. The prior motions for TRO (Doc. 11), Motion to Stay (Doc. 100) and Motion for Preliminary Injunction (Doc. 40), being previously denied, the current Motion for TRO and/or Preliminary Injunction (Doc. 128) should likewise be denied.

    Respectfully submitted,

    Michael K. Randolph, in his
    official capacity as Chief Justice
    of the Mississippi Supreme Court

    By: */s/ Ned A. Nelson*
        Ned A. Nelson, MB #105712

---

[1] The Court also dismissed as moot several matters namely, Doc. 11, 24, 40, 51, 54, 56, 82, 100.

Of Counsel:

Mark A. Nelson, MB #3808
Ned A. Nelson, MB #105712
Nelson Law PLLC
7 Woodstone Plaza, Ste. 7
Hattiesburg, MS  39402
Telephone:  601.602.6031
Facsimile:  601.602.3251
mark@nelsonfirm.law
ned@nelsonfirm.law

## Certificate of Service

I, Ned A. Nelson, hereby certify that on this the 28th day of December, 2023, I electronically filed the foregoing with Clerk of the Court using the ECF system which will provide notice to all counsel of record.

*/s/ Ned A. Nelson*
Ned A. Nelson