IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL.,<br><br>*Plaintiffs*,<br><br>v.<br><br>TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL.,<br><br>*Defendants*. | Case No. 3:23-cv-272-HTW-LGI<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR INJUNCTION PENDING APPEAL**<br><br>**RULING REQUESTED BY NOON ON WEDNESDAY, JANUARY 3, 2024** |

Pursuant to Fed. R. Civ. P. 62(d), Plaintiffs respectfully request that the Court issue an injunction preventing Defendants Randolph and Fitch from making appointments pursuant to H.B. 1020 § 4(2) and § 5(1) of the judge and prosecutors for the CCID Court during the pendency of Plaintiffs' appeal from the Court's December 31, 2023, order denying Plaintiffs' motion for a preliminary injunction. Dkt. 135. Plaintiffs further respectfully request that the Court rule on this motion by no later than noon on Wednesday, January 3, 2024.

The CCID court has now come into existence, and Defendants Randolph and Fitch are now required by H.B. 1020 to make their appointments. Those appointments, however, are currently stayed by order of the Court of Appeals, which expires at noon on Friday, January 5, 2024. *See* Exhibit A. Absent relief from this Court by noon on Wednesday, January 3, 2024, Plaintiffs will be constrained to seek relief from the Court of Appeals at that time in order for the Court of Appeals to have time to act before the expiration of the current stay at noon on January 5. Plaintiffs seek this relief in the first instance from this Court rather than the Court of Appeals because Fed. R. App. P. 8(a)(1) requires that a party seeking an injunction pending appeal "must ordinarily move first in the district court."

To warrant a temporary injunction pending an appellate court's consideration of a preliminary injunction motion, a party must show (1) a strong likelihood of success on the merits; (2) irreparable injury without an injunction; (3) that the balance hardships supports an injunction; and (4) that the public interest favors such relief. *Whole Woman's Health v. Jackson*, 13 F.4th 434, 441 (5th Cir. 2021). The considerations regarding the second, third, and fourth factors are the same that this Court considered in granting the TRO to provide time to consider the merits of Plaintiffs' first motion for a preliminary injunction with respect to § 1 of H.B. 1020. The rationale for that first TRO applies equally to the instant motion for an injunction pending appeal. *See* Order, Dkt. 38 (granting TRO "[t]o maintain the status quo and to avoid possible irreparable harm from any violation of constitutional rights to equal protection of the law"); *see also, e.g.*, *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 458 n.9 (5th Cir. 2014) ("It is always in the public interest to prevent the violation of a party's constitutional rights."); *Church at Jackson v. Hinds County*, 2021 WL 4344886, at *6 (S.D. Miss. Sept. 23, 2021) (Wingate, J.) (where a party alleges the deprivation of a constitutional right, "no further showing of irreparable injury is necessary").

Plaintiffs "need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor" of the administrative relief. *Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (quoting *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983)); *see also Laurenzo v. Miss. High Sch. Activities Ass'n, Inc.*, 708 F.2d 1038, 1042 (5th Cir. 1983) (analyzing this standard for a "stay or injunction pending appeal"). A serious legal question is one with "far-reaching effects" or which raises "public concerns" that extend beyond the parties to the case. *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 24-25 (5th Cir. 1992).

Although the Court had denied Plaintiffs' preliminary injunction motion, that motion raised such serious legal questions. Plaintiffs' challenge presents significant Fourteenth Amendment questions concerning the disparate and discriminatory treatment of the overwhelmingly Black citizens of Jackson. Those citizens will be the only Mississippians to be stripped of their right to be served by municipal court prosecutors and judges who are selected by officials who are locally elected and accountable. *See* Dkt 111 at 8-20. Furthermore, Plaintiffs raise significant First Amendment concerns around H.B. 1020's speech-chilling effects near the State Capitol. Under H.B. 1020's appointment provisions, politically active citizens in Jackson charged with misdemeanor disturbance of the peace now face the threat of felony punishments and the loss of the ability to run for office or serve on a jury due to the decisions of prosecutors and a judge who are selected by state level officials rather than by locally elected and accountable officials. *See id.* at 5, 14-15.[1] The resolution of these issues will affect the constitutional rights of over 100,000 Black residents of Jackson. And considering H.B. 1020's "stark departure" from traditional Mississippi legal principles, *see id.* at 12, these serious questions warrant an answer before the discriminatory appointment provisions are allowed to take effect.

Plaintiffs' appeal also presents serious legal questions as to whether Plaintiffs' constitutional claim can be defeated by the doctrine of judicial immunity. Plaintiffs will argue on appeal that judicial immunity applies only to adjudicative acts and not to the administrative act of the Chief Justice in appointing a municipal court judge, an appointment that he has never

---

[1] As we have demonstrated, there is no merit in the argument of the State Executive Defendants that appellate review by an elected Circuit Court judge is an adequate substitute for locally accountable prosecutors and judges at the first level of the criminal justice system. *See* Dkt. 123 at 3-4.

3

made before. This consequential issue could determine whether Plaintiffs and others may vindicate their constitutional rights in this case and others that may arise in the future in which there is any "task assigned to the Chief Justice by the Mississippi State Legislature," given the scope of the Court's ruling. Dkt. 127 at 3. Even if judicial immunity applies here, Plaintiffs' motion for leave to file an amended complaint (Dkt. 80) proposed alternative defendants who have no judicial immunity and are thus amenable to an injunction—John/Jane Doe 5, the individual whom the Chief Justice will select under H.B. 1020 § 4(2); Greg Snowden, who, as Director of the Mississippi Administrative Office of Courts, is responsible for compensating the CCID Inferior Court judge under § 4(3) and designating a location for the CCID Inferior Court under § 7; and Liz Welch, who, as Executive Director of the Mississippi Department of Finance and Administration, shares this responsibility for designating a location for the CCID Inferior Court to hold court under § 7.

Plaintiffs do not seek by this motion to re-litigate any of the foregoing questions in this Court. Instead, they seek to maintain the status quo pending appeal.

As for the remaining considerations, all the factors that persuaded the Court to enter and maintain a TRO with respect to § 1 of H.B. 1020 apply equally to § 4 and § 5, with the addition of an additional weighty factor. The State Executive Defendants have argued that there is an urgent public interest in allowing the CCID Inferior Court begin operations on January 1. But the Legislature's approach to the CCID belies any such urgency. In contrast to the appointments to the Hinds County Circuit Court, which the Legislature required to be made within 15 days of enactment of H.B. 1020, the Legislature did not provide for the CCID Inferior Court to come into existence until more than eight months after enactment—*i.e.*, on January 1, 2024. Thus, there is even more justification for the Court to enjoin § 4 and § 5 pending the Court of Appeals'

expedited consideration whether to enjoin those sections pending appeal than there was for the Court's decision to enjoin § 1 for six months prior to the Mississippi Supreme Court's ruling that section § 1 is unconstitutional. Furthermore, all of the purported benefits of the CCID Inferior Court can be promptly realized if the Legislature in the upcoming session convening on January 8, 2024 simply provides that the judge and prosecutors for that court be selected in the same manner as all other municipal court judges and prosecutors are selected—by officials who are locally elected and accountable.

For the reasons above, the Court should preserve the status quo pending appellate review of the serious questions plaintiffs have raised, by temporarily enjoining Attorney General Fitch from appointing the CCID Inferior Court prosecutors under H.B. 1020 § 5(1), and temporarily enjoining either (i) Chief Justice Randolph from appointing the CCID Inferior Court judge under H.B. 1020 § 4(2), (ii) John/Jane Doe 5 from accepting appointment as the CCID Inferior Court judge, and/or (iii) Liz Welch and Greg Snowden from taking any action to compensate the new CCID Inferior Court judge.

Respectfully submitted this 2nd day of January, 2024.

/s/ Mark H. Lynch
Eric H. Holder, Jr.,* DC Bar # 303115
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
David Leapheart,* DC Bar # 1032122
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com
dleapheart@cov.com

*Counsel for NAACP*

*Pro Hac Vice

/s/ Carroll Rhodes
Carroll Rhodes, MS Bar # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net

Joe R. Schottenfeld,* DC Bar # 1735796
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350
jschottenfeld@naacpnet.org

*Counsel for All Plaintiffs*