IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE, ET AL.                    PLAINTIFFS

VS.                                        CASE NO. 3:23-cv-00272-HTW-LGI

TATE REEVES, in his official capacity
As Governor of the State of Mississippi, ET AL.          DEFENDANTS

---

## ORDER

---

On December 31, 2023, at approximately 7:42 P.M Central Standard Time, this court entered its Order [Docket no. 135] denying the Plaintiffs' Motion for a preliminary injunction enjoining Attorney General Lynn Fitch from appointing CCID Inferior Court prosecutors under H.B. 1020 §5 and enjoining Chief Justice Michael Randolph from appointing a CCID Inferior Court judge under H.B. 1020 §4 by January 1, 2024. [1]

On the same day, Plaintiffs in this matter, led by a sense of urgency, filed their appeal with the United States Court of Appeals for the Fifth Circuit before this court had issued its ruling [Docket no. 134]. Unbeknownst to this court, the Fifth Circuit Court had issued its Unpublished Order [Docket no. 136] a few hours after the Plaintiffs filed their appeal. The Fifth Circuit's Order, *inter alia*, directed this court "to issue a final appealable order by noon Wednesday, January 3, 2024". *Id* at p. 2. The Clerk of Court for the United States District Court for the Southern District did not file the Fifth Circuit's Order on this court's docket until January 2, 2024 [See Docket no. 136, filed 01/02/2024).

---

[1] In the same Order, this court also denied the Plaintiffs' request to amend their Complaint.

On January 3, 2024, this court held a Status Conference with all parties to ascertain each party's view of the Fifth Circuit's directive for a "final appealable order". After conferring with each party, this court and all parties agreed that this court's December 31, 2023, Order [Docket no. 135] is a "final appealable order". The parties concluded that the Fifth Circuit had issued its directive before this court had the opportunity to file its Order.

During this January 3, 2024, hearing, this court also heard oral argument concerning the Plaintiffs' Renewed Motion for Preliminary Injunction Pending Appeal [Docket no. 137]. Plaintiffs, by way of this "renewed" motion, asked this court, once again, to halt all proceedings in this matter until resolution of their Fifth Circuit appeal. This court, hearing no new argument from the Plaintiffs, again denied the Plaintiffs' request for an injunction.

This court, in lockstep with the State Defendants' argument, found that Plaintiffs' motion must be denied because: (1) this court has found that Plaintiffs have no standing to seek this injunctive relief; (2) this court already has denied the Plaintiffs' request for a preliminary injunction concerning the above-referenced appointments, and granting this "renewed" motion would award Plaintiffs that same injunctive relief; (3) this court has already denied the Plaintiffs' original motion for an injunction pending appeal; and (4) Plaintiffs have not made a requisite showing for injunctive relief.

Accordingly, this court is satisfied that the Fifth Circuit's concern for a "final appealable order" denying the Plaintiffs' Motion for a preliminary injunction relative to H.B. 1020 §4 and §5 was resolved prior to the Fifth Circuit's issued directive to this court.

In addition to addressing the confusion about a "final appealable order" concerning H.B. §1020 §4 and § 5, this court on this morning, January 3, 2024, addressed Plaintiffs' "renewed" motion for a preliminary injunction pending appeal [Docket no. 137], and denied the same.

**SO ORDERED AND ADJUDGED**, this the 3rd day of January, 2024.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE