IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE, ET AL.                    PLAINTIFFS

VS.                                      CASE NO. 3:23-cv-00272-HTW-LGI

TATE REEVES, in his official capacity
As Governor of the State of Mississippi, ET AL.              DEFENDANTS

## STATE DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

Defendants Sean Tindell, in his official capacity as Commissioner of the Mississippi Department of Public Safety, Bo Luckey, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police, and Lynn Fitch, in her official capacity as Attorney General of the State of Mississippi, (hereinafter collectively "Defendants") by and through counsel, pursuant to Rules 12(b)(1) and 12(h)(3), *Federal Rules of Civil Procedure*, file this their motion to dismiss for lack of subject-matter jurisdiction, and in support thereof would show unto the Court the following:

1.      Plaintiffs' ill-conceived attack on two critical public-safety laws, H.B. 1020 and S.B. 2343, should be dismissed for lack of subject-matter jurisdiction because (1) Count II of Plaintiffs' Complaint is moot; and (2) Plaintiffs lack standing to pursue Counts I, III, and IV of their Complaint. Consistent with this Court's prior rulings, as endorsed in a unanimous Fifth Circuit opinion, this action should be dismissed in its entirety.

2.      Plaintiffs assert only four counts in their Complaint. Taking those counts in the order litigated to date, Count II challenges certain judicial appointments to the Hinds County

1

Circuit Court contemplated by § 1 of H.B. 1020. Count II is mooted by the Mississippi Supreme Court's September 21, 2023, holding that § 1 of H.B. 1020 is unconstitutional under state law. *Saunders v. State*, 371 So. 3d 604, 623 (Miss. 2023). Consistent with this Court's December 21, 2023, Order "dismiss[ing] as moot all judicial appointment claims and related matters brought by the Plaintiffs under H.B. 1020 § 1," Order, Dkt. #127 at 3—and to the extent that Order was at all ambiguous on the point—Count II should be dismissed as moot.

3. Counts III and IV challenge the appointment of a judge and the designation of two prosecutors, respectively, for the Capitol Complex Improvement District Court ("CCID Court") pursuant to §§ 4 and 5, respectively, of H.B. 1020. On December 31, 2023, this Court entered its Order finding that Plaintiffs lack standing to pursue these claims. Order, Dkt. #135. On January 4, 2024, a Fifth Circuit panel unanimously agreed that Plaintiffs lack standing to bring these claims. Consistent with these previous rulings of this Court and the Fifth Circuit, Counts III and IV should be dismissed for lack of standing.

4. Count I, Plaintiffs' only other claim, challenges the city-wide expansion of Capitol Police jurisdiction pursuant to S.B. 2343. Plaintiffs have no basis to seek relief—especially extraordinary injunctive relief—against the expansion of Capitol Police jurisdiction because they cannot establish that this law will ever harm them. None of the individual plaintiffs can show that he or she has experienced or will experience any real-world injury or harm as a result of the city-wide expansion of the Capitol Police jurisdiction, which took effect July 1, 2023. Nor have the NAACP plaintiffs shown that they or their members will suffer any actual injury from the expanded Capitol Police jurisdiction. Plaintiffs claim that expanding the Capitol Police jurisdiction is unlawful, but that does not establish their standing. They have done nothing to show that the city-wide expansion of the Capitol Police jurisdiction will harm *them* or affect *them* in any

way that is different from how the law "affects" any other member of the public. For the same reasons that this Court and the Fifth Circuit rejected standing on Counts III and IV, Plaintiffs' failure to establish standing dooms their only remaining claim, and Count I should likewise be dismissed.

5. Defendants adopt and incorporate by reference, as if fully and completely set forth herein, the arguments and authorities set forth in their *Memorandum of Authorities in Support of State Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction*, being filed contemporaneously herewith.

6. On the basis of the grounds asserted herein and as further set forth in the aforementioned memorandum of authorities, this action should be dismissed for lack of subject-matter jurisdiction predicated on mootness and lack of standing.

7. In further support of their motion, Defendants submit the following:

Exhibit 1    2023 S.B. 2343 (true and correct copy obtained from website of Mississippi Legislature, legislature.ms.gov)

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request that the Court make and enter its Order dismissing Plaintiffs' Complaint, in its entirety, for lack of subject-matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and/or 12(h)(3).

THIS the 17th day of January, 2024.

Respectfully submitted,

SEAN TINDELL, in his official capacity as Commissioner of the Mississippi Department of Public Safety; BO LUCKEY, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi, DEFENDANTS

By: LYNN FITCH, ATTORNEY GENERAL
FOR THE STATE OF MISSISSIPPI

By: s/Rex M. Shannon III
REX M. SHANNON III (MSB #102974)
Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov

ATTORNEYS FOR DEFENDANTS SEAN TINDELL,
in his official capacity as Commissioner of the Mississippi
Department of Public Safety; BO LUCKEY, in his
official capacity as Chief of the Mississippi Department
of Public Safety Office of Capitol Police; and LYNN FITCH,
in her official capacity as Attorney General of the State of Mississippi

**CERTIFICATE OF SERVICE**

    I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

    THIS the 17th day of January, 2024.

s/Rex M. Shannon III
REX M. SHANNON III
