IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL.,<br><br>*Plaintiffs*,<br><br>v.<br><br>TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL.,<br><br>*Defendants*. | Case No. 3:23-cv-272-HTW-LGI<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Plaintiffs seek leave to file an amended complaint to effectuate a voluntary dismissal of Counts I and II by dropping those claims from the proposed pleading. *See* Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2362 (4th ed.) ("[A] plaintiff who wishes to eliminate some claims but not others should do so by moving to amend pursuant to Rule 15."). Plaintiffs' proposed First Amended Complaint leaves Counts III and IV untouched. (Defendant Randolph continues to be identified as a defendant, however, to preserve Plaintiffs' right to appeal his dismissal.) The amended complaint serves the sole purpose of voluntarily dismissing Counts I and II. No new allegations or claims are added.

Fed. R. Civ. P. 15(a) directs that leave to amend "shall be freely given when justice so requires." The Rule "evinces a bias in favor of granting leave to amend." *Dussory v. Gulf Coast Invest. Corp.,* 660 F.2d 594, 597 (5th Cir. 1981). The bias in favor of leave to amend is especially strong with respect to a proposed amendment that seeks to drop claims. Such an amendment reduces rather increases litigation.

"[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 598. Dismissal of Counts I and II

involves none of the factors that can justify denial of leave to amend – *i.e.,* "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previously allowed amendment, undue prejudice to the opposing party, and futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). The parties agree that Count II is moot, so it is due to be dismissed on that ground. As for Count I, there has been little activity. Plaintiffs have not sought any preliminary relief on this count, and there has been no discovery. Defendants have expended only *de minimis* effort on Count I – an answer and a motion to dismiss that simply recycles the standing arguments they advanced in opposition to Plaintiffs' motion for a preliminary injunction on Counts III and IV. These are not substantial reasons to deny a motion for leave to file an amendment to dismiss Count I.

## CONCLUSION

For the reasons stated above, the Court should grant Plaintiffs' motion for leave to file a first amended complaint to voluntarily dismiss Counts I and II.

Respectfully submitted this 31st day of January, 2024.

/s/ *Mark H. Lynch*
Eric H. Holder, Jr.,* DC Bar # 303115
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
David Leapheart,* DC Bar # 1032122
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com
dleapheart@cov.com

*Counsel for NAACP*

**Pro Hac Vice*

/s/ *Carroll Rhodes*
Carroll Rhodes, MS Bar # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net

Joe R. Schottenfeld,* DC Bar # 1735796
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350
jschottenfeld@naacpnet.org

*Counsel for All Plaintiffs*