IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL., <br><br> *Defendants*. | Case No. 3:23-cv-272-HTW-LGI <br><br> **PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION** |

Defendants have moved to dismiss all four counts of the Complaint for lack of subject matter jurisdiction. Dkt. 151. But Plaintiffs have moved for leave to file a First Amended Complaint that drops and voluntarily dismisses two of those four counts, Dkt. 154, and the Court has been divested of jurisdiction over the other two by Plaintiffs' pending appeal. For all these reasons, Defendants' motion to dismiss should be denied.

Both Plaintiffs and Defendants have long agreed that Count II (concerning appointments of temporary judges to the Hinds County Circuit Court) is moot. Plaintiffs offered to file an amended complaint voluntarily dismissing this claim back in October, *see* Dkt. 108 at 2 n.3, and Plaintiffs have today filed a motion to do so. Dkt. 154. Plaintiffs' proposed amended complaint also voluntarily dismisses Count I (concerning expansion of the jurisdiction and powers of the Capitol Police). *Id.* For the reasons stated in Dkt. 155, the Court should grant Plaintiffs' request to voluntarily dismiss these claims. It is neither necessary nor proper for the Court to adjudicate a prior complaint's claims, so the motion to dismiss Counts I and II should be denied as moot.

Given the voluntary dismissal of Counts I and II, all that remains in this case are Counts III (concerning appointment of the CCID judge) and Count IV (concerning appointment of the

CCID prosecutors). Plaintiffs' pending appeal from the denial of their motion for a preliminary injunction, however, divests this Court of jurisdiction to rule on Plaintiffs' standing to bring those claims, and standing is the only ground Defendants assert for dismissal of those claims. The motion to dismiss Counts III and IV therefore should be denied without prejudice to renewal, if appropriate, after the Fifth Circuit resolves the appeal.

## BACKGROUND

On November 13, 2023, Plaintiffs moved for a preliminary injunction to block the appointment provisions of H.B. 1020 § 4 and 5 from taking effect on January 1, 2024. Dkt. 110. To preserve their rights, Plaintiffs on December 31, 2023, appealed from this Court's constructive denial of their motion, Dkt. 134, and moved for an emergency administrative injunction. App. Dkt. 7. The Fifth Circuit promptly granted Plaintiffs an administrative injunction of the appointments until January 5 and directed this Court to issue its written order expressly denying Plaintiffs' motion. Dkt. 136. Before the Fifth Circuit's order was entered on this Court's docket, however, this Court on December 31issued its written order denying Plaintiffs' motion for a preliminary injunction for failure to show standing. Dkt. 135.

Plaintiffs then filed an amended notice of appeal, Dkt. 141, and moved the Fifth Circuit for an emergency injunction pending resolution of the appeal. App. Dkt. 45-1. A motions panel of the Fifth Circuit denied that motion in a "non dispositive published opinion," Dkt. 143 (docket entry), that "d[id] not rule on" the "appeal [of] the denial of a preliminary injunction." *NAACP v. Tindell*, 90 F.4th 419, 422 n.3 (5th Cir. 2024). Plaintiffs' appeal remains pending and will be decided by a merits panel reviewing Plaintiffs' arguments *de novo*. On January 30, the Court of Appeal issued a briefing schedule requiring Plaintiffs to file their opening brief no later than March 11, 2024. *See* App. Dkt. 68.

2

### I. It is Neither Necessary Nor Proper for this Court to Rule on Counts I or II.

The Court need not adjudicate Counts I or II because Plaintiffs have moved for leave to file a First Amended Complaint that voluntarily dismisses those claims. *See* Dkt. 154. Because the proposed amended complaint drops Counts I and II, those claims are "no longer part of [the] lawsuit." *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n.2 (5th Cir. 2010). The Court therefore should deny Defendants' Motion to Dismiss without reaching Defendants' arguments for dismissing those claims, which were raised only in the original Complaint and are moot under the proposed First Amended Complaint. *See id*. ("The Court does not consider [issues that are] no longer part of this lawsuit.").

### II. This Court Is Divested of Jurisdiction Over the Issue of Standing Raised in Defendants' Motion to Dismiss Counts III and IV.

Rather than await the Fifth Circuit's final resolution of whether Plaintiffs have standing to sue on Counts III and IV, Defendants ask this Court to get in front of the Court of Appeals and force Plaintiffs to wage a "two front war" on the same issue. *Shewchun v. United States*, 797 F.2d 941, 942-43 (11th Cir. 1986). The Court should reject this request to waste judicial resources and, more importantly, act beyond the Court's jurisdiction.

This Court lacks jurisdiction to rule on the question of standing while the Fifth Circuit appeal remains pending. "The filing of a notice of appeal is an event of jurisdictional significance[.]" *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The Supreme Court has therefore cautioned that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Id.* The Fifth Circuit has consistently held that when a notice of appeal is filed to confer jurisdiction on a court of appeals, the district court is "divest[ed] [] of its control over those aspects of the case involved in the appeal." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 233 (5th Cir. 2009)

3

(citing *Griggs*, 459 U.S. at 58).  Although a district court may consider "matters ***not*** involved in the appeal," any questions presently on appeal before the Fifth Circuit lie beyond this Court's jurisdiction.  *See id.* at 233 (citation omitted) (emphasis added).

The issue of standing is currently before the Fifth Circuit because this Court denied Plaintiffs' request for a preliminary injunction on that ground alone,[1] and the Fifth Circuit motions panel reached a similar conclusion in denying Plaintiffs' request for an injunction pending appeal.  *See NAACP v. Tindell*, 90 F.4th 419 (5th Cir. 2024).  Standing is not merely "involved in the appeal"; it is the crucial threshold question at its core.  *Alaska Elec. Pension Fund*, 572 F.3d at 233.  Indeed, Defendants' motion demonstrates that Plaintiffs' standing is the critical matter on appeal by citing extensively to the very same order from which Plaintiffs took their appeal,  *see* Dkt. 152 at 9-10 (citing Dkt. 135), and the motions panel's decision.  *See id.* at 10-11.

The motions panel's decision, however, is not the Fifth Circuit's last word on standing, as Defendants mistakenly seem to believe.  The motions panel considering Plaintiffs' emergency motions expressly reserved the ability of the merits panel to conclude differently, noting: "Plaintiffs also appeal the denial of a preliminary injunction. As we are just the motions panel, we do not rule on that request."  *NAACP*, 90 F.4th at 422 n.2.  Indeed, the docket entries for the opinion in both the Court of Appeals and this Court specifically denominates it as "non dispositive."  App. Dkt. 51; Dkt. 143.  Nor does the analysis of the motions panel foreordain the ruling of the merits panel.  For example, the Fifth Circuit recently rejected a motions panel's tentative resolution of a standing question in a similar emergency posture because a "motions

---

[1] *See* Dkt. 135 at 12 ("In this court's eye, Plaintiffs have failed adequately to plead injury-in fact- and therefore failed to establish standing altogether.").

panel decision does not bind us as a merits panel." *Vote.Org v. Callanen*, 89 F.4th 459, 469 (5th Cir. 2023). Although the motions panel has spoken, the issue of whether "plaintiffs fail to plead a cognizable injury-in-fact and thus lack standing to assert their claims" is still an open one in the Fifth Circuit, *NAACP*, 90 F.4th at 425, and Plaintiffs may still prevail in their appeal. Clearly, the standing issue is at the core of Plaintiffs' appeal, and this Court therefore lacks jurisdiction to rule on that issue while the appeal is pending.

Finally, contrary to Defendants' outdated representation in their motion, all discovery proceedings in this action have in fact been stayed pending resolution of this motion. *See* Dkt. 153. To be sure, no other case deadlines have been stayed, but this Court has not set any case deadlines that would require ongoing litigation. And the fact that a court could "resolve the **merits** of a case during the pendency of an interlocutory appeal" does not mean that this Court can revisit the jurisdictional issue of standing during the pendency of the appeal on that same issue. *See* Dkt. 152 at 6 (quoting *Alaska Elec. Pension Fund*, 572 F.3d at 233) (emphasis added). The Court correctly noted in its preliminary injunction order that because of its standing ruling, "This court, accordingly, **need not address the merits** and requirements concerning Plaintiffs' motion for injunctive relief." Dkt. 135 at 12 (emphasis added). Defendants' attempt to now conflate standing with the merits therefore falls flat. *See, e.g.*, *Whole Woman's Health v. Jackson*, 13 F.4th 434, 439 (5th Cir. 2021) (holding that the district court was divested of jurisdiction over "standing and other jurisdictional grounds" while those issues were pending before the Fifth Circuit).[2]

---

[2] In any event, if the Court disagrees with the foregoing, any dismissal should be without prejudice to Plaintiffs filing an amended complaint if they should seek to cure the alleged deficiencies in their standing allegations, including on the basis of changed circumstances or new developments. *See Green Valley Special Util. Dist. v. City of Schertz,* 969 F.3d 460, 469 (5th (continued…)

## CONCLUSION

For the reasons above, the Court should deny the motion to dismiss, without prejudice to possible renewal of the motion depending on the outcome of the pending Fifth Circuit appeal.

Respectfully submitted this 31st day of January, 2024.

<div style="display: flex;">

*/s/ Mark H. Lynch*
Eric H. Holder, Jr.,* DC Bar # 303115
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
David Leapheart,* DC Bar # 1032122
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com
dleapheart@cov.com

*Counsel for NAACP*

**Pro Hac Vice*

*/s/ Carroll Rhodes*
Carroll Rhodes, MS Bar # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net

Joe R. Schottenfeld,* DC Bar # 1735796
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350
jschottenfeld@naacpnet.org

*Counsel for All Plaintiffs*

</div>

---

Cir. 2020 (en banc) ("Ordinarily, when a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice." (citation omitted)).