**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**NATIONAL ASSOCIATION FOR THE**
**ADVANCEMENT OF COLORED PEOPLE, ET AL.**               **PLAINTIFFS**

**VS.**                                      **CASE NO. 3:23-cv-00272-HTW-LGI**

**TATE REEVES, in his official capacity**
**As Governor of the State of Mississippi, ET AL.**          **DEFENDANTS**

**REBUTTAL IN FURTHER SUPPORT OF STATE DEFENDANTS' MOTION TO**
**DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION [DKT. #151]**

## INTRODUCTION

The Court should grant Defendants' motion to dismiss [Dkt. #151] because (1) Plaintiffs concede that two of the counts in their Complaint should be dismissed; and (2) the other two counts should be dismissed for lack of standing or, alternatively, the Court should enter an indicative ruling stating that the Court would grant Defendants' motion to dismiss those counts on remand.

As to Count I (city-wide expansion of Capitol Police jurisdiction) and Count II (Hinds County circuit judge appointments), Plaintiffs concede that both of those counts should be dismissed. The pending appeal denying relief on unrelated counts (i.e., Counts III and IV) does not preclude this Court from dismissing Counts I and II. Plaintiffs do not contend otherwise. In fact, they seek to voluntarily dismiss Counts I and II via a proposed amended complaint. Thus, there is no question or dispute between the parties that Counts I and II should be dismissed.

As to Counts III and IV (CCID Court appointments), Plaintiffs have not articulated any substantive basis for standing in response to Defendants' motion to dismiss. Rather, Plaintiffs' sole argument in response to Defendants' motion to dismiss Counts III and IV is that the pending

appeal divests this Court of jurisdiction to consider Plaintiffs' standing to assert those counts. Since the orders from which Plaintiffs appealed only disposed of Plaintiffs' claims for preliminary injunctive relief as to Counts III and IV, this Court is not divested from jurisdiction to adjudicate standing in the context of Plaintiffs' merits case, and Counts III and IV should be dismissed for lack of standing. Alternatively, if the Court finds that the pending appeal divests the Court of jurisdiction to dismiss Counts III and IV, the Court should issue an indicative ruling pursuant to FRCP 62.1 stating that it would dismiss these counts for lack of standing on remand.

For these reasons and those set forth herein, the Court should dismiss Counts I and II for lack of standing and mootness, respectively, and/or because Plaintiffs seek to voluntarily dismiss those counts. The Court should also dismiss Counts III and IV for lack of standing or, alternatively, issue an indicative ruling stating that the Court would grant Defendants' pending motion to dismiss Counts III and IV for lack of standing if the Fifth Circuit were to remand for that purpose.

## ARGUMENT

## I.  PLAINTIFFS CONCEDE THAT COUNTS I AND II ARE RIPE FOR DISMISSAL.

As to Counts I and II, Plaintiffs assert that "the Court should grant Plaintiffs' request to voluntarily dismiss these claims." Dkt. #156 at 1. Concurrently with filing their response to Defendants' motion to dismiss, Plaintiffs "moved for leave to file a First Amended Complaint that voluntarily dismisses [Counts I and II]." *Id.* at 3.[1] Plaintiffs have thus conceded that Counts I and II are ripe for dismissal.

To the extent Plaintiffs would argue that their pending appeal precludes this Court from dismissing Counts I and II, that argument is misplaced. Plaintiffs' pending appeal is limited to this Court's orders denying preliminary injunctive relief as to Counts III and IV. *See* Dkt. #141.

---

[1] Defendants oppose Plaintiffs' motion for leave to amend their Complaint [Dkt. #154], on the grounds that the amendment sought is futile because Plaintiffs lack standing to assert Counts III and IV.

The orders appealed from do not implicate Counts I or II. *See* Dkt. #135, #140. "A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case . . . . [W]here an appeal is allowed from an interlocutory order, the district court may still proceed with matters *not involved in the appeal*." *Alice L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007) (quotation marks omitted) (emphasis added). Plaintiffs acknowledge that "a district court may consider 'matters ***not*** involved in the appeal.'" Dkt. #156 at 4 (emphasis in original) (quoting *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 233 (5th Cir. 2009)) (quoting *Dusek*, *supra*). Because Counts I and II are matters that are "not involved in the appeal," *see Dusek*, 492 F.3d at 565, of this Court's denial of preliminary injunctive relief as to Counts III and IV, this Court retains jurisdiction to dismiss Counts I and II for lack of standing and mootness, respectively.

For the reasons set forth in detail in Defendants' motion to dismiss, see Dkt. #152 at 8-9, 11-17, coupled with Plaintiffs' desire for voluntarily dismissal, this Court should proceed to dismiss Counts I and II of Plaintiffs' Complaint.

## II. THE COURT SHOULD DISMISS COUNTS III AND IV FOR LACK OF STANDING OR, ALTERNATIVELY, ISSUE AN INDICATIVE RULING STATING THAT IT WOULD DISMISS THESE COUNTS ON REMAND.

Plaintiffs have not articulated any substantive basis for standing in response to Defendants' motion to dismiss. Rather, Plaintiffs' sole argument in response to Defendants' motion to dismiss Counts III and IV is that the pending appeal divests this Court of jurisdiction to consider Plaintiffs' standing to assert those counts. But it stands to reason that a federal court cannot be divested of its obligation to assure itself of its own subject-matter jurisdiction before considering the merits of a case following the denial of preliminary injunctive relief.

The orders from which Plaintiffs appealed only disposed of Plaintiffs' requests for preliminary injunctive relief. *See* Dkt. #135, Dkt. #140. They did not adjudicate the merits of Counts III and IV. *See id.* Thus, as this case is presently postured, the only matter that is presently before the Fifth Circuit is the denial of Plaintiffs' motion for preliminary injunction. "An appeal from a grant or denial of a preliminary injunction does not inherently divest the district court of jurisdiction or otherwise restrain it from taking other steps in the litigation," including "proceed[ing] on the merits of the case." *Satanic Temple, Inc. v. Tex. Health & Human Serv. Comm'n*, 79 F.4th 512, 514 (5th Cir. 2023). However, as a matter of well-settled law, a federal court cannot proceed on the merits without first assuring itself of its own jurisdiction. *Dallas v. Dallas County, Tex.*, 22 F.4th 522, 531 (5th Cir. 2022) ("A federal 'court has a continuing obligation to assure itself of its own jurisdiction, *sua sponte* if necessary.'"); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) ("Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by the parties, or by the court *sua sponte*, at any time."). "Federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines." *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019) (cleaned up). This Court is not precluded from adjudicating Plaintiffs' standing to pursue Counts III and IV on the merits simply because Plaintiffs have been unsuccessful in obtaining a preliminary injunction on that basis. To proceed on a contrary assumption would require the Court to disregard threshold jurisdictional issues that it is continually obligated to examine.

Plaintiffs cite *Whole Woman's Health v. Jackson*, 13 F.4th 434 (5th Cir. 2021), in support of their argument that this Court is divested of jurisdiction. Plaintiffs' reliance on *Jackson* is misplaced. In *Jackson*, the standing and other jurisdictional issues (including sovereign immunity)

presented on interlocutory appeal stemmed from the appeal of the district court's rulings on the defendants' motions to dismiss; those rulings had the potential to be dispositive of Plaintiffs' claims. *See Jackson*, 13 F.4th at 438. In holding that the district court was divested of jurisdiction to consider standing issues during the pendency of the appeal, the Fifth Circuit noted that "sovereign immunity issues 'call for a broader reading of the *Griggs* jurisdictional transfer' than other issues." *Id.* at 446. The Fifth Circuit further reaffirmed that "[h]ow broadly a court defines the aspects of the case on appeal [for purposes of evaluating divestment of jurisdiction] depends on the nature of the appeal." *Id.* (quotation marks omitted). Unlike the posture of the proceedings in *Jackson*, there is presently no ruling on appeal in *this* case that has the potential to be case-dispositive. That is, the only issue that is presently before the Fifth Circuit is whether Plaintiffs were properly denied a preliminary injunction of certain CCID Court appointment provisions while this case is being litigated in the district court. *Jackson* is thus distinguishable and does not mandate divestment of this Court's jurisdiction to adjudicate Plaintiffs' standing to assert Counts III and IV on the merits.

Because this Court is not divested of jurisdiction to adjudicate Plaintiffs' standing as to Counts III and IV, the Court should proceed to dismiss those counts for lack of standing. Coupled with the dismissal of Counts I and II, see *supra*, the Court should accordingly dismiss Plaintiffs' Complaint in its entirety.

Alternatively, if the Court finds that it is divested of jurisdiction to adjudicate Plaintiffs' standing to assert Counts III and IV, the Court should—pursuant to FRCP 62.1—issue an indicative ruling stating that it would grant Defendants' motion to dismiss on remand.

Multiple considerations warrant ensuring that this case is positioned for efficient appellate disposition of the issue of standing on Plaintiffs' only remaining claims (i.e., Counts III and IV).

First, it appears that Plaintiffs and Defendants agree that (1) Counts I and II should be dismissed; and (2) the issue of standing as to the only remaining claims, *viz.*, Counts III and IV, should be made ripe for determination by the Fifth Circuit.  Second, as the Mississippi Supreme Court has recognized, the challenged law—H.B. 1020—"is aimed directly at the City of Jackson's 'crime cancer.'"  *Saunders v. State*, 371 So. 3d 604, 611 (Miss. 2023) (quoting this Court's Order herein, Dkt. #45 at 10).  Thus, there are critical public-safety interests at stake that warrant an expeditious resolution of the question of Plaintiffs standing to pursue Counts III and IV.  Third, assuming this Court is inclined to dismiss Counts III and IV but believes itself to be divested of jurisdiction to do so, judicial economy merits giving the Fifth Circuit the option—before it undertakes its work on the standing issue in connection with the denial of a preliminary injunction—of remanding this case for the benefit of this Court's ruling that Plaintiffs lack standing to pursue Counts III and IV on the merits.

To the extent this Court finds that jurisdiction to dismiss Counts III and IV for lack of standing is presently divested, the Court should take appropriate steps to ensure that the issue of standing as to those counts can be completely resolved by the Fifth Circuit in one fell swoop.  To that end, and for the reasons supporting dismissal as set forth in Defendants' motion to dismiss [Dkt. #151, #152], this Court should—as an alternative to dismissal of Counts III and IV—issue an indicative ruling stating that it would grant Defendants' motion to dismiss those counts on remand.  Pursuant to FRCP 62.1, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state . . . that it would grant the motion if the court of appeals remands for that purpose."  FED. R. CIV. P. 62.1(a)(3).  Employing FRCP 62.1 here as to Counts III and IV will ensure that if this Court is inclined to grant Defendants' motion to dismiss those counts but believes itself to be divested

of jurisdiction, the Fifth Circuit has the option of remanding for dismissal of Counts III and IV for lack of standing in advance of appellate review.

## **CONCLUSION**

For all these reasons, as well as those set forth in Defendants' motion to dismiss [Dkt. #151] and supporting memorandum of authorities filed previously [Dkt. #152], this Court should (1) dismiss Counts I and II for lack of standing and mootness, respectively, and/or because Plaintiffs seek to voluntarily dismiss those counts; and (2) either (a) dismiss Counts III and IV for lack of standing (thereby dismissing Plaintiffs' Complaint in its entirety) or, alternatively (b) issue an indicative ruling stating that the Court would grant Defendants' motion to dismiss Counts III and IV for lack of standing if the Fifth Circuit were to remand for that purpose.

THIS the 7th day of February, 2024.

Respectfully submitted,

SEAN TINDELL, in his official capacity as Commissioner of the Mississippi Department of Public Safety; BO LUCKEY, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi, DEFENDANTS

By:   LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

By:   s/Rex M. Shannon III
        REX M. SHANNON III (MSB #102974)
        Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220

7

Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov

ATTORNEYS FOR DEFENDANTS SEAN TINDELL,
in his official capacity as Commissioner of the Mississippi
Department of Public Safety; BO LUCKEY, in his
official capacity as Chief of the Mississippi Department
of Public Safety Office of Capitol Police; and LYNN FITCH,
in her official capacity as Attorney General of the State of Mississippi

<u>**CERTIFICATE OF SERVICE**</u>

   I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

   THIS the 7th day of February, 2024.

          <u>s/Rex M. Shannon III</u>
          REX M. SHANNON III