**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE, ET AL.**                    **PLAINTIFFS**

**VS.**                                              **CASE NO. 3:23-cv-00272-HTW-LGI**

**TATE REEVES, in his official capacity
As Governor of the State of Mississippi, ET AL.**              **DEFENDANTS**

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE FIRST AMENDED COMPLAINT [DKT. #154]**

---

## INTRODUCTION

Plaintiffs' motion for leave to file an amended complaint [Dkt. #154] should be denied as futile because Plaintiffs lack standing.  That defect is not cured by the proposed amended complaint.  Plaintiffs assert that the sole purpose of amending their Complaint is to voluntarily dismiss Counts I and II while reasserting Counts III and IV, without adding any new allegations or claims.  Because Plaintiffs lack standing to assert Counts III and IV, the amendment sought is futile, and Plaintiffs' motion should be denied.

## ARGUMENT

**I.  PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE DENIED AS FUTILE BECAUSE PLAINTIFFS LACK STANDING.**

While the district court "should freely give leave [to amend] when justice so requires," FED. R. CIV. P. 15(a)(2), this rule "is not a mechanical absolute."  *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982) (quotation marks omitted).  It is well settled that "[a] district court does not abuse its discretion in denying leave to amend [a plaintiff's complaint] when . . . amendment would be futile."  *Crenshaw-Logal v. City of Abilene, Tex.*, 436 Fed. App'x

1

306, 310 (5th Cir. 2011) (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)).   An amendment is futile where the proposed amended complaint would be subject to dismissal for lack of standing.  *See Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017).  *See also Kasprzak v. Am. Gen. Life & Accident Ins. Co.*, 942 F. Supp. 303, 307 (E.D. Tex. 1996) (denying motion for leave to file amended complaint as "an exercise in futility" where amended complaint "would not cure the plaintiffs' lack of standing" and would be "subject to dismissal for lack of standing").

In the case at bar, Plaintiffs' motion for leave to amend their Complaint should be denied as futile because Plaintiffs lack standing to assert the only claims contained in their proposed amended complaint.  Plaintiffs seek to amend their Complaint for the sole purpose of dismissing Counts I and II (city-wide expansion of Capitol Police jurisdiction and Hinds County circuit judge appointments, respectively) and reasserting Counts III and IV (CCID Court appointments).  *See* Dkt. #154 at 1.  Specifically, Plaintiffs assert that "The amended complaint serves the sole purpose of voluntarily dismissing Counts I and II.  No new allegations or claims are added."  Dkt. #155 at 1.  Plaintiffs further assert that "Plaintiffs' proposed First Amended Complaint leaves Counts III and IV untouched."  *Id.  Compare* Dkt. #1 *with* Dkt. #154-1.

Pending before this Court is Defendants' motion to dismiss Plaintiffs' Complaint for lack of standing [Dkt. #151].  Defendants adopt and incorporate by reference, as if fully and completely set forth herein, the arguments and authorities set forth in their pending motion to dismiss [Dkt. #151], supporting memorandum of authorities [Dkt. #152], and supporting rebuttal [Dkt. #157].  All of the arguments addressing Plaintiffs' lack of standing to assert Counts III and IV that appear in the aforementioned briefing apply with equal force to the *identical* Counts III and IV sought to be asserted in Plaintiffs' proposed amended complaint, which Plaintiffs concede adds no new allegations or claims.  *See* Dkt. #155 at 1.  Because Plaintiffs' lack of standing is not cured by their

proposed amended complaint, the proposed amended complaint would be subject to dismissal, rendering the proposed amended complaint futile.  For this reason alone, Plaintiffs' motion for leave to amend should be denied.

## **CONCLUSION**

For all these reasons, Plaintiffs' motion for leave to file a first amended complaint [Dkt. #154] should be denied as futile for lack of standing, and the Court should proceed to grant Defendants' pending motion to dismiss [Dkt. #151].

THIS the 7th day of February, 2024.

<div style="margin-left: 40%;">

Respectfully submitted,

SEAN TINDELL, in his official capacity as Commissioner of the Mississippi Department of Public Safety; BO LUCKEY, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi, DEFENDANTS

By:   LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

By:   s/Rex M. Shannon III
      REX M. SHANNON III (MSB #102974)
      Special Assistant Attorney General

</div>

REX M. SHANNON III (MSB #102974)
GERALD L. KUCIA (MSB #8716)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
gerald.kucia@ago.ms.gov

ATTORNEYS FOR DEFENDANTS SEAN TINDELL,

in his official capacity as Commissioner of the Mississippi
Department of Public Safety; BO LUCKEY, in his
official capacity as Chief of the Mississippi Department
of Public Safety Office of Capitol Police; and LYNN FITCH,
in her official capacity as Attorney General of the State of Mississippi

## CERTIFICATE OF SERVICE

     I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

     THIS the 7th day of February, 2024.

<div align="right">

s/Rex M. Shannon III
REX M. SHANNON III

</div>