IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

National Association for the
Advancement of Colored People,
et al                                                                                                   Plaintiffs

vs.                                                                                Case No. 3:23-cv-272-HTW-LGI

Tate Reeves, in his official capacity
as Governor of the State of Mississippi;
et al                                                                                   Defendants

**Response in Opposition to Plaintiffs'**
**Motion for Leave to File First Amended Complaint**

      Comes now, Michael K. Randolph, in his official capacity as Chief Justice of the Mississippi Supreme Court (Herein, "Chief Justice"), and files this, his Response in Opposition to the Plaintiffs' Motion for Leave to File First Amended Complaint. (Doc. 154 and 155).

      Plaintiffs have sought leave to file an amended complaint in response to the State Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Plaintiffs' proposed amended complaint (Doc. 154-1) does not and cannot cure the jurisdictional deficiencies raised by the State Defendants' Motion to Dismiss. Further, the proposed amended complaint defiantly names the Chief Justice as a party and continues to seek relief against him, despite this Court repeatedly affirming his dismissal. (Doc. 45, 126, and 127). Plaintiffs' Motion and proposed amended Complaint are simply a tired recitation of previous arguments.

The Chief Justice has been dismissed from this suit, with prejudice. (Doc. 126 and 127). This Court's dismissal was not limited to specific claims brought by the Plaintiffs, nor was it limited to specific aspects of the challenged H.B. 1020. Id. Rather, his dismissal "[i]s not limited to any specific provision of Mississippi House Bill 1020; instead, it encompasses each task assigned to the Chief Justice by the Mississippi State Legislature." (Doc. 127 at 3). Plaintiffs argue that the Chief Justice's inclusion as a party in the proposed amended Complaint is "to preserve Plaintiffs' right to appeal his dismissal." (Doc. 155). Not only does this pleading expressly circumvent this Court's prior rulings, it unnecessarily prolongs the inevitable, an appeal. The Plaintiffs currently appeal the Court's denial of a preliminary injunction. (Doc. 134 and 141). Plaintiffs failed to include this Court's ruling(s) concerning the Chief Justice in their appeal. By again seeking relief against the Chief Justice before this Court, it is clear the Plaintiffs intend to needlessly drag the Chief Justice through litigation from which he has repeatedly been dismissed. (Doc. 45, 126, and 127).

Given the Court's Order(s) dismissing the Chief Justice, any amendment that includes the Chief Justice as a party would be futile. See *Windmill Wellness Ranch, L.L.C. v. Blue Cross & Blue Shield of Tex.*, 2020 U.S. Dist. LEXIS 224972 (W.D. T.X, Nov. 23, 2020). Plaintiffs' claims against the Chief Justice cannot survive a motion to dismiss. (Doc. 45, 126, and 127). Accordingly, "**Amendment would be futile if the proposed amendment could not survive a motion to dismiss**." *Upton v. Vicknair*, 2023 U.S. Dist. LEXIS 26243, *6 (E.D. L.A., Feb. 16th, 2023)(emphasis

added); quoting, *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).

To be clear, Plaintiffs' proposed amended complaint is in direct contravention of the Court's prior rulings. Denial of the Motion is required where the amendment would be futile. "Rule 15(a) authorizes a district court to deny a motion for leave to amend where the amendment would be futile …" *Adams Family Trust v. John Hancock Life Ins. Co., U.S.A.*, 424 Fed. Appx. 377, 381 (5th Cir. 2011).

As set forth by the State Defendants' Motion to Dismiss, Plaintiffs lack standing to assert any of the remaining claims raised by the Complaint, and this Court therefore, lacks subject matter jurisdiction over the matter. (Doc. 151). As further set forth in the State Defendants' Response in Opposition to the Motion for Leave, the proposed amended Complaint would be futile and should be denied. (Doc. 158 at 1-3). For the sake of brevity, the Chief Justice hereby adopts and incorporates the factual and legal arguments set forth in the State Defendants' Motion to Dismiss for lack of subject matter jurisdiction (Doc. 151), as if fully restated herein. The Chief Justice expressly joins in the requested relief sought by the Motion. (Doc. 151). Further, the Chief Justice adopts and incorporates the factual and legal arguments asserted in the State Defendants' Response in Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 158), as if fully restated herein.

Forcing the Chief Justice to continuously assert his immunity and defend his neutrality is vexatious, distracting, and costly. The Motion violates the Plaintiffs'

obligations under Rule 11. The Chief Justice has needlessly incurred significant expense defending baseless claims against his office. Plaintiffs should not be allowed to proceed on such a haphazard and ill-informed path.

Respectfully submitted, this, the 14th day of February, 2024.

    Respectfully submitted,

    Michael K. Randolph, in his
    official capacity as Chief Justice
    of the Mississippi Supreme Court

    By: */s/ Ned A. Nelson*
        Ned A. Nelson, MB #105712

Of Counsel:

Mark A. Nelson, MB #3808
Ned A. Nelson, MB #105712
Nelson Law PLLC
7 Woodstone Plaza, Ste. 7
Hattiesburg, MS  39402
Telephone:  601.602.6031
Facsimile:  601.602.3251
mark@nelsonfirm.law
ned@nelsonfirm.law

## Certificate of Service

I, Ned A. Nelson, hereby certify that on this the 14th day of February, 2024, I electronically filed the foregoing with Clerk of the Court using the ECF system which will provide notice to all counsel of record.

    */s/ Ned A. Nelson*
    Ned A. Nelson