IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL., <br><br> *Defendants*. | Case No. 3:23-cv-272-HTW-LGI <br><br> **PLAINTIFFS' SURREPLY IN OPPOSITION TO STATE DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION** |

Defendants' reply brief in support of their Motion to Dismiss Counts III and IV of Plaintiffs' Complaint raises a new "alternative" argument: Defendants now assert that even if this Court has been divested of jurisdiction pending appeal (as it has), the Court "should— pursuant to FRCP 62.1—issue an indicative ruling stating that it would grant Defendants' motion to dismiss on remand." Dkt. 157 at 5-6. That Rule provides: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Defendants cite no authorities to support their new argument, and the Rule itself and case law are to the contrary. For multiple, independent reasons, Defendants' new alternative argument should be rejected.

*First*, Defendants' request for an indicative ruling is untimely and has been waived. Nothing prevented Defendants from making this request in conjunction with their Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Dkt. 151). As a general matter, new arguments raised in a reply brief should be disregarded. *See Farani v. File*, 565 F. Supp. 3d 804, 808 (S.D.

Miss. 2021) (Wingate, J.) ("The general rule in the Fifth Circuit is that arguments raised for the first time in a reply brief are waived."). And where the new argument seeks an entirely new ruling that must be requested in a motion that is "timely," denial of the motion is all the more appropriate. *See Schaeffer v. Warren Cnty.*, 2017 WL 5709640, at *1 (S.D. Miss. Nov. 27, 2017) (Wingate, J.) ("This argument is untimely, having been raised in reply."), *aff'd*, 744 F. App'x 871 (5th Cir. 2018).

*Second*, Defendants' request for an indicative ruling does not meet the textual requirements of the Rule 62.1(a) in the circumstances here. That Rule applies only when a "motion is made for **relief** that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1(a) (emphasis added).[1] Here, however, Defendants' motion to dismiss the complaint is not a "motion for relief" pending appeal. Relief is defined as "[t]he redress or benefit, esp. equitable in nature (such as an injunction or specific performance), that a party asks of a court." *Relief*, Black's Law Dictionary (11th ed. 2019). Defendants' motion to dismiss seeks no affirmative "redress or benefit," equitable or otherwise, so it is not a motion for "relief" subject to Rule 62.1. "Defendants' motion to dismiss is not a motion for affirmative relief but is simply defending a suit against it . . . ." *Suss v. JP Morgan Chase Bank, N.A.*, 2009 WL 2923122, at *4 (D. Md. Sept. 10, 2009); *see also Swiney v. Texas*, 2007 WL 9702917, at *1 (W.D. Tex. Mar. 20, 2007) ("The filing of a motion to dismiss constitutes defending against a claim for affirmative relief." (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989)). Further, the Advisory Committee Notes explain that Rule 62.1 was drafted to cover motions for "relief" because it adopted a clear

---

[1] As its title indicates, Rule 62.1 provides a procedure for an "Indicative Ruling on a **Motion for Relief** That Is Barred by a Pending Appeal." *Id.* (emphasis added). The title of subsection (a) further makes plain that it merely provides "**Relief** Pending Appeal." *Id.* (emphasis added).

2

procedure that applies "whenever relief is sought *from an order* that the court cannot reconsider because the order is the subject of a pending appeal." See Fed. R. Civ. P. 62.1 advisory committee notes to 2009 adoption (emphasis added).  But Defendants do not seek relief from the Court's denial of Plaintiffs' preliminary injunction motion or any other order of the Court. Instead, they hope to sustain that order and expand the ruling while it is undergoing appellate review and may be reversed or revised by the Fifth Circuit.  See Dkt. 152 at 9-10 (citing Dkt. 135).  Defendants' motion is thus ineligible for Rule 62.1's procedures under the Rule's plain terms.

*Third*, even if Rule 62.1 applies, Defendants' motion should be deferred or denied without prejudice, as Rule 62.1(a)(1) and (a)(2) provide, and as the case law supports.  In *Burgess v. FDIC*, 2023 WL 4354219 (N.D. Tex. July 5, 2023), the court had ruled on a preliminary injunction motion that included arguments concerning its subject matter jurisdiction. *Id.* at *2.  After the preliminary injunction ruling was appealed, the defendants moved to dismiss the plaintiffs' complaint under Rule 12(b)(1) based on their same subject matter jurisdiction arguments.  *Id.*  Because the parties had "appealed the Court's [Preliminary Injunction] Order, including the Court's analysis of [subject matter jurisdiction], to the United States Fifth Circuit Court of Appeals," *id.* at *3, the Court "DEFERRED" re-adjudication of that issue "pending the outcome of the appeal and cross-appeal currently before the Fifth Circuit." *Id.* at *6.  *Burgess* demonstrates that, if Defendants' request for an indicative ruling while the standing issue is before the Court of Appeals is not denied, it should be deferred without a premature indicative ruling.  See also *Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of N.Y. Mellon*, 297 F.R.D. 218, 223 (S.D.N.Y. 2013) (deferring decision under Rule 62.1 "until the

3

appeal concludes," with the moving party "invited to renew their motion, if appropriate, at that time").[2]

*Fourth,* this is not the "rare[]" case where an indicative ruling would be "helpful to the court of appeals." *See Han Tak Lee v. Cameron*, 2015 WL 1000231, at *4 (M.D. Pa. Mar. 5, 2015) ("[C]ourts construing motions for indicative rulings under Rule 62.1 have rarely found such rulings to [be] prudential or helpful to the court of appeals."). Indicative rulings should "further the appeal or obviate its necessity." *Ret. Bd. of Policemen's Annuity & Ben. Fund*, 297 F.R.D. at 221. Here, however, an indicative ruling on the motion to dismiss for lack of standing—whether granting or denying the motion—will not further the existing appeal of the preliminary injunction denial or obviate Plaintiffs' need for appellate review of the standing issue. *See id.* at 223 ("Whichever way this Court might rule on [] standing given another opportunity, the loser would be likely to appeal . . . . Far from obviating the current appeal, proceeding with only a district court decision on [] standing would not terminate the current appeal and would have the potential for spawning future appeals.").

More importantly, "an indicative ruling on the very issue on appeal only interrupts the appellate process." *Id.* at 221. That is the case here: For essentially the same reasons explained in Plaintiffs' opposition (Dkt. 156 at 3-5), denial or deferral of the motion to dismiss is the proper approach because the motion improperly seeks a ruling on the same question being reviewed by the court of appeals. *See Callahan v. Azar*, 2019 WL 13060746 (N.D. Ga. Aug. 16, 2019) ("[T]here is little indication the drafters of that rule intended it to be used . . . to ask a

---

[2] Defendants' reply brief conspicuously omits the language in Rule 62.1(a) that authorizes this intermediate disposition between granting or denying a request for an indicative ruling. *See* Dkt. 157 at 6 (quoting only subsection (a)(3)). The Rule does not merely authorize indicative rulings ((a)(3)); it also expressly allows the district court to "defer considering the motion" ((a)(1)) or "deny the motion" ((a)(2)).

4

district court to issue an indicative ruling reconsidering the same question being reviewed by the court of appeals." (quoting *Ret. Bd. of Policemen's Annuity & Ben. Fund*, 297 F.R.D. at 221)); *Kesterson v. Kent State Univ.*, 2019 WL 1880033, at *2 (N.D. Ohio Apr. 26, 2019) ("The Court sees no value in revisiting that ruling while the same matter is the subject of an appeal before the Sixth Circuit."). This Court has already made its view clear that Plaintiffs lack standing as to Counts III and IV. Indeed, the denial of Plaintiffs' motion for a preliminary injunction was based entirely on the Court's ruling on standing. And the Fifth Circuit is well aware of this Court's opinion. *See NAACP v. Tindell*, 90 F.4th 419, 422 (5th Cir. 2024) (motions panel summarizing this Court's December 31 order on standing). Not only does Plaintiffs' pending appeal of that ruling divest this Court of jurisdiction to revisit the standing issue, it would be a waste of judicial resources to issue an indicative ruling repeating what the Court has already stated, and would "interrupt the appellate process" by interjecting this Court's views on the matter now on appeal. *Ret. Bd. of Policemen's Annuity & Ben. Fund*, 297 F.R.D. at 221.

## CONCLUSION

For the reasons above, as well as in Plaintiffs' opposition brief, the Court should deny the motion to dismiss without prejudice to possible renewal of the motion depending on the outcome of the pending Fifth Circuit appeal.

Respectfully submitted this 14th day of February, 2024.

/s/ *Mark H. Lynch*
Eric H. Holder, Jr.,* DC Bar # 303115
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
David Leapheart,* DC Bar # 1032122
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com
dleapheart@cov.com

*Counsel for NAACP*

**Pro Hac Vice*

/s/ *Carroll Rhodes*
Carroll Rhodes, MS Bar # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net

Joe R. Schottenfeld,* DC Bar # 1735796
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350
jschottenfeld@naacpnet.org

*Counsel for All Plaintiffs*

6