## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., | Case No. 3:23-cv-272-HTW-LGI |
| *Plaintiffs*, | |
| v. | **PLAINTIFFS' REPLY TO DEFENDANT RANDOLPH'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL., | |
| *Defendants*. | |

Defendant Randolph opposes Plaintiffs' Motion for Leave to File First Amended Complaint to voluntarily dismiss Counts I and II. Dkt. 159. Those claims, however, do not concern him. He was never named in Count I, and all parties agree that Count II is moot and should be dismissed on that ground. Defendant Randolph therefore lacks standing to oppose a motion seeking to eliminate Counts I and II from the Complaint.

Only Count III concerns Defendant Randolph, and Plaintiffs have proposed no amendments to Count III (or IV). Nonetheless, he objects to his continued inclusion in that claim because the Court has "dismissed [him] with prejudice for all purposes." Dkt. 126. That order, however, "adjudicate[d] fewer than all the claims [and] the rights and liabilities of fewer than all the parties," and the Court did not "direct entry of a final judgment as to [Defendant Randolph]" or "expressly determine[] that there is no just reason for delay." Fed. R. Civ. P. 54(b). Accordingly, the order of dismissal "does not end the action as to any of the . . . parties . . . ." *Id.* Because this Court's entry of Defendant Randolph's proposed dismissal order did not

end this action as to him, Plaintiffs have properly continued to include him as a named defendant in Count III, which is not the subject of any amendment.[1]

The lack of finality of Defendant Randolph's dismissal is a problem of his own making. At the December 19, 2023 hearing, Defendant Randolph personally addressed the Court and requested leave for his counsel to submit a proposed order "that you have ruled before and you stand by your ruling and I am discharged from this lawsuit." Hr'g Tr. at 110:10-14. The Court acceded to this request, *id*. at 110:15, and the next day Defendant Randolph's counsel submitted a proposed order. *See* Exhibit A attached hereto. That proposed order, however made no mention of Rule 54(b) or otherwise satisfied the Rule's requirements for entry of a partial final judgment. Later in the day on December 20, the Court signed the proposed order without any alteration or additions. Dkt. 126. On December 21, the Court denied as moot Defendant Randolph's June 9 "Motion for Certificate of Appealability." Dkt. 127 at 3-4.

When the parties appeared for a status conference on January 3, 2024, the Court asked Defendant Randolph's counsel, "[D]o you think we need to file something else to satisfy the Fifth Circuit?" Hr'g Tr. at 8:25-9:1. Counsel responded:

> "I think the only thing [the Court] could further do is to enter a 54(b) certification of some type as it concerns the Chief Justice. . . . [T]he prior order[] dismissing the Chief Justice . . . disposes of one, but not all of the defendants are dismissed by that order. . . . [A] 54(b) certification . . . that could be done, as far as the Chief Justice goes. That would make it a final order. . . . [T]he order dismissing the Chief is not appealable."

*Id.* at 9:4-25. The order that the Court entered later in the day on January 3 did not contain such a determination, Dkt. 140, nor has any subsequent order of the Court.

---

[1] Now that the question of subject matter jurisdiction over Counts III and IV is pending before the Fifth Circuit, *see* Dkt. 156, this Court is divested of jurisdiction to enter final judgment on the merits of the claim against Defendant Randolph on Count III until the resolution of that appeal and any remand therefrom.

As Defendant Randolph has recognized, Rule 54(b) "requires the court to expressly determine that there is 'no just reason for delay'" before it can "direct entry of a final judgment" as to one party in a multi-party action.  Dkt. 54 at 1 (quoting Fed. R. Civ. P. 54(b)); *see also, e.g.*, *Crostley v. Lamar Cnty.*, 717 F.3d 410, 420 (5th Cir. 2013) ("[U]nless the district court indicates that no just reason for delay exists and expressly directs entry of judgment, finality will not attach to an order that disposes of some but not all of the defendants." (citation omitted)).  While a district court need not "mechanically recite the words 'no just reason for delay,'" its order must "reflect[] . . . [an] unmistakable intent to enter a partial final judgment under Rule 54(b)."  *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc).  Otherwise, an order dismissing a party does "not end the action as to any of the . . . parties and may be revised at any time before the entry of a judgment adjudicating . . . all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).

The proposed order that this Court signed dismissing Defendant Randolph (Dkt. 126) contains "no use of the word 'final' and no mention of Rule 54(b), much less a certification that there was 'no just reason for delay.'"  *Crostley*, 717 F.3d at 420.  While the Court's subsequent order denying Defendant Randolph's June 9 Motion for Certificate of Appealability as moot described Defendant Randolph as "finally dismissed" (Dkt. 127 at 3), that language alone does not indicate "an unmistakable intent to enter a partial final judgment under Rule 54(b)," especially when there is no mention of Rule 54(b) or any indication that the relevant factors had been considered.[2]  And here Defendant Randolph is judicially estopped from arguing that a

---

[2] *See Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 540-41 (5th Cir. 1999) (holding that even where a district court order stated, "This is a Final Judgment," the order "reveal[ed] *no* consideration of [the relevant] factors" and thus "fail[ed] by a wide margin to meet [the Rule 54(b)] test").

partial final judgment has been entered pursuant to Rule 54(b), because his counsel on January 3, 2024, explicitly told the Court that no final appealable order had yet been entered as to him. *See, e.g.*, *EEOC v. Danny's Rest., LLC*, 2018 WL 4610897, at *9-11 (S.D. Miss. Sept. 25, 2018) (Wingate, J.) (describing judicial estoppel).

Because Defendant Randolph's dismissal is still not final under Rule 54(b), Plaintiffs have properly continued to include him as a defendant in the unamended Count III of their Complaint.  Contrary to the assertion in his opposition brief (Dkt. 159 at 2-3), his dismissal on grounds of immunity could be reversed on appeal, and Plaintiffs' continued inclusion of him in the unamended portion of the complaint therefore is not "futile."  Defendant Randolph cannot complain about this situation that his counsel created by proposing that this Court enter an order of dismissal that his counsel subsequently conceded did not comply with Rule 54(b) and was not a final appealable order.

## CONCLUSION

For the reasons above, as well as those stated in Plaintiffs' reply to the State Defendants' opposition (Dkt. 160), the Court should grant Plaintiffs' motion for leave to file their first amended complaint to voluntarily dismiss Counts I and II.

Respectfully submitted this 21st day of February, 2024.

/s/ Mark H. Lynch
Eric H. Holder, Jr.,* DC Bar # 303115
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
David Leapheart,* DC Bar # 1032122
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com
dleapheart@cov.com

*Counsel for NAACP*

*\*Pro Hac Vice*

/s/ Carroll Rhodes
Carroll Rhodes, MS Bar # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net

Joe R. Schottenfeld,* DC Bar # 1735796
**NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED
PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350
jschottenfeld@naacpnet.org

*Counsel for All Plaintiffs*