IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

National Association for the
Advancement of Colored People,
et al                                                                                                                          Plaintiffs

vs.                                                                   Case No. 3:23-cv-272-HTW-LGI

Tate Reeves, in his official capacity
as Governor of the State of Mississippi;
et al                                                                                                                         Defendants

**Memorandum Brief in Support of Motion for
Certification for Appeal or Alternatively,
<u>Motion for Final Appealable Order</u>**

      Defendant, Michael K. Randolph, in his official capacity as Chief Justice of the Mississippi Supreme Court, (Herein, "the Chief Justice"), files this Memorandum Brief in Support of his Motion for Certification for Appeal or Alternatively, Motion for Final Appealable Order, and in support of the same would state as follows:

      On April 21, 2023, Plaintiffs filed their Complaint. (Doc. 1). On May 4, 2023, The Chief Justice filed a Motion to Dismiss which was fully briefed and argued before this Court. On June 1, 2023, this Court entered its well-reasoned Order granting the Chief Justice's Motion. (Doc. 45). By its Order, the Court dismissed fewer than all parties to the action, and was therefore not "final" for purposes of appeal. The Chief Justice previously sought certification of his dismissal pursuant to Fed. R. Civ. P. 54(b). (Doc. 54). That Motion was ultimately denied as Moot. (Doc. 127).

Following the Court's dismissal of the Chief Justice (Doc. 45), Plaintiffs engaged in prolonged, obstinate, and vexatious Motion practice to obfuscate, invalidate, or subvert the Court's prior ruling. Throughout 2023, the Parties engaged in extensive briefing and the Court heard multiple arguments dealing with the Chief Justice's continued involvement in the litigation. This Motion practice culminated with the Court's ruling that the Chief Justice was "dismissed with prejudice for all purposes." (Doc. 126).

On December 31, 2023, the Court entered its Order denying Plaintiff's request for preliminary injunction on the basis of a lack of Article III standing. (Doc. 135). The same day, Plaintiffs sought emergency relief before the Fifth Circuit.. What followed was a truncated but convoluted procedural process. Following a status conference on January 3, 2024, this Court entered an Order that artfully describes the procedural posture of the proceedings before the Fifth Circuit. (Doc. 140).

The following day on January 4th, the Fifth Circuit issued a *per curiam* Opinion denying the Plaintiffs' Motion(s) for an injunction pending appeal. *NAACP v. Tindell*, 95 F. 4th 212, 218 (5th Cir. 2024)[1]. The Fifth Circuit found that Plaintiffs "fail to plead a cognizable injury-in-fact and thus lack standing to assert their claims. Without standing, they cannot obtain an injunction. Both motions for an injunction pending appeal are denied." *Tindell*, 95 F. 4th at 218. The Fifth Circuit's

---

[1] On March 6, 2024, the Court of Appeals for the Fifth Circuit withdrew and substituted the January 4th Opinion. The substituted opinion made only "non-substantive amendment to part II" of the opinion. *NAACP v. Tindell*, 95 F. 4th 212 (5th Cir. 2024).

Opinion addressed only the Plaintiffs' emergency Motion(s) for injunction pending appeal and did not address the underlying claims of the Plaintiffs' appeal of the trial court's denial of a preliminary injunction. *Tindell*, 95 F. 4th at 215 n.3. On March 11, 2024, Plaintiffs-Appellants filed a stipulation of voluntary dismissal of their appeal before the Fifth Circuit.

Following the Fifth Circuit's January 4th Opinion, the parties resumed motion practice before this Court. On January 17, 2024, the State Defendants filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction. (Doc. 151). The Chief Justice separately filed a joinder to in the Motion. (Doc. 164). The State Defendants' Motion seeks a universal dismissal of the Plaintiffs' remaining claims in light of the Mississippi Supreme Court's Opinion in *Saunders v. State*, 371 So. 3d 604, 623 (Miss. 2023), as well as, the Fifth Circuit's Opinion in *NAACP v. Tindell*, 95 F. 4th 212 (5th Cir. 2024). Specifically, the State Defendants assert that the Court lacks subject matter jurisdiction on the basis of mootness and lack of standing. (Doc. 151 at 3). Plaintiffs' sought leave to file a surreply in opposition to the State Defendants' Motion to Dismiss which was granted by the Court in a text only order on April 24th. (Doc. 161). The State Defendants' Motion to Dismiss has been briefed and under submission of the Court since February 12th. (Doc. 157).

Also pending before the Court is Plaintiffs' Motion for Leave to File Amended Complaint. (Doc. 154). That Motion has been briefed and under submission since February 21st.

On June 24, 2024, Jamison Underwriting Services, on behalf of the Chief Justice's insurance carrier, a CNA company, sent a NON-RENEWAL NOTICE to the Chief Justice. The letter notified the Chief Justice that the State Judges Professional Liability Insurance Company/CNA Casualty of California is unwilling to renew the Court's policy. The reason articulated for non-renewal is "due to the claims history" of the Chief Justice.

As of the filing of this Motion, this action has been pending for 529 days, with 168 docket entries, serial motions, multiple opinion orders of the Court, and an abandoned interlocutory appeal. The continued pendency of this civil action has caused the non-renewal of the Court's insurance policy.

The Chief Justice's involvement in this action must be brought to an end. Plaintiffs' assert no legally cognizable claim against the Chief Justice. The continuation of these proceedings against the Chief Justice interferes with the operation of the Mississippi Supreme Court. The Plaintiffs' failure to recognize and accept this Court's Order(s) dismissing the Chief Justice creates a lack of clarity in the pleadings, burdens the Mississippi Supreme Court, and interferes with the operation of the Mississippi Supreme Court.

For these reasons, the Chief Justice respectfully requests that the Court enter an Order certifying for appeal, its prior Order(s) concerning the Chief Justice, affirming his dismissal with prejudice and certifying that issue for appeal pursuant to Federal Rule of Civil Procedure 54(b). Alternatively, the Chief Justice respectfully requests that the Court enter a final Judgment or Order "from which

an appeal lies," pursuant to Federal Rule of Civil Procedure 54(a), dismissing the Chief Justice with prejudice with specific findings certifying said dismissal for appeal.

Respectfully submitted, this, the 30th day of September, 2024.

> Michael K. Randolph, in his
> official capacity as Chief Justice
> of the Mississippi Supreme Court
>
> By: */s/ Mark A. Nelson*
> Mark A. Nelson, MB #3808

Of Counsel:

Mark A. Nelson, MB #3808
Ned A. Nelson, MB #105712
Nelson Law PLLC
7 Woodstone Plaza, Ste. 7
Hattiesburg, MS  39402
Telephone:  601.602.6031
Facsimile:  601.602.3251
mark@nelsonfirm.law
ned@nelsonfirm.law

## Certificate of Service

I, Mark A. Nelson, hereby certify that on this the 30th day of September, 2024, I electronically filed the foregoing with Clerk of the Court using the ECF system which will provide notice to all counsel of record.

> */s/ Mark A. Nelson*
> Mark A. Nelson