IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL.,<br><br>*Plaintiffs*,<br><br>v.<br><br>TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL.,<br><br>*Defendants*. | Case No. 3:23-cv-272-HTW-LGI<br><br>**PLAINTIFFS' OPPOSITION TO CHIEF JUSTICE RANDOLPH'S MOTION FOR CERTIFICATION FOR APPEAL** |

Nearly a year after this Court gave Chief Justice Randolph everything he asked for, he now is asking for more, and what he now asks for is both unnecessary and unwarranted. Last December, the Court signed Defendant Randolph's proposed order of dismissal (Dkt. 126) and, consistent with that submission, ordered him "fully and finally dismissed from this lawsuit" without certifying the dismissal for immediate appellate review. Dkt. 127. Under Federal Rule of Civil Procedure 54(b), the Chief Justice has thus had to await the conclusion of this litigation as to all defendants due to the "historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Although his counsel previously conceded that the order dismissing the Chief Justice "is not appealable," Jan. 3, 2024 Hr'g Tr. at 8:25-9:1, the Chief Justice now seeks a ruling that the December order *is* appealable.

The Chief Justice's counsel was correct in January, and there is no basis to for this Court to authorize an interlocutory appeal now. Even if the Court excuses Chief Justice Randolph's inexplicable delay, his motion is meritless. First, there is nothing for the Chief Justice to appeal. The Court's order of dismissal in December gave him everything he wanted. He has not been required to participate in this litigation since that dismissal. Second, even if he had any issue to

appeal, the Chief Justice's motion does not mention the requirements for Rule 54 certification of a partial appeal, and does not come close to satisfying them. Appellate review therefore should arise in the normal course at the conclusion of this entire case. The motion should be denied.

## BACKGROUND

As the Court is well aware, this complex litigation involves multiple claims against multiple defendants regarding the constitutionality of several provisions of H.B. 1020.

On June 1, 2023, the Court issued an order granting the Chief Justice's motion to dismiss on the basis of judicial immunity. Dkt. 44. That ruling recognized that the dismissal did not resolve this entire action, explaining: "Chief Justice Randolph must be dismissed from this litigation, which still will continue with the remaining parties to address the constitutionality of H.B. 1020 as a whole." *Id.* at 23.

The Chief Justice responded by moving for partial final judgment under Rule 54(b). Dkt. 54. Separately, Plaintiffs moved to clarify that because the order said it "only addresse[d] H.B. 1020 … § 1," Dkt. 45 at 2 n.2, their § 4 claim had not been dismissed. Dkt. 52.

On December 19, 2023, the Court held a hearing and rejected Plaintiffs' arguments. *See* Dkt. 162 at 2. The next day, Defendant Randolph's counsel submitted a proposed complete dismissal order that abandoned the Rule 54(b) request. *See id.* The Court signed the proposed order, which clarified that the Chief Justice was "dismissed with prejudice for all purposes" but did not certify the dismissal for appeal. Dkt. 126. The Court then reiterated that Defendant Randolph "is fully and finally dismissed from this lawsuit," and—having signed Defendant Randolph's preferred proposed order without a certificate of appealability—ordered that the "motion for a certificate of appealability [Docket no. 54] [is] dismissed as moot." Dkt. 127 at 3.

In the past ten months, Plaintiffs have filed nothing concerning the Chief Justice other than a motion to voluntarily dismiss two claims. *See* Dkt. 154. As Plaintiffs noted about this proposed amended complaint: "Defendant Randolph continues to be identified as a defendant to preserve Plaintiffs' right to appeal his dismissal." *Id.* at 1. Plaintiffs are currently awaiting factual developments concerning the CCID court's planned opening this month.[1] The Court's full and final dismissal of the Chief Justice ensures that he will not be a party to any motions Plaintiffs file with respect to those developments.

Now before the Court is the Chief Justice's motion seeking certification for partial appeal of his dismissal pursuant to Federal Rule of Civil Procedure 54(b). Dkt. 169.[2]

## ARGUMENT

As Chief Justice Randolph recognized 16 months ago, Rule 54(b) "requires the [C]ourt to expressly determine that there is 'no just reason for delay'" if the Court is to "direct entry of a final judgment, as to one or more, but fewer than all, claims or parties." Dkt. 54 at 1 (quoting Fed. R. Civ. P. 54(b)). Yet the Chief Justice neglects to mention, let alone establish, why there is "no just reason for delay" in entering final judgment to begin appellate review with respect to him, which would trigger a separate appeal on the issue of immunity. His motion fails for three independent reasons.

---

[1] *See, e.g.*, Jeremy Pittar, *CCID court to start hearing cases in October*, Magnolia Tribune (Aug. 28, 2024), https://magnoliatribune.com/2024/08/28/ccid-court-to-start-hearing-cases-in-october/; C.J. LeMaster, *Despite setbacks, temporary CCID court slated for completion in October*, WLBT (Aug. 13, 2024), https://www.wlbt.com/2024/08/13/despite-setbacks-temporary-ccid-court-slated-completion-october/.

[2] Defendant Randolph's "alternative" request for a "final appealable order" necessarily requests the same certification under Rule 54(b). Dkt. 170 at 4-5. Rule 54(a)'s reference to a decree or order "from which an appeal lies" is simply the "[d]efinition" of the word "judgment."

3

*First*, the Chief Justice's long delay in filing his motion forecloses Rule 54(b) certification.  He seeks partial final judgment for the dismissal order of June 1, 2023 (16 months ago), after asking this Court sign a non-appealable order on December 20, 2023 (10 months ago), and now complains of Plaintiffs' last filing on February 21, 2024 (eight months ago), and his professional liability insurance company's non-renewal of his policy on June 24, 2024 (four months ago).  "[S]uch thumb-twiddling is itself some evidence that the disappointed suitor considers delay in seeking appellate review to be a tolerable circumstance."  *Bank of New York v. Hoyt*, 108 F.R.D. 184, 185-86 (D.R.I. 1985) (denying Rule 54(b) certification).  Courts have rejected Rule 54(b) requests that are far less tardy.  *See, e.g.*, *Croyle v. Theatine Fathers, Inc.*, 2020 WL 1452068, at *2 (D. Haw. Mar. 25, 2020) (delay of "almost three months after the Court's order").  Indeed, because the Chief Justice has "dilatorily sought a Rule 54(b) determination without any excuse for the delay," it would be "an abuse of discretion for a district judge to grant a motion for a Rule 54(b)."  *Schaeffer v. First Nat. Bank of Lincolnwood*, 465 F.2d 234, 236 (7th Cir. 1972).

*Second*, the Chief Justice's reference to his insurance non-renewal fails on its own terms.  At the outset of this litigation, Chief Justice Randolph decided to hire separate counsel rather than be represented by the Mississippi Attorney General's Office.  *But see Rivera Puig v. Garcia Rosario*, 785 F. Supp. 278 (D.P.R.), *aff'd*, 983 F.2d 311 (1st Cir. 1992) (judge sued in § 1983 challenge to a statute did not hire separate counsel).  He made the same decision in the state-court challenge to H.B. 1020.  *See Saunders v. State*, 371 So. 3d 604 (Miss. 2023).  Now Chief Justice Randolph says his professional liability insurance company dropped him "due to [his] claims history."  Dkt. 170 at 4.  Nothing about this assertion suggests that an immediate appeal is warranted.  The policy was not renewed because of his "claims history," *i.e.*, having submitted

4

multiple "claims" (not just for the instant action) and having those as his "history" (not future). An early appeal would not convince the insurance company to renew the policy. Nor does the Chief Justice need to spend any resources while awaiting appellate review; because he is a dismissed party, his multiple oppositions and joinders have not been necessary or relevant. *See* Dkts. 159, 164. In any event, other Judges of this Court have rejected Rule 54(b) motions claiming that a party would "save substantial cost" if an immediate appeal is taken or "incur unnecessary cost and delay" if it is not. *Mills v. Patten*, 2020 WL 476382, at *1 (S.D. Miss. Jan. 29, 2020).

*Third*, the Chief Justice utterly failed to carry his burden of "weigh[ing] [the] variety of factors" recognized in the case law to show that Rule 54(b) certification is appropriate. *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enterprises, Inc.*, 170 F.3d 536, 540 (5th Cir. 1999) (citation omitted) (reversing district court's Rule 54(b) certification where "the record reveals *no* consideration of such factors"). "Rule 54(b) motions are rarely granted." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). The Fifth Circuit has cautioned that such certifications "should not be entered routinely as a courtesy to counsel" and that courts may "grant [such] certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (reversing district court's Rule 54(b) certification for failure to articulate any hardship or injustice warranting immediate appeal). Judges of this Court have rejected equally deficient motions. *See Kmart Corp. v. Realty Tr. Grp.*, 2007 WL 3228824, at *1 (S.D. Miss. Oct. 29, 2007) (rejecting request for Rule 54(b) certification because it "does not argue" any hardship or injustice); *Duke v. Cartildge*, 2006 WL 3335468, at *1 (S.D. Miss. Nov. 16, 2006) (rejecting request for Rule 54(b) certification where it

"failed to provide the Court with a description of the 'harsh effects' [the party] will endure without the entrance of final judgment" for appeal). This Court should do the same.

## CONCLUSION

For the reasons above, the Court should deny Chief Justice Randolph's motion for certification for appeal.

Respectfully submitted this 15th day of October, 2024.

| | |
|---|---|
| */s/ Mark H. Lynch* | */s/ Carroll Rhodes* |
| Eric H. Holder, Jr.,* DC Bar # 303115 | Carroll Rhodes, MS Bar # 5314 |
| Megan A. Crowley,* DC Bar # 1049027 | **LAW OFFICES OF CARROLL RHODES** |
| Gary S. Guzy,* DC Bar # 375977 | POST OFFICE BOX 588 |
| Mark H. Lynch,* DC Bar # 193110 | HAZLEHURST, MS 39083 |
| Brenden J. Cline,* DC Bar # 1021317 | Telephone: (601) 894-4323 |
| **COVINGTON & BURLING LLP** | Fax: (601) 894-1464 |
| One CityCenter | crhode@bellsouth.net |
| 850 Tenth Street NW | |
| Washington, DC 20001 | *Counsel for All Plaintiffs* |
| Tel: (202) 662-6000 | |
| Fax: (202) 662-6291 | |
| eholder@cov.com | |
| mcrowley@cov.com | |
| gguzy@cov.com | |
| mlynch@cov.com | |
| bcline@cov.com | |
| | |
| *Counsel for NAACP* | |
| | |
| *Pro Hac Vice | |