IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

National Association for the
Advancement of Colored People,
et al                                                                                         Plaintiffs

vs.                                                        Case No. 3:23-cv-272-HTW-LGI

Tate Reeves, in his official capacity
as Governor of the State of Mississippi;
et al                                                                                          Defendants

**Reply in Support of Motion for
Certification for Appeal or Alternatively,
<u>Motion for Final Appealable Order</u>**

      Michael K. Randolph, in his official capacity as Chief Justice of the Mississippi Supreme Court ("The Chief Justice") files this Reply in Support of the Motion for Certification for Appeal or Alternatively, Motion for Final Appealable Order, (Doc. 169):

      Plaintiffs repeatedly personalize the nature of this litigation, making references to the Chief Justice's counsel and averments made throughout this litigation. Plaintiffs have gone as far as submitting affidavits to this Court, about statements made by counsel in telephone discussions. (Doc. 24-1). Plaintiffs' conduct is unprofessional, unnecessary, and demeaning to the practice of law.

      Plaintiffs' Response in Opposition to the instant motion (Doc. 172) displays a petulant tone towards the Chief Justice and the prior rulings of the Court. The Chief Justice has no business being involved in this matter. The Court's prior

rulings and the opinion of the Fifth Circuit of January 4, 2024, demonstrate the futility of this civil action. (Doc. 45, 126, 127, 162).

Plaintiffs' Opposition to the Chief Justice's Motion shows the necessity for this Court to certify the Chief Justice's dismissal for appeal pursuant to Fed. R. Civ. P. 54(b). Plaintiffs speculate, "Plaintiffs are currently awaiting factual developments concerning the CCID court's planned opening this month." (Doc. 172 at p. 2). But that can not waive the judicial immunity of the Chief Justice. Why then, do Plaintiffs' oppose the Chief Justice's Rule 54(b) Motion? Plaintiffs' arguments that appeal or final order would result in piecemeal litigation ring hollow. The Plaintiffs' previously sought, and were denied, emergency relief before the Fifth Circuit Court of Appeals. (Doc. 134, 141, and 143). The prior appeal specifically failed to include this Court's dismissal of the Chief Justice on the basis of Judicial Immunity. (*Id.* and Doc. 45). Plaintiffs cannot manufacture standing, and the entire action should be dismissed on that basis alone. And, the action should be dismissed since the Chief Justice is immune.

Plaintiffs go to great lengths to state the obvious, that Rule 54(b) requires the Court to expressly determine that there is no just reason for delay. (Doc. 172 at 3)(quotations omitted). In the Chief Justice's proposed order of dismissal, the Chief Justice omitted Rule 54(b) language as the Court had made no such express determination that there is no just reason for delay. (Doc. 126). This Court has the exclusive authority to make that determination. To assume otherwise would be in

circumvention of this Court's discretion and authority. After more than a year of litigation, this civil action should be finally dismissed, or certified for appeal.

Respectfully submitted, this, the 21st day of October, 2024.

                                      Michael K. Randolph, in his
                                      official capacity as Chief Justice
                                      of the Mississippi Supreme Court

                                  By: ***/s/ Mark A. Nelson***
                                      Mark A. Nelson, MB #3808

Of Counsel:

Mark A. Nelson, MB #3808
Ned A. Nelson, MB #105712
Nelson Law PLLC
7 Woodstone Plaza, Ste. 7
Hattiesburg, MS  39402
Telephone:  601.602.6031
Facsimile:  601.602.3251
mark@nelsonfirm.law
ned@nelsonfirm.law

## Certificate of Service

I, Mark A. Nelson, hereby certify that on this the 21st day of October, 2024, I electronically filed the foregoing with Clerk of the Court using the ECF system which will provide notice to all counsel of record.

                                      ***/s/ Mark A. Nelson***
                                      Mark A. Nelson