# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., | Case No. 3:23-cv-272-HTW-LGI |
| *Plaintiffs*, | |
| v. | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL** |
| TATE REEVES, in his official capacity as Governor of the State of Mississippi, ET AL., | |
| *Defendants*. | |

After months of deliberations, Plaintiffs now seek to voluntarily dismiss this pre-enforcement challenge to H.B. 1020's constitutionality. Plaintiffs are heartened by reports that the CCID Court will be established with appropriate safeguards for Jackson's residents, and have decided to drop their challenge to the manner of appointing officials to serve that court.

Before filing this motion, Plaintiffs sought a stipulation of voluntary dismissal without prejudice of all remaining claims, and this action in its entirety, from all Defendants under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The State Defendants did not oppose this request. Chief Justice Randolph does not oppose dismissal but insists that it be with prejudice—even though that would not be warranted if the Court were instead to dismiss this action for lack of standing, as Defendants have urged. *See* Dkt. 151 (State Defendants' motion to dismiss solely for lack of standing); Dkt. 164 (Chief Justice Randolph joining same). As discussed below, that position cannot be squared with the binding case law requiring that a dismissal be without prejudice under the very circumstances—lack of subject-matter jurisdiction—the Chief Justice

argues are present here. Plaintiffs therefore respectfully request that the Court grant their motion for voluntary dismissal of this action without prejudice, as Rule 41(a)(2) presumes.

## ARGUMENT

Rule 41(a) provides that a plaintiff may dismiss an action by filing a stipulation or by requesting a court order, either of which leads to dismissal "without prejudice" by default. Fed. R. Civ. P. 41(a)(1)(B), (2). There is no basis to deviate from that presumption here.

Were this case to proceed to final judgment, the Court would need to determine whether Plaintiffs have standing to bring this suit. The State Defendants moved to dismiss for lack of standing (Dkt. 151), and Chief Justice Randolph joined that argument after he prevailed on judicial immunity. *See* Dkt. 164. Indeed, the Court recently requested supplemental briefing on the impact of *Jones v. Reeves*, No. 24-60371 (5th Cir. 2024) on Plaintiffs' standing.

The law is clear: A dismissal for lack of standing should be **without** prejudice. *See, e.g.*, *Denning v. Bond Pharm., Inc.*, 50 F.4th 445, 452-53 (5th Cir. 2022) ("Ordinarily, when a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice." (quoting *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020)). That is because standing defects can be cured by future factual developments.[1]

The Chief Justice appears to believe that even though he maintains that the Court lacks subject matter jurisdiction over this case, his prior dismissal on immunity grounds now warrants entry of judgment dismissing him with prejudice. That is incorrect. Unlike standing, judicial immunity "does not present a jurisdictional question." *Short v. Gusman*, 806 F. App'x 264, 267 n.3 (5th Cir. 2020). The Court's immunity ruling was necessarily based on the implicit view that

---

[1] Here, for example, the actual initiation of criminal proceedings in the CCID Court might one day present such changed facts. *See, e.g.*, Dkt. 135 at 10 (rejecting standing arguments raised in second preliminary injunction motion because, among other things, "No Plaintiff, nor anyone else has appeared before that court.").

Plaintiffs *did* have standing—otherwise the Court could not have opined on the immunity issue because it would have lacked subject matter jurisdiction to do so. *See, e.g.*, *Ctr. for Biological Diversity v. EPA*, 937 F.3d 533, 545 (5th Cir. 2019) ("Because Petitioners lack standing, we do not reach the merits of their claims."). Once standing is questioned, "[f]ederal courts cannot … assume that they have jurisdiction for purposes of deciding the merits." *BHTT Entm't, Inc. v. Brickhouse Café & Lounge, L.L.C.*, 858 F.3d 310, 315 n.8 (5th Cir. 2017). Standing must come first. *See Freedom Path, Inc. v. Internal Revenue Serv.*, 913 F.3d 503, 507 n.1 (5th Cir. 2019).

Because continued proceedings would require at most a final judgment of dismissal without prejudice, *see Denning*, 50 F.4th at 452-53, the Court should grant Plaintiffs' request for voluntary dismissal without prejudice as well. *See, e.g.*, *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317, 319 (5th Cir. 2002) (reversing district court's imposition of "the harshest condition available to it—dismissal with prejudice," and explaining that "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit").[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order pursuant to Federal Rule of Civil Procedure 41(a)(2) voluntarily dismissing this action without prejudice.

---

[2] To be clear, Plaintiffs do not concede the standing issue. In *Jones v. Reeves*, No. 24-60371, 2024 WL 4823875 (5th Cir. Nov. 19, 2024), for example, the Fifth Circuit rejected claims of an "institutional" injury by "Commissioner-Plaintiffs." *Id.* at *3. *Jones* concerned an interest in control over a government asset (*i.e.*, the airport), whereas this case involves an interest in local control over the appointments of judges and prosecutors whose actions directly implicate citizens' individual constitutional rights. And as Plaintiffs have explained previously, a city's residents may suffer an injury distinct from its government's officials when "appointed individuals" are allowed to "exercise the power of the local government." *Phillips v. Snyder*, 836 F.3d 707, 710-14 (6th Cir. 2016) (holding city residents had standing). Notably, the Fifth Circuit's January 4, 2024 interlocutory order in this case did not address this argument.

3

Respectfully submitted this 2nd day of December, 2024.

<table>
<tr><td>

*/s/ Mark H. Lynch*
Eric H. Holder, Jr.,* DC Bar # 303115
Megan A. Crowley,* DC Bar # 1049027
Gary S. Guzy,* DC Bar # 375977
Mark H. Lynch,* DC Bar # 193110
Brenden J. Cline,* DC Bar # 1021317
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
eholder@cov.com
mcrowley@cov.com
gguzy@cov.com
mlynch@cov.com
bcline@cov.com

*Counsel for NAACP*

**Pro Hac Vice*

</td><td>

*/s/ Carroll Rhodes*
Carroll Rhodes, MS Bar # 5314
**LAW OFFICES OF CARROLL RHODES**
POST OFFICE BOX 588
HAZLEHURST, MS 39083
Telephone: (601) 894-4323
Fax: (601) 894-1464
crhode@bellsouth.net

*Counsel for All Plaintiffs*

</td></tr>
</table>