IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE, ET AL.   PLAINTIFFS

VS.   CASE NO. 3:23-cv-00272-HTW-LGI

TATE REEVES, in his official capacity
As Governor of the State of Mississippi, ET AL.   DEFENDANTS

### STATE DEFENDANTS' NON-OPPOSITIONAL RESPONSE TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL

Defendants Sean Tindell, in his official capacity as Commissioner of the Mississippi Department of Public Safety, Bo Luckey, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police, and Lynn Fitch, in her official capacity as Attorney General of the State of Mississippi, (collectively "the State Defendants") by and through counsel, file this their non-oppositional response to Plaintiffs' motion for voluntary dismissal [Dkt. #174], and in support thereof would show unto the Court the following:

1. The State Defendants do not oppose the relief requested in Plaintiffs' motion for voluntary dismissal [Dkt. #174]—namely, dismissal of all claims, and this action in its entirety, without prejudice pursuant to FED. R. CIV. P. 41(a)(2). Dkt. #174 at 1.

2. As set out in the State Defendants' pending motion to dismiss [Dkt. #151, #152, #157], this case is ripe for dismissal in its entirety. The State Defendants agree that if this Court were to grant the State Defendants' pending motion to dismiss for lack of Article III standing, and hence lack of subject-matter jurisdiction, such dismissal would—as a matter of law—be without prejudice. *N.A.A.C.P. v. City of Kyle, Tex.*, 626 F.3d 233, 237 (5th Cir. 2010) ("Article III standing

is a jurisdictional requirement."); *Green Valley Special Util. Dist. v. City of Schertz, Tex.*, 969 F.3d 460, 468 (5th Cir. 2020) (en banc) ("Ordinarily, when a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice.") (internal quotation marks omitted).[1]

3. In filing this non-oppositional response, the State Defendants do not concede the standing of any prospective future plaintiff in any prospective future lawsuit.

4. Further, in filing this non-oppositional response, the State Defendants take no position in the instant action regarding the effect of Plaintiffs' voluntary dismissal of this case on the consolidated case filed by the *Jxn Undivided Coalition* plaintiffs.  The State Defendants expressly reserve, and do not waive, their right to raise, in due course, any and all Article III standing arguments bearing on the *Jxn Undivided Coalition* plaintiffs' case in their separately filed action.

5. Given the straightforward nature of this non-oppositional response, the State Defendants respectfully request that the Court waive the requirement of filing a separate memorandum of authorities.

6. For all these reasons, the State Defendants do not oppose Plaintiffs' motion for voluntary dismissal of this action, in its entirety, without prejudice.

THIS the 3rd day of December, 2024.

---

[1] Plaintiffs' footnoted discussion of the Fifth Circuit's recent decision in *Jones, et al. v. Reeves, et al.*, No. 24-60371 (5th Cir. Nov. 19, 2024) ("*Jones*"), Dkt. #175 at 3 n.2, has no bearing on their motion for voluntary dismissal beyond serving as further support for dismissing this action in its entirety for lack of Article III standing.  As is the case here, the plaintiffs in *Jones* sought to assert pre-enforcement standing to pursue race-based equal-protection claims against the State.  *Jones* stands as a further example of the Fifth Circuit's outright rejection of pre-enforcement standing theories in the context of race-based equal-protection claims.  Regardless, this Court need not consider *Jones* to grant Plaintiffs' instant motion for voluntary dismissal.

Respectfully submitted,

SEAN TINDELL, in his official capacity as Commissioner of the Mississippi Department of Public Safety; BO LUCKEY, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi, DEFENDANTS

By:   LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

By:   s/Rex M. Shannon III
      REX M. SHANNON III (MSB #102974)
      Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR DEFENDANTS SEAN TINDELL, in his official capacity as Commissioner of the Mississippi Department of Public Safety; BO LUCKEY, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 3rd day of December, 2024.

s/Rex M. Shannon III
REX M. SHANNON III