#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
#### NORTHERN DIVISION

**NATIONAL ASSOCIATION FOR THE**
**ADVANCEMENT OF COLORED PEOPLE, ET AL.**                          **PLAINTIFFS**

**VS.**                                              **CASE NO. 3:23-cv-00272-HTW-LGI**

**TATE REEVES, in his official capacity**
**As Governor of the State of Mississippi, ET AL.**                **DEFENDANTS**

### **ORDER**

On June 1, 2023, one year and six months ago, this court held that the Doctrine of Judicial Immunity covers Defendant Chief Justice Michael K. Randolph ("the Chief Justice") and prevents this court from holding him in this lawsuit. [*See* Order, Doc. 45]. This court then ordered that Michael K. Randolph, sued in his official capacity as the Chief Justice of the Mississippi Supreme Court, be dismissed from this litigation.

In the eighteen (18) months following this court's ruling, Plaintiffs have attempted to drag the Chief Justice back into this litigation through one artfully-crafted motion or another. These efforts by the Plaintiffs, caused this court, on December 20, 2023, again to announce that "the Defendant, Chief Justice Michael K. Randolph, be, and hereby is, ***dismissed with prejudice for all purposes***." [Doc. 126]. The Clerk of Court, thereafter, removed the Chief Justice from the list of active parties in this case. Plaintiffs' litigation against the Chief Justice, accordingly, should have come to a halt.

Not so. Seemingly ignoring the court's directives, Plaintiffs have continued their quest to haul the Chief Justice back into this legal action. Consider: on November 13, 2023, after this court verbally had confirmed the Chief Justice's dismissal, Plaintiffs filed a Motion for Preliminary Injunction, seeking to enjoin the Chief Justice from making the appointments mandated by H.B. 1020 §4 [Doc. 110]; on

1

January 2, 2024, after this court's unequivocal written confirmation that it had dismissed the Chief Justice with prejudice, Plaintiffs filed their *Second* Motion for Preliminary Injunction, seeking to enjoin the Chief Justice [Doc. 137]; and then, on January 31, 2024, Plaintiffs filed a Motion for Leave to File First Amended Complaint [Doc. 154], again naming the Chief Justice as a Defendant.

Plaintiffs' actions have given way to procedural chaos. This court, as well as all parties, have had to navigate through a quagmire of motions, which motions ultimately had no bearing on the issue of Judicial Immunity.

This court's ruling is clear. It leaves room for neither confusion nor misinterpretation. The cloak of judicial immunity shields the Chief Justice from legal attacks while the Chief Justice is performing a "judicial act"[1]. Here, the Mississippi Legislature has ordered the Chief Justice to appoint four (4) special temporary judges for the newly-formed Capitol City Improvement Complex[2] ("CCID") in Jackson, Mississippi. Carrying out this legislative mandate would be a judicial act.

Before this court now is Plaintiff's Motion for Voluntary Dismissal [Doc. 174] under Federal Rule of Civil Procedure 41(a)(2)[3]. The memorandum accompanying that Motion voices that Plaintiffs have decided to drop their challenge to the manner of appointing officials to the CCID Court; accordingly, Plaintiffs seek voluntarily to dismiss their pre-enforcement lawsuit. All Defendants agree that Plaintiffs' voluntary dismissal must be without prejudice, as a matter of law. Dismissals for lack of subject matter jurisdiction, as recognized by case authority, proclaim as much. *N.A.A.C.P. v. City of Kyle, Tex.*, 626 F.3d 233, 237 (5th Cir. 2010) ("Article III standing is a jurisdictional requirement.");

---

[1] As discussed in this court's Order [Doc. 17], however, the judge is not immune for acts that are nonjudicial in nature.

[2] See House Bill 1020.

[3] Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.
FRCP 41. Dismissal of Actions, 46 Mass. Prac., Federal Civil Practice FRCP 41 (2d ed.)

*Green Valley Special Util. Dist. V. City of Schertz, Tex.*, 969 F.3d 460, 468 (5th Cir. 2020) (en banc) ("Ordinarily, when a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice.") (internal quotation marks omitted).

The Chief Justice, who is not a real party anymore in this lawsuit, alone requests that Plaintiffs' voluntary dismissal against him be with prejudice.

The Chief Justice's request is unnecessary. The Chief Justice is no longer a party to this lawsuit. He has been dismissed from this lawsuit long ago. Accordingly, this court need not address whether Plaintiffs' voluntary dismissal against the Chief Justice should be "with or without prejudice" because this court already has dismissed the Chief Justice, and all claims against him, ***with prejudice***, under the Doctrine of Judicial Immunity.

Nonetheless, because the Plaintiffs have shown a pattern of circumventing this court's ruling regarding the Chief Justice's dismissal, this court is forced to repeat itself yet again: Michael K. Randolph, in his capacity as the Chief Justice of the Mississippi Supreme Court, performing judicial acts, is, and has been, DISMISSED WITH PREJUDICE from this action for all purposes. Any further attempt by the Plaintiffs to ignore this court's judicial immunity ruling shall be viewed as deliberate misconduct.

Plaintiffs' Motion for Voluntary Dismissal **[Doc. 174]** is **GRANTED** as to the remaining Defendants. These remaining defendants are: Sean Tindell, in his official capacity as Commissioner of Public Safety; Bo Lucky, in his official capacity as Chief of Mississippi Department of Public Office of Capitol Police; and Lynn Fitch, in her official capacity as Attorney General of the State of Mississippi.

It is **ORDERED** and **ADJUDGED** that all claims, and the above-styled and numbered action in its entirety, are hereby voluntarily dismissed without prejudice as to the above-named Defendants, under

the auspices of Federal Rule of Civil Procedure 41(a)(2)[4]. All parties are to bear their own fees and costs.

**SO ORDERED AND ADJUDGED**, this the 5th day of December, 2024.

/s/HENRY T. WINGATE<br>UNITED STATES DISTRICT JUDGE

---

[4] This dismissal does not affect the consolidated case, *Jxn Undivided Coalition, et al. v. Tindell*, et al, No. 3:23-cv-351-TSL-RPM.